FILED ___ LODGED
___ RECEIVED
OCT 07 2014
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA
BY                                DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THURSTON COUNTY

| | |
|---|---|
| JAMES A. BIGELOW,<br><br>Plaintiff,<br><br>vs.<br><br>NORTHWEST TRUSTEE SERVICES, INC.,<br><br>GREEN TREE SERVICING, LLC.,<br><br>Defendants. | Case No.: C14-5798 BHS<br><br>**EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br><u>NOTE ON MOTION CALENDAR:</u><br>OCTOBER 7, 2014 |

PLAINTIFF James A. Bigelow respectfully submits this petition for issuance of a temporary restraining order and imposition of a preliminary injunction pursuant to Federal Rules of Civil Procedures Rule 65 against Defendants to stay the sale of the real property in question. Plaintiff has met ALL FOUR elements required and has a more than likely possibility of winning the suit against Defendants.

### INTRODUCTION

1. The sale of Plaintiff's property is eminent and currently scheduled for October 10, 2014.

TRO AND PRELIMINARY INJUNCTION

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

2. This matter arises out of Defendants' wrongful conduct with respect to defrauding the State of Washington and its citizens out of "public recording" fees and questionable business practices. As a result of Defendants past and continuing wrongful conduct, the legally protected property rights of Plaintiff have been and continue to be severely violated. Because Defendants wrongful conduct has resulted and continues to result in immediate and irreparable harm to Plaintiff for which there is no adequate remedy at law, Plaintiff now brings the instant Motion for Issuance of a Temporary Restraining Order and imposition of a Preliminary Injunction Pursuant to Federal Rules of Civil Procedure Rule 65.

## STATEMENT OF FACTS

3. See Plaintiff's complaint.

## ARGUMENTS

4. There are several issues addressed in the Plaintiff's complaint that support his motion for injunctive relief.

5. MERS is never in possession of the note and cannot assign the deed of trust without also assigning the debt instrument, the note.

6. MERS purports to be the nominee for PCB. PCB had been insolvent and out of business 2 years prior to the assignment of the deed of trust. MERS therefore could not be the nominee for a bank that no longer existed.

7. Nevertheless, MERS assigned the deed of trust to GTS, relinquishing all rights to the deed of trust. MERS then appointed NWTS as the trustee while having no rights to the deed of trust.

TRO AND PRELIMINARY INJUNCTION

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

8. Since MERS could not legally appoint a successor trustee then NWTS could not be a proper and legal trustee, and therefore could not send the notice of default.

9. NWTS and GTS allege that Fannie Mae is the beneficiary but the indorsement on what appears to be a copy of the note is to Countrywide Bank, N.A.

10. The declaration from the beneficiary is from the servicer GTS, and not from Countrywide Bank, N.A. nor Fannie Mae. This declaration is also signed well after foreclosure proceedings were started.

11. There are "serious questions going to the merits" regarding whether Defendants complied with RCW 61.24.030(7). *Alliance for the Wild Rockies*, 632 F.3d at 1134-35.

12. It is not in the public interest to allow a trustee's sale to go forward where there are serious questions regarding whether the beneficiary

13. A Plaintiff seeking a temporary restraining order in federal court must meet the standards for issuing a preliminary injunction. Accordingly, the Plaintiff must establish (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 35, 374 (2008). In addition, a "preliminary injunction is appropriate when a Plaintiff demonstrates that serious questions going to the merits were raised and the balance of hardships tips sharply in the Plaintiffs favor," provided the Plaintiff also demonstrates irreparable harm and that the injunction is in the public interest. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 112, 134-35 (9th Cir. 2011).

14. **<u>Because Plaintiff has established all four elements for the grant of injunctive relief, a temporary restraining order is appropriate.</u>**

TRO AND PRELIMINARY INJUNCTION

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

a. As to the first required element — likelihood of success on the merits of movant's claims - it is well settled that Plaintiffs must establish a reasonable probability of success on the merits, and not a certainty of success. In the instant case, Plaintiffs' legally protected property rights are clear and unambiguous. It is also clearly evident that Defendants' conduct set forth in Plaintiffs' Complaint is wrongful and violates Plaintiffs' legally protected property rights. Accordingly, Plaintiffs' Complaint and Plaintiffs' Motion clearly establish a reasonable likelihood of success on the merits of Plaintiffs' claims.

