UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES A. BIGELOW,<br><br>              Plaintiff,<br><br>    v.<br><br>NORTHWEST TRUSTEE SERVICES, INC., et al.,<br><br>              Defendants. | CASE NO. C14-5798 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER |

This matter comes before the Court on Plaintiff James Bigelow's ("Bigelow") ex parte motion for a temporary restraining order (Dkt. 1). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On October 7, 2014, Bigelow filed a verified complaint against Defendants Northwest Trustee Services, Inc., Green Tree Servicing, LLC, and Mortgage Electronic Registration Systems, Inc. ("Defendants") alleging violations of the Fair Debt Collections

Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Washington Deed of Trust Act, RCW Chapter 61.24 ("DTA"), and the Washington Consumer Protection Act, RCW Chapter 19.86 ("CPA"). Dkt. 1. Bigelow also filed an ex parte motion for a temporary restraining order to prevent the foreclosure of his home scheduled for October 10, 2014. Dkt. 2.

## II. DISCUSSION

In this case, Bigelow's motion fails for a number of procedural and substantive reasons. First, the Court is only authorized to grant an ex parte motion if (1) specific facts are alleged showing that immediate harm will be suffered if relief is not granted before the adverse party may be heard and (2) the movant states his efforts to give notice and reasons why notice should not be required. Fed. R. Civ. P. 65(b)(1). Bigelow has failed to submit any fact showing that relief should be granted without notice or that notice is an unreasonable requirement. The scheduled foreclosure is three days from now and Bigelow provided all Defendants' addresses in his verified complaint. Therefore, the Court denies Bigelow's motion for failure to meet the procedural requirements under the rules of procedure.

Second, the only claim entitling Bigelow to injunctive relief is his DTA claim. The FDCPA and the CPA claim entitle Biglelow only to monetary relief. The DTA claim, however, entitles Bigelow to injunctive relief if Defendants have failed to follow the strict procedures set forth in the DTA. Under the DTA, the Court shall require, as a condition of granting any injunction, that the applicant deposit with the Court the amount due on the obligation secured by the deed of trust and the Court may not restrain a

1 scheduled foreclosure unless the applicant has given the trustee five days notice of the
2 injunction hearing. RCW 61.24.130. Bigelow has failed to show that he will make the
3 requisite deposit or that he gave the trustee five days notice of any hearing or request for
4 a hearing on an injunction. Therefore, the Court denies Bigelow's motion for failure to
5 comply with the DTA.

### III. ORDER

Therefore, it is hereby **ORDERED** that Bigelow's motion for a temporary restraining order is **DENIED.**

Dated this 7th day of October, 2014.

BENJAMIN H. SETTLE
United States District Judge