IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

IN AND FOR THURSTON COUNTY

| | |
|---|---|
| JAMES A. BIGELOW, | Case No.: |
| Plaintiff, | |
| vs. | **EMERGENCY EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION** |
| NORTHWEST TRUSTEE SERVICES, INC., | |
| GREEN TREE SERVICING, LLC., | NOTE ON MOTION CALENDAR: NOVEMBER 13, 2014 |
| Defendants. | |

PLAINTIFF James A. Bigelow respectfully submits this petition for issuance of a temporary restraining order and imposition of a preliminary injunction pursuant to Federal Rules of Civil Procedures Rule 65 against Defendants to stay the sale of the real property in question. After discovering new evidence within five days of the current sale date which is currently set for November 14, 2014, Plaintiff worked as quickly as possible in drafting new pleadings. Plaintiff's amended complaint stands a more than likely chance of establishing that GTS has assigned the Deed of trust to themselves, nullifying the assignment. Consequently, the Appointment of Successor Trustee to NWTS follows as a nullity. Therefore, NWTS could

TRO AND PRELIMINARY INJUNCTION                              James A. Bigelow
                                                            10018 Cascadian Ave SE
                                                            Yelm Washington 98597
                                                            360-790-2568

not be a proper and legal trustee, and therefore could not send the notice of default nor does it have proper authority to foreclose on the Plaintiff's property.

## INTRODUCTION

1. This matter arises out of Defendants' wrongful conduct with respect to the Deed of Trust Act. As a result of Defendants past and continuing wrongful conduct, the legally protected property rights of Plaintiff have been and continue to be severely violated. Because Defendants wrongful conduct has resulted and continues to result in immediate and irreparable harm to Plaintiff for which there is no adequate remedy at law, Plaintiff now brings the instant Motion for Issuance of a Temporary Restraining Order and imposition of a Preliminary Injunction Pursuant to Federal Rules of Civil Procedure Rule 65.

2. Plaintiff is putting forth the effort to understand and apply the Federal Rules of Civil Procedure to the best of his abilities. However, it is contrary to the spirit of these rules for decisions on merits to be avoided on basis of mere technicalities. *Forman v Davis*, Mass. 19632, 83 S.Ct. 227, 371 U.S.178m 9 K, Ed2d 222, On Remand 316 F.2d 254.

## STATEMENT OF FACTS

3. See Plaintiff's complaint.

## ARGUMENTS

4. A Plaintiff seeking a temporary restraining order in federal court must meet the standards for issuing a preliminary injunction. Accordingly, the Plaintiff must establish (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 129 S. Ct. 35, 374 (2008). . In addition, a "preliminary injunction is appropriate when a Plaintiff

TRO AND PRELIMINARY INJUNCTION

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

demonstrates that serious questions going to the merits were raised and the balance of hardships tips sharply in the Plaintiffs favor," provided the Plaintiff also demonstrates irreparable harm and that the injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 112, 134-35 (9th Cir. 2011).

5. Non-judicial foreclosures in Washington are governed by the Deed of Trust Act ("DTA"), CHAPTER 61.24 RCW. *Cox v Helenius*, 693 P.2d 683, 685 (Wash. 1985); *see also Vawter v Quality Loan Serv. Corp. of Wash*, 707 F. Supp 2d 1115, 1121-22(W.D. Wash. 2010)(explaining the operation of the DTA). The Deed of Trust Act sets out a number of prerequisites that must be satisfied before property can be sold in a trustee's sale. RCW 61.24.030. The Plaintiff's amended complaint shows at two of these prerequisites are at issue here. First, RCW 61.24.030(7)(a) provides that it shall be a requisite to a trustee's sale:

> That, for residential real property, before the notice of trustee's sale is recorded, transmitted, or served, the trustee shall have proof that the beneficiary is the actual owner of any promissory note or other obligation secured by the Deed of Trust. A declaration by the beneficiary made under the penalty of perjury stating that the beneficiary is the actual holder of the promissory note or other obligation secured by the Deed of Trust shall be sufficient proof as required under this subsection.

Second, RCW 61.24.030(2) provides that:

> A notice of default issued under RCW 61.24.030(8) must include a declaration, as provided in subsection (9) of this section, from the beneficiary or authorized agent that it has contacted the borrower as provided in subsection (1) of this section, it has tried with due diligence to contact the borrower under subsection (5) of this section, or the borrower has surrendered the property to the trustee, beneficiary, or authorized agent. Unless the trustee has violated his or her duty under RCW 61.24.010(4), the trustee is entitled to rely upon the declaration as evidence that the requirements of this section have been satisfied, and the trustee is not liable for the beneficiary's or its authorized agent's failure to comply with the requirements of this section.

TRO AND PRELIMINARY INJUNCTION

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

6. The standard for granting a temporary restraining order has been satisfied. The Plaintiff is likely to suffer irreparable harm in the absence of an injunction, as he is at risk of losing his home in the November 14, 2014 trustee's sale.

