1

2

**THE HONORABLE BENJAMIN H. SETTLE**

3

4

5

6

7

**UNITED STATES DISTRICT COURT**

8

**WESTERN DISTRICT OF WASHINGTON**

9

**AT TACOMA**

10

11 | JAMES A. BIGELOW,                    Case No.: 3:14-cv-05798-BHS

12 |        Plaintiff,

13 |   vs.                                **AMENDED VERIFIED COMPLAINT**

14 | NORTHWEST TRUSTEE SERVICES,
    INC.;                               **TRIAL BY JURY DEMANDED**

15 | GREEN TREE SERVICING, LLC.,

16 | MORTGAGE ELECTRONIC
    REGISTRATION SYSTEMS, Inc.,

17

18 | DOE DEFENDANTS 1 - 20

19 |      Defendants.

20

**AMENDED COMPLAINT**

21

This action arises from attempts to collect on a Note. Plaintiff, James A. Bigelow,

22

Individually, hereby sues Defendant NORTHWEST TRUSTEE SERVICES, INC., for

23

violations of the Fair Debt Collections Practices Act (Hereinafter "FDCPA"), Washington

24

Deed of Trust Act (Hereinafter "WDTA"), Washington Consumer Protection Act (Hereinafter

25

AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

"WCPA"), Defendant GREEN TREE SERVICING, LLC., for violations of the FDCPA, WCPA, Mortgage Electronic Registration Systems, Inc. (Hereinafter "MERS") for violations of the WCPA.

1. This is an action for damages and injunctive relief brought by Plaintiff for violations of the FDCPA 15 U.S.C. § 1692 *et seq.,* the WDTA RCW § 61.24 *et seq* and WCPA RCW § 19.86 *et seq.* Upon Information and belief, Plaintiff contends that many of these practices are widespread by the Defendants. Plaintiff intends to propound discovery to Defendants identifying these other individuals who have suffered similar violations.

2. All conditions precedent to the bringing of this action have been performed, waived or excused.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises under 28 U.S.C. § 1331; 15 U.S.C. § 1692k, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391. Venue is proper in this District as the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

## PARTIES

5. Plaintiff, James A. Bigelow, is a natural person and is a resident of the State of Washington. Plaintiff suffers from Attention Deficit Hyperactivity Disorder (ADHD) and has a difficult time with many tasks requiring extended amounts of time. Plaintiff is protected under the Americans with Disabilities Act (ADA) 42 U.S.C. § 126.

6. Upon information and belief the Defendant, NORTHWEST TRUSTEE SERVICES, INC. (Hereinafter "NWTS"), is a Washington Corporation, licensed with the Washington State

AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

Business Licensing Service, with an office located at 13555 SE 36th St, Suite 100, Bellevue, Washington, 98006. Upon information and belief, NWTS is assigned a UBI number of 602376725. Upon information and belief NWTS is registered with the Washington Department of Revenue as an "all other business support services".

7. Upon information and belief the Defendant, GREEN TREE SERVICING, LLC. (Hereinafter "GTS"), is a Delaware Corporation, licensed with Washington State Business Licensing Service, with offices located at 33600 6th Ave S, Suite 220, Federal Way, Washington, 98003. Upon information and belief, GTS is assigned a UBI number of 602302513. Upon information and belief, GTS Registered Agent is CT Corporation Systems, 505 Union Ave SE, Suite 120, Olympia, Washington, 980501. Upon information and belief GTS is registered with the Washington Department of Revenue as "Consumer Lending". Upon information and belief WFHM does not have an "Entity Type" identified with the State of Washington Business Licensing Service, and assigned a UBI number of 601311007.

8. Upon information and belief the Defendant, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (Hereinafter "MERS"), is a foreign Delaware Corporation, not authorized to do business in Washington, with offices at 1818 Library Street, Reston, Virginia 20190. Upon information and belief, MERS is a wholly subsidiary of MERSCORP. Upon information and belief MERS, as it is referred to in most mortgages, is a bankruptcy remote company with no employees and no assets designed specifically for diverting liability away from MERSCORP. MERS acronym is used on all MERSCORP mortgages to appear as if the mortgagee is MERS, and not

AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

- 3 of 25 -

MERSCORP. MERS, as a bankruptcy remote corporation, engages in business in the state of Washington.

9. DOES 1-20 are for any parties currently unknown in which, through discovery of these proceedings, becomes known as an affiliated entity or entity of interest in the matters set herewithin.

