UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES A. BIGELOW,

          Plaintiff,

    v.

NORTHWEST TRUSTEE SERVICES, INC., et al.,

          Defendants.

CASE NO. C14-5798 BHS

ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER

      This matter comes before the Court on Plaintiff James Bigelow's ("Bigelow") ex parte motion for a temporary restraining order (Dkt. 10). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

      On October 7, 2014, Bigelow filed a verified complaint against Defendants Northwest Trustee Services, Inc., Green Tree Servicing, LLC, and Mortgage Electronic Registration Systems, Inc. ("Defendants") alleging violations of the Fair Debt Collections

1  Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), the Washington Deed of Trust Act,

2  RCW Chapter 61.24 ("DTA"), and the Washington Consumer Protection Act, RCW

3  Chapter 19.86 ("CPA"). Dkt. 1. That same day, Bigelow filed an ex parte motion for a

4  temporary restraining order to prevent the foreclosure of his home scheduled for October

5  10, 2014. Dkt. 2. The Court denied Bigelow's motion. Dkt. 3.

6       On November 13, 2014, Bigelow filed another ex parte motion for a temporary

7  restraining order to prevent the foreclosure of his home, which is now scheduled for

8  November 14, 2014. Dkt. 10. Bigelow also filed an amended complaint that day. Dkt.

9  11.

## II. DISCUSSION

11       In this case, Bigelow's motion fails for procedural and substantive reasons. First,

12  the Court is only authorized to grant an ex parte motion if (1) specific facts are alleged

13  showing that immediate harm will be suffered if relief is not granted before the adverse

14  party may be heard and (2) the movant states his efforts to give notice and reasons why

15  notice should not be required. Fed. R. Civ. P. 65(b)(1). Bigelow has again failed to show

16  that he attempted to give any notice to Defendants. Bigelow has also failed to show why

17  notice should not be required in this case. The Court therefore denies Bigelow's motion

18  for failure to meet the procedural requirements under the federal rules of procedure.

19       Second, the only claim entitling Bigelow to injunctive relief is his DTA claim.

20  The FDCPA and the CPA claim entitle Bigelow only to monetary relief. The DTA

21  claim, however, entitles Bigelow to injunctive relief if Defendants have failed to follow

22  the strict procedures set forth in the DTA. Under the DTA, the Court shall require, as a

condition of granting any injunction, that the applicant deposit with the Court the amount due on the obligation secured by the deed of trust and the Court may not restrain a scheduled foreclosure unless the applicant has given the trustee five days notice of the injunction hearing. RCW 61.24.130. Again, Bigelow has failed to show that he will make the requisite deposit or that he gave the trustee five days notice of any hearing or request for a hearing on an injunction. The Court therefore denies Bigelow's motion for failure to comply with the DTA.

### III. ORDER

Therefore, it is hereby **ORDERED** that Bigelow's motion for a temporary restraining order (Dkt. 10) is **DENIED.**

Dated this 13th day of November, 2014.

_____
BENJAMIN H. SETTLE
United States District Judge