**WRIGHT, FINLAY & ZAK, LLP**
Renee M. Parker, Esq., WSBA No. 256851
Lukasz I. Wozniak, Esq., WSBA No. 47290
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
Tel: (949) 610-7023; Fax: (949) 477-9200
rmparker@wrightlegal.net

Attorney for GREEN TREE LOAN SERVICING LLC and MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.

## UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF WASHINGTON (TACOMA)

| | |
|---|---|
| JAMES A. BIGELOW<br><br>Plaintiff,<br><br>vs.<br><br>NORTHWEST TRUSTEE SERVICES, INC.;<br>GREEN TREE SERVICING, LLC;<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.; and<br>DOE DEFENDANTS 1-20<br><br>Defendants. | Case No.: 3:14-cv-05798 BHS<br><br>**NOTICE OF MOTION AND MOTION<br>TO DISMISS PLAINTIFF'S AMENDED<br>COMPLAINT BY DEFENDANTS GREEN<br>TREE SERVICING LLC AND<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.** |

**TO ALL PARTIES IN INTEREST:**

PLEASE TAKE NOTICE THAT on January 2, 2015 in Courtroom E of the District Court,

Western District of Washington, located at 1717 Pacific Avenue, Tacoma, WA 98402,

Defendants GREEN TREE SERVICING LLC and MORTGAGE ELECTRONIC

REGISTRATION SYSTEMS, INC. ("MERS") (hereinafter "Defendants" collectively) by and

through their counsel of record, Renee M. Parker of Wright, Finlay & Zak, LLP, will and does

hereby move this Court for an order dismissing the Amended Complaint in this matter in its

entirety, without leave to further amend, and with prejudice for failure to state a claim upon

MOTION TO DISMISS BY DEFENDANTS
GREEN TREE SERVICING LLC AND MERS

WFZ File No. 282-2014009

1

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

1  which relief can be granted pursuant to Federal Rules of Civil Procedure ("FRCP") 12(b)(6).

2  Pursuant to Local Rule ("LR") 7(d)(3) any opposition shall be filed and served no later than the

3  Monday before the noting date, which is December 29, 2014.

4        This motion is based on this notice, accompanying motion, memorandum of points and

5  authorities, and any and all other evidence, declarations, documents or pleadings in the Court

6  files in this case, and any oral argument that this Court wishes to hear.

7  Dated: <u>December 2, 2014</u>

                    Respectfully submitted,
8                      **WRIGHT, FINLAY, & ZAK, LLP**

9  By: _____

10                     Renee M. Parker, WSBA # 36995

                    Attorneys for Defendants,
11                     GREEN TREE SERVICING LLC and

                    MORTGAGE ELECTRONIC REGISTRATION
12                     SYSTEMS, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27  MOTION TO DISMISS BY DEFENDANTS
    GREEN TREE SERVICING LLC AND MERS

28  WFZ File No. 282-2014009

                        Renee M. Parker (SBN 36995)
                        Wright, Finlay, & Zak, LLP
                        4665 MacArthur Blvd., Suite 200
                        Newport Beach, CA 92660

   PH: (949) 477-5050/FAX: (949) 608-9142

## <u>TABLE OF CONTENTS</u>

Page No.

I.   RELIEF REQUESTED ................................................................................2

II.  IDENTIFICATION OF PARTIES AND STATEMENT OF FACTS ..................2

   A.   IDENTIFICATION OF PARTIES AND PROPERTY ..............................2

   B.   STATEMENT OF FACTS..........................................................................3

III. STATEMENT OF ISSUES ........................................................................2

IV.  EVIDENCE RELIED UPON ....................................................................5

V.   ARGUMENT AND AUTHORITIES..........................................................5

   A.   LEGAL STANDARD FOR DISMISSAL OF CLAIMS
      UNDER CR 12(b)(6) ................................................................................5

   B.   PLAINTIFF FAILED TO JOIN ALL NECESSARY PARTIES...............8

   C.   PLAINTIFF'S CONTRACT CLAIMS ARE BARRED BY
      THE STATUTE OF LIMITATIONS .................................................8

   D.   PLAINTIFF'S CONSUMER PROTECTION ACT CLAIM
      UNDER RCW § 19.86.020 IS BARRED BY STATUTE...........................9

   E.   PLAINTIFF'S CLAIM UNDER THE FAIR DEBT COLLECTION
      PROTECTION ACT (FDCPA) FAIL .........................................10

   F.   PLAINTIFFS CLAIM UNDER THE DEED OF TRUST
      ACT FAIL................................................................................13

   G.   PLAINTIFF FAILS TO STATE A CLAIM UNDER
      RCW § 19.86.020 ......................................................................13

      1.   A CPA CLAIM MUST PROVE FIVE ELEMENTS
         IN ORDER TO BE SUCCESSFUL.................................................15

         a)   PLAINTIFFS FAILED TO ESTABLISH THE
            PUBLIC INTEREST REQUIREMENT OF THE
            CPA CLAIM.................................................................15

MOTION TO DISMISS BY DEFENDANTS
GREEN TREE SERVICING LLC AND MERS

WFZ File No. 282-2014009

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
i    PH: (949) 477-5050/FAX: (949) 608-9142

b)    PLAINTIFF FAILED TO ESTABLISH
CAUSATION OF DAMAGES.................................16

c)    THE ASSIGNMENT BY MERS IS NOT
NECESSARY AND DOES NOT CONSTITUTE
CAUSATION OR INJURY TO PLAINTIFF
UNDER THE CPA ....................................................18

d)    MERS CAN ACT AS AN AGENT FOR THE
HOLDER OF THE NOTE...........................................19

e)    GREEN TREE CAN BE THE HOLDER OF THE
NOTE EVEN IF FANNIE MAE IS THE OWNER.................20

f)    NO CASE LAW OR STATUTE EXISTS STATING
IF THE ORIGINAL TRUSTEE IS STILL IN
BUSINESS A SUCCESSOR TRUSTEE CANNOT
BE NAMED ...............................................................21

2.    **PLAINTIFF FAILED TO ESTABLISH A PER SE
CPA CLAIM**..............................................................21

a)    PLAINTIFFS DID NOT ALLEGE VIOLATIONS
OF A STATUTE IN THE CPA CLAIM AND
FAIL TO ESTABLISH A PER SE VIOLATION
OF THE CPA IN ENTIRETY ...................................22

b)    PLAINTIFF'S FAILURE TO PAY THE
MORTGAGE IS THE PROXIMATE CAUSE
OF DAMAGES, WHICH DOES NOT PROVE
CAUSATION UNDER THE CPA ..........................22

H.    **GREEN TREE WAS NOT REQUIRED TO PROVIDE THE
ORIGINAL NOTE TO PLAINTIFF PRIOR TO INITIATION
OF FORECLOSURE**.................................................23

1.    **THE HOLDER OF A BEARER NOTE IS ABLE
TO ENFORCE THE NOTE AND DEED OF TRUST,
AND GREEN TREE WAS IN POSSESSION OF THE
NOTE AT ALL RELEVANT TIMES** ...............................24

2.    **THE ENDORSEMENT BY SONJA L. LIGHTFOOT
IS VALID AND ENFORCEABLE**.................................25

MOTION TO DISMISS BY DEFENDANTS
GREEN TREE SERVICING LLC AND MERS

WFZ File No. 282-2014009

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
ii    PH: (949) 477-5050/FAX: (949) 608-9142

**3.      PLAINTIFF CONFUSES TICOR TITLE AS THE
ESCROW AGENT AND CHICAGO TITLE AS
THE TRUSTEE** ................................................................26

**I.      THE RELATIONSHIP OF MERS AND THE NOTE ARE
NOTE AT ISSUE**..........................................................................26

**J.      PLAINTIFF FAILS TO OFFER EVIDENCE OF
"COMPUTERIZED" OR "ROBO-SIGNING" ON PART OF
DEFENDANTS** ........................................................................27

**VI.   CONCLUSION** ......................................................................29

MOTION TO DISMISS BY DEFENDANTS
GREEN TREE SERVICING LLC AND MERS

WFZ File No. 282-2014009

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

1

## **TABLE OF AUTHORITIES**

2

Page No.

3

**Cases**

4

*Amador v. Cent. Mortgage Co.,*

5

2012 WL 405175 at \*2 (W.D. Wash. Feb. 8, 2012)............................................... 18

6

*Anderson Buick Co. v. Cook,*

7

7 Wn.2d 632, 641-42 (1941) ................................................................................ 27

8

*Andrews v. Kelleher,*

9

124 Wash. 517, 534-36 (1923) ........................................................................... 27

10

*Ashcroft v. Iqbal,*

11

556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) ..................................................... 13

12

*Bain v Metropolitan Mortg. Group, Inc.,*

13

2010 WL 891585, \*4 n.5 (W.D. Wash. 2010)..................................... 23, 24, 31, 34

14

*Balisteri v. Pacific Police Dept.,*

15

902 F.2d 696, 699 (9th Cir. 1990) ....................................................................... 13

16

*Bartlett Estate Co. v. Fairhaven Land Co.,*

17

49 Wash. 58, 63 (1908) ........................................................................................ 26

18

*Bateman v. Countrywide Home Loans,*

19

2012 WL 5593228 at \*4 (D.Hawai'i 2012) .......................................................... 35

20

*Bell Atl. Corp. v. Twombly,*

21

550 U.S. 544, 555 (2007) ..................................................................................... 12

22

*Blake v. U.S. National Bank Assn.,*

23

No. 2:12-cv-02186-MJP, 2013 WL 6199213 at \*2 (W.D.Wash. Nov. 27, 2013).................... 30

24

*Cameron v. Acceptance Capital Mortg. Corp.,*

25

2013 WL 5664706 at \*4 (W.D. Wash. 2013) .................................................. 20, 28

26

27

28

MOTION TO DISMISS BY DEFENDANTS
GREEN TREE SERVICING LLC AND MERS

WFZ File No. 282-2014009

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

iv

1  *Carpenters 46 Northern California Counties Joint Apprenticeship & Training Committee and*

2     *Training Board v. Eldredge,*

3     459 U.S. 917 (1982) ............................................................................................... 15

4  *Carr v. Cohn,*

5     44 Wash. 586, 588 (1906) ....................................................................................... 27

6  *Clark v. Capital Credit & Collection Servc., Inc.,*

7     460 F.3d 1162, 1171 (9th Cir. 2006) ...................................................................... 18

8  *Coble v. SunTrust Mortg. Inc.,*

9     2014 WL 631206 (W.D. Wash. Feb. 28, 2014 .......................................................... 30

10 *Commonwealth Land Title Ins. Co. v. Hart,*

11    2004 WL 1559773 (Wash.App., 2004 *unpublished*)................................................ 30

12 *Dempsey v. Joe Pignataro Chevrolet, Inc.,*

13    22 Wn.App. 384, 589 P.2d 1265 (1979).................................................................. 29

14 *Dietz v. Quality Loan Serv. Corp. of Washington,*

15    2014 WL 1245269 at *2 (W.D. Wash. Mar. 25, 2014) ........................................... 19

16 *Fagerlie v. HSBC Bank, N.A.,*

17    2013 WL 1914395, *5 (W.D.Wash.2013)................................................................ 20

18 *Fid. Trust Co. v. Wash. & Or. Corp.,*

19    217 F. 588, 596 (W.D.Wash. 1914)......................................................................... 27

