THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES A. BIGELOW,<br><br>　　　Plaintiff,<br><br>vs.<br><br>NORTHWEST TRUSTEE SERVICES, INC.;<br><br>GREEN TREE SERVICING, LLC.,<br><br>MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, Inc.,<br><br>DOE DEFENDANTS 1 - 20<br><br>　　　Defendants. | Case No.: 3:14-cv-05798-BHS<br><br>**MOTION IN OPPOSITION TO DEFENDANTS GREEN TREE SERVICES, INC. AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. MOTION TO DISMISS**<br><br>**MOTION TO STRIKE DEFENDANTS GREEN TREE SERVICES, INC. AND MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. MOTION TO DISMISS** |

　　Now comes the Plaintiff, James A. Bigelow, who submits this Motion in Opposition to Motion to Dismiss and states:

1. The header of this declaration states that Renee Parker has a WSBA number of 256851. It is actually Renee Parker's California Bar Association number, which is misleading. This establishes that counsel does not take care as to not mislead the court as they have done here.

MOTION TO STRIKE EVIDENCE
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

2. Counsel for Green Tree, Renee M. Parker, is attempting to be counsel and a witness for Green Tree by testifying as a witness to exhibits incorporated into Dkt 16. None of the exhibits provided by counsel are supported by an affidavit of a competent witness and should be stricken from the record. "Any statement of counsel is not evidence and you are to decide the case only from the evidence produced by the witnesses." *State v Furguson*, 864 P 2d. 693 – Kan: Supreme Court 1993." "Facts must be supported by affidavits" of a competent witness and not counsel. *Siegler v. Williams*, 658 SW 2d 236 - Tex: Court of Appeals 1983.

3. Dkt 16, signed by Renee M. Parker, suggests that all exhibits submitted by counsel are matters of public record according to ER 803(14)(15) and RCW 5.44.040. That is misleading and incorrect. Counsel has carefully crafted Dkt 16 to intentionally mislead the Plaintiff and the Court. Exhibits 1 and 5 are not matters of public record. Exhibits 2, 3, 4, and 6 submitted by counsel have not been duly certified pursuant to RCW 5.44.040 and therefore are not admissible.

4. ER 803 (14) reads:

   "Records of Documents Affecting an Interest in Property. The record of the document purporting to establish or affect an interest in property, as proof of the content of the original recorded document and its execution and delivery by each person by whom it purports to have been executed, if the record is a record of a public office and an applicable statute authorized the recording of documents of that kind in that office."

Green Tree has no documented interest in the Plaintiff's property. Green Tree has assigned the Deed of Trust to itself when it had no interest in the property to begin with.

5. ER 803 (15) reads:

   "Statements in Documents Affecting an Interest in Property. A statement contained in a document purporting to establish or affect an interest in property if the matter stated was relevant to the purpose of the document unless dealings with the property since the

MOTION TO STRIKE EVIDENCE  
Case No.: 3:14-cv-05798-BHS

James A. Bigelow  
10018 Cascadian Ave SE  
Yelm Washington 98597  
360-790-2568

- 2 of 7 -

document was made have been inconsistent with the truth of the statement or the purport of the document."

No statements have been referenced in Dkt 16 that would make ER 803(15) relevant.

6. RCW 5.44.040 states:

"Copies of all records and documents on record or on file in the offices of the various departments of the United States and of this state or any other state or territory of the United States when duly certified by the respective officers having by law the custody thereof, under their respective seals where such officers have official seals, shall be admitted in evidence in the courts of this state."

No documents entered into the record by counsel for Green Tree as exhibits have been duly certified and do not bear any official seals. These documents are to be considered hearsay and pursuant to Rule ER 803, hearsay is not admissible except as provided by these rules, by other court rules, or by statute. Therefore, Exhibits 1 thru 7 should be stricken from the record.

7. Exhibit 1, submitted by counsel for Green Tree, is not a copy of the Plaintiff's alleged non-negotiable original Note. It is a copy of a file copy of the Plaintiff's alleged non-negotiable Note and further examination of this document will establish this as fact. This alleged non-negotiable Note could not be a copy of the Plaintiff's original non-negotiable Note for several reasons. 1) A copy of the Plaintiff's original non-negotiable Note would not have holes punched at the top of the page. Therefore, this alleged non-negotiable Note would have to be a file copy. 2) The alleged copy of the Plaintiff's original non-negotiable Note provided by Green Tree on or about July 11, 2014 (Plaintiff Ex. A) has a stamp from Ticor Title Company affixed to it and has no holes punched at the top. The alleged copy of the Plaintiff's non-negotiable Note submitted in Dkt 16 has no such stamp. Therefore, this could not be a copy of the Plaintiff's original non-negotiable Note. 3) The alleged

MOTION TO STRIKE EVIDENCE
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

- 3 of 7 -

copy of the Plaintiff's original non-negotiable Note provided by Green Tree to the Plaintiff has only one endorsement to it which is not in blank, but clearly endorsed to Country Home Loans. The alleged copy of the Plaintiff's non-negotiable Note submitted in Dkt 16 has two additional endorsements added to an alleged copy of the Plaintiff's original non-negotiable Note. These endorsements have appeared after foreclosure proceeding have been initiated and after a lawsuit had been filed against Green Tree. In order for Green Tree to show that it had an interest in the Plaintiff's Note, they had to somehow make a blank endorsement appear. However, in the Plaintiff's exhibit K, Green Tree alleges that Fannie Mae is the owner of the Plaintiff's non-negotiable Note. Plaintiff is not in receipt of any evidence that connects Fannie Mae to his non-negotiable Note. 4) The blank endorsement in Dkt 16, exhibit 1, the blank endorsement is allegedly signed by Michele Sjolander. In a deposition of Michele Sjolander, she states that she does not personally endorse Notes, nor that she could be an officer of a company that no longer exists. Deposing Michele Sjolander in this case will help clarify any unanswered questions.

