THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES A. BIGELOW, | Case No.: 3:14-cv-05798-BHS |
| Plaintiff, | |
| vs. | MOTION TO STRIKE THE DECLARATION OF EDWARD BORN |
| NORTHWEST TRUSTEE SERVICES, INC.; | |
| GREEN TREE SERVICING, LLC., | NOTE ON MOTION CALENDAR: JANUARY 2, 2015 |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, Inc., | |
| DOE DEFENDANTS 1 - 20 | |
| Defendants. | |

Now comes the Plaintiff, James A. Bigelow, who submits this Motion to Strike the declaration of Edward Born (Dkt 17) and states:

1. The header of the Edward Born declaration states that Renee Parker has a WSBA number of 256851. This is actually Renee Parker's California Bar number, which is misleading. This establishes that counsel for GTS and MERS does not take care as to not mislead the Plaintiff or this Court as they have done here.

MOTION TO STRIKE DECLARATION
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

2. The alleged declaration of Edward Born, based on its presentation, appears to be more of a form letter and not a personal declaration of Edward Born.

3. Edward Born cannot be a witness for the GTS pursuant to the Washington Rules of Evidence § 602 which states:

> "A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the fact."

4. The alleged declaration of Edward Born is impertinent and based on hearsay. Nothing in this declaration is based upon any personal first-hand knowledge of Edward Born. Upon information and belief, counsel for GTS has prepared and submitted this declaration on behalf of Edward Born.

5. This alleged Declaration of Edward Born addresses an alleged debt but does not respond to the allegations in the Plaintiff's complaint.

6. This declaration does not deny GTS violations of statutes while attempting to collect an alleged debt.

7. The alleged declaration of Edward Born does not deny that the Plaintiff's Note is a non-negotiable instrument.

8. The alleged declaration of Edward Born does not deny that GTS has assigned the Deed of Trust to itself and then took part in electronically recording this false and misleading document into the County records of Thurston County, violating State and Federal statutes.

9. The alleged declaration of Edward Born does not deny that MERS could not take part in assigning a Deed of Trust that it was no longer a party to since Pierce Commercial Bank did not exist at the time of the assignment.

MOTION TO STRIKE DECLARATION  
Case No.: 3:14-cv-05798-BHS

James A. Bigelow  
10018 Cascadian Ave SE  
Yelm Washington 98597  
360-790-2568

- 2 of 6 -

10. The alleged declaration of Edward Born does not deny that MERS could only assign that which it had control over. Since there was no possible way for MERS to transfer the debt instrument with the Deed of Trust, an Assignment of the Deed of Trust could not be possible

11. The alleged declaration of Edward Born does not deny that GTS has violated the FDCPA.

12. The alleged declaration of Edward Born does not deny that GTS has violated the WDTA.

13. The alleged declaration of Edward Born does not deny that GTS has violated the WCPA.

14. ¶ 1 of the alleged declaration of Edward Born alleges that Edward Born is an Assistant Vice President of GTS, and is authorized to make this affidavit. A search on the internet reveals that there are three Executive Vice Presidents (Gregory Aplin, Jerry Britton, Richard Evans). Based upon this declaration, there is no way of knowing if the position of Assistant Vice President actually exists. Had Edward Born actually prepared this declaration, he would have known that this is labeled a declaration and not an affidavit. This declaration could not be labeled an affidavit since an affidavit is based upon personal first-hand knowledge and since nothing in this declaration is based upon personal first-hand knowledge, it had to be labeled a declaration.

15. Should the office of Assistant Vice President actually exist, this declaration does not explain what Edward Born's duties are as an Assistant Vice President for GTS or what access he is entitled to. Based upon this declaration, there is no way of knowing how Edward Born gained authorization to provide this declaration or what the specifics of this authorization are.

16. Black's Law Dictionary defines an affidavit as:

> "A voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths, such as a notary public."

MOTION TO STRIKE DECLARATION
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

- 3 of 6 -

17. Black's Law Dictionary defines a declaration as:

"A formal statement, proclamation, or announcement, esp. one embodied in an instrument."

18. Edward Born states nothing from personal first-hand knowledge of any alleged facts and therefore is providing unverified statements.

