THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES A. BIGELOW, | Case No.: 3:14-cv-05798-BHS |
| Plaintiff, | |
| vs. | MOTION TO STRIKE RJN EXHIBITS OF DKT 16 SUBMITTED BY RENEE M. PARKER |
| NORTHWEST TRUSTEE SERVICES, INC.; | |
| GREEN TREE SERVICING, LLC., | NOTE ON MOTION CALENDAR: JANUARY 2, 2015 |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, Inc., | |
| DOE DEFENDANTS 1 - 20 | |
| Defendants. | |

Now comes the Plaintiff, James A. Bigelow, who submits this Motion to Strike RJN Exhibits submitted by Renee Parker and states:

1. The header of this declaration states that Renee Parker has a WSBA number of 256851. It is actually Renee Parker's California Bar Association number, which is misleading. This establishes that counsel does not take care as to not mislead this Court as they have done here.

MOTION TO STRIKE EVIDENCE
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

2. Counsel for GTS, Renee M. Parker, is attempting to be both counsel and witness for GTS by testifying to RJN Exhibits in Dkt 16. None of the exhibits provided by counsel are supported by an affidavit of a competent fact witness and should be stricken from the record. "Any statement of counsel is not evidence and you are to decide the case only from the evidence produced by the witnesses." *State v Furguson*, 864 P 2d. 693 – Kan: Supreme Court 1993." "Facts must be supported by affidavits" of a witness and not counsel. *Siegler v. Williams*, 658 SW 2d 236 - Tex: Court of Appeals 1983.

3. Dkt 16, signed by Renee M. Parker, suggests that all exhibits submitted by counsel are matters of public record according to ER 803(14)(15) and RCW 5.44.040. That is misleading and incorrect. Counsel has carefully crafted Dkt 16 to intentionally mislead the Plaintiff and this Court. Exhibits 1 and 5 are not matters of public record. Exhibits 2, 3, 4, and 6 submitted by counsel have not been duly certified pursuant to RCW 5.44.040.

4. ER 803 (14) reads:

> "Records of Documents Affecting an Interest in Property. The record of the document purporting to establish or affect an interest in property, as proof of the content of the original recorded document and its execution and delivery by each person by whom it purports to have been executed, if the record is a record of a public office and an applicable statute authorized the recording of documents of that kind in that office."

GTS has no documented interest in the Plaintiff's property. GTS has assigned the Deed of Trust to itself when it had no interest in the property to begin with.

5. ER 803 (15) reads:

> "Statements in Documents Affecting an Interest in Property. A statement contained in a document purporting to establish or affect an interest in property if the matter stated was relevant to the purpose of the document unless dealings with the property since the document was made have been inconsistent with the truth of the statement or the purport of the document."

MOTION TO STRIKE EVIDENCE
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

1  No statements have been referenced in Dkt 16 that would make ER 803(15) relevant.

2  6. RCW 5.44.040 states:

"Copies of all records and documents on record or on file in the offices of the various departments of the United States and of this state or any other state or territory of the United States when duly certified by the respective officers having by law the custody thereof, under their respective seals where such officers have official seals, shall be admitted in evidence in the courts of this state."

Contrary to counsel's belief, documents entered into the record for GTS fail as admissible evidence pursuant to RCW 5.44.040. These documents have not been duly certified and do not bear any official seals. These documents are to be considered hearsay and pursuant to Rule ER 803, hearsay is not admissible except as provided by these rules, by other court rules, or by statute. Therefore, Exhibits 1 thru 7 should be stricken from the record.

