UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES A. BIGELOW,<br><br>               Plaintiff,<br><br>   v.<br><br>NORTHWEST TRUSTEE SERVICES, INC., et al.,<br><br>               Defendants. | CASE NO. C14-5798 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND PLAINTIFF LEAVE TO AMEND |

     This matter comes before the Court on Defendants Green Tree Servicing, LLC, ("Green Tree") and Mortgage Electronic Registration Systems, Inc. ("MERS") (collectively "Defendants") motion to dismiss (Dkt. 15). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants Defendants' motion and Plaintiff James Bigelow ("Bigelow") leave to amend the complaint for the reasons stated herein.

## I. PROCEDURAL HISTORY

On October 7, 2014, Bigelow filed a complaint against Northwest Trustee Services, Inc. ("Northwest"), Green Tree, and MERS asserting causes of action for (1) violation of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), (2) violation of the Washington State Deed of Trust Act, RCW Chapter 61.24 ("DTA"), and (3) violation of the Washington Consumer Protection Act, RCW Chapter 19.86 ("CPA").  Dkt. 1.

On November 13, 2014, Bigelow filed an amended complaint against the same defendants asserting the same causes of action.  Dkt. 11.

On December 2, 2014, Defendants filed a motion to dismiss.  Dkt. 12.  That same day, Defendants filed a request for judicial notice.  Dkt. 16.  On December 30, 2014, Bigelow responded.  Dkt. 20.  On January 2, 2015, Bigelow filed a motion to strike (Dkt. 21) and an additional response (Dkt. 22).  Defendants did not reply.

## II. FACTUAL BACKGROUND

On April 24, 2007, Bigelow and co-borrower Carolyn Bigelow ("Ms. Bigelow") executed a Note in the amount of $233,899.00 in favor of Pierce Commercial Bank.  The Note was secured by a Deed of Trust encumbering property commonly known as 10018 Cascadian Avenue SE, Yelm, Washington 98597.  The Deed of Trust was recorded with the Thurston County Auditor on April 27, 2007.

Defendants assert that the loan was transferred to Green Tree on April 19, 2012. The Corporate Assignment of Deed of Trust was recorded with the Thurston County

ORDER - 2

1  Auditor on April 20, 2012. Defendants also assert that Green Tree is the holder of the

2  Note and services the loan on behalf of the Federal National Mortgage Association.

3  Defendants assert that, beginning with the payment due on November 1, 2011, the

4  borrowers defaulted under the terms of the Note and Deed of Trust by failing to perform

5  monthly payment obligations. On May 10, 2012, Northwest sent a Notice of Default to

6  the borrowers. After the borrowers failed to cure the default, Northwest sent a Notice of

7  Trustee's Sale. Bigelow filed this action shortly thereafter.

### III. DISCUSSION

**A.  Motion to Strike**

On December 2, 2014, Defendants filed a request for judicial notice requesting that the Court take judicial notice of certain documents. Dkt. 16. The documents attached to the request are as follows: (1) the Note dated April 24, 2007, as executed by Bigelow and Ms. Bigelow; (2) the Deed of Trust dated April 24, 2007, recorded in the office of the Thurston County Auditor on April 27, 2007 as Instrument No. 3922368; (3) a document entitled "Corporate Assignment of Deed of Trust" from MERS as nominee for Pierce Commercial Bank, its Successors and Assigns, to Green Tree recorded on April 20, 2012 in the official records of the Thurston County Auditor as Instrument No. 4261697; (4) a document entitled "Appointment of Successor Trustee" naming Northwest as the successor trustee, recorded on May 18, 2012 in the official records of the Thurston County Auditor as Instrument No. 4266605; (5) a document entitled "Notice of Default" dated May 10, 2012 and sent to James Bigelow a/k/a James A. Bigelow and Carolyn Bigelow a/k/a Carolyn G. Bigelow a/k/a Carolyn G. Willey a/k/a Carolyn G. Absell; (6) a

document entitled "Notice of Trustee's Sale" recorded on April 30, 2014 in the official records of the Thurston County Auditor as Instrument No. 4389907; and (7) the docket report for Bigelow's 2014 bankruptcy. Dkt. 16, Exs. 1–7. Defendants fail to clarify why the Court should take judicial notice of these documents. Taking judicial notice results in a finding that a fact is admissible as evidence, and Defendants fail to assert why the Court should accept these documents as admissible evidence at this point in the proceeding. Therefore, the Court denies Defendants' request to take judicial notice of these documents.

