THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT TACOMA

JAMES A. BIGELOW,

      Plaintiff,

    vs.

NORTHWEST TRUSTEE SERVICES, INC.;

GREEN TREE SERVICING, LLC.,

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, Inc.,

WRIGHT, FINLAY & ZAK, LLP,

TICOR TITLE COMPANY,

NATIONWIDE TITLE CLEARING,

FIRST AMERICAN TITLE INSURANCE COMPANY,

RENEE PARKER,

DOE DEFENDANTS 1 - 20

      Defendants.

Case No.: 3:14-cv-05798-BHS

**SECOND AMENDED COMPLAINT**

**TRIAL BY JURY DEMANDED**

**SECOND AMENDED COMPLAINT**

SECOND AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

Pursuant to Court Order [Dkt 35] and LCR 15, Plaintiff submits his second amended complaint.

This action arises from attempts to collect on a Note. Plaintiff, James A. Bigelow, Individually, hereby sues Defendant NORTHWEST TRUSTEE SERVICES, INC., for violations of the Fair Debt Collections Practices Act (Hereinafter "FDCPA"), Washington Deed of Trust Act (Hereinafter "WDTA"), Washington Consumer Protection Act (Hereinafter "WCPA"), Slander of Title, Infliction of Emotional Distress, Defendant GREEN TREE SERVICING, LLC., for violations of the FDCPA, WCPA, Slander of Title, Infliction of Emotional Distress, Mortgage Electronic Registration Systems, Inc. (Hereinafter "MERS") for violations of the WCPA, Slander of Title, Infliction of Emotional Distress, WRIGHT, FINLAY & ZAK, LLP for violations of the FDCPA, WCPA, Slander of Title, Infliction of Emotional Distress, RENEE PARKER for violations of the FDCPA, WCPA, Slander of Title, Infliction of Emotional Distress, TICOR TITLE COMPANY for violations of the WCPA, Slander of Title, Infliction of Emotional Distress, NATIONWIDE TITLE CLEARING for violations of the WCPA, Slander of Title, Infliction of Emotional Distress, FIRST AMERICAN TITLE INSURANCE COMPANY for violations of the WCPA, Slander of Title, Infliction of Emotional Distress.

1. This is an action for damages and injunctive relief brought by Plaintiff for violations of the FDCPA 15 U.S.C. § 1692 *et seq.*, the WDTA RCW § 61.24 *et seq* and WCPA RCW § 19.86 *et seq*. Upon Information and belief, Plaintiff contends that many of these practices are widespread by the Defendants. Plaintiff intends to propound discovery to Defendants identifying these other individuals who have suffered similar violations.

SECOND AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

- 2 of 35 -

2. All conditions precedent to the bringing of this action have been performed, waived or excused.

## JURISDICTION AND VENUE

3. Jurisdiction of this court arises under 28 U.S.C. § 1331; 15 U.S.C. § 1692k, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391. Venue is proper in this District as the Plaintiff resides here, the Defendants transact business here, and the conduct complained of occurred here.

## PARTIES

5. Plaintiff, James A. Bigelow, is a natural person and is a resident of the State of Washington. Plaintiff suffers from Attention Deficit Hyperactivity Disorder (ADHD) and has a difficult time with many tasks requiring extended amounts of time. Plaintiff is protected under the Americans with Disabilities Act (ADA) 42 U.S.C. § 126.

6. Upon information and belief the Defendant, NORTHWEST TRUSTEE SERVICES, INC. (Hereinafter "NWTS"), is a Washington Corporation, licensed with the Washington State Business Licensing Service, with an office located at 13555 SE 36th St, Suite 100, Bellevue, Washington, 98006. Upon information and belief, NWTS is assigned a UBI number of 602376725. Upon information and belief NWTS is registered with the Washington Department of Revenue as an "all other business support services".