b. With respect to the second element — the denial of injunctive relief will result in irreparable harm to Plaintiff — it has been held that in order to demonstrate irreparable harm, [Plaintiff] must demonstrate potential harm which cannot be addressed by a legal or equitable remedy following a trial. It is well settled that a deprivation of a person's legally protected property right will result in irreparable harm. In the instant case, Defendants' wrongful conduct has severally invaded Plaintiffs' legally protected property rights. Moreover, the harm resulting from Defendants' wrongful conduct is continuing, making any assessment of monetary damages even more uncertain and difficult. Accordingly, Plaintiff has clearly established that a denial of injunctive relief will result in immediate and continuing irreparable harm to Plaintiff.

c. The third and fourth elements necessary for injunctive relief — that the granting of injunctive relief will not result in even greater harm to the nonmoving party, and that the grant of injunctive relief is in the public interest — are also clearly established. No harm will result to Defendants should injunctive relief be granted.

TRO AND PRELIMINARY INJUNCTION

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

Conversely, immediate and irreparable harm will result to Plaintiffs should injunctive relief be denied. Accordingly, Plaintiff has clearly satisfied the third element. The same is also true with respect to the fourth element in that it is clearly within the public interest that the legally protected property rights of Plaintiffs be protected. It is not in the interest to allow a trustee's sale to go forward where there are serious questions regarding whether the beneficiary of the deed of trust and the trustee complied with the requisites of the DTA. *Frase v. U.S. Bank, N.A.*, WA District Court (2011). The hardship to Defendants of a delayed trustee's sale is far outweighed by the hardship that the Plaintiff would endure if he lost his home as a result of an improper nonjudicial foreclosure.

15. Defendants have defrauded Washington, Washington taxpayers, Washington body politic, Washington citizens, and Washington government, *et al.* out of Washington's rightfully due 'public' recording fees in an unlawful attempt to unjustly enrich Defendants at the cost and expense of Washington, Washington taxpayers, Washington body politic, Washington citizens, and Washington government, *et al.*

16. Federal Rules of Civil Procedure § 65(c) states in relevant part:

    "SECURITY. The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."

17. The security is similar to a supersedeas bond in which the Plaintiff is asked to submit costs of damages, should there be any. The Defendants must prove damages beyond speculation. "The assessment of such damages in an action upon a supersedeas bond is necessarily subject to the general rules that the extent of the appellee's loss must be shown

TRO AND PRELIMINARY INJUNCTION

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

with reasonable certainty and conclusions may not be founded on speculation. *Uyemura v. Wick*, 57 Haw. 102, 551 P.2d 171 (1976).

18. The Plaintiff is not in receipt of any documents that shows any damages that the defendants will suffer with reasonable certainty.

19. The Plaintiff's complaint will show that the Defendants are not even the proper parties to foreclose on Plaintiff's property and therefore could not be damaged.

WHEREFORE the Plaintiff moves this court to grant a temporary restraining order to stay the sale of Plaintiffs property which is eminent and currently scheduled for October 10, 2014.

Dated October 7, 2014

*/s/ James A. Bigelow*
James A. Bigelow
10018 Cascadian Ave SE
Yelm WA 98597
360-790-2568

### CERTIFICATE OF SERVICE

I CERTIFY UNDER PENALTY OF PERJURY under the laws of the State of Washington that the foregoing is true and correct and that a copy of the foregoing has been electronically provided to Northwest Trustee Services, Inc. and to Green Tree Servicing, LLC.

Dated this 7th day of October, 2014.

*/s/ James A. Bigelow*
James A. Bigelow

### VERIFICATION

TRO AND PRELIMINARY INJUNCTION

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

STATE OF WASHINGTON

COUNTY OF THURSTON

BEFORE ME personally appeared James A. Bigelow who, being by me first duly sworn and identified in accordance with Washington law, deposes and says:

1. My name is James A. Bigelow, Plaintiff herein.
2. I have read and understood the attached foregoing herein, and each fact alleged therein is true and correct of my own personal knowledge.

FURTHER THE AFFIANT SAYETH NAUGHT.

_____
James A. Bigelow, Affiant

SWORN TO and subscribed before me this 7th day of October, 2014.

_____
Notary Public

My commission expires: 9-29-18

TRO AND PRELIMINARY INJUNCTION

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568