7. In addition, there are serious questions going to the merits of the Plaintiff's claim that Defendant(s) did not comply with the requisites of the DTA before filing the Notice of Trustee's Sale. First, RCW 61.24.030(2) provides that the "beneficiary or trustee" shall transmit written notice of default that must include a Declaration. The notice of default was transmitted on May 10, 2012 by NWTS, but the attached declaration names GTS as both the beneficiary and the servicer. NWTS and GTS have clearly identified Fannie Mae as the alleged beneficiary [see amended complaint ¶ 121]. So here, GTS is acting as an agent for themselves and not Fannie Mae. As a result, there are "serious questions going to the merits" regarding whether the Declaration attached to the Notice of Default was valid pursuant to RCW 61.24.030(2). *Alliance for the Rockies*, 632 F.3d at 1134-35.

8. Second, RCW 61.24.030(7)(a) requires proof that the beneficiary is the owner of any Promissory Note or other obligation secured by the DOT before the trustee's sale can go forward. The Declaration must be by the beneficiary and not an agent. Here, the declaration clearly states that GTS is the beneficiary [see EXHIBIT G]. However, GTS clearly states that it is the servicer and not the beneficiary or owner [see EXHIBIT K, P. 1]. Considering the enormous amount of misrepresentations surrounding the mortgage industry, it bears the question, where did this "where did this declaration come from?" Is it possible that NWTS drafted this document in order to meet statutory requirements in order to move forward with a foreclosure? At minimum, there is nothing on the declaration that would indicate that Fannie Mae is the beneficiary. Although the trustee is generally

TRO AND PRELIMINARY INJUNCTION

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

"entitled to rely on the beneficiary's declaration" as evidence that the beneficiary is the owner of the note, here there are "serious questions going to the merits" regarding whether Defendant(s) complied with RCW 61.24.030(7). *Alliance for the Wild Rockies*, 632 F.3d at 1134-35.

9. The balance of hardships tips sharply in the Plaintiff's favor and that an injunction is in the public interest. The balance of hardships favors the Plaintiff: The hardship to Defendants of a delayed trustee sale is far outweighed by the hardship that the Plaintiff would endure if he lost his home as a result of an improper non-judicial foreclosure. With respect to the public interest, although the Washington Legislature enacted the DTA in order to provide an efficient and inexpensive means of non-judicial foreclosure, *see Plein v Lackey*, 67 P.3d 1061, 1065 (Wash. 2003), "it is not in the public interest to allow a trustee's sale to go forward where there are serious questions regarding whether the beneficiary of the Deed of Trust and the trustee complied with the requisites of the DTA." *Frase v U.S. Bank, N.A.*, Dist. Court WD Washington 2011.

10. The Plaintiff does not refuse to pay a security bond, it is up to the Defendant(s) to define damges. Federal Rules of Civil Procedure § 65(c) states in relevant part:

   "SECURITY. The court may issue a preliminary injunction or a temporary restraining order only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."

11. "Rule 65(c) invests the district court `with discretion as to the amount of security required, if any.'" *Jorgensen v. Cassiday,* 320 F.3d 906, 919(9th Cir.2003) (quoting Barahona-Gomez v. Reno, 167 F.3d 1228, 1237 (9th Cir.1999)). In particular, "[t]he district court may dispense with the filing of a bond when it concludes there is no realistic likelihood of harm to the defendant from enjoining his or her conduct."

TRO AND PRELIMINARY INJUNCTION

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

12. The security is similar to a supersedeas bond in which the Plaintiff is asked to submit costs of damages, should there be any. The Defendants must prove damages beyond speculation. "The assessment of such damages in an action upon a supersedeas bond is necessarily subject to the general rules that the extent of the appellee's loss must be shown with reasonable certainty and conclusions may not be founded on speculation. *Uyemura v. Wick*, 57 Haw. 102, 551 P.2d 171 (1976).

13. The Plaintiff is not in receipt of any documents that shows any damages that the defendants will suffer with reasonable certainty.

14. The Plaintiff's complaint will show that the Defendants are not even the proper parties to foreclose on Plaintiff's property and therefore could not be damaged.

WHEREFORE the Plaintiff moves this court to grant a temporary restraining order to stay the sale of Plaintiffs property which is eminent and currently scheduled for November 14, 2014.

Dated November 13, 2014

James A. Bigelow
10018 Cascadian Ave SE
Yelm WA 98597
360-790-2568

## CERTIFICATE OF SERVICE

I CERTIFY UNDER PENALTY OF PERJURY under the laws of the State of Washington that the foregoing is true and correct and that a copy of the foregoing has been electronically provided to Renee M. Parker, Esq., and Northwest Trustee. In addition, a copy of the foregoing has been deposited it into the U.S. Postal Service mail stream to Northwest Trustee at 13555 SE 36th St, Suite 100, Bellevue, WA, 98006

Dated this 13th day of November, 2014.

TRO AND PRELIMINARY INJUNCTION

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

1
2
3   */s/ James A. Bigelow*
    James A. Bigelow
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

TRO AND PRELIMINARY INJUNCTION

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

- 7 of 7 -