## GENERAL ALLEGATIONS

10. This is a prima facie complaint.

11. On April 24, 2007, Plaintiff allegedly executed a Note [see EXHIBIT A] for $233,899.00 with naming Pierce Commercial Bank (hereinafter "PCB") as the [Lender], secured by the Plaintiff's Property.

12. Exhibit A is an alleged copy of the Plaintiff's original Note upon which the Defendant(s) are relying upon. This alleged copy of the Plaintiff's Note was provided by GTS.

13. MERS is not a party to this alleged Note and has no interest in this alleged Note whatsoever.

14. MERS own terms and conditions state that they never have anything to do with the note [see EXHIBIT Q, P. 1 ¶ 2-3].

15. The alleged copy of the Plaintiff's Note is a non-negotiable instrument because it has conditions beyond the payment of money (see Memorandum of Law, P. 3 ¶ 5-15) Pursuant to RCW 62A et seq, the alleged copy of the Plaintiff's Note is a non-negotiable instrument and could not be assigned, transferred or sold except under contract law [see EXHIBIT P, P. 747].

AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

16. The title company involved with the closing of the Plaintiff's alleged Note was Chicago Title Company [see EXHIBIT B, P. 2 ¶ (D)]. After closing, the original of Plaintiff's alleged Note was sent to the Lender, PCB.

17. A copy of a copy of an original, unaltered Note can be obtained by merely calling Chicago Title Company.

18. TICOR Title Company is not the lender nor the servicer of the Plaintiff's alleged Note.

19. TICOR Title Company was not involved with the closing of the Plaintiff's alleged Note.

20. Therefore, TICOR Title Company would have no reason to be in possession of the Plaintiff's alleged original Note.

21. On P. 1 of the alleged copy of the Plaintiff's Note there is a stamp imprint "TICOR Title Company" with an unknown signature attached to it alleging to be "certified to be a true copy of the original" of the Plaintiff's alleged Note.

22. Since an alleged copy of the Plaintiff's unaltered Note can be obtained from Chicago Title Company, and since TICOR Title Company would have no reason to be in possession of the Plaintiff's alleged original Note, the Plaintiff alleges this to be an intentional false and misleading certification made to an alleged copy of the Plaintiff's Note.

23. On P. 3 of the alleged copy of the Plaintiff's Note it is clearly marked [sign original only].

24. There is an alleged indorsement on an alleged copy of the Plaintiff's Note to Countrywide Bank N.A.

25. This alleged indorsement on P. 3 of the alleged copy of the Plaintiff's Note is signed by Sonja L. Lightfoot. There is no date attached to this alleged indorsement so there is no way of knowing on what date this indorsement was signed.

AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

26. The Court may take judicial notice that Sonja L. Lightfoot has questionable business practices as recognized by the State of Washington Department of Financial Institutions Consumer Services Division and the Department of Justice [see EXHIBITS N AND O].

27. ~~There appears to be an indorsement to a copy of the Note when it clearly states "Sign Original Only".~~ Plaintiff is not in receipt of a copy of the alleged [original Note] validating an indorsement has been made to an original note to Countrywide Bank, N.A.

28. ~~Even if this was a true copy of the original Note, which it is not, Countrywide Bank, N.A. would be the only entity who could possibly foreclose as there is no indorsement to Fannie Mae.~~

29. ~~There is no date attached to this indorsement.~~

30. Plaintiff is not in receipt of any document that incorporates any other entity as a party to the alleged contract other than PCB.

31. Plaintiff denies that the alleged Note relied upon by the Defendant(s) is the same note referenced in the alleged Deed of Trust and thus Plaintiff disputes the validity of the alleged debt.

32. P.1 ¶ 1 of the alleged copy of the Plaintiff's Note states that the [lender] may transfer this note and that the transferee then becomes the [note holder]. This entitles the note holder to payments but never transfers the title of [lender] to the transferee. The [lender] always remains as [PCB] throughout the life of the loan.

33. Any provision that requires action of the [lender] requires the action of PCB and not the note holder. The note holder, or any other entity, can never be the [lender]. PCB is and always will be the [only] entity that the Plaintiff has borrowed money from.

AMENDED COMPLAINT
Case No.:  3:14-cv-05798-BHS

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

34. Plaintiff's loan was securitized shortly after closing and GTS refuses to provide that information.

35. On April 24, 2007, ~~Mr.~~ the Plaintiff allegedly <u>executed</u> a Deed of Trust (Hereinafter "DOT")[<u>see</u> EXHIBIT B] naming PCB as the [Lender], and Chicago Title <u>Company</u> as the Trustee, securing property commonly known as 10018 Cascadian Ave SE, Yelm, Thurston County, Washington, 98597, and said Deed of Trust was recorded into the records of Thurston County on April 27, 2007, under Recording Number 3922368. Said property is Plaintiff's primary resident.