20 *Fidelity & Dep. Co. v. Ticor Title Ins.,*

21    88 Wn.App. 64, 943 P.2d 710 (1997)...................................................................... 26

22 *Fourth Inv. LP v. United States,*

23    720 F.3d 1058, 1066 (9th Cir. 2013) ...................................................................... 27

24 *Frias v. Asset Foreclosures Servs., Inc.,*

25    957 F.Supp.2d 1264, 1271 (W.D. Wash. 2013) .............................................. 20, 24

26

1   *Gacy v. Gammage & Burnham,*

2      2002 WL 467937 (D.Ariz.2006) ........................................................ 19

3   *Gordon v. Whitmore (In re Merrick),*

4      175 B.R. 333, 336 (9th Cir. BAP 1994) .......................................... 11

5   *Green v. A.P.C.,*

6      136 Wash.2d 87, 960 P.2d 912, 915 (Wash.1998) ......................... 21

7   *Guijosa v. Wal-Mart Stores, Inc.,*

8      144 Wn.2d 907, 917 (2001) ............................................................. 24

9   *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,*

10     105 Wn.2d 778 (1986).......................................................... 22, 23, 24

11  *Harlow v. Fitzgerald,*

12     457 U.S. 800, 814-15 (1982) ........................................................... 12

13  *Hartman v. Meridian Fin. Serv., Inc.,*

14     191 F.Supp.2d 1031, 1044 (W.D.Wisc.2002) ............................... 19

15  *Havas v. Thorton,*

16     609 F.2d 372 (9th Cir. 1979) ......................................................... 14

17  *Holiday Resort Cmty. Ass'n v. Echo Lake Assocs., LLC,*

18     134 Wn. App. 210 (2006)................................................................. 22

19  *Howard v. Countrywide Home Loans, Inc.,*

20     C13–0133JL R, 2013 WL 1285859 (W.D.Wash. Mar.26, 2013)........................ 16, 21

21  *In re MERS Litigation,*

22     2012 WL 932625 at * 3 (D.Ariz.2012) ......................................... 35

23  *In re Stac Electronics Securities Litigation,*

24     89 F.3d 1399, 1405 n.4 (9th Cir. 1996) ........................................ 14

25

26

1   *In re Way,*

2       229 B.R. 11, 13 (9th Cir. BAP 2009) ................................................................. 11

3   *Indoor Billboard v. Integra Telecom,*

4       162 Wash.2d 59, 84 (2007) ............................................................................... 23

5   *Javaheri v. JPMorgan Chase Bank N.A.,*

6       2012 WL 3426278 at *6 (C.D.Cal.2012) ........................................................... 35

7   *Jerman v. Carlisle,*

8       559 U.S. 573, 130 S.Ct. 1605, 1606 (2010) ...................................................... 17

9   *Johnson v. Camp Auto., Inc.,*

10      148 Wn. App. 181 (2009) .................................................................................. 22

11  *Kiah v. Aurora Loan Serv., LLC,*

12      2011 WL 841282, *4 (D. Mass. 2011) .............................................................. 27

13  *Kost v. Kozakiewicz,*

14      1 F.3d 176, 183 (3d Cir. 1993) .......................................................................... 12

15  *Kuc v. Bank of Am., NA,*

16      2012 WL 1268126 at *2 (D.Ariz.2012) (unpublished) ..................................... 35

17  *Lensch v. Armada Corporation,*

18      795 F.Supp.2d 1180, 1185 (W.D. Wash. Jun. 13, 2011)................................... 18

19  *Lightfoot v. Macdonald,*

20      86 Wn.2d 331 (1976)......................................................................................... 21

21  *Lonsdale v. Chesterfield,*

22      19 Wn. App. 27 (1978)....................................................................................... 23

23  *Lowden v. T-Mobile USA, Inc.,*

24      2009 WL 537787 (W.D.Wash. 2009)................................................................ 14

25

26

27   MOTION TO DISMISS BY DEFENDANTS
     GREEN TREE SERVICING LLC AND MERS

28   WFZ File No. 282-2014009

1  *Mansour v. Cal-W.Reconveyance Corp.,*
2      618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009) .......................................................... 17
3  *Marder v. Lopez,*
4      450 F.3d 445, 448 (9th Cir. 2006)) ...................................................................... 14
5  *Massey v. BAC Home Loans Servicing LP,*
6      2013 WL 6825309 at *8 (W.D. Wash. 2013) ................................................. 24, 30
7  *McCann v. Quality Loan Service Corp.,*
8      729 F. Supp. 2d 1238, 1240 (W.D.Wash. 2010) ................................................ 13
9  *McHenry v. Renne,*
10     84 F.3d 1172, 1179 (9th Cir. 1996) .................................................................... 13
11 *Nance v. Woods,*
12     79 Wash. 188, 191 (1914) .................................................................................. 26
13 *Navarro v. Block,*
14     250 F.3d 729, 731 (9th Cir. 2001) ...................................................................... 12
15 *Oliver v. Ocwen Loan Servs.,*
16     *LLC,* 2013 WL 210619 at **3-4 (W.D. Wash. Jan. 18, 2013)......................... 17, 19
17 *Ortega v. Nw. Tr. Servs., Inc.,*
18     179 Wash.App. 1033 at *7 (2014)....................................................................... 28
19 *Perry v. Island Sav. & Loan Ass'n,*
20     101 Wn.2d 795, 684 P.2d 1281 (1984)............................................................... 21
21 *Petree v. Chase Bank,*
22     No. 12-cv-5548-RBL, 2012 WL 6061219, at *2 (W.D. Wash. Dec. 6, 2012)........................ 30
23 *Powell v. Sphere Drake Ins. P.L.C.,*
24     108 Wash.App 1007, 2001 WL 1011948 at *4 (2001) ................................... 16, 21

25

26

1   *Price v. N. Bond & Mortg. Co.,*
2       161 Wash. 690, 695 (1931) ................................................................. 26
3   *Reid v. Countrywide Bank, N.A.,*
4       2013 WL 7219500 at *3 (W.D. Wash. Nov. 1, 2013) ............................. 35
5   *Robertson v. Dean Witter Reynolds, Inc.,*
6       749 F.2d 530, 533-34 (9th Cir. 1984) ................................................... 13
7   *S. Ferry LP No. 2 v. Killinger,*
8       399 F.Supp. 2d 1121, 1127 (W.D.Wash. 2005) ..................................... 13
9   *Saunders v. Lloyd's of London,*
10      113 Wn.2d 330, 779 P.2d 249 (1989).................................................... 28
11  *Scheuer v. Rhodes,*
12      416 U.S. 232, 236 (1974) ...................................................................... 12
13  *Schmidt v. Cornerstone Invs., Inc.,*
14      115 Wash.2d 148, 167, 795 P.2d 1143 (1990) ...................................... 23
15  *Schnall v. AT & T Wireless Servs., Inc.,*
16      171 Wn.2d 260 (2011).......................................................................... 22
17  *Sebek v. City of Seattle,*
18      172 Wash.App 273, 275 (FN2) (2012).................................................. 14
19  *Skerry v. Massachusetts Higher Educ. Assistance Corp.,*
20      73 F.Supp.2d 47, 53-54 (D.Mass.1999) ............................................... 19
21  *Spencer v. Alki Point Transp. Co.,*
22      53 Wash. 77, 90 (1909) ........................................................................ 26
23  *Sprewell v. Golden State Warriors,*
24      266 F.3d 979, 988 (9th Cir. 2001). ....................................................... 13

25

26

27  MOTION TO DISMISS BY DEFENDANTS
    GREEN TREE SERVICING LLC AND MERS

28  WFZ File No. 282-2014009

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

ix

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
    551 U.S. 308, 322 (2007) ................................................................................ 14

*Trujillo v. Northwest Trustee Services, Inc.*,
    326 P.3d 768, 774 (2014) ............................................................................... 31

*United States v. Ritchie*,
    342 F.3d 903, 907–08 (9th Cir. 2003) ............................................................ 10

*Upkoma v. U.S. Bank Nat. Ass'n*,
    2013 WL 1934172 (E.D. Wash, May 9, 2013 *unpublished*) ....................... 26, 35

*Venetian Stone Works, LLC v. Marmo Meccanica, S.p.A.*,
    2010 WL 5138161 ........................................................................................... 23

*Walcker v. SN Commerical, LLC*,
    2006 WL 3192503 (not reported, E.D. Wash. 2006) ....................................... 19

*Wescott v. Wells Fargo Bank, N.A.*,
    862 F.Supp.2d 1111, 1118 (W.D.Wash. 2012) ................................................ 16

*Western Community Bank v. Helmer*,
    48 Wash.App. 694 (1987) ................................................................................. 30

*Zalac v. CTX Mortg. Corp.*,
    2013 WL 1990728 at*3 (W.D. Wash. 2013) .................................................... 29

*Zhong v. Quality Loan Svc. Corp. of Washington*,
    2013 WL 5530583, *4 (W.D.Wash. 2013) .......................................... 16, 21, 34

**Statutes**

*Civil* Rule § 12(b)(6) ................................................................... 12, 13, 14, 15

*Civil* Rule § 19(a)(1) ............................................................................... 15

*Local* Rule § 7(d)(3) .................................................................................. 9

RCW § 4.16.040 ........................................................................................ 15

MOTION TO DISMISS BY DEFENDANTS
GREEN TREE SERVICING LLC AND MERS

WFZ File No. 282-2014009

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

x

RCW § S19.86.020 ................................................................................ 16

RCW § 19.86.090 ........................................................................... 16, 21

RCW § 19.86.120 ........................................................................... 16, 21

RCW § 23B.15.010(2)(g)–(h) ............................................................... 10

RCW § 61.24.127 ................................................................................ 20

RCW § 62A ......................................................................................... 31

RCW § 62A.1-201(5) ........................................................................... 31

RCW § 62A.1-201(20) ................................................................... 31, 32

RCW § 62A.3-205(b) ........................................................................... 31

RCW § 62A.3-301 ............................................................................... 31

RCW § 62A.3-309 or 62A.3-418(d) ...................................................... 31

**Federal Statutes**

15 U.S.C. § 1692 ................................................................................. 17

15 U.S.C. § 1692(e) ............................................................................ 17

15 U.S.C. § 1692f(6) ........................................................................... 17

**Other Authorities**

6 Washington Practice: Washington Pattern Jury Instructions; Civil 15.01 (5th ed.2005) .......... 22

Consumer Protection Act ............................................................... 20, 30

Fair Debt Collection Practices Act ("FDCPA") ..................................... 14

Restatement (Third) Property § 5.4 cmt. E ........................................... 27

Washington Consumer Protection Act ("CPA") ..................................... 14

*Williston on Contracts* § 74:50 (4th ed.) ............................................. 35

**Rules**

*FRCP,* Rule 8(d)(1) ............................................................................ 13

*FRCP*, Rule 12(b)(6) ...................................................................... 9, 12

MOTION TO DISMISS BY DEFENDANTS
GREEN TREE SERVICING LLC AND MERS

WFZ File No. 282-2014009

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

xi

1

Local Bankruptcy Rule 2072-1 ........................................................................................ 11

2

**Treatises**

3

18 William B. Stoebuck & John W. Weaver, Washington Practice: Real Estate: Transactions §

4

18.20 (2d ed. 2004) § 18.20.................................................................................. 26

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS BY DEFENDANTS
GREEN TREE SERVICING LLC AND MERS

WFZ File No. 282-2014009

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
xii    PH: (949) 477-5050/FAX: (949) 608-9142

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   RELIEF REQUESTED

Defendants moves the Court for an order dismissing the Amended Complaint filed by Plaintiff JAMES A. BIGELOW pursuant to FRCB 12(b)(6) for failure to state a claim against Defendants upon which relief can be granted.