8. This submitted copy of the Plaintiff's alleged non-negotiable Note has been intentionally altered in order to mislead the Plaintiff and the Court.

9. The Plaintiff's complaint challenges the validity of the Assignment of Deed of Trust (Plaintiff's exhibit C) for several reasons. 1) Green Tree has assigned the Deed of Trust to itself which is not proper. 2) MERS never holds the Note and can never assign the debt. 3) MERS purports to assign the Deed of Trust for Pierce Commercial Bank when it had been closed for at least 2 years. 4) Green Tree alleges that the servicing rights were transferred from Bank of America to Green Tree on December 1, 2011. That being the case, it would

MOTION TO STRIKE EVIDENCE
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

not be possible for Pierce Commercial Bank or MERS to assign the Deed of Trust to Green Tree April 19, 2012. This Assignment of the Deed of Trust was intentionally crafted to mislead the Plaintiff and the Court.

10. None of the exhibits that have been entered into the record have met the requisites of admissible evidence and should be stricken from the record.

11. The Motion to Dismiss submitted by the defendants is an insufficient defense to the action, and further, it is impertinent and has been filed in bad faith. It is nothing more than a demurrer and demurrers have been abolished in the Federal Courts in the State of Washington.

12. Blacks Law Dictionary defines a demurrer as:

> "A pleading stating that although the facts alleged in a complaint may be true, they are insufficient for the plaintiff to state a claim for relief and for the defendant to frame an answer. • In most jurisdictions, such a pleading is now termed a motion to dismiss, but the demurrer is still used in a few states, including California, Nebraska, and Pennsylvania."

13. To file a demurrer is to object to the legal sufficiency of a claim alleged in a pleading without denying the truth of the facts stated. Pleadings are governed not by their name but by their substance. Any motion that tenders for the courts consideration of facts must be submitted and supported by an affidavit of a witness competent to testify. There have been no affidavits submitted into the record.

14. The factual basis of the Plaintiff's allegations are crystal clear.

15. The Court should not tolerate an utterly frivolous motion such as this by a party who does not wish to have its illegal activities exposed.

16. Plaintiff respectfully requests that the Court take notice of the well-pleaded allegations of the *pro se* Plaintiff's complaint, which this Court must accept as true at this juncture of the

MOTION TO STRIKE EVIDENCE
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

- 5 of 7 -

proceedings, and which, in light of the Plaintiff's *pro se* status, the Court must hold to a less stringent standard than formal pleadings drafted by an attorney and construe liberally. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed. 2d 652 (1972).

17. As to the Federal Ruled of Civil Procedure, "it is contrary to spirit of these rules for decisions on merits to be avoided on basis of mere technicalities." *Forman v. Davis,* Mass.19632, 83 S.Ct. 227, 371 U.S. 178m 9 K,Ed2d 222, on remand 316 F.2d 254. "The spirit of all these rules is to settle controversies upon their merits rather than to dismiss actions on technical grounds, to permit amendments liberally, and to avoid if possible depriving a litigant of a chance to bring his case to trial." *Fierstein v. Piper Aircraft Corp.,* D.C.Pa. 1948, 79 F.Supp. 217. The "spirit of these rules is that technical requirements are abolished and that judgments should be founded on facts and not on formalistic defects." *Builders Corp. of America v. U.S., C.A.*Cal. 1958, 259 F.2d 766.

18. "Factual pleading is required only insofar as it is necessary to place defendant on notice as to type of claim alleged and grounds upon which it rests, thereby enabling defendant to prepare responsive pleading." Mountain View Pharmacy v. Abbott Laboratories, C.A.Utah 1980, 630 F.2d 1383. "To state a claim on which relief can be granted plaintiff need not set forth all facts on which the claim is based but, rather, a short and plain statement on the claim is sufficient if it gives defendant fair notice of what the claim is and the grounds on which it rests." *Frito-Lay, Inc. v. Wapco Constructors, Inc.,* D.C.La. 1981, 520 F.Supp. 186.

19. Court will not dismiss complaint merely because plaintiff's allegations do not support particular legal theory advanced, as court is under duty to examine complaint to determine

MOTION TO STRIKE EVIDENCE
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

- 6 of 7 -

if allegations provide basis for relief under any possible theory. *Espinoza v. Fry's Food Stores of Arizona, Inc.*, D.Ariz.1990, 806 F.Supp. 855. Federal Civil Procedure 1771.

20. Defendants have attempted to mislead the Plaintiff and the Court by alleging the Plaintiff is beyond statutes of limitations. Limitations are based upon date of violations and not upon the date documents were signed and are impertinent.

WHEREFORE, Plaintiff moves the Court to deny Defendants Green Tree and MERS Motion to Dismiss.

WHEREFORE, Plaintiff moves the Court to strike defendants Green Tree and MERS Motion to Dismiss from the record.

Dated this 29th Day of December, 2014

/s/ James A. Bigelow
James A. Bigelow

**CERTIFICATE OF SERVICE**

I CERTIFY UNDER PENALTY OF PERJURY under the laws of the State of Washington that the foregoing is true and correct and that a copy of the foregoing has been electronically provided to Renee M. Parker, Esq., and Joseph H. Marshall, Esq.

Dated this 29th day of December, 2014.

/s/ James A. Bigelow
James A. Bigelow

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568