19. ¶ 2 of the alleged declaration of Edward Born alleges that GTS maintains a database of information and that entry of information into this database is by either people with first-hand knowledge or by information provided by people with first-hand knowledge. Declarant does not provide any names of these alleged people with personal first-hand knowledge or how these alleged people gained personal first-hand knowledge of any records that the Declarant might review. This paragraph is confusing since this paragraph does not clarify which documents were recorded by people with personal first-hand knowledge, and which documents were recorded by people with information provided by people with personal first-hand knowledge. If these people were not employed by Pierce Commercial Bank or Chicago Title Company then there would be no possible way for these un-named people to have personal first-hand knowledge of the Note or the Deed of Trust that GTS is relying upon. Edward Born is merely providing unverified assumptions.

20. This declaration also states that recording of such information is a regular practice of the servicing agent or <u>Plaintiff's</u> regularly conducted business practice and that the declarant has access to loan records within this database and knowledge of how they are maintained. Had the declarant actually prepared this document, he would know that GTS is not the Plaintiff in this case. Based upon this Declaration, there is no way of knowing how the Declarant knows that recording of such information is a regular practice of GTS and upon

MOTION TO STRIKE DECLARATION  
Case No.: 3:14-cv-05798-BHS

James A. Bigelow  
10018 Cascadian Ave SE  
Yelm Washington 98597  
360-790-2568

what authority the Declarant has gained access to loan records maintained in this alleged database.

21. Declarant also states that he has gained knowledge of facts but does not state how he gained first-hand knowledge of any facts. Gaining knowledge of verified facts cannot happen without having personal first-hand knowledge of the facts.

22. ¶ 5 of the alleged declaration of Edward Born alleges that the custodian of GTS obtained possession of the Note, endorsed in blank but does not specify whose Note the custodian has possession of or how the custodian of GTS came into possession of this non-specific Note. Edward Born references RJN Ex. 1. This alleged non-negotiable Note could not be a copy of the Plaintiff's original non-negotiable Note for several reasons; 1) A copy of the Plaintiff's original non-negotiable Note would not have holes punched at the top of the page. The copy provided to the Plaintiff by GTS on or about July 11, 2014 has no holes punched at the top. Therefore, this alleged original non-negotiable Note could only be a file copy of the alleged original non-negotiable Note; 2) The alleged copy of the Plaintiff's original non-negotiable Note provided by GTS on or about July 11, 2014 (Plaintiff Exhibit A) has a stamp from Ticor Title Company affixed to it and the alleged copy of the Plaintiff's non-negotiable Note submitted as RJN Exhibit 1 has no such stamp. Therefore, this could not be a copy of the Plaintiff's original non-negotiable Note; 3) The alleged copy of the Plaintiff's original non-negotiable Note provided by GTS to the Plaintiff on or about July 11, 2014 has only one endorsement to it which is not an endorsement in blank, but clearly endorsed to Country Home Loans. RJN Exhibit 1 has two additional endorsements added to an alleged copy of the Plaintiff's original non-negotiable Note. These endorsements have appeared after foreclosure proceeding have

MOTION TO STRIKE DECLARATION                               James A. Bigelow
Case No.: 3:14-cv-05798-BHS                                10018 Cascadian Ave SE
                                                           Yelm Washington 98597
                                                           360-790-2568

- 5 of 6 -

<pre>been initiated and after the Plaintiff filed his complaint. This is clearly an intentional attempt to mislead the Plaintiff and the Court and would constitute deceptive practices pursuant to the WCPA.</pre>

23. In a deposition of Michele Sjolander, the person who allegedly signed the blank endorsement on the RJN Exhibit 1 original non-negotiable Note, she states that she does not personally endorse Notes, nor that she could be an officer of a company that no longer exists (Country Wide Bank, N.A.). Michele Sjolander would need to be deposed in this case to clarify this and any other unanswered questions.

24. This declaration was intentionally crafted in such a way as to mislead the Plaintiff and the Court and should be stricken from the record.

WHEREFORE, for the reasons stated above, the Plaintiff requests and moves this court to strike the declaration of Edward Born from the record.

Dated this 1st Day of January, 2015

   /s/ James A. Bigelow
James A. Bigelow

## CERTIFICATE OF SERVICE

I CERTIFY UNDER PENALTY OF PERJURY under the laws of the State of Washington that the foregoing is true and correct and that a copy of the foregoing has been electronically provided to Renee M. Parker, Esq., and Joseph H. Marshall, Esq.

Dated this 2nd day of January, 2014.

   /s/ James A. Bigelow
James A. Bigelow

MOTION TO STRIKE DECLARATION
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

<pre>- 6 of 6 -</pre>