7. RTN Exhibit 1, submitted by counsel for GTS, is not a copy of the Plaintiff's alleged non-negotiable original Note. It is a copy of a file copy of the Plaintiff's alleged original non-negotiable Note and further examination of this document will establish this as fact This alleged non-negotiable Note could not be a copy of the Plaintiff's original non-negotiable Note for several reasons; 1) A copy of the Plaintiff's original non-negotiable Note would not have holes punched at the top of the page. The copy provided to the Plaintiff by GTS on or about July 11, 2014 has no holes punched at the top. Therefore, this alleged original non-negotiable Note could only be a file copy of the alleged original non-negotiable Note; 2) The alleged copy of the Plaintiff's original non-negotiable Note provided by GTS on or about July 11, 2014 (Plaintiff Exhibit A) has a stamp from Ticor Title Company affixed to it and the alleged copy of the Plaintiff's non-negotiable Note submitted as RJN Exhibit 1 has no such stamp. Therefore, this could not be a copy of the Plaintiff's original non-negotiable Note; 3) The alleged copy of the Plaintiff's original non-negotiable Note

MOTION TO STRIKE EVIDENCE
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

provided by GTS to the Plaintiff on or about July 11, 2014 has only one endorsement to it which is not an endorsement in blank, but clearly endorsed to Country Home Loans. RJN Exhibit 1 has two additional endorsements added to an alleged copy of the Plaintiff's original non-negotiable Note. These endorsements have appeared after foreclosure proceeding have been initiated and after the Plaintiff filed his complaint. This is clearly an intentional attempt to mislead the Plaintiff and the Court and would constitute deceptive practices pursuant to the WCPA.

8. In order for GTS to show that it had an interest in the Plaintiff's Note, GTS had to somehow make a blank endorsement appear on the alleged Note. That blank endorsement has appeared on a copy of the alleged note and tenders for the Plaintiff and this Court to accept this as a true endorsement to the original Note, which is false. In the Plaintiff's exhibit K, GTS alleges that Fannie Mae is the owner of the Plaintiff's non-negotiable Note. Plaintiff is not in receipt of any evidence that connects Fannie Mae to his non-negotiable Note. The blank endorsement in RJN exhibit 1 is allegedly signed by Michele Sjolander. In a deposition of Michele Sjolander, she states that she does not personally endorse Notes, nor that she could be an officer of a company that no longer exists (Country Wide Bank, N.A.). Michele Sjolander would need to be deposed in this case to clarify this and any other unanswered questions.

9. This submitted copy of the Plaintiff's alleged non-negotiable Note has been intentionally altered in order to mislead the Plaintiff and this Court.

10. The Plaintiff's complaint challenges the validity of the Assignment of Deed of Trust (Plaintiff's exhibit C) for several reasons. 1) GTS has assigned the Deed of Trust to itself which is not proper. 2) MERS never holds the Note and can never assign the debt. 3)

MOTION TO STRIKE EVIDENCE
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568

- 4 of 5 -

MERS purports to assign the Deed of Trust that it is not a party to as Pierce Commercial Bank had been closed for at least 2 years prior to the date of the Assignment of Deed of Trust. 4) GTS alleges that the servicing rights were transferred from Bank of America to Green Tree on December 1, 2011. That being the case, it would not be possible for Pierce Commercial Bank or MERS to assign the Deed of Trust to Green Tree April 19, 2012. This Assignment of the Deed of Trust was intentionally crafted to mislead the Plaintiff and this Court.

11. None of the exhibits that have been entered into the record have met the requisites of admissible evidence and should be stricken from the record.

WHEREFORE, for the reasons stated above. The Plaintiff requests and moves this court to strike the exhibits submitted into the record by Renee M. Parker from the record.

Dated this 1st Day of January, 2015

_/s/ James A. Bigelow_
James A. Bigelow

### CERTIFICATE OF SERVICE

I CERTIFY UNDER PENALTY OF PERJURY under the laws of the State of Washington that the foregoing is true and correct and that a copy of the foregoing has been electronically provided to Renee M. Parker, Esq., and Joseph H. Marshall, Esq.

Dated this 2nd day of January, 2014.

_/s/ James A. Bigelow_
James A. Bigelow

MOTION TO STRIKE EVIDENCE
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
10018 Cascadian Ave SE
Yelm Washington 98597
360-790-2568