On January 2, 2015, Bigelow moved to strike all these documents for various reasons. Dkt. 22. With regard to the documents that pertain to Bigelow's loan, property, and foreclosure proceeding, *id.*, Exs. 1–6, Bigelow submitted these documents with his complaint. *See* Dkt. 1, Exs. A–M. Even if Bigelow is correct that Defendants failed to properly authenticate their version of the documents, the Court may consider documents attached to the complaint when assessing the merits of a motion to dismiss. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (as amended). Therefore, the Court denies Bigelow's motion to strike these documents.

With regard to the docket report for the bankruptcy proceeding, the Court can take judicial notice of this docket as it is a matter of public record. Therefore, the Court denies Bigelow's motion to strike this document as well.

**B.    Motion to Dismiss**

Defendants move to dismiss all three of Bigelow's claims. Dkt. 15.

### 1.     Standard

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983).  To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007).  Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

### 2.     Failure to Join

In this case, Defendants argue that the Court should dismiss the case because Bigelow has failed to join an indispensible party, the joint borrower Ms. Bigelow.  Dkt. 15 at 21.  Dismissing a case for failing to join an indispensible party is a drastic remedy that may only be ordered after a court finds that a party is indispensible, the party may not be joined, and that "in equity and good conscience" the case may not proceed in the absence of the party. *EEOC v. Peabody W. Coal Co.*, 400 F.3d 774, 779–80 (9th Cir. 2005).  While Defendants provide some facts showing that Ms. Bigelow is an indispensible party, they fail to provide any facts or argument under the other parts of the test.  Therefore, to the extent Ms. Bigelow is an indispensible party under Federal Rule of

Civil Procedure 19, the Court grants Defendants' motion in part such that she must be joined and orders Bigelow to join co-borrower Ms. Bigelow.

**3. Contract Statute of Limitations**

Defendants argue that the six-year statute of limitations applies to any possible contract claim that Bigelow may assert pursuant to the Note or Deed of Trust. Dkt. 15 at 21–22. The Court denies Defendants' motion on this issue because Bigelow does not assert a breach of contract claim.

**4. CPA**

In this case, Defendants argue that (1) Bigelow's CPA claim is barred by the four-year statute of limitations and/or (2) Bigelow fails to state a CPA claim. Dkt. 15 at 22, 26–36. The Court is unable to determine whether the statute of limitations bars Bigelow's claim because Bigelow has failed to allege sufficient facts to state a CPA claim. In his amended complaint, Bigelow alleges that it "is impossible to frame definitions which embrace all unfair practices" and that "Defendants misrepresented documents to Plaintiff." Dkt. 11 ¶¶ 176, 178. While Bigelow asserts numerous factual allegations, *id.* ¶¶ 10–145, he fails to provide a short and plain statement of Defendants' unfair practices that is sufficient to assert a plausible claim. Bigelow essentially provides labels and conclusions, which is insufficient to establish a claim. Therefore, the Court grants Defendants' motion on Bigelow's CPA claim.

**5. FDCPA**

In this case, Defendants argue that the Court should dismiss Bigelow's FDCPA claims because (1) Defendants are not "debt collectors" under the statute, and (2)

Bigelow fails to allege sufficient facts that Defendants acted unfairly. Dkt. 15 at 23–25. First, Bigelow asserts this claim against Green Tree and does not include MERS in this cause of action. *See* Dkt. 11 ¶¶ 146–60. Green Tree claims that it is exempt from the FDCPA because it became the servicer of the debt before the debt was in default. *See* 15 U.S.C. § 1692a(6)(F)(iii). Bigelow counters by challenging the "validity" of the assignment to Green Tree. Dkt. 20 at 4. Bigelow argues that the principle on the assignment, Pierce Commercial Bank, was out of business when the assignment occurred on April 20, 2012. *Id.* Although Green Tree fails to respond to this argument, Bigelow fails to include this allegation in his cause of action. Therefore, the Court grants Defendants' motion to dismiss Bigelow's FDCPA claim because Bigelow fails to allege sufficient facts to state a claim.

**6. DTA**

In this case, Defendants move to dismiss Bigelow's DTA claim. However, as Defendants indicate, Bigelow asserts this claim against only Northwest. Dkt. 15 at 26. Therefore, the Court denies Defendants' motion on this issue as moot.

**7. Remedy**

"A pro se litigant must be given leave to amend his or her complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

In this case, it is not absolutely clear that the deficiencies in Bigelow's complaint could not be cured by amendment. Therefore, the Court grants Bigelow leave to amend.

## IV. ORDER

Therefore, it is hereby **ORDERED** that Defendants' motion to dismiss (Dkt. 15) is **GRANTED** as stated herein and Bigelow is granted leave to amend. Bigelow must file an amended complaint no later than February 13, 2015. Failure to file an amended complaint may result in **DISMISSAL**.

Dated this 29th day of January, 2015.

BENJAMIN H. SETTLE
United States District Judge