7. Upon information and belief the Defendant, GREEN TREE SERVICING, LLC. (Hereinafter "GTS"), is a Delaware Corporation, licensed with Washington State Business Licensing Service, with offices located at 33600 6th Ave S, Suite 220, Federal Way, Washington, 98003. Upon information and belief, GTS is assigned a UBI number of

SECOND AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

- 3 of 35 -

602302513. Upon information and belief, GTS Registered Agent is CT Corporation Systems, 505 Union Ave SE, Suite 120, Olympia, Washington, 980501. Upon information and belief GTS is registered with the Washington Department of Revenue as "Consumer Lending". Upon information and belief WFHM does not have an "Entity Type" identified with the State of Washington Business Licensing Service, and assigned a UBI number of 601311007.

8. Upon information and belief the Defendant, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (Hereinafter "MERS"), is a foreign Delaware Corporation, not authorized to do business in Washington, with offices at 1818 Library Street, Reston, Virginia 20190. Upon information and belief, MERS is a wholly subsidiary of MERSCORP. Upon information and belief MERS, as it is referred to in most mortgages, is a bankruptcy remote company with no employees and no assets designed specifically for diverting liability away from MERSCORP. MERS acronym is used on all MERSCORP mortgages to appear as if the mortgagee is MERS, and not MERSCORP. MERS, as a bankruptcy remote corporation, engages in business in the state of Washington.

9. Upon information and belief the Defendant, WRIGHT FINDLAY & ZAK, LLP (Hereinafter "WFZ"), a California firm, not licensed to do business in Washington State, with offices located at 4665 MacArthur Court, Suite 200, Newport Beach, California, 92660.

10. Renee Parker (Hereinafter "Parker"), an associate with WFZ, licensed to practice law in Washington State, WSBA NO. 36995, with offices located at 4665 MacArthur Court, Suite 200, Newport Beach, California, 92660.

SECOND AMENDED COMPLAINT
Case No.:  3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

11. Upon information and belief the Defendant, TICOR TITLE COMPANY (Hereinafter "TTC") is a Washington Corporation licensed with the Washington State Business Licensing Service, with an office located at 3929 Bridgeport Way W Ste 202, University Place, Washington, 98466. Upon information and belief, TTC Registered Agent is CT Corporation Systems, 505 Union Ave SE, Suite 120, Olympia, Washington, 98501. Upon information and belief, TTC is assigned a UBI number of 601371520.

12. Upon information and belief the Defendant, NATIONWIDE TITLE CLEARING (Hereinafter "NTC") is a Washington Corporation licensed with the Washington State Business Licensing Service, with an office located at 7530 N Glen Oaks Blvd, Burbank, California, 91504. Upon information and belief, NTC Registered Agent is Ryan Douglas, 24621 270th Ave SE, Maple Valley, Washington, 98038.

13. Upon information and belief, FIRST AMERICAN TITLE INSURANCE COMPANY (Hereinafter "FATIC") is a Washington Corporation licensed with the Washington State Business Licensing Service, with an office located at 3905 Martin Way East, Olympia, Washington, 98506. Upon information and belief, FATIC Registered Agent is Corporation Service Company, 300 Deschutes Way, Suite 304, Tumwater, Washington, 98501.

14. DOES 1-20 are for any parties currently unknown in which, through discovery of these proceedings, becomes known as an affiliated entity or entity of interest in the matters set herewithin.

## GENERAL ALLEGATIONS

15. This is a prima facie complaint.

SECOND AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

16. On April 24, 2007, Plaintiff allegedly executed a Note [see Dkt 1-1, EXHIBIT A] for $233,899.00 naming Pierce Commercial Bank (hereinafter "PCB") as the [Lender], secured by the Plaintiff's Property.

17. Exhibit A is an alleged copy of the Plaintiff's original Note upon which the Defendant(s) are relying upon. This alleged copy of the Plaintiff's Note was provided by GTS on or about July 11, 2014.

18. This alleged Note has a stamp affixed to it by TTC certifying this Note to be a true copy of the original. Although the person providing this Note did not identify themselves, seeing this stamp would lead this unidentified person to believe that this is a true copy of an alleged Note.