36. <u>Exhibit B is an alleged copy of the Plaintiff's original DOT upon which the Defendant(s) are relying upon. This alleged copy of the Plaintiff's DOT was provided by GTS.</u>

37. MERS is described as a *nominee* for PCB and its successors and assigns. Page two ¶ (E) states:

> ""MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as nominee for Lender. MERS is the beneficiary under this security instrument."

38. The Washington Supreme Court has rejected MERS as being a legal beneficiary.

39. <u>¶ 18 of the DOT requires the [Lender] to give notice to the Plaintiff of acceleration. Plaintiff is not in receipt nor has the Plaintiff ever been in receipt of this required pre-requisite notice of acceleration from the Lender.</u>

40. On April 20, 2012, an alleged assignment of DOT (<u>see</u> EXHIBIT C] dated April 19, 2012, from MERS, as nominee for PCB, to GTS was recorded into the records of Thurston County under Recording Number 4261697.

41. The <u>alleged</u> Assignment of DOT recorded as Recording Number 4261697 was recorded while the alleged debt was ~~under~~ <u>in</u> default.

AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

42. MERS is not a party to the <u>alleged</u> Promissory Note and holds no authority to assign the <u>alleged</u> Note.

43. The Note and DOT are inseparable, the former as essential, the latter as an incident. An assignment of the Note carries the DOT with it, while an assignment of the latter alone is a nullity.

44. The alleged Assignment of DOT recorded as Recording Number 4261697 is false and misleading, since MERS does not hold the note <u>nor can it transfer the Note</u>, the assignment of the DOT is a nullity.

45. <u>Since MERS purported to assign the alleged security instrument without any alleged obligation, the alleged assignment of DOT is invalid. Subsequently, the Appointment of Successor Trustee is invalid.</u>

46. MERS could not be a nominee for PCB as it has been insolvent since at least November 5, 2010, when <u>regulators</u> ~~the Washington Department of Financial Institutions~~ closed PCB.

47. <u>Seventeen months later, MERS allegedly assigned the alleged DOT of the Plaintiff.</u>

48. <u>Any connection that MERS allegedly had to the alleged DOT of the Plaintiff was severed the day regulators closed PCB.</u>

49. <u>Therefore, the alleged Assignment of DOT is invalid. Subsequently, the Appointment of Successor Trustee is invalid.</u>

50. In April of 2012, MERS purports to still have nominee status for a bank that has been closed for almost 2 years by causing a document to be created that appears to be an Assignment of the DOT and recorded into the county records as such.

AMENDED COMPLAINT
Case No.:  3:14-cv-05798-BHS

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

51. Pursuant to RCW § 62A.3-308(a), Plaintiff challenges the authenticity and legitimacy of MERS to effect any change or transfer to the beneficial ownership of Plaintiff's alleged DOT and alleged Note.

52. This alleged Assignment of the DOT was prepared by Erika Lance of Nationwide Title Clearing (Hereinafter "NTC").

53. Essentially, NTC gets a request from their clients to create an Assignment of DOT. NTC then creates an Assignment of DOT, being mindful of conforming to the States standards and then recording this new Assignment of DOT with the proper County Recorder.

54. GTS is a client of NTC.

55. GTS requested from NTC that they originate and record an Assignment of DOT in the Plaintiff's foreclosure from PCB, a defunct company, to GTS.

56. GTS essentially assigned the DOT to themselves.

57. The Plaintiff asks the court to take judicial notice of the Erika Lance deposition [see EXHIBIT R].

58. Document signers working for NTC are given a designations such as Secretary or Vice President depending on what is required for a particular state. This designation comes with no other responsibilities other than signing documents [see EXHIBIT R, P. 24].

59. The signatures on the Assignments of DOT are customarily placed on the document by one of two methods. By either a person or by a computer generated signature. In retrospect, a computer generated signature cannot be witnessed by a notary [see EXHIBIT R, P. 27].

60. The signatures on the alleged copy of the Plaintiff's Assignment of DOT are electronic signatures [see EXHIBIT S].

AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

61. The signatures on the first two pages of EXHIBIT S are identical and consistent with that of electronic signatures. The signatures on the second two pages of EXHIBIT S are not consistent with that of signatures from the same person.

62. In the Notary section of the alleged copy of the Assignment of DOT it states in part "the foregoing instrument was acknowledge before me". Since the Derrick White signature was electronically placed, it was not possible for the Notary to witness the signature.