Dismissal is appropriate as the Plaintiff's allegations against Defendants lack facial plausibility given they are factually unsupported and based upon erroneous legal conclusions. Plaintiff has filed his complaints without any basis for recovery under Washington law, merely lays out the facts of lawful contractual transfers between parties, and attempts to raise legal issues that are applicable to real property actions to which Plaintiff is not a party.

For the reasons stated below, the Court should grant Defendants' Motion with prejudice.

### II.   IDENTIFICATION OF PARTIES AND STATEMENT OF FACTS

### A.   IDENTIFICATION OF PARTIES AND PROPERTY

JAMES BIGELOW ("Plaintiff" singularly) is the Plaintiff in the instant litigation. The Subject Property, defined below, is owed by Plaintiff and his non-party spouse CAROLYN BIGELOW (hereinafter "Borrowers" collectively).

The real property at issue is commonly known as 10018 CASCADIAN AVENUE SE, YELM, WASHINGTON 98597 ("Subject Property"), APN 65730002800.

GREEN TREE LOAN SERVICING LLC (hereinafter "Green Tree") services the Loan on behalf of the Federal National Mortgage Association ("Fannie Mae"), and is the holder of the Note and assignee of the Deed of Trust. The Assignment of Mortgage that granted, conveyed and assigned all rights to Green Tree was recorded with the Thurston County Auditor on or about April 20, 2012 as Instrument No. 4261697. Green Tree is a Delaware limited liability corporation currently registered to conduct business in Washington State and having UBI No. 602302513 with the Washington Department of Corporations.  Fannie Mae is a federally chartered corporation having a principal office in Washington, DC.

MOTION TO DISMISS BY DEFENDANTS
GREEN TREE SERVICING LLC AND MERS

WFZ File No. 282-2014009

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
2    PH: (949) 477-5050/FAX: (949) 608-9142

1    MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (hereinafter

2    "MERS"), a Delaware corporation with its principal place of business in Virginia, is identified

3    as the original beneficiary under the Deed of Trust as nominee for the original lender, lender's

4    successors and/or assigns. MERS does not "conduct business" in the State of Washington

5    pursuant to RCW 23B.15.010(2)(g)–(h).

6    NORTHWEST TRUSTEE SERVICES, INC. (hereinafter "NWTS") is the successor

7    trustee under the Appointment of Successor Trustee recorded with the Thurston County Auditor

8    as Instr. No. 4266605 on or about May 18, 2012. NWTS is a for-profit corporation currently

9    registered to conduct business in Washington State and having UBI No. 602376725 with the

10   Washington Department of Corporations.

### B. STATEMENT OF FACTS

11

12   On or about April 24, 2007 James Bigelow and Carolyn Bigelow, husband and wife,

13   executed a Note in the amount of $233,899.00 in favor of Pierce Commercial Bank. The Note

14   was secured by a Deed of Trust encumbering the Subject Property (with both documents

15   comprising the "Loan"). The Deed of Trust was recorded with the Thurston County Auditor on

16   or about April 27, 2007 as Instrument No. 3922368. *See* Request for Judicial Notice ("RJN")

17   Exs. 1-2,[1] which are true and correct copies of the Note and Deed of Trust, respectively.

18   The Loan was transferred to Green Tree on or about April 19, 2012. The Corporate

19   Assignment of Deed of Trust ("Assignment") was recorded with the Thurston County Auditor

20   on or about April 20, 2012 as Instrument No. 4261697. *See* RJN Ex. 3.Green Tree is the holder

21   of the Note and services of the Loan on behalf of Fannie Mae.

22

23

---

24   [1] On a motion to dismiss, a court may consider documents offered by defendants that were originally referenced in Plaintiffs' complaint. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003) ("A court may, however,

25   consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary

26   judgment").

27   MOTION TO DISMISS BY DEFENDANTS          Renee M. Parker (SBN 36995)
     GREEN TREE SERVICING LLC AND MERS        Wright, Finlay, & Zak, LLP

28   WFZ File No. 282-2014009                  4665 MacArthur Blvd., Suite 200
                                               Newport Beach, CA 92660
                          3    PH: (949) 477-5050/FAX: (949) 608-9142

NWTS was appointed as the successor trustee on or about May 14, 2012; an Appointment of Successor Trustee was recorded with the Thurston County Auditor on or about May 18, 2012. *See* RJN Ex. 4.

Beginning with the payment due on November 1, 2011, Borrowers defaulted under the terms of the Note and Deed of Trust by failing to perform monthly payment obligations.

A Notice of Default was sent to the Borrowers on or about May 10, 2012. *See* RJN Ex. 5. Borrowers failed to cure the default. A Notice of Trustee's Sale, having a sale date of August 29, 2014, was recorded April 30, 2014 in the official records of the Thurston County Auditor as Instr. No. 4389907. *See* RJN Ex. 6. The sale has been postponed to November 14, 2014 due to the bankruptcy filed by Plaintiff on October 9, 2014. *See* RJN Ex. 7.

Although Plaintiff filed bankruptcy around the same date this litigation was filed, Plaintiff did not file a Notice of Stay of Proceedings with this Court pursuant to Local Bankruptcy Rule 2072-1, which states "A debtor who is a party to an action in any other court shall, as soon as possible following the filing of a petition for relief, give notice to the court, any judge to whom the case is assigned and all other parties. The notice shall identify the court, case caption, docket number and date such petition was filed."

Plaintiff's bankruptcy case does not affect Defendant's ability to file this Motion to Dismiss under the holdings in *Gordon v. Whitmore (In re Merrick)*, 175 B.R. 333, 336 (9th Cir. BAP 1994) and *In re Way*, 229 B.R. 11, 13 (9th Cir. BAP 2009), which essentially state that in a complaint brought by the Debtor, a defendant is authorized to continue the litigation by defending itself. In its defense, a defendant may file a demurrer, motion to dismiss, propound discovery, and go to trial etc., without seeking relief from stay from the Court.

## III.   STATEMENT OF ISSUES

The issue before this Court is whether the Amended Complaint should be dismissed pursuant to Washington Superior Court Civil Rule 12(b)(6) as to Defendants GREEN TREE

| MOTION TO DISMISS BY DEFENDANTS<br>GREEN TREE SERVICING LLC AND MERS<br><br>WFZ File No. 282-2014009 | Renee M. Parker (SBN 36995)<br>Wright, Finlay, & Zak, LLP<br>4665 MacArthur Blvd., Suite 200<br>Newport Beach, CA 92660<br>4   PH: (949) 477-5050/FAX: (949) 608-9142 |
|---|---|

1   SERVICING LLC ("Green Tree") and MORTGAGE ELECTRONIC REGISTRATION

2   SYSTEMS, INC. ("MERS") ("Defendants" collectively).

### IV.   EVIDENCE RELIED UPON

This Motion is based upon the records and pleadings filed herein, and the Declaration of
Green Tree in support of this Motion, together with the exhibits attached with Defendants'
concurrently filed Request for Judicial Notice.

### V.   ARGUMENT AND AUTHORITIES

### A. LEGAL STANDARD FOR DISMISSAL OF CLAIMS UNDER CR 12(b)(6)

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the
pleadings. *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). "A Rule 12(b)(6) motion tests
the sufficiency of a complaint's factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,
555 (2007); *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A court's fundamental inquiry
in the Rule 12(b)(6) context is "not whether a plaintiff will ultimately prevail but whether the
claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232,
236 (1974), abrogated on other grounds by *Harlow v. Fitzgerald*, 457 U.S. 800, 814-15 (1982).
The United States Supreme Court has explained that dismissal for failure to state a claim under
Fed. R. Civ. P. 12(b)(6) is appropriate where the factual allegations do not raise the right to
relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A
"formulaic recitation of the elements of a cause of action will not do." *Id.*

A court "must dismiss a Complaint" if a plaintiff can prove no set of facts to support a
claim which would entitle him to relief. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988
(9th Cir. 2001). Dismissal can be based on the lack of a cognizable legal theory or the absence
of sufficient facts alleged under a cognizable legal theory. *Robertson v. Dean Witter Reynolds,*
*Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984), *Balisteri v. Pacific Police Dept.*, 902 F.2d 696, 699
(9th Cir. 1990). If a critical, threshold element is missing from a plaintiff's complaint, a motion
to dismiss under Rule 12(b)(6) must be granted. *Baliesteri* at 699.

Moreover, a court's "obligation to construe allegations in the light most favorable to the nonmoving party does not mean that those allegations must be construed in a light favorable to the moving party, if such a construction cannot reasonably be made." *S. Ferry LP No. 2 v. Killinger*, 399 F.Supp. 2d 1121, 1127 (W.D.Wash. 2005). "[T]he tenet that a court must accept all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Likewise, this District has held:

> To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. It is not enough for a complaint to plead facts that are merely consistent with a defendant's liability. Rather, a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*McCann v. Quality Loan Service Corp.*, 729 F. Supp. 2d 1238, 1240 (W.D.Wash. 2010) (internal citations and quotations omitted).

Although the Court must construe a pro se plaintiff's complaint liberally, Plaintiffs nonetheless must satisfy Fed. R. Civ. P. 8(d)(1), which requires each allegation to be "simple, concise, and direct." This requirement "applies to good claims as well as bad, and is the basis for dismissal independent of Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry*, 84 F.3d at 1180. "Prolix, confusing complaints ... impose unfair burdens on litigants and judges." *McHenry*, 84 F.3d at 1179.

MOTION TO DISMISS BY DEFENDANTS
GREEN TREE SERVICING LLC AND MERS

WFZ File No. 282-2014009

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
6     PH: (949) 477-5050/FAX: (949) 608-9142

"In general, when ruling on a CR 12(b)(6) motion to dismiss, the trial court may only consider the allegations contained in the complaint and may not go beyond the face of the pleadings." *Sebek v. City of Seattle*, 172 Wash.App 273, 275 (FN2) (2012) (internal citations omitted). However, courts must consider the Complaint in its entirety, including documents incorporated by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Ninth Circuit has stated: "Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *In re Stac Electronics Securities Litigation*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996). *See also Lowden v. T-Mobile USA, Inc.*, 2009 WL 537787 (W.D.Wash. 2009) (stating that, on a motion to dismiss, a court "may consider documents incorporated into a complaint either by reference or because the document is central to the Plaintiffs' claim") (citing *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)).

It is clear that where amendment to the pleadings would be futile, a court may dismiss a complaint without leave to amend. See *Havas v. Thorton*, 609 F.2d 372 (9th Cir. 1979).

As a direct result of *Twombly* and the remaining cases cited above, there is now a heightened scrutiny of complaints and the allegations therein. It is no longer permissible to make sweeping, generic assertions in a complaint.

Here, Plaintiff alleges no facts whatsoever giving rise to a claim under the Fair Debt Collection Practices Act ("FDCPA"), the Washington Deed of Trust Act ("DTA") and the Washington Consumer Protection Act ("CPA"). Since further amendment to Plaintiff's Complaints would be futile this Court must grant Defendants' CR 12(b)(6) motion without leave to amend.