19. MERS is not a party to this alleged Note and has no interest in this alleged Note whatsoever. At no time did Plaintiff owe MERS any obligation under the terms of any alleged Note or DOT.

20. MERS own terms and conditions state that they never have anything to do with the Note [see Dkt 23, EXHIBIT Q, P. 1 ¶ 2-3].

21. The alleged copy of the Plaintiff's Note is a non-negotiable instrument because it has conditions beyond the payment of money (see Memorandum of Law - Negotiability, P. 3 ¶ 5-15) Pursuant to RCW 62A *et seq*, the alleged copy of the Plaintiff's Note is a non-negotiable instrument and could not be assigned, transferred or sold except under contract law [see Dkt 24, EXHIBIT P, P. 747].

22. The title company involved with the closing of the Plaintiff's alleged Note was Chicago Title Company [see Dkt 1-1, EXHIBIT B, P. 2 ¶ (D)]. After closing, the original of Plaintiff's alleged Note was sent to the Lender, PCB.

SECOND AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

- 6 of 35 -

23. A copy of a copy of an original, unaltered Note can be obtained by merely calling Chicago Title Company.

24. TTC is not the lender nor the servicer of the Plaintiff's alleged Note.

25. TTC was not involved with the closing of the Plaintiff's alleged Note.

26. Therefore, TTC would have no reason to be in possession of the Plaintiff's alleged original Note. For these reasons, Plaintiff alleges that it would not be possible for TTC to certify a copy of the original Note.

27. On P. 1 of the alleged copy of the Plaintiff's Note there is a stamp imprint "TICOR Title Company" with an unknown signature attached to it alleging to be "certified to be a true copy of the original" of the Plaintiff's alleged Note.

28. Since an alleged copy of the Plaintiff's unaltered Note can be obtained from Chicago Title Company, and since TTC would have no reason to be in possession of the Plaintiff's alleged original Note, the Plaintiff alleges that TTC never had possession of the Plaintiff's alleged original Note and made this to be an intentional false and misleading certification made to an alleged copy of the Plaintiff's Note.

29. On P. 3 of the alleged copy of the Plaintiff's Note it is clearly marked [sign original only].

30. There is an alleged indorsement on an alleged copy of the Plaintiff's Note to Countrywide Bank N.A.

31. If one were to assume this alleged Note to be true, PCB would no longer be entitled to payments and MERS would no longer be able to be act as a nominee for PCB.

32. There is no other indorsement on this Note that would entitle GTS, Fannie Mae or any other entity to payments.

SECOND AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

33. This alleged indorsement on P. 3 of the alleged copy of the Plaintiff's Note is signed by Sonja L. Lightfoot. There is no date attached to this alleged indorsement so there is no way of knowing on what date this indorsement was signed.

34. The Court may take judicial notice that Sonja L. Lightfoot has questionable business practices as recognized by the State of Washington Department of Financial Institutions Consumer Services Division and the Department of Justice [see Dkt 23, EXHIBITS N AND O] and therefore this signature cannot be relied upon.

35. Plaintiff is not in receipt of a copy of the alleged [original Note] validating an indorsement to Countrywide Bank, N.A. has been made to an original note.

36. Plaintiff is not in receipt of any document that incorporates any other entity as a party to the alleged contract other than PCB.

37. Plaintiff denies alleges that the alleged Note relied upon by the Defendant(s) is not the same note referenced in the alleged Deed of Trust and thus Plaintiff disputes the validity of the alleged debt.

38. P.1 ¶ 1 of the alleged copy of the Plaintiff's Note states that the [lender] may transfer this note and that the transferee then becomes the [note holder]. This entitles the note holder to payments but never transfers the title of [lender] to the transferee. The [lender] always remains as [PCB] throughout the life of the loan.

39. Pursuant to the alleged Note, any provision that requires action of the [lender] requires the action of PCB and not the note holder. The note holder, or any other entity, can never be the [lender]. PCB is and always will be the [only] entity that the Plaintiff has borrowed money from.