63. The Plaintiff relied upon the alleged copy of the Plaintiff's Assignment of DOT but now feels that he has been misled.

64. The alleged copy of the Plaintiff's Assignment of DOT fails for several reasons and is therefore an invalid Assignment.

65. GTS derives its authority from the Assignment of the DOT and NWTS derives its authority from the Appointment of Successor Trustee.

66. If the Assignment of the DOT is a nullity, so then is the appointment of successor trustee. Thus, neither GTS nor NWTS could ~~not~~ be the legal entities to transmit a Notice of Default.

67. The signer of this alleged MERS Assignment, Derrick White, is allegedly acting as Assistant Secretary. ~~This Signer is a MERS Certifying Officer. At the time of the signing Derrick White was also a full time employee of *and officer* of Green Tree Servicing, which has been servicing this loan. This servicer appointed this MERS Certifying Officer to this position and is totally responsible for all acts that they perform.~~

68. There are three events that must take place in order for an assignment of the DOT to be binding and true. There must be an offer, acceptance and consideration. Lacking any of these causes an Assignment of DOT to be invalid. Since PCB no longer existed and

AMENDED COMPLAINT
Case No.:  3:14-cv-05798-BHS

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

MERS cannot make an offer or accept consideration then a valid Assignment of the DOT cannot exist.

69. RCW § 62A.3-203(d) sets forth the rule of law that if anything less than the entire beneficial interest is conveyed; the transferee can receive no greater interest than that which was held by the transferor. This rule of law applies to the MERS assignment on April 19, 2012. GTS cannot receive any greater interest than MERS is in the position to transfer. The true holder of this ownership interest in land cannot be ascertained from terms in this MERS assignment. If a holder of a beneficial interest cannot be established, the interest being conveyed is also illusory and inadequate for enforcement.

70. In addition, MERS is barred by its membership rules from acquiring any beneficial interest for a property posted on its registry.

71. The State of Washington has rejected the argument that MERS qualifies as a beneficiary of the Deed of Trust.

72. According to MERS own statements, MERS is incapable of "offering" or "consideration" because it does not own any notes secured by mortgages it allegedly tracks.

73. MERS received no authorization from PCB to act in the capacity of a nominee for PCB assigning for value received Plaintiff's loan to GTS.

74. On May 5, 2012, an alleged Appointment of Successor Trustee [see EXHIBIT D] dated May 14, 2012, from MERS to NWTS and allegedly signed by GTS was recorded into the records of Thurston County under Recording Number 4266605.

75. Although MERS had previously assigned the deed of trust to GTS, purporting to relinquish any rights to the deed of trust, MERS, without authority, appointed NWTS as the trustee.

AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

76. This appointment is misleading and appears to have been created and recorded to deceive the Plaintiff and the public at large.

77. As Substitute Trustee, it is understood that NWTS should be receiving its instructions from GTS.

78. Because of the operating environment of GTS, the Trustee responsible for the foreclosure will customarily prepare this form, essentially self-appointing themselves.

79. <u>Plaintiff alleges that NWTS self-appointed themselves as the Successor Trustee.</u>

80. In ¶ 24, titled *Substitute Trustee*, Plaintiff's DOT states:

"In accordance with applicable law, [Lender] may from time to time appoint a successor trustee to any Trustee appointed hereunder who has *ceased to act*."

81. The Trustee on Plaintiff's DOT is Chicago Title. There is no *recorded evidence* that indicates that Chicago Title has ever *ceased to act*.

82. Plaintiff is not in receipt of any Appointment of Successor Trustee from GTS to NWTS.

83. RCW § 61.24.010(2) states:

"The trustee may resign at its own election or be replaced by the beneficiary. The trustee shall give prompt written notice of its resignation to the beneficiary. The resignation of the trustee shall become effective upon the recording of the notice of resignation in each county in which the DOT is recorded. If a trustee is not appointed in the DOT, or upon the resignation, Incapacity, disability, absence, or death of the trustee, or the election of the beneficiary to replace the trustee, the beneficiary shall appoint a trustee or s successor trustee. Only upon recording the appointment of a successor trustee in each county in which the deed of trust is recorded, the successor trustee shall be vested with all powers of an original trustee."

84. Through legal trickery, NWTS was chosen and appointed by MERS to act on GTS behalf, and together they conspired to take possession of the Plaintiff's property. This is in direct conflict with NWTS "duty of good faith" as required by Washington's RCW § 61.24.010(4) which states:

AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

- 12 of 25 -

"The trustee or successor trustee has a duty of good faith to the borrower, beneficiary, and grantor."