## B.  PLAINTIFF FAILED TO JOIN ALL NECESSARY PARTIES

Rule 19(a)(1) of the Federal Rules of Civil Procedure requires all persons be joined to the litigation, where feasible, if: "(A) in that person's absence, the court cannot accord complete

MOTION TO DISMISS BY DEFENDANTS
GREEN TREE SERVICING LLC AND MERS

WFZ File No. 282-2014009

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
7   PH: (949) 477-5050/FAX: (949) 608-9142

1  relief among existing parties; or (B) that person claims an interest relating to the subject of the

2  action and is so situated that disposing of the action in the person's absence may: (i) as a

3  practical matter impair or impede the person's ability to protect the interest; or (ii) leave an

4  existing party subject to a substantial risk of incurring double, multiple, or otherwise

5  inconsistent obligations because of the interest." *See also, Carpenters 46 Northern California*

6  *Counties Joint Apprenticeship & Training Committee and Training Board v. Eldredge*, 459 U.S.

7  917 (1982).

8      Despite two persons having an interest in the Subject Property under the Note and Deed

9  of Trust at issue in this case, specifically Plaintiff and joint borrower Carolyn Bigelow, Carolyn

10  Bigelow did not partake in, and was not named as a party to, the present litigation.  As a result,

11  any relief that this Court would order in favor of Plaintiff would both dispose of an action in the

12  absence of a necessary party to this litigation, and also leaves Defendants subject to additional

13  and potentially inconsistent litigation by Carolyn Bigelow for the same claims.

14      Accordingly, Plaintiff's case must be dismissed due to the absence of the co-owner of

15  the Subject Property and co-debtor under the Note in the present litigation. .

16  ### C.  PLAINTIFF'S CONTRACT CLAIMS ARE BARRED BY THE STATUTE OF LIMITATIONS

17      RCW § 4.16.040 states: **"Actions limited to six years.** The following shall be

18  commenced within six years:  (1) "An action upon a contract in writing, or liability express or

19  implied arising out of a written agreement... (3) An action for the rents and profits or for the use

20  and occupation of real estate".

21      All of Plaintiff's claims all stem solely from the Note and Deed of Trust, which Plaintiff

22  and Carolyn Bigelow executed on or about April 24, 2007 -- over six years ago. The Complaint

23  would have had to be filed on or before April 24, 2013 in order to overcome the statute of

24  limitations issue. Plaintiff did not file this or any other known lawsuit until October 7, 2014.

25

26

1   Therefore, any claim on the contract is time-barred by statute and the Amended Complaint must

2   be dismissed without leave to amend.

3   **D. PLAINTIFF'S CONSUMER PROTECTION ACT CLAIM UNDER RCW § 19.86.020**
    **IS BARRED BY STATUTE**

4

5   Plaintiff's Consumer Protection Act claim is barred by the four-year limitations period.

6   RCW 19.86.120 ("Any action to enforce a claim for damages under RCW 19.86.090 shall be

7   forever barred unless commenced within four years after the cause of action accrues."), which

8   has been followed by *Powell v. Sphere Drake Ins. P.L.C.,* 108 Wash.App 1007, 2001 WL

9   1011948 at *4 (2001).

10   The statute of limitations on a cause of action under RCW § 19.86.020 ("Consumer

11   Protection Act" or "CPA") begin to accrue when the Deed of Trust is executed, <u>not</u> when

12   foreclosure is commenced. "Plaintiff's CPA claim accrued on or before December 27, 2006,

13   when the loan transaction closed." *Wescott v. Wells Fargo Bank, N.A.*, 862 F.Supp.2d 1111,

14   1118 (W.D.Wash. 2012). "Ms. Zhong claims she did not learn of the alleged misrepresentations

15   (such as listing MERS as a beneficiary) until foreclosure was initiated in 2012. However, Ms.

16   Zhong could have learned of these facts at any time simply by reading her loan papers...

17   Therefore, Ms. Zhong cannot state a claim for relief premised on Defendants' alleged

18   misrepresentations at the time of the loan's origination." *Zhong v. Quality Loan Svc. Corp. of*

19   *Washington*, 2013 WL 5530583, *4 (W.D.Wash. 2013) (citing *Howard v. Countrywide Home*

20   *Loans, Inc.,* C13–0133JL R, 2013 WL 1285859 (W.D.Wash. Mar.26, 2013) and *Green v. A.P.C.,*

21   136 Wash.2d 87, 960 P.2d 912, 915 (Wash.1998).

22   The Deed of Trust naming MERS as beneficiary in a nominee capacity was executed on

23   or about April 24, 2007; because the Deed of Trust was executed <u>over six years ago</u> Plaintiff's

24   CPA claim is time-barred by statute.

     ///

25

26

27   MOTION TO DISMISS BY DEFENDANTS        Renee M. Parker (SBN 36995)
     GREEN TREE SERVICING LLC AND MERS        Wright, Finlay, & Zak, LLP
                                              4665 MacArthur Blvd., Suite 200
28   WFZ File No. 282-2014009                 Newport Beach, CA 92660
                                       9    PH: (949) 477-5050/FAX: (949) 608-9142

1
2

### E.  PLAINTIFF'S CLAIM UNDER THE FAIR DEBT COLLECTION PROTECTION ACT (FDCPA) FAIL

3

The Fair Debt Collection Practices Act ("FDCPA") was enacted as a broad remedial

4

statute designed to "eliminate abusive debt collection practices by debt collectors, to insure that

5

those debt collectors who refrain from using abusive debt collection practices are not

6

competitively disadvantaged, and to promote consistent State action to protect consumers against

7

debt collection abuses." 15 U.S.C. § 1692(e).

8

In order to plead a claim for violation of the FDCPA, a plaintiff is required to allege facts

9

demonstrating that (1) Defendants were collecting debt as debt collectors and that (2)

10

Defendants' debt collection actions violated the federal statute. *See, Jerman v. Carlisle, et al.,*

11

559 U.S. 573, 130 S.Ct. 1605, 1606 (2010) (citing 15 U.S.C. § 1692 et seq.).

12

For the reasons below, it is Defendants' contention that they are not a "debt collector" as a

13

matter of law. "The Court finds the legislative history and the legal authority discussed above to

14

be persuasive, and therefore finds that none of the Defendants (an assignee, a servicing company,

15

and a fiduciary) is a 'debt collector' as defined in the FDCPA. The Court further finds that the

16

non-judicial foreclosure proceeding at issue is not an attempt to collect a 'debt' for FDCPA

17

purposes." *Mansour v. Cal-W.Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009),

18

*aff'd*, No. 09-16778, 2010 U.S App. LEXIS 12464 (9th Cir. June 17, 2010).

19

Because there is some dispute among the Ninth Circuit district courts as to whether

20

foreclosure trustees and/or loan servicers qualify as debt collectors under the FDCPA, this

21

district has found that these entities *may* meet the FDCPA's definition of the "debt collector" to

22

the extent that a plaintiff alleges a violation under 15 U.S.C. § 1692f(6). *See e.g., Oliver v.*

23

*Ocwen Loan Servs., LLC*, 2013 WL 210619 at **3-4 (W.D. Wash. Jan. 18, 2013); *Amador v.*

24

*Cent. Mortgage Co.*, 2012 WL 405175 at *2 (W.D. Wash. Feb. 8, 2012). "The test for

25

determining whether a debt collector violated the FDCPA is objective and does not depend on

26

whether the debt collector intended to deceive or mislead the consumer." *Clark v. Capital Credit*

27
28

MOTION TO DISMISS BY DEFENDANTS
GREEN TREE SERVICING LLC AND MERS

WFZ File No. 282-2014009

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

10

1   & Collection Servc., Inc., 460 F.3d 1162, 1171 (9th Cir. 2006). The "least sophisticated" debtor

2   standard applies; "the liability analysis turns on whether a debt collector's communications

3   would mislead an unsophisticated but reasonable consumer." Id.

4         Thus, assuming that Plaintiff can allege that Defendant is a "debt collector" within the

5   meaning of the statute, his claim still fails because he did not allege any facts demonstrating that

6   Defendant violated Section 1692f(6).[2]  Plaintiff's only allegation, that appears to relate to

7   Section 1692f(6), incorrectly relies on the contention that Defendants recorded an Assignment

8   and Appointment of Successor Trustee without an ability to do so.

9         In order for Plaintiff to reasonably make a claim for violation of the FDCPA, Plaintiff was

10  required to show that the communications by Defendants "misled" Plaintiff into making

11  payments that were otherwise not owed.  The Borrowers executed a Note, and also a Deed of

12  Trust, using the Subject Property as security for repayment of the debt.  Therefore Plaintiff

13  knows he owes some party for the payments required by the Note.

14        Although Plaintiff includes QWR and/or debt validation responses from Defendants and

15  NWTS as exhibits to his Complaint, the exhibits do not appear to support Plaintiff's FDCPA

16  claim to the extent an "unsophisticated but reasonable consumer" would have been gravely

17  misled by the contents of the correspondences (or any of the recorded documents) because none

18  contained "empty threats" used as a means to coerce payment from Plaintiff.  Lensch v. Armada

19  Corporation, 795 F.Supp.2d 1180, 1185 (W.D. Wash. Jun. 13, 2011).

20        Moreover, although Plaintiff claims the loan was transferred while the "alleged debt was

21  under default (Amended Complaint, ¶ 41), the holdings in Oliver v. Ocwen Loan Servs., LLC,

22  2013 WL 210619 at *4 (W.D. Wash. Jan. 18, 2013) and Dietz v. Quality Loan Serv. Corp. of

23  Washington, 2014 WL 1245269 at *2 (W.D. Wash. Mar. 25, 2014) recognize that "the

24  _____

25  [2] As explained in Amador, supra, such violation may exist where "a debt collector 'tak[es] or threaten[s] to
    take any non judicial action to effect dispossession or disablement of property if—there is no present right to

26  possession of the property claimed as collateral through an enforceable security interest.'" Amador, at *3.

27  MOTION TO DISMISS BY DEFENDANTS                          Renee M. Parker (SBN 36995)
    GREEN TREE SERVICING LLC AND MERS                        Wright, Finlay, & Zak, LLP

28  WFZ File No. 282-2014009                                 4665 MacArthur Blvd., Suite 200
                                                             Newport Beach, CA 92660
                                        11    PH: (949) 477-5050/FAX: (949) 608-9142

1   'FDCPA's definition of debt collector does not include the consumer's creditors, a mortgage

2   servicing company, or any assignee of the debt" where the debt was not in default when

3   transferred to the parties currently seeking to enforce the Note and Deed of Trust."

4        "Because 'default' is not defined in the FDCPA, courts have looked to the contracts

5   underlying the debt, or other applicable statutes. *See Walcker v. SN Commerical, LLC*, 2006

6   WL 3192503 (not reported, E.D. Wash. 2006), citing *Gacy v. Gammage & Burnham*, 2002 WL

7   467937 (D.Ariz.2006), *Hartman v. Meridian Fin. Serv., Inc.,* 191 F.Supp.2d 1031, 1044

8   (W.D.Wisc.2002), *Skerry v. Massachusetts Higher Educ. Assistance Corp.,* 73 F.Supp.2d 47,

9   53-54 (D.Mass.1999).