SECOND AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

- 8 of 35 -

40. Plaintiff's loan was securitized shortly after closing and GTS refuses to provide that information.

41. On April 24, 2007, the Plaintiff allegedly executed a Deed of Trust (Hereinafter "DOT")[see Dkt 1-1, EXHIBIT B], which was provided by GTS on or about July 11, 2014, naming PCB as the [Lender], and Chicago Title Company as the Trustee, securing property commonly known as 10018 Cascadian Ave SE, Yelm, Thurston County, Washington, 98597, and said Deed of Trust was recorded into the records of Thurston County on April 27, 2007, under Recording Number 3922368. Said property is Plaintiff's primary resident.

42. Exhibit B is an alleged copy of the Plaintiff's original DOT upon which the Defendant(s) are relying upon. This alleged copy of the Plaintiff's DOT was provided by GTS.

43. MERS is described as a *nominee* for PCB and its successors and assigns. Page two ¶ (E) states:

> ""MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as nominee for Lender. MERS is the beneficiary under this security instrument."

44. The Washington Supreme Court has rejected MERS as being a legal beneficiary.

45. ¶ 18 of the DOT requires the [Lender] to give notice to the Plaintiff of acceleration. Plaintiff is not in receipt nor has the Plaintiff ever been in receipt of this required pre-requisite notice of acceleration from the Lender.

46. On April 20, 2012, an alleged assignment of DOT (see Dkt 1-1, EXHIBIT C] dated April 19, 2012, from MERS, as nominee for PCB, to GTS was recorded into the records of Thurston County under Recording Number 4261697.

SECOND AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

47. The alleged Assignment of DOT recorded as Recording Number 4261697 was recorded while the alleged debt was in default.

48. MERS is not a party to the alleged Promissory Note and holds no authority to assign the alleged Note.

49. The Note and DOT are inseparable, the former as essential, the latter as an incident. An assignment of the Note carries the DOT with it, while an assignment of the latter alone is a nullity.

50. Plaintiff alleges that the alleged Assignment of DOT recorded as Recording Number 4261697 is false and misleading, since MERS does not hold the note, nor can it transfer the Note, nor no longer in a capacity of nominee for PCB, the assignment of the DOT is a nullity.

51. Since MERS purported to assign the alleged security instrument without any alleged obligation, the Plaintiff alleges that the alleged assignment of DOT is invalid. Subsequently, the Plaintiff alleges that the Appointment of Successor Trustee is invalid.

52. Plaintiff alleges that MERS could not be a nominee for PCB as it has been insolvent since at least November 5, 2010, when regulators closed PCB.

53. Seventeen months later, MERS allegedly assigned the alleged DOT of the Plaintiff to GTS.

54. Since there is no date attached to the alleged indorsement to the alleged Note, Plaintiff alleges that any connection that MERS allegedly had to the alleged DOT of the Plaintiff was severed the day regulators closed PCB.

55. Therefore, the Plaintiff alleges that the alleged Assignment of DOT is invalid. Subsequently, the Plaintiff alleges that the Appointment of Successor Trustee is invalid.

SECOND AMENDED COMPLAINT
Case No.:  3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

56. In April of 2012, MERS purports to still have nominee status for a bank that has been closed for almost 2 years by causing a document to be created that appears to be an Assignment of the DOT and recorded into the Thurston County records as such.

57. Plaintiff alleges that MERS caused a false document to be recorded into the Thurston County land records.

58. Pursuant to RCW 62A.3-308(a), Plaintiff challenges the authenticity and legitimacy of MERS to effect any change or transfer to the beneficial ownership of Plaintiff's alleged DOT and alleged Note.

59. This alleged Assignment of the DOT was prepared by Erika Lance of Nationwide Title Clearing (Hereinafter "NTC").

60. Essentially, NTC gets a request from their clients to create an Assignment of DOT. NTC then creates an Assignment of DOT, being mindful of conforming to the States standards and then recording this new Assignment of DOT with the proper County Recorder.