85. Plaintiff alleges that NWTS has breached their duty of good faith.

86. In connection with the collection of an alleged debt, NWTS sent a Notice of Default [EXHIBIT L] to the Plaintiff on or about May 10, 2012. NWTS stated, in relevant part, as follows:

"THIS IS AN ATTEMPT TO COLLECT AND WILL BE USED FOR THAT PURPOSE."

87. This communication from NWTS does not state that this is from a debt collector contrary to 15 U.S.C. 1681e.

88. The total amount of the alleged loan as indicated on the Notice of Default is $245,934.21.

89. Plaintiff has disputed this debt with NWTS.

90. This communication from NWTS is asking the Plaintiff to remit payment of monies to either NWTS or GTS.

91. The communication from NWTS alleges Fannie Mae to be the owner of an alleged Note.

92. This communication from NWTS included a Beneficiary Declaration [see EXHIBIT L, P. 4-5] alleging to have satisfied the requirements of RCW § 61.24.031. This declaration was signed by Sue Spratte as Beneficiary's/authorized Agent. Plaintiff has never received any communications from Sue Spratte either by phone or by mail.

93. This Declaration of compliance, dated May 4, 2012 states that GTS is the "current Beneficiary" and purports, on GTS behalf, to authorize "the Trustee, the foreclosing agent and/or their authorized agent to sign on behalf of the beneficiary, the notice of default containing the declaration required pursuant to 6124.030."

AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

94. It has already been established that GTS is not the beneficiary [see amended comp. at 121].

95. Plaintiff is not in receipt of any document or contract in which the Plaintiff and Fannie Mae or any other entity other than PCB are parties to.

96. Plaintiff alleges that NWTS does not have a valid Appointment of Successor Trustee and that NWTS has no authority to send Plaintiff a Notice of Default

97. On April 30, 2014, Defendant(s) slandered title to the subject property and injured the Plaintiff by recording a Notice of Trustee's Sale ~~was recorded~~ into the public records of the Thurston County Records under Recording Number 4389907 setting a sale date of August 29, 2014 [see EXHIBIT M].

98. On June 20, 2014, Plaintiff sent a Qualified Written Request (Hereinafter "QWR") and a debt validation letter to GTS.

99. On June 21, 2014, Plaintiff sent a MERS milestones request to MERS, and as of October 3, 2014, Plaintiff has not received a response.

100.  On July 11, 2014, GTS attempted to respond to Plaintiff's QWR and debt validation letter [EXHIBIT E]. Regardless of what GTS might allege, they treated Plaintiff's QWR as a QWR.

101.  GTS states in their letter dated July 11, 2014 that they have enclosed an alleged copy of the Notice of Assignment, sale or transfer of servicing rights but GTS seems to be confused as they are not sure if they sent, an assignment, a sale or a transfer as it has not been defined.

102.  GTS states that servicing rights were transferred from Bank of America, N.A. to GTS and yet the Assignment of the DOT is from MERS, as nominee for PCB, to GTS.

AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

103. Plaintiff is not in receipt of any documents transferring servicing rights from PCB to Bank of America, N.A.

104. Plaintiff is not in receipt of any documents transferring the servicing rights from Bank of America, N.A. to GTS.

105. GTS also states that Fannie Mae owns the account. Plaintiff is not in receipt of any documents claiming Fannie Mae to be an account ~~holder~~ <u>owner</u> of an account that the Plaintiff is a party to.

106. Plaintiff is not in receipt of any contract between the Plaintiff and Fannie Mae that would commit the Plaintiff to payments to Fannie Mae of an alleged debt.

107. GTS also states that recorded assignments are not required as MERS is a process that simplifies the way mortgage ownership and servicing rights are originated, sold and tracked. Created by the real estate finance industry, MERS eliminates the need to prepare and record assignments.

108. Plaintiff, through due diligence, cannot locate any evidence that the state of Washington has endorsed this type of tracking system.

109. This type of tracking system compromises the accuracy of county land records <u>and withholds recording fees due to the county</u>.

110. This letter also states that a trustee sale guarantee was purchased concerning the Plaintiff's property.

111. The Trustee Sale Guarantee is a title guarantee issued at the start of foreclosure. It assist the foreclosing beneficiary and trustee by delivering information needed to ensure [compliance] with state foreclosing statutes.

AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

112. GTS considers all other requests in Plaintiff's QWR <u>request</u> as proprietary. However, answering Plaintiff's requests are essential in complying with the Real Estate Settlement Procedure Act.