10        Like *Walcker*, the Loan documents here state that default occurs after written notice of

11   the default is sent, and is not cured within 30 days of that notice. *See* RJN Ex. 1, Paragraph

12   6(B) and Ex. 2, Paragraph 22. Plaintiff's Exhibit L and RJN Ex. 5 both show that the default

13   notice was not sent until May 10, 2012, which is after the date the Assignment evidencing the

14   transfer of the Loan was recorded. Accordingly, Green Tree is not a "debt collector" because

15   default had not yet been declared when the transfer of the Loan to Green Tree occurred.

16        With respect to Plaintiff's allegations that MERS is a debt collector, case law clearly

17   rebuts this contention and Plaintiff makes no allegation that MERS made any attempt to collect

18   on the debt in question. Simply stated, MERS is not, and never is a debt collector. "As an initial

19   matter, Plaintiffs have not demonstrated that Fannie Mae, Flagstar, or MERS are "debt

20   collectors" under the FDCPA." *Cameron v. Acceptance Capital Mortg. Corp.*, 2013 WL

21   5664706 at *4 (W.D. Wash. 2013) (citing *Fagerlie v. HSBC Bank, N.A.,* 2013 WL 1914395, *5

22   (W.D.Wash.2013) which dismissed Plaintiff's cause of action because no foreclosure occurred).

23        Accordingly, Defendants are not subject to the FDCPA because they are not "debt

24   collectors" or alternatively Plaintiff failed to show that Defendants violated any statute related

25   to the FDCPA.

26

27   MOTION TO DISMISS BY DEFENDANTS                    Renee M. Parker (SBN 36995)
     GREEN TREE SERVICING LLC AND MERS                 Wright, Finlay, & Zak, LLP
                                                        4665 MacArthur Blvd., Suite 200
28   WFZ File No. 282-2014009                           Newport Beach, CA 92660
                                              12   PH: (949) 477-5050/FAX: (949) 608-9142

1

### F. PLAINTIFFS CLAIMS UNDER THE DEED OF TRUST ACT FAIL

2      In his second claim, although nothing in this Cause of Action pertains to Defendants

3  specifically, Plaintiff appears to allege that Defendants violated unspecified provisions of the

4  Deed of Trust Act ("DTA") by recording an Assignment of Deed of Trust and Appointment of

5  Successor Trustee. Amended Complaint, ¶¶ 161-170.

6      Plaintiff also appears to contend that Defendants failed to materially comply with the

7  provisions of the DTA because it was improper for MERS to execute the Assignment of Deed

8  of Trust to Green Tree, and for Green Tree to appoint NWTS as the successor trustee. Amended

9  Complaint, ¶¶ 38, 40.

10     The Washington Deed of Trust Act, RCW 61.24.127 ("DTA"), only authorizes post-

11  foreclosure claims for common law fraud, misrepresentation, or violations of the CPA.

12  Accordingly, Plaintiff's claims fail because a foreclosure sale never occurred. *See, e.g., Frias v.*

13  *Asset Foreclosures Servs., Inc.*, 957 F.Supp.2d 1264, 1271 (W.D. Wash. 2013) ("Courts in this

14  District have consistently found there can be no claim under the DTA for the wrongful initiation

15  of a trustee's sale where no trustee's sale actually occurs.").

16     Accordingly, this claim must be dismissed due to the lack of any ability for Plaintiff to

17  allege a post-foreclosure claim.

18

### G. PLAINTIFF FAILS TO STATE A CLAIM UNDER RCW § 19.86.020

19     Plaintiff improperly claims that Defendants violated the Consumer Protection Act

20  ("CPA") based on unfounded and unsupported allegations that Defendants committed a "per se

21  violation" of the statute.  Amended Complaint, ¶ 177.  Plaintiff relies upon one statement to

22  support this contention by stating "[i]t is impossible to frame definitions which embrace all

23  unfair practices..." Amended Complaint, ¶ 176.  What Plaintiff fails to do is demonstrate an

24  *actual* violation of the CPA by Defendants.

25

26

27  MOTION TO DISMISS BY DEFENDANTS
    GREEN TREE SERVICING LLC AND MERS

28  WFZ File No. 282-2014009

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
13    PH: (949) 477-5050/FAX: (949) 608-9142

In support of the alleged violation Plaintiffs offer only the following rationale: 1) MERS was a named beneficiary on the Deed of Trust which rendered the document unenforceable in its entirety (Amended Complaint, ¶¶ 38, 44), 2) the Note does not bear dated endorsements (Amended Complaint, ¶¶ 24, 32), and 3) violation of the CPA occurred as a result.

As argued above, Plaintiff's Consumer Protection Act claim is barred by the four-year limitations period. RCW 19.86.120 ("Any action to enforce a claim for damages under RCW 19.86.090 shall be forever barred unless commenced within four years after the cause of action accrues."), which has been followed by *Powell v. Sphere Drake Ins. P.L.C.*, 108 Wash.App 1007, 2001 WL 1011948 at *4 (2001).   The statutory period begins to run at the time the contract, here the Deed of Trust, is executed. *See Zhong v. Quality Loan Svc. Corp. of Washington*, 2013 WL 5530583, *4 (W.D.Wash. 2013), *Howard v. Countrywide Home Loans, Inc.*, C13–0133JL R, 2013 WL 1285859 (W.D.Wash. Mar.26, 2013), and *Green v. A.P.C .*, 136 Wash.2d 87, 960 P.2d 912, 915 (Wash.1998).

Next, the "purpose of the Consumer Protection Act [is] to protect the public from acts or practices which are injurious to consumers and not to provide an additional remedy for private wrongs which do not affect the public generally." *Lightfoot v. Macdonald*, 86 Wn.2d 331, 333 (1976).   "Acts performed in good faith under an arguable interpretation of existing law do not constitute unfair conduct violative of the consumer protection law." *Perry v. Island Sav. & Loan Ass'n*, 101 Wn.2d 795, 810, 684 P.2d 1281 (1984).

As a matter of law, Plaintiff's CPA claim fails for the reasons stated below.

### 1. A CPA CLAIM MUST PROVE FIVE ELEMENTS IN ORDER TO BE SUCCESSFUL

"To successfully bring an action under the CPA, a plaintiff must prove five elements: '(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation.'" *Johnson v.*

| MOTION TO DISMISS BY DEFENDANTS GREEN TREE SERVICING LLC AND MERS<br>WFZ File No. 282-2014009 | Renee M. Parker (SBN 36995)<br>Wright, Finlay, & Zak, LLP<br>4665 MacArthur Blvd., Suite 200<br>Newport Beach, CA 92660<br>14    PH: (949) 477-5050/FAX: (949) 608-9142 |
|---|---|

1  *Camp Auto., Inc.*, 148 Wn. App. 181, 185 (2009) (citing *Hangman Ridge Training Stables, Inc.*

2  *v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (1986)).

3       "A CPA claim must show there is a causal link between the alleged misrepresentation or

4  deceptive practice and the purported injury. *Hangman* at 793. '[T]he term proximate cause'

5  means a cause which in direct sequence unbroken by any superseding cause, produces the injury

6  [or] event complained of and without which such injury [or] event would not have happened.'

7  *Schnall v. AT & T Wireless Servs., Inc.*, 171 Wn.2d 260, 278 (2011) (quoting 6 Washington

8  Practice: Washington Pattern Jury Instructions; Civil 15.01 at 181 (5th ed.2005)

9       If Plaintiff fails to prove every element required under a CPA claim the entire claim

10  fails; "[t]he failure to establish any of the elements is fatal to a CPA claim." *Schnall* at 278

11  (citing *Holiday Resort Cmty. Ass'n v. Echo Lake Assocs., LLC*, 134 Wn. App. 210, 226 (2006)).

12              a)  PLAINTIFFS FAILED TO ESTABLISH THE PUBLIC INTEREST
                    REQUIREMENT OF THE CPA CLAIM
13

14       Plaintiff cannot establish the "public interest" requirement of a CPA claim because the

15  alleged conduct with respect to the Assignments involves private transactions between the

16  Defendants in the normal course of business.

17       "Ordinarily, a breach of a private contract affecting no one but the parties to the
         contract is not an act or practice affecting the public interest." When additional
18       plaintiffs have been or will likely be injured in the same fashion, however, the
         private dispute might transform into one that affects the public interest.   In
19       assessing whether such situation is present, the Court must consider the
         following factors: (i) whether the alleged unfair or deceptive acts were
20       committed in the course of the defendant's business; (ii) whether the defendant
         advertised to the public in general; (iii) whether the defendant actively solicited
21       the plaintiff, indicating potential solicitation of others; and (iv) whether the
         plaintiff and the defendant occupy unequal bargaining positions.
22  *Venetian Stone Works, LLC v. Marmo Meccanica, S.p.A.*, 2010 WL 5138161 at *1
    (internal citations omitted) (citing elements of "public interest" in *Hangman* at 794).
23

24

25

26

27  MOTION TO DISMISS BY DEFENDANTS                    Renee M. Parker (SBN 36995)
    GREEN TREE SERVICING LLC AND MERS                  Wright, Finlay, & Zak, LLP
28                                                     4665 MacArthur Blvd., Suite 200
    WFZ File No. 282-2014009                           Newport Beach, CA 92660
                                          15    PH: (949) 477-5050/FAX: (949) 608-9142

1    Because Defendants execute assignments of mortgage for other loans in the ordinary

2    course of business, examination of the four prongs promulgated by *Venetian* is necessary to

3    establish whether public interest was affected.

4    First, Defendants do not "sell" or otherwise advertise services for the preparation of

5    assignments, and never "solicited" the Borrowers for provision of this service to them.

6    Therefore, Defendants' actions do not fall within the first two prongs of *Venetian*.

7    Second, the transactions at issue did not include Plaintiff, therefore Defendants could not

8    violate prongs 3 and 4. In order to challenge the Assignment Plaintiff must establish a legally

9    protected interest in the assignment of the Deed of Trust, which Plaintiff cannot do since it is

10   not a party to the assignment, is not granted any rights thereunder, and is not a beneficiary. *See*

11   *Lonsdale v. Chesterfield*, 19 Wn.App. 27, 31 (1978) (to challenge validity of a contract, plaintiff

12   must be a party to it or third party beneficiary).

13   Third, in its capacity as an agent for the noteholder, MERS' assignment of a deed of

14   trust is a "ministerial act" that did not occur in "trade or commerce" in Washington. *Bain v*

15   *Metropolitan Mortg. Group, Inc.*, 2010 WL 891585, *4 n.5 (W.D. Wash. 2010).

16   **b)  PLAINTIFF FAILED TO ESTABLISH CAUSATION OF DAMAGES**

17   Plaintiff is required to show a causal link between the alleged violation of the CPA and

18   the injury suffered. *See Schmidt v. Cornerstone Invs., Inc.,* 115 Wash.2d 148, 167, 795 P.2d

19   1143 (1990).  In order to show the causal link, Plaintiff is required to show that but-for MERS'

20   actions, Plaintiffs would not have suffered any injury. *Indoor Billboard v. Integra Telecom*, 162

21   Wash.2d 59, 84 (2007). Without a demonstration of direct harm a CPA claim fails. *Frias v.*

22   *Asset Foreclosure Svcs., Inc.*, 957 F.Supp2d 1264, 1270 (W.D.Wash. 2013), See also *Guijosa v.*

23   *Wal-Mart Stores, Inc.*, 144 Wn.2d 907, 917 (2001).