61. Plaintiff alleges that GTS is a client of NTC.

62. Plaintiff alleges that GTS requested from NTC that they originate and record an Assignment of DOT in the Plaintiff's foreclosure from PCB, a defunct company, to GTS.

63. Plaintiff alleges that GTS essentially assigned the DOT to themselves which is a conflict of interest.

64. The Plaintiff asks the court to take judicial notice of the Erika Lance deposition [see Dkt 25, EXHIBIT R].

65. Document signers working for NTC are given a designations such as Secretary or Vice President depending on what is required for a particular state. This designation comes

SECOND AMENDED COMPLAINT
Case No.:  3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

with no other responsibilities other than signing documents [see Dkt 25, EXHIBIT R, P. 24].

66. The signatures on the Assignments of DOT are customarily placed on the document by one of two methods. By either a person or by a computer generated signature. In retrospect, a computer generated signature cannot be witnessed by a notary [see Dkt 25, EXHIBIT R, P. 27].

67. The Plaintiff alleges that the signatures on the alleged copy of the Plaintiff's Assignment of DOT are electronic signatures [see Dkt 23, EXHIBIT S].

68. The Plaintiff alleges that the signatures on the first two pages of EXHIBIT S are identical and consistent with that of electronic signatures. The Plaintiff alleges that the signatures on the second two pages of EXHIBIT S are not consistent with that of signatures from the same person.

69. In the Notary section of the alleged copy of the Assignment of DOT it states in part "the foregoing instrument was acknowledge before me". The Plaintiff alleges that since the Derrick White signature was electronically placed, it was not possible for the Notary to witness the signature.

70. The Plaintiff relied upon the alleged copy of the Plaintiff's Assignment of DOT but now feels that he has been misled.

71. The Plaintiff alleges that the alleged copy of the Plaintiff's Assignment of DOT fails for several reasons and is therefore an invalid Assignment.

72. GTS derives its authority from the Assignment of the DOT and NWTS derives its authority from the Appointment of Successor Trustee.

SECOND AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

73. Plaintiff alleges that if the Assignment of the DOT is a nullity, so then is the appointment of successor trustee. Thus, neither GTS nor NWTS could ~~not~~ be the legal entities to transmit a Notice of Default.

74. The signer of this alleged MERS Assignment, Derrick White, is allegedly acting as Assistant Secretary.

75. There are three events that must take place in order for an assignment of the DOT to be binding and true. There must be an offer, acceptance and consideration. Lacking any of these causes an Assignment of DOT to be invalid. Plaintiff alleges that since PCB no longer existed and MERS cannot make an offer or accept consideration then a valid Assignment of the DOT cannot exist.

76. RCW § 62A.3-203(d) sets forth the rule of law that if anything less than the entire beneficial interest is conveyed; the transferee can receive no greater interest than that which was held by the transferor. This rule of law applies to the MERS assignment on April 19, 2012. GTS cannot receive any greater interest than MERS is in the position to transfer. The true holder of this ownership interest in land cannot be ascertained from terms in this MERS assignment. If a holder of a beneficial interest cannot be established, the interest being conveyed is also illusory and inadequate for enforcement.

77. In addition, MERS is barred by its membership rules from acquiring any beneficial interest for a property posted on its registry.

78. The State of Washington has rejected the argument that MERS qualifies as a beneficiary of the Deed of Trust.

79. According to MERS own statements, MERS is incapable of "offering" or "consideration" because it does not own any notes secured by mortgages it allegedly tracks.

SECOND AMENDED COMPLAINT
Case No.:  3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

80. The Plaintiff alleges that MERS received no authorization from PCB to act in the capacity of a nominee for PCB assigning for value received Plaintiff's loan to GTS.

81. On May 5, 2012, an alleged Appointment of Successor Trustee [see Dkt 1-1, EXHIBIT D] dated May 14, 2012, from MERS to NWTS and allegedly signed by GTS, was recorded into the land records of Thurston County under Recording Number 4266605.