113. GTS provided a copy of a note that states "sign original only". <u>Plaintiff alleges that</u> the <u>alleged</u> copy of the Note provided by GTS has not been indorsed on the original Note but rather indorsed on <u>an alleged</u> copy of an original.

114. There is an alleged indorsement by Sonja L. Lightfoot signing as Senior Vice President for PCB on the Note. There is no way of knowing when this indorsement was attached to the Note since it is not dated. There is also a question as to if this indorsement has been affixed to the original Note or to a copy of the Note.

115. Both GTS and NWTS acknowledge their belief that Fannie Mae is the beneficiary and holder of the note. However, there is no indorsement to Fannie Mae nor is there a blank indorsement attached.

116. This raises the question of how did Fannie Mae acquire the note, if at all.

117. Nothing in the letter from GTS dated July 11, 2014, legally evidences a connection between the Plaintiff and Fannie Mae, GTS or NWTS.

118. On July 29, 2014, and then again on August 1, 2014, Plaintiff sent debt validation letters to NWTS. In these letters the Plaintiff addressed issues with the Duty of Good Faith, Declaration from the Beneficiary, Assignment of the DOT, and the Appointment of Successor Trustee.

119. On or about August 4, 2014, Plaintiff received written communication from NWTS [EXHIBIT F]. This correspondence states "this is an attempt to collect a debt. Any

AMENDED COMPLAINT
Case No.:  3:14-cv-05798-BHS

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

information obtained will be used for that purpose." This statement falls short of the requirements of the FDCPA.

120. NWTS alleges to have validated the debt but did not provide any information as to how this debt was verified.

121. NWTS provided an alleged declaration from the beneficiary [see EXHIBIT G] in their correspondence to the Plaintiff. ~~This~~ The Declaration from the Beneficiary is a condition precedence pursuant to RCW 61.24.030(7). This declaration is signed by Lee Riley, ~~alleging~~ and clearly states that GTS ~~to be~~ is the alleged beneficiary of the Plaintiff's Note. In the Notice of Default from NWTS, NWTS ~~acknowledges their belief~~ clearly states that allegedly Fannie Mae is the ~~beneficiary~~ owner of the Plaintiff's Note [see EXHIBIT L, P. 2 ¶ K)]. In a letter from GTS it clearly states that GTS is not the owner of the Plaintiff's Note and that allegedly Fannie Mae is the owner of the Plaintiff's Note [see EXHIBIT K, P. 1]. This declaration that is provided is dated April 2, 2014, which is clearly after the foreclosure process had been started by NWTS.

122. NWTS has clearly and knowingly violated the provisions of RCW 61.24.030(7).

123. In the declaration provided from NWTS to the Plaintiff, GTS is purporting to be the beneficiary. This declaration has misled the Plaintiff into believing that this declaration was from the beneficiary and that this declaration was in the possession of NWTS prior to commencing foreclosure proceedings.

124. NWTS does not appear to be in possession of a declaration from the true beneficiary which is a condition precedence pursuant to RCW 61.24.030(7).

125. Plaintiff alleges that NWTS had a duty pursuant to RCW 61.24.030(7) and that NWTS breached that duty.

AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

126. Based on documents provided by NWTS and GTS, the true beneficiary or note holder cannot be determined.

127. These acts of providing a misleading documents has the capacity to deceive a substantial portion of the public, which has occurred in the conduct of trade or commerce.

128. Providing any documents that have the capacity to mislead or deceive have been declared unfair or deceptive practices.

129. Plaintiff relied on these misrepresentations by the Defendants to his detriment as he has paid monies to GTS.

130. The Assignment of DOT, which is misleading, was a material misrepresentation designed to bolster the false belief in the Plaintiff that GTS was the rightful owner of the Plaintiff's DOT and Note.

131. On August 22, 2014, Plaintiff sent a notice of intent to litigate to NWTS [EXHIBIT H]. In this letter the Plaintiff addressed the issue of "Duty of Good Faith", Validation of the Debt, the Declaration from the Beneficiary which was provided by NWTS, and the Assignment of the DOT.

132. On August 22, 2014, Plaintiff sent a notice of intent to litigate to GTS [EXHIBIT I]. In this letter the Plaintiff addressed the issue of Validation of the Debt, Duty of Good Faith, the QWR, the Declaration from the Beneficiary which was provided by NWTS, and the Assignment of the DOT.

133. On or about September 1, 2014, Plaintiff received written communications from NWTS, which included a notice of postponement of the trustee sale setting a new date of October 10, 2014.

AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

134. On or about September 18, 2014, Plaintiff received correspondence from NWTS EXHIBIT J] dated September 15, 2014. In this correspondence, NWTS holds steadfast to any wrong-doing even though the declaration from the beneficiary that NWTS has provided is from the servicer and not the alleged beneficiary. NWTS recommended litigation.

135. NWTS states that they have complied with all applicable state statutes even though they know that they are not in receipt of the declaration from the beneficiary which is a condition precedence to a foreclosure pursuant to state statute.

136. On or about September 26, 2014, Plaintiff received correspondence from GTS [EXHIBIT K] dated September 23, 2014. GTS states that "this communication is from a debt collector. It is an attempt to collect a debt, and any information obtained will be used for that purpose."

137. GTS states that the servicing of an alleged account with Plaintiff was transferred from Bank of America, N.A. to GTS effective December 1, 2011. Plaintiff is not in receipt of any document evidencing this transfer.

138. GTS also states that this alleged account is owned by Fannie Mae which further confirms that NWTS was not in receipt of the declaration from the beneficiary prior to commencing foreclosure.

139. Plaintiff is not in receipt of any documents evidencing any account or obligation that Plaintiff may have with Fannie Mae.

140. NWTS is has favored the beneficiary, who is also their client, over the Plaintiff contrary to their [duty of good faith].

AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

141. GTS states that they have authority to act on the owners behalf. However, the Plaintiff is not in receipt of any document evidencing this authority or to the limits of this authority.

142. Because the WDTA dispenses with many protections commonly enjoyed by borrowers under judicial foreclosures, Beneficiaries and Trustees must strictly comply with the statutes and courts must strictly construe the statutes in the borrower's favor. Without statutory authority, any action taken is invalid.

143. Because of the use of MERS, there appears to be no way to track ownership and/or title. Because of this, Plaintiff's title becomes clouded, thus damaging property records.

144. Plaintiff has asked MERS for the milestone records concerning his property but MERS has refused to cooperate. Plaintiff has no accurate way of knowing who the actual holder of his Note is, if any.

145. Because of the many misrepresentations by Defendants, Plaintiff has suffered mental and emotional anguish.

**COUNT I**

**VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT**

**(FDCPA) 15 U.S.C. § 1692 *et seq***

146. Paragraphs 1 through 143 are re-alleged as though fully set forth herein.

147. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

148. Defendant NWTS is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

149. Defendant NWTS, through communications with the Plaintiff, has identified themselves as debt collectors.

150. Defendant GTS is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

151. Defendant NWTS, through communications with the Plaintiff, has identified themselves as debt collectors.

152. Since this alleged debt was in default at the alleged time it was acquired, and Defendants NWTS and GTS do not meet any definitions of exclusions then they are subject to the FDCPA in its entirety

153. At all times Defendants have communicated that they were attempting to collect a debt.

154. 15 U.S.C. § 1692e states in relevant part:

"False or misleading representation
A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

155. 15 U.S.C. § 1692f states in relevant part:

"Unfair Practices
A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
(6) Taking or threatening to take any non-judicial action to effect dispossession or disablement of property if –
(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest."

156. Defendants NWTS, and GTS had a duty under 15 U.S.C. § 1692e *et seq* and have breached ~~their~~ that duty ~~for~~ of unfair or unconscionable means to collect or attempt to collect any debt.

157. Defendants NWTS, and GTS have breached their duty under 15 U.S.C. § 1692f *et seq* for unfair or unconscionable means to collect or attempt to collect any debt.

AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

- 21 of 25 -

158. Defendants NWTS, and GTS had a duty under the FDCPA and they have willfully and maliciously breached that duty.

159. The sale of the Plaintiff's property is eminent and currently scheduled for ~~October 10~~ November 14, 2014. The original date of the sale was August 29, 2014 [EXHIBIT M]. This property ~~which~~ is primarily used for personal, family and household purposes, and the sale would ~~stripping~~ Plaintiff of his ownership rights.

160. Defendants have caused damage to Plaintiff by willfully and maliciously violating the FDCPA § 1692 *et seq* and Plaintiff is entitled to relief as a matter of law.

**WHEREFORE**, Plaintiff demands injunctive relief.

**WHEREFORE**, Plaintiff demands judgment of statutory and actual damages pursuant to 15 U.S.C. § 1692k, payable by defendants NWTS, and GTS. Plaintiff moves the court to enter a Final Judgment against Defendants NWTS, and GTS for compensatory damages, interests, costs, attorneys' fees, and any other and further relief which is just and proper under the totality of the circumstances.