24   Plaintiffs cannot show that MERS specifically caused any injury.

25   I can't find any but-for causal relationship between what MERS did and didn't do
     and the harm that wasn't suffered. Because even if the filing of foreclosure

26

27   MOTION TO DISMISS BY DEFENDANTS                          Renee M. Parker (SBN 36995)
     GREEN TREE SERVICING LLC AND MERS                        Wright, Finlay, & Zak, LLP
28                                                            4665 MacArthur Blvd., Suite 200
     WFZ File No. 282-2014009                                 Newport Beach, CA 92660
                                              16    PH: (949) 477-5050/FAX: (949) 608-9142

1   actions is an injury, and I don't think the showing has been made that there was
2   any injury here, I'll point out that it's also clear that MERS didn't initiate those
    foreclosure proceedings, lend money, make representations to plaintiff, send
3   plaintiff any default notice or initiate the foreclosure.  MERS may have greased
    the wheels for other people, but I don't think that is enough for causation to injury
4   … if you can't make the showing under prong four injury, its impossible to make
    the showing under prong five causation.

5   *Bain v. Metropolitan Mortg. Corp.*, 2013 WL 6193887, *6 (Wash. Super. Ct. 2013).  See also

6   *Hangman* at 780 (Plaintiffs must demonstrate that MERS took some unfair or deceptive act in

7   trade or commerce that caused an identifiable injury).

8          There is also no causal link between Plaintiffs claims of financial injury and the actions

9   of either Green Tree or MERS. If anything, Green Tree has been damaged by the acts of

10  Plaintiff because the Borrowers have been living in the Subject Property without payment on

11  the Note, property taxes, or insurance since at least November, 2011: "I have to say, at least for

12  the past five years plaintiff has been in good shape because she's been living in the home

13  without interference, without any mortgage payments, and indeed any costs but legal fees."

14  *Bain v. Metropolitan Mortg. Corp.*, 2013 WL 6193887, *6 (Wash. Super. Ct. 2013).

15         Plaintiff's injuries arise from an abject failure to tender monthly installment payments

16  and nothing more.  This is not injury that can be attributed to Defendants. See *Massey v. BAC*

17  *Home Loans Servicing LP*, 2013 WL 6825309 at *8 (W.D. Wash. 2013) (any injuries associated

18  with foreclosure proceedings "were caused solely by her own default.").

19         Moreover, Plaintiff does not allege confusion over the party to whom loan payments

20  were to be paid such that default would occur, and in fact Exhibits C, E, G, I, K, L, and M to

21  Plaintiff's Complaint and Amended Complaint demonstrate Plaintiff was consistently instructed

22  as to both ownership of the Loan *and* where monthly payments were to be sent.

23         The Court's record does not reflect evidence of Plaintiffs tendering payments to

24  Defendants or to any other entity, does not contain a declaration that every monthly payment

25

26

27  MOTION TO DISMISS BY DEFENDANTS                    Renee M. Parker (SBN 36995)
    GREEN TREE SERVICING LLC AND MERS                  Wright, Finlay, & Zak, LLP
28                                                     4665 MacArthur Blvd., Suite 200
    WFZ File No. 282-2014009                           Newport Beach, CA 92660
                                         17   PH: (949) 477-5050/FAX: (949) 608-9142

1  required under the Note and Deed of Trust were tendered, and Plaintiffs did not include

2  evidence that Defendants cashed Plaintiff's checks and failed to credit the Loan account.

3      Plaintiffs willfully failed to tender payments on the Loan for several years, and

4  foreclosure of the Subject Property would be the expected outcome of this failure to pay.

5         c)   THE ASSIGNMENT BY MERS IS NOT NECESSARY AND DOES
            NOT CONSTITUTE CAUSATION OR INJURY TO PLAINTIFF

6              UNDER THE CPA

7      Plaintiff incorrectly claims that MERS' identification in the Deed of Trust alone is

8  sufficient to prove violation of the CPA, and that MERS' execution of the Assignment at the

9  direction of, and on behalf of, the note holder creates an actionable CPA injury.

10      Here, Plaintiff's Deed of Trust contained the following provision: "Borrower

11  understands and agrees that MERS holds only legal title to the interests granted by Borrower in

12  this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for

13  Lender and Lender's successors and assigns) has the right: to exercise any or all of those

14  interests, including, but not limited to, the right to foreclose and sell the Property; and to take

15  any action required of Lender including, but not limited to, releasing and cancelling this

16  Security Instrument." See RJN Ex. 2, Page 3 of 16, Paragraph 1 of "TRANSFER OF RIGHTS I

17  THE PROPERTY". This means that MERS had authority under the Deed of Trust to execute

18  the Assignment with Plaintiff's express agreement.

19      Second, the assignment is only a formality and the recording of an Assignment is not

20  necessary or sufficient to confer standing to foreclose; the security follows the Note, not the

21  other way around. *Fidelity & Dep. Co. v. Ticor Title Ins.*, 88 Wn.App. 64, 68, 943 P.2d 710

22  (1997); see also *Carpenter v. Longan*, 83 U.S. 271, 275 (1872). "Contrary to Plaintiff's

23  assertions, the fact that MERS is listed as a beneficiary of the deed of trust is not relevant to the

24  outcome of this case…by virtue of being in possession of the note, U.S. Bank is the lawful

25  owner. Its right to receive payment on the note does not depend upon any assignment of the

26

27  MOTION TO DISMISS BY DEFENDANTS
GREEN TREE SERVICING LLC AND MERS

28  WFZ File No. 282-2014009

                      Renee M. Parker (SBN 36995)
                      Wright, Finlay, & Zak, LLP
             4665 MacArthur Blvd., Suite 200
                  Newport Beach, CA 92660
18   PH: (949) 477-5050/FAX: (949) 608-9142

1    note from MERS." *Upkoma v. U.S. Bank Nat. Ass'n*, 2013 WL 1934172 at *3 (E.D. Wash, May

2    9, 2013).

3        Third, transfer of the Note also transferred the security interest. "From these basic

4    principles, it follows that a transfer of the obligation [here, the Note], by assignment,

5    negotiation, transfer, or whatever form of transfer is sufficient to transfer it, should carry the

6    mortgage along with it.  This is indeed the universal result in American law."  Stoebuck &

7    Weaver, § 18.20 at 340.  See also, *Fidelity & Deposit v. Ticor*, 88 Wn.App. 64, 68-69 (1997),

8    *Price v. N. Bond & Mortg. Co.*, 161 Wash. 690, 695 (1931), *Nance v. Woods*, 79 Wash. 188,

9    191 (1914), *Spencer v. Alki Point Transp. Co.*, 53 Wash. 77, 90 (1909) ("assignment of the

10   notes ipso facto passes the security"), *Bartlett Estate Co. v. Fairhaven Land Co.*, 49 Wash. 58,

11   63 (1908) (mortgage "passes to the assignee by an assignment of the debt").

12       The Deed of Trust automatically follows the Note, and an assignment is unnecessary.

13   Defendant Green Tree was in possession of the "bearer" Note when its Notice of Default was

14   issued on May 10, 2012, and when the Notice of Trustee's Sale was recorded on April 30, 2014.

15   *See* Declaration of Green Tree Loan Servicing LLC in Support of Motion to Dismiss

16   ("Declaration of Green Tree"), ¶¶ 6-7.  Any agent Green Tree then elected to act on its behalf

17   had the right to execute the Appointment of Successor Trustee and foreclosure documents.

18                   d)  MERS CAN ACT AS AN AGENT FOR THE HOLDER OF THE NOTE

19       MERS can act as an agent for the holder of a note. *Bain*, 175 Wn.2d 83 at 106, *Zhong* at

20   *3. An agent is able to execute an assignment when that act is within its scope of duties.

21       A "nominee is one who holds bare legal title to property for the benefit of another."

22   *Fourth Inv. LP v. United States*, 720 F.3d 1058, 1066 (9th Cir. 2013).   Washington courts have

23   approved of the role of a nominee for over a century. See, e.g. *Carr v. Cohn*, 44 Wash. 586, 588

24   (1906) (nominee can bring quiet title action on deed), *Andrews v. Kelleher*, 124 Wash. 517,

25   534-36 (1923) (bondholders' agent authorized to prosecute foreclosure), *Fid. Trust Co. v. Wash.*

26

27   MOTION TO DISMISS BY DEFENDANTS              Renee M. Parker (SBN 36995)
     GREEN TREE SERVICING LLC AND MERS           Wright, Finlay, & Zak, LLP
28   WFZ File No. 282-2014009                     4665 MacArthur Blvd., Suite 200
                                                  Newport Beach, CA 92660
                              19      PH: (949) 477-5050/FAX: (949) 608-9142

1 | & Or. Corp., 217 F. 588, 596 (W.D.Wash. 1914), *Anderson Buick Co. v. Cook*, 7 Wn.2d 632,

2 | 641-42 (1941) (mortgage remains valid even where mortgagee "held bare legal title" for real

3 | property in interest).

4 | As long as the sale of a note involves a member of MERS, MERS remains the

5 | beneficiary of record on the deed of trust and continues to act as nominee for the new beneficial

6 | owner, regardless of whether the prior owner was no longer in business. *Kiah v. Aurora Loan*

7 | *Serv., LLC*, 2011 WL 841282, *4 (D. Mass. 2011) ("dissolution of [lender] would not and could

8 | not prevent [noteholder] from obtaining an assignment of the mortgage from MERS, both as a

9 | matter of law and according to the arrangement that existed between MERS and [noteholder] as

10 | a 'successor and assign'"). *See also* Restatement (Third) Property § 5.4 cmt. E ("Courts should

11 | be vigorous in seeking to find such [agency] relationship").

12 | MERS was the nominee for Pierce Commercial Bank and its successors and/or assigns

13 | in interest, and had a limited agency relationship. Plaintiff's Deed of Trust contained a provision

14 | allowing MERS to act on behalf of Pierce Commercial Bank. See RJN Ex. 2, Page 3 of 16,

15 | Paragraph 1 of "TRANSFER OF RIGHTS I THE PROPERTY".  Here the execution of the

16 | Assignment was within the scope of duties of MERS pursuant to the Deed of Trust executed by

17 | the Borrowers, and Plaintiff's claim fails as a result.

18 |          e)   GREEN TREE CAN BE THE HOLDER OF THE NOTE EVEN IF
              FANNIE MAE IS THE OWNER

19 |

20 | Plaintiff claims that ownership of the Note by Federal National Mortgage Association

21 | ("Fannie Mae") vitiates any acts that were taken by Green Tree.  This assertion is incorrect:

22 | "Flagstar [the lender] derived its appointment authority as the *holder* of the endorsed Note, a

23 | position that is not undermined by the fact that Fannie Mae also had an ownership interest in the

24 | Note at the time the appointment was made ... 'even if Fannie Mae has an interest in Plaintiffs'

25 | loan, Flagstar has the authority to enforce' the indorsed Note that it held in its possession"

26 | *Cameron v. Acceptance Capital Mortg. Corp.*, 2013 wl 5664706 (W.D. Wash. 2013).

27 | MOTION TO DISMISS BY DEFENDANTS
GREEN TREE SERVICING LLC AND MERS

28 | WFZ File No. 282-2014009

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
20    PH: (949) 477-5050/FAX: (949) 608-9142

1

### f) NO CASE LAW OR STATUTE EXISTS STATING IF THE ORIGINAL TRUSTEE IS STILL IN BUSINESS A SUCCESSOR TRUSTEE CANNOT BE NAMED

2

3      Plaintiff's claim that Chicago Title Company is still in business but "has not refused to

4  act as trustee" (Amended Complaint, ¶ 81) fails.  There is no case law to support this contention,

5  evidenced by the fact that Plaintiff cites none in the Complaints.