82. Plaintiff alleges that GTS is a client of NWTS.

83. Plaintiff alleges that although MERS had previously assigned the deed of trust to GTS, purporting to relinquish any rights to the deed of trust, MERS, without authority, appointed NWTS as the trustee.

84. Plaintiff alleges that this appointment is misleading and appears to have been created and recorded to deceive the Plaintiff and a substantial portion of the public at large.

85. As Substitute Trustee, it is understood that NWTS should be receiving its instructions from GTS.

86. Plaintiff alleges that because of the operating environment of GTS, the Trustee responsible for the foreclosure will customarily prepare this form, essentially self-appointing themselves.

87. Plaintiff alleges that NWTS self-appointed themselves as the Successor Trustee.

88. Plaintiff alleges that on or about May 18, 2012 that NWTS, through FATIC, appointed themselves as Successor Trustee and electronically sent this false and misleading Assignment of Successor Trustee from South Dakota to the Thurston County Recorder's Office in Washington State.

SECOND AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

89. Plaintiff alleges that on or about May 18, 2012, NWTS, through FATIC, committed interstate wire fraud by electronically transmitting a false and misleading Appointment of Successor Trustee from South Dakota to the Thurston County, Washington, Recorder.

90. Plaintiff alleges that on or about May 18, 2012, NWTS, through FATIC, caused a false and misleading Assignment of Successor Trustee to be recorded into the records of Thurston County.

91. In ¶ 24, titled *Substitute Trustee*, Plaintiff's DOT states:

> "In accordance with applicable law, [Lender] may from time to time appoint a successor trustee to any Trustee appointed hereunder who has *ceased to act*."

92. The Trustee on Plaintiff's DOT is Chicago Title. There is no *recorded evidence* that indicates that Chicago Title has ever *ceased to act*.

93. Plaintiff is not in receipt of any Appointment of Successor Trustee from GTS to NWTS.

94. RCW § 61.24.010(2) states:

> "The trustee may resign at its own election or be replaced by the beneficiary. The trustee shall give prompt written notice of its resignation to the beneficiary. The resignation of the trustee shall become effective upon the recording of the notice of resignation in each county in which the DOT is recorded. If a trustee is not appointed in the DOT, or upon the resignation, Incapacity, disability, absence, or death of the trustee, or the election of the beneficiary to replace the trustee, the beneficiary shall appoint a trustee or s successor trustee. Only upon recording the appointment of a successor trustee in each county in which the deed of trust is recorded, the successor trustee shall be vested with all powers of an original trustee."

95. Plaintiff alleges that through legal trickery, NWTS was chosen and appointed by MERS to act on GTS behalf, and together they conspired to take possession of the Plaintiff's property. This is in direct conflict with NWTS "duty of good faith" as required by Washington's RCW § 61.24.010(4) which states:

> "The trustee or successor trustee has a duty of good faith to the borrower, beneficiary, and grantor."

SECOND AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

96. Plaintiff alleges that NWTS has breached their duty of good faith.

97. In connection with the collection of an alleged debt, NWTS sent a Notice of Default [see Dkt 1-1, EXHIBIT L] to the Plaintiff on or about May 10, 2012. NWTS stated, in relevant part, as follows:

> "THIS IS AN ATTEMPT TO COLLECT AND WILL BE USED FOR THAT PURPOSE."

98. This communication from NWTS does not state that this is from a debt collector contrary to 15 U.S.C. 1681e.

99. The total amount of the alleged loan as indicated on the Notice of Default is $245,934.21.

100.   Plaintiff has disputed this debt with NWTS.

101. Plaintiff alleges that NWTS is not the proper party to issue a notice of default and was never instructed to do so by the actual beneficiary.