**WHEREFORE**, Plaintiff moves the court to enter a Final Judgment against Defendants NWTS, and GTS for compensatory damages, interests, costs, attorneys' fees, and any other and further relief which is just and proper under the totality of the circumstances.

**COUNT II**

**VIOLATION OF WASHINGTON STATE DEED OF TRUST ACT**

**(WDTA) RCW § 61.24 *et seq***

161. Paragraphs 1 through 143 are re-alleged as though fully set forth herein.

162. Plaintiff is a Person within the meaning of the WDTA RCW § 61.24.005(11).

163. Defendant NWTS is a Trustee within the meaning of the WDTA RCW § 61.24.005(16).

AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

164. WDTA RCW § 61.24.030(7)(A) states in relevant part:

> "That it shall be a requisite to a trustee sale:
> (7)(a) That, for residential property, before the notice of trustee's sale is recorded, transmitted, or serve, the trustee shall have proof that the beneficiary is the owner of any promissory note or other obligation secured by the deed of trust. A declaration by the beneficiary made under penalty of perjury stating that the beneficiary is the actual holder of the promissory note or other obligation secured by the deed of trust shall be sufficient proof as required under this subsection."

165. RCW § 61.24.010(4) states in relevant part:

> "(4) The trustee or successor trustee has a duty of good faith to the borrower, beneficiary, and grantor."

166. Defendant NWTS had a duty pursuant to RCW § 61.24.030(7)(A) and has breached that duty by recording a notice of trustee sale prior to obtaining proof that the beneficiary was the owner of any promissory note or other obligation secured by the deed of trust.

167. Defendant NWTS had a duty pursuant to RCW § 61.24.010(4) and has breached that duty by ignoring the importance of state and federal statutes and favoring the alleged beneficiary.

168. Defendant NWTS had a duty to properly honor all requisites as outlined in the WDTA and they have willfully and maliciously breached that duty.

169. Defendant NWTS is attempting to execute the sale of Plaintiff's property without statutory authority, breaching their duty under the WDTA.

170. Plaintiff is entitled to relief as a matter of law.

**WHEREFORE**, Plaintiff demands the entry of Final Judgment against Defendant NWTS for statutory and compensatory damages, interests, costs, attorneys' fees, and any other and further relief which is just and proper under the totality of the circumstances.

## COUNT III

AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

## VIOLATION OF WASHINGTON CONSUMER PROTECTION ACT

## (WCPA) RCW 19.86 *et seq*

171. Paragraphs 1 through 143 are re-alleged as though fully set forth herein.

172. Plaintiff is a person within the meaning of the WCPA RCW 19.86'010(1).

173. Defendant NWTS is a person within the meaning of the WCPA RCW 19.86'010(1).

174. Defendant GTS is a person within the meaning of the WCPA RCW 19.86'010(1).

175. Defendant MERS is a person within the meaning of the WCPA RCW 19.86'010(1).

176. It is impossible to frame definitions which embrace all unfair practices. There is no limit to human inventiveness in this field. Even if all known unfair practices were specifically defined and prohibited, it would be at once necessary to begin over again. If congress were to adopt the method of definition it would undertake an endless task. It is also practically impossible to define unfair practices so that the definition will fit business of every sort in every part of this country.

177. A claim under the Washington CPA may be predicated upon a per se violation of statute, an act or practice that has the capacity to deceive substantial portions of the public, or an unfair or deceptive act or practice not regulated by statute but in violation of public interest.

178. Defendants have misrepresented documents provided to Plaintiff and Plaintiff is entitled to relief as a matter of law.

**WHEREFORE**, Plaintiff demands the entry of Final Judgment against Defendants NWTS, GTS and MERS for compensatory and actual damages, interests, costs, attorneys' fees, and any other and further relief which is just and proper under the totality of the circumstances.

AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

## DEMAND FOR JURY TRIAL

179. Plaintiff hereby demands a trial by jury as a matter of law.

180. Plaintiff requests leave to amend any portion of this complaint as necessary.

Dated this 13th day of November, 2014

James a. Bigelow

## CERTIFICATE OF SERVICE

I CERTIFY UNDER PENALTY OF PERJURY under the laws of the State of Washington that the foregoing is true and correct and that a copy of the foregoing has been electronically provided to Renee M. Parker, Esq., and Northwest Trustee. In addition, a copy of the foregoing has been deposited it into the U.S. Postal Service mail stream to Northwest Trustee at 13555 SE 36th St, Suite 100, Bellevue, WA, 98006

Dated this 13th day of November, 2014.

James A. Bigelow

AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568