6      The Court in *Ortega v. Northwest Trustee* supports the ability of the servicer to change

7  the Trustee as a business decision: "We hold that Wells Fargo is a lawful beneficiary of the

8  deed of trust, because it held the Ortegas' original note at the time of foreclosure. Wells Fargo

9  therefore had authority to appoint NWTS as a successor trustee, who then had authority to

10  conduct the trustee's sale." *Ortega v. Nw. Tr. Servs., Inc.*, 179 Wash.App. 1033 at *7 (2014).

11      As such, Plaintiff fails to prove the allegation that Chicago Title Company can be the

12  only trustee to conduct foreclosure upon the Property for the same reasons that Plaintiff fails to

13  show that Pierce Commercial Bank is the only party that can enforce the Note.

14                **2.  PLAINTIFF FAILED TO ESTABLISH A PER SE CPA CLAIM**

15      In the alternative of pursuing a CPA claim, a Plaintiff may instead show that "the

16  alleged act constitutes a per se unfair trade practice." *Saunders v. Lloyd's of London*, 113 Wn.2d

17  330, 334, 779 P.2d 249 (1989). To establish a "per se" violation of the CPA, Plaintiffs must

18  prove: "(1) the existence of a pertinent statute; (2) its violation; (3) that such violation was the

19  proximate cause of damages sustained; and (4) that they were within the class of people the

20  statute sought to protect." *Dempsey v. Joe Pignataro Chevrolet, Inc.*, 22 Wn.App. 384, 393, 589

21  P.2d 1265 (1979). Plaintiff fails to establish a per se CPA claim for these reasons:

22              ### a) PLAINTIFFS DID NOT ALLEGE VIOLATION OF A STATUTE IN THE CPA CLAIM AND FAIL TO ESTABLISH A PER SE VIOLATION OF THE CPA IN ENTIRETY

23

24      Plaintiff never alleged the existence of, or an actual violation of any statute that

25  constitutes a per se violation of the CPA, and Defendants contend that the CPA is not designed

26

27  | MOTION TO DISMISS BY DEFENDANTS | Renee M. Parker (SBN 36995) |
   | GREEN TREE SERVICING LLC AND MERS | Wright, Finlay, & Zak, LLP |

28  WFZ File No. 282-2014009

                                              4665 MacArthur Blvd., Suite 200
                                              Newport Beach, CA 92660
                    21   PH: (949) 477-5050/FAX: (949) 608-9142

1    to protect borrowers who fail to perform under the terms of the Note and Deed of Trust from

2    any and all foreclosure.

3        It is further established that the mere naming of MERS on a Deed of Trust does not

4    constitute a "per se" violation of the CPA:

> Here, Plaintiff assumes that if Defendant MERS was involved in his mortgage, then the CPA's unfair or deceptive act element is met. (Dkt. No. 24 at 15.) Plaintiff's position lacks merit because it is a misapplication of the Washington State Supreme Court's decision in *Bain v. Metropolitan Mortg. Group, Inc.*, 175 Wn.2d 83, 117 (2012). The Court in *Bain* only held that characterizing MERS as the beneficiary on a deed of trust has the capacity to deceive homeowners, but held that MERS involvement does not by itself constitute a per se violation of the CPA. *Bain*, 175 Wn.2d at 117. Unlike the "concealment" by MERS at issue in *Bain*, here, Plaintiff does not allege any specific unfair or deceptive act by MERS. *Id.* at 116 (finding that MERS may act deceptively when it conceals the identity of its principal and purports to act on behalf of itself). Instead, Plaintiff routinely received written notification regarding which entity was servicing his loan and had no communication with MERS. Plaintiff fails to make the specific allegation that he was deceived by the characterization of MERS as a beneficiary on the Deed of Trust. *Bain*, 175 Wn.2d at 120 ("the mere fact MERS is listed on the deed of trust as a beneficiary is not itself an actionable injury"). Because Plaintiff has failed to allege any cognizable deceptive or unfair trade or practice arising out of MERS's involvement, the CPA claim is DISMISSED.

*Zalac v. CTX Mortg. Corp.*, 2013 WL 1990728 at*3 (W.D. Wash. 2013).

> **b)   PLAINTIFF'S FAILURE TO PAY THE MORTGAGE IS THE PROXIMATE CAUSE OF DAMAGES, WHICH DOES NOT PROVE CAUSATION UNDER THE CPA**

19        Plaintiff ceased tendering monthly payments under the terms of the Note and Deed of

20    Trust since at least November 1, 2011.  This act <u>alone</u> is the proximate cause of Plaintiff's

21    damages: "The second prong of the present test is not met as Ms. Helmer was directly liable on

22    the mortgage and her nonpayment of the mortgage led to the foreclosure action." *Western*

23    *Community Bank v. Helmer*, 48 Wash.App. 694, 700-701 (1987), *followed by Commonwealth*

24    *Land Title Ins. Co. v. Hart*, 2004 WL 1559773 at *4 (Wash.App., 2004 *unpublished*).  See also

25    *Massey* at *8 (any injuries associated with foreclosure proceedings "were caused solely by her

26    own default.").

27    MOTION TO DISMISS BY DEFENDANTS
      GREEN TREE SERVICING LLC AND MERS

28    WFZ File No. 282-2014009

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
22   PH: (949) 477-5050/FAX: (949) 608-9142

1    The injury Plaintiff asserts is that he is in danger of losing his home to foreclosure.

2    However, the foreclosure would be the expected result because Plaintiff defaulted on his loan

3    obligation.  Plaintiff cannot show any other proximate cause between his claimed injury and

4    damages, and accordingly any potential "per se" CPA claim fails.

5    **H.  GREEN TREE WAS NOT REQUIRED TO PROVIDE THE ORIGINAL NOTE TO
     PLAINTIFF PRIOR TO INITIATION OF FORECLOSURE**

6

7    Plaintiff's Amended Complaint alleges violation of the Consumer Protection Act

8    because Plaintiff was not provided the original endorsed Note prior to initiation of foreclosure

9    proceedings. Amended Complaint, ¶ 27. There is no requirement to "show" the Note to Plaintiff

10   in order to foreclose: "Plaintiffs' 'show me the note' tactic of forestalling foreclosure has been

11   thoroughly discredited by federal courts in this district. *Petree v. Chase Bank*, No. 12-cv-5548-

12   RBL, 2012 WL 6061219, at *2 (W.D. Wash. Dec. 6, 2012) (collecting cases)." *Blake v. U.S.*

13   *National Bank Assn.*, No. 2:12-cv-02186-MJP, 2013 WL 6199213 at *2 (W.D.Wash. Nov. 27,

14   2013), *see also Coble v. SunTrust Mortg. Inc.*, 2014 WL 631206 (W.D. Wash. Feb. 28, 2014.

15   As demonstrated below, the subject Note was indorsed in blank, Defendant Green Tree

16   was in possession of the "bearer" Note when its Notice of Default was issued on May 10, 2012,

17   and when the Notice of Trustee's Sale was recorded on April 30, 2014. Declaration of Green

18   Tree, ¶¶ 6-7. Being in possession of the properly indorsed Note means Green Tree was entitled

19   to enforce the Note. Plaintiff's claims fail as a result.

20   **1.  THE HOLDER OF A BEARER NOTE IS ABLE TO ENFORCE
     THE NOTE AND DEED OF TRUST, AND GREEN TREE WAS IN
     POSSESSION OF THE NOTE AT ALL RELEVANT TIMES**

21

22   Regarding Plaintiff's challenge of Defendants' beneficiary status, case law has

23   established that the fundamental issue is whether the party is the holder of the Note, and also

24   that the power to initiate foreclosure lies with the holder of the promissory note regardless of

25   any assignment of the deed of trust. See *Bain*, 175 Wn.2d 83 at 89 ("The plaintiffs argue that

26

27   MOTION TO DISMISS BY DEFENDANTS            Renee M. Parker (SBN 36995)
     GREEN TREE SERVICING LLC AND MERS          Wright, Finlay, & Zak, LLP
                                                4665 MacArthur Blvd., Suite 200
28   WFZ File No. 282-2014009                    Newport Beach, CA 92660
                                          23    PH: (949) 477-5050/FAX: (949) 608-9142

1  our interpretation of the deed of trust act should be guided by these UCC definitions and thus a

2  beneficiary must either actually possess the promissory note or be the payee…We agree."). See

3  also *Trujillo v. Northwest Trustee Services, Inc.*, 326 P.3d 768, 774 (2014).  Washington has

4  adopted the Uniform Commercial Code, although the "style of the numbers assigned in the

5  Commercial Code differs from the standard RCW numbering system.  The purpose of this

6  variance is to enable ready comparison with the laws and annotations of other states which have

7  adopted the Uniform Commercial Code and to conform to the recommendations of the National

8  Conference of Commissioners on Uniform State Laws." *See* Notes, RCW 62A.

9      When a negotiable instrument is indorsed in blank, it "becomes payable to bearer and

10  may be negotiated by transfer of possession alone ...."  RCW 62A.3-205(b).  RCW § 62A.1-

11  201(20) defines a holder as being "the person in possession if the instrument is payable to

12  bearer or, in the case of an instrument payable to an identified person, if the identified person is

13  in possession." See also RCW 62A.1-201(5).

14      Pursuant to RCW 62A.3-301 the "Person entitled to enforce" an instrument means (i) the

15  holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a

16  holder, or (iii) a person not in possession of the instrument who is entitled to enforce the

17  instrument pursuant to RCW 62A.3-309 or 62A.3-418(d). A person may be a person entitled to

18  enforce the instrument even though the person is not the owner of the instrument or is in

19  wrongful possession of the instrument."  RCW § 62A.1-201(20) defines a holder as being "the

20  person in possession if the instrument is payable to bearer or, in the case of an instrument

21  payable to an identified person, if the identified person is in possession."

22      The Note was endorsed in blank, making it a "bearer" instrument.  The Declaration of

23  Green Tree, attached hereto, declares that Defendant Green Tree was in possession of the Note,

24  was entitled to enforce the Note, and did not transfer or assign the Note to any other party or

25

26

27  MOTION TO DISMISS BY DEFENDANTS

28  GREEN TREE SERVICING LLC AND MERS

WFZ File No. 282-2014009

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
24    PH: (949) 477-5050/FAX: (949) 608-9142

1    entity at any time during the period stated in Plaintiff's Complaints.  As a result, Plaintiff's

2    claims as to the Note fail.