102. This communication from NWTS is asking the Plaintiff to remit payment of monies to either NWTS or GTS.

103. The communication from NWTS alleges Fannie Mae to be the owner of an alleged Note.

104. This communication from NWTS included a Beneficiary Declaration [see Dkt 1-1, EXHIBIT L, P. 4-5] alleging to have satisfied the requirements of RCW § 61.24.031. This declaration was signed by Sue Spratte as Beneficiary's/authorized Agent. Plaintiff has never received any communications from Sue Spratte either by phone or by mail.

105. This Declaration of compliance, dated May 4, 2012 states that GTS is the "current Beneficiary" and purports, on GTS behalf, to authorize "the Trustee, the foreclosing agent and/or their authorized agent to sign on behalf of the beneficiary, the notice of default containing the declaration required pursuant to 6124.030."

SECOND AMENDED COMPLAINT
Case No.:  3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

106. ~~It has already been established that~~ GTS has already stated that it is not the beneficiary [see ~~amended comp. at 121~~ Dkt 1-1, Exhibit E, P. 1, ¶ 3].

107. Plaintiff is not in receipt of any document or contract in which the Plaintiff and Fannie Mae or any other entity other than PCB are parties to.

108. Plaintiff alleges that NWTS does not have a valid Appointment of Successor Trustee and that NWTS has no authority to send Plaintiff a Notice of Default.

109. Plaintiff alleges that on April 30, 2014, Defendant(s) slandered title to the subject property and injured the Plaintiff by recording a Notice of Trustee's Sale into the public records of the Thurston County Records under Recording Number 4389907 setting a sale date of August 29, 2014 [see Dkt 1-1, EXHIBIT M].

110. At no time relevant to this case has the true and lawful owner ever declared Plaintiff to be in default.

111. On or about June 20, 2014, Plaintiff sent a Qualified Written Request (Hereinafter "QWR") and a debt validation letter to GTS. Plaintiff has expended time and money through the preparation of a QWR to determine the identity of the true and lawful owner and actual holder of the subject obligation.

112. On or about June 21, 2014, Plaintiff sent a MERS milestones request to MERS, and as of October 3, 2014, Plaintiff has not received a response.

113. On or about July 11, 2014, GTS attempted to respond to Plaintiff's QWR and debt validation letter [see Dkt 1-1, EXHIBIT E]. Regardless of what GTS might allege, they treated Plaintiff's QWR as a QWR.

114. This correspondence from GTS included an alleged copy of the Plaintiff's Note. There is only one indorsement to this alleged note. This indorsement is to Countrywide Bank,

SECOND AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

N.A., There is no indorsement to Fannie Mae or GTS, nor is there a blank indorsement to this alleged Note.

115. GTS states in their letter dated July 11, 2014 that they have enclosed an alleged copy of the Notice of Assignment, sale or transfer of servicing rights, but GTS seems to be confused as they are not sure if they sent, an assignment, a sale or a transfer as it has not been defined.

116. GTS states that servicing rights were transferred from Bank of America, N.A. to GTS and yet the Assignment of the DOT is from MERS, as nominee for PCB, to GTS and not from Bank of America, N.A and did not take place until April 19, 2012.

117. Plaintiff is not in receipt of any documents transferring servicing rights from PCB to Bank of America, N.A.

118. Plaintiff is not in receipt of any documents transferring the servicing rights from Bank of America, N.A. to GTS.

119. GTS also states that Fannie Mae owns the Plaintiff's account [see Dkt 1-1, Exhibit E, P. 1, ¶ 3]. Plaintiff is not in receipt of any documents claiming Fannie Mae to be an account owner of an account that the Plaintiff is a party to.

120. Plaintiff is not in receipt of any contract between the Plaintiff and Fannie Mae that would commit the Plaintiff to payments to Fannie Mae of an alleged debt.

121. GTS also states that recorded assignments are not required as MERS is a process that simplifies the way mortgage ownership and servicing rights are originated, sold and tracked. Created by the real estate finance industry, MERS eliminates the need to prepare and record assignments [see Dkt 1-1, Exhibit E, P. 1, ¶ 6].

SECOND AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568