### 2.   THE ENDORSEMENT BY SONJA L. LIGHTFOOT IS VALID AND ENFORCEABLE

5    Plaintiff's challenge to the endorsement of Sonja L. Lightfoot (Amended Complaint, ¶¶

6    25-26) lacks merit.  If anything, Plaintiff assisted Lightfoot in the furtherance of her acts in

7    order to obtain a loan for which Plaintiff would not otherwise qualify.[3]

8    First, it is Defendants' knowledge and belief that Lightfoot endorsed the Note in or

9    about May, 2007.  Thusly, endorsement of the Note by Lightfoot occurred prior to imposition of

10   the TRO in Ex. N of the Amended Complaint, which reflects an August 22, 2011 date. See

11   Declaration of Green Tree, ¶ 8.

12   Second, the acts taken by Lightfoot that subjected her to criminal prosecution did not

13   involve endorsements to Notes.  Defendants respectfully request this Court take judicial notice

14   of Case No. 3:11-cr-05394-BHS as filed in the Western District of Washington ("Criminal

15   Case"). The activities at issue with Lightfoot involved allegations of loan origination, and more

16   specifically, assisting prospective borrowers in falsifying loan applications to the extent loans

17   would be underwritten for otherwise ineligible borrowers, and the subsequent sale of these loans

18   on the secondary market (Criminal Case, Document No. 4 "Indictment", ¶¶ 14-15, 26-27.  See

19   also *Plea Agreement* entered as Docket Item No. 117).

### 3.   PLAINTIFF CONFUSES TICOR TITLE AS THE ESCROW AGENT AND CHICAGO TITLE AS THE TRUSTEE

22   Plaintiff challenges a stamp by Ticor Title on a copy of the Note he purports to have

23   received from Defendants, which certifies the document is a true and correct copy of the Note,

---

[3] *See* the Press Release from the U.S. Attorney's Office 1/15/2013: http://www.fbi.gov/seattle/press-releases/2013/mortgage-fraud-co-schemers-sentenced-in-case-that-crippled-pierce-commercial-bank.   The article also states that the identified fraudulent loans that were sold to other entities ultimately had to be repurchased by PCB, which did not occur here.

---

MOTION TO DISMISS BY DEFENDANTS
GREEN TREE SERVICING LLC AND MERS

WFZ File No. 282-2014009

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
25   PH: (949) 477-5050/FAX: (949) 608-9142

1  because Plaintiff claims Chicago Title is the only party that could have been in a position of

2  making a certified copy of the original Note.  Plaintiff appears to confuse the roles of Ticor

3  Title, which appears to be the company responsible for the loan's escrow and closing,[4] and

4  Chicago Title as the Trustee originally named on the Deed of Trust.

5         It would be customary for an escrow company to make a certified copy of the original

6  Note at or about the time of execution, and to affix a stamp to the copy to show it is an exact

7  replica of the original document.  Without more information, it appears that is exactly what

8  occurred with Plaintiff's Note here, and Plaintiff's argument that only Chicago Title could have

9  made the certified copy lacks substance.

10      **I.  THE RELATIONSHIP OF MERS AND THE NOTE ARE NOT AT ISSUE**

11        Paragraph 14 of Amended Complaint makes an allegation, unsupported by evidence,

12  that MERS "never [has] anything to do with the note" and references Exhibits "Q" and "P".  A

13  check of the Court's Docket as of November 20, 2014 reflects that Plaintiff only filed Exhibits

14  A-N.  Therefore Defendants cannot properly address Plaintiff's statement because it was

15  improperly pled.  However, Defendants contend that Plaintiff's assertion as to MERS is

16  incorrect nonetheless, and as a result the defect could not be cured by further amendment.

17        Defendants admit that MERS is not a party to the Note and does not take possession of

18  original loan documents. MERS is not a mortgage loan originator, lender or servicer; MERS'

19  role is to act as record beneficiary on deeds of trust as nominee (agent) for the beneficial owner

20  of the mortgage loan secured by the MERS deed of trust.  MERS was the nominee for Pierce

21  Commercial Bank and its successors and/or assigns in interest, and had a limited agency

---

[4] *See* https://www.washingtontitle.com/, the website for Ticor Title in Washington State. The website states Ticor Title handles escrow of real property loans.  The site further states "Escrow is an arrangement in which a disinterested third party (an escrow holder), holds legal documents and disburses funds on behalf of a buyer and seller, and distributes them according to the buyer and seller's instructions." (https://www.washingtontitle.com/pages/what-happens-in-escrow.aspx). It makes sense that Ticor Title would make a copy of the executed Note for its records prior to transfer of the document to the original lender.

---

MOTION TO DISMISS BY DEFENDANTS                        Renee M. Parker (SBN 36995)
GREEN TREE SERVICING LLC AND MERS                   Wright, Finlay, & Zak, LLP
                                                     4665 MacArthur Blvd., Suite 200
WFZ File No. 282-2014009                              Newport Beach, CA 92660
                                    26    PH: (949) 477-5050/FAX: (949) 608-9142

1   relationship with each note-owner since origination. Plaintiff's own Deed of Trust supports this:

2   "Borrower understands and agrees that MERS holds only legal title to the interests granted by

3   Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as

4   nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of

5   those interests, including, but not limited to, the right to foreclose and sell the Property; and to

6   take any action required of Lender including, but not limited to, releasing and cancelling this

7   Security Instrument." See RJN Ex. 2, Page 3 of 16, Paragraph 1 of "TRANSFER OF RIGHTS I

8   THE PROPERTY". Moreover, MERS is an agent and can act as an agent for the holder of a

9   note. *Bain v. Metro. Mortg. Grp., Inc.,* 175 Wn.2d 83, 106, 285 P.3d 34 (2012), followed by

10  *Zhong v. Quality Loan Svc. Corp. of Washington,* 2013 WL 5530583, *3 (W.D.Wash. 2013).

11          MERS executed an Assignment to Green Tree Servicing, LLC (RJN Ex. 3), and Green

12  Tree Servicing LLC executed the Appointment of Successor Trustee (RJN Ex. 4). MERS is not

13  a named entity in the Note, never claimed possession or ownership of the Note to Plaintiff or

14  any other party, and did not act beyond its contractual scope of authority. As a result Plaintiff's

15  claim fails and must be dismissed.

16  **J.  PLAINTIFF FAILS TO OFFER EVIDENCE OF "COMPUTERIZED" OR "ROBO-SIGNING" ON PART OF DEFENDANTS**

17
18          The Amended Complaint appears to allege that Defendants were involved in "robo-signing"

19  practices with his allegation of Defendants' use of "computerized signatures." *See* Amended

20  Complaint, ¶¶ 61-62. Plaintiff fails to prove robo-signing occurred on any of the specified

21  documents, or even that Plaintiffs have standing to challenge the documents alleged in the

22  Complaint.

23          "Plaintiffs argue that they have been injured by the alleged improper signing of

24  reconveyance documents …. Plaintiffs point the Court to no Washington state authority to

25  support those legal conclusions. …Absent some legal or expert authority supporting their claim,

26  Plaintiffs' assertion that the allegedly robo-signed documents interfere with their chain of title is

27  MOTION TO DISMISS BY DEFENDANTS                     Renee M. Parker (SBN 36995)
    GREEN TREE SERVICING LLC AND MERS                   Wright, Finlay, & Zak, LLP
28                                                      4665 MacArthur Blvd., Suite 200
    WFZ File No. 282-2014009                            Newport Beach, CA 92660
                                          27   PH: (949) 477-5050/FAX: (949) 608-9142

1   entirely speculative." *Reid v. Countrywide Bank, N.A.*, 2013 WL 7219500 at *3 (W.D. Wash.

2   Nov. 1, 2013).  Additionally,

> Plaintiff's second argument relates to so-called "robo-signing" of the documents used to initiate foreclosure proceedings. Even assuming for the sake of argument that the assignments in question were fraudulently executed, Plaintiff, as a third party, lacks standing to challenge them. *See Bateman v. Countrywide Home Loans,* 2012 WL 5593228 at *4 (D.Hawai'i 2012) (unpublished) ("The reason debtors generally lack standing to challenge assignments of their loan documents is that they have no interest i n those assignments, and the arguments they make do not go to whether the assignments are void *ab initio,* but instead to whether the various assignments are voidable. Debtors lack standing to challenge voidable assignments; only the parties to the assignments may seek to avoid such assignments.") (citing *Williston on Contracts* § 74:50 (4th ed.)); *In re MERS Litigation,* 2012 WL 932625 at * 3 (D.Ariz.2012) (unpublished) (holding that allegations of robo-signing failed to state a claim because plaintiff lacked standing to challenge assignment); *Kuc v. Bank of Am., NA,* 2012 WL 1268126 at *2 (D.Ariz.2012) (unpublished) ("[P]laintiff, as a third-party borrower, does not have standing to challenge the validity of any allegedly 'robosigned' recorded assignments."); *Javaheri v. JPMorgan Chase Bank N.A.,* 2012 WL 3426278 at *6 (C.D.Cal.2012) (unpublished) (accepting allegations of robo-signing as true, but holding that plaintiff lacked standing to challenge substitution of trustee agreement). Defendants are entitled to summary judgment on these claims.

15   *Upkoma v. U.S. Bank Nat. Ass'n,* 2013 WL 1934172 at *4 (E.D. Wash, May 9, 2013).

16       As a result, Plaintiff must show more than bare allegations of fraudulent "robo-signing"

17   and that, but for the "robo-signing" Plaintiff was harmed by the act.  Plaintiff is not a party to

18   the Assignment or Appointment of Successor Trustee, fails to show causation or injury from

19   robo-signing in light of his failure to tender monthly payments under the Note and Deed of

20   Trust, and lacks standing to challenge the documents, let alone "rely" on them.

21   ///

22   ///

23   ///

24   ///

25   ///

26

27   MOTION TO DISMISS BY DEFENDANTS            Renee M. Parker (SBN 36995)
     GREEN TREE SERVICING LLC AND MERS         Wright, Finlay, & Zak, LLP
28                                             4665 MacArthur Blvd., Suite 200
     WFZ File No. 282-2014009                  Newport Beach, CA 92660
                                        28     PH: (949) 477-5050/FAX: (949) 608-9142

1

## VI. CONCLUSION

WHEREFORE, based upon the facts and conclusions above, Defendants requests that:

1. Defendants' Motion to Dismiss be granted;

2. This action be dismissed in its entirety with prejudice, without an additional leave to amend; and

3. For such other and further relief as the Court deems just and proper.

Dated: December 2, 2014

Respectfully submitted,
**WRIGHT, FINLAY, & ZAK, LLP**

By: _____

Renee M. Parker, WSBA # 36995
Attorneys for Defendants,
GREEN TREE SERVICING LLC and
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC.

---

MOTION TO DISMISS BY DEFENDANTS
GREEN TREE SERVICING LLC AND MERS

WFZ File No. 282-2014009

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
29   PH: (949) 477-5050/FAX: (949) 608-9142

1

## DECLARATION OF SERVICE

2

The undersigned declares as follows:

3

4

    On December 2, 2014, I served the foregoing document: **NOTICE OF MOTION AND MOTION TO DISMISS BY DEFENDANTS GREEN TREE SERVICING LLC AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope via postage prepaid, regular first class mail and/or electronic service as follows:

5

6

7

**SERVICE VIA U.S. MAIL:**

8

CHAMBER COPY:
The Honorable Benjamin H. Settle
United States Courthouse
1717 Pacific Avenue, Room 3100
Tacoma, WA 98402 - 3200

9

10

11

**ELECTRONIC SERVICE:**

12

PLAINTIFF:
James A Bigelow
sistermoonproductions@gmail.com

13

14

15

    I declare under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.

16

DATED this 2nd day of December, 2014

17

18

_____
Steven E. Bennett

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS BY DEFENDANTS
GREEN TREE SERVICING LLC AND MERS

WFZ File No. 282-2014009

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
30  PH: (949) 477-5050/FAX: (949) 608-9142