122. Plaintiff, through due diligence, cannot locate any evidence that the state of Washington has endorsed this type of tracking system.

123. This type of tracking system compromises the accuracy of County land records and withholds recording fees due to the County.

124. This letter also states that a trustee sale guarantee was purchased concerning the Plaintiff's property [Refer to the graph in Dkt 1-1, Exhibit E, P. 2].

125. The Trustee Sale Guarantee is a title guarantee issued at the start of foreclosure. It assist the foreclosing beneficiary and trustee by delivering information needed to ensure [compliance] with state foreclosing statutes. Therefore, any deviation from statute would be intentional.

126. GTS considers all other requests in Plaintiff's QWR request as proprietary [see Dkt 1-1, Exhibit E, P. 2, ¶ 5]. However, answering Plaintiff's requests are essential in complying with the Real Estate Settlement Procedure Act.

127. GTS provided a copy of a Note that states "sign original only". Plaintiff alleges that the alleged copy of the Note provided by GTS has not been indorsed on the original Note but rather indorsed on an alleged copy of an original Note.

128. There is an alleged indorsement by Sonja L. Lightfoot signing as Senior Vice President for PCB on the Note. There is no way of knowing when this indorsement was attached to the Note since it is not dated. There is also a question as to if this indorsement has been affixed to the original Note or to a copy of the Note.

129. Both GTS and NWTS acknowledge their belief that Fannie Mae is the beneficiary and holder of the note. However, there is no indorsement to Fannie Mae nor is there a blank indorsement attached to the Note provided by GTS.

SECOND AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

130. This raises the question of how did Fannie Mae acquire the note, if at all.

131. Nothing in the letter from GTS dated July 11, 2014, legally evidences a connection between the Plaintiff and Fannie Mae, GTS or NWTS.

132. On or about July 29, 2014, and then again on or about August 1, 2014, Plaintiff sent debt validation letters to NWTS. In these letters the Plaintiff addressed issues with the Duty of Good Faith, Declaration from the Beneficiary, Assignment of the DOT, and the Appointment of Successor Trustee.

133. On or about August 4, 2014, Plaintiff received written communication from NWTS [see Dkt 1-1, EXHIBIT F] and signed by Charles E. Katz, Esq., Senior Counsel. This correspondence states "this is an attempt to collect a debt. Any information obtained will be used for that purpose." This statement falls short of the requirements of the FDCPA.

134. NWTS alleges to have validated the debt but did not provide any information as to how this debt was verified. NWTS provided an alleged copy of a DOT but failed to provide a copy of a Note.

135. Plaintiff alleges that a Note was not provided because NWTS was not in possession of a copy of the Plaintiff's alleged Note.

136. Plaintiff alleges that NWTS started foreclosure proceeding without having possession of a debt instrument in violation of RCW 61.24 et al.

137. NWTS provided an alleged declaration from the beneficiary [see Dkt 1-1, EXHIBIT G] in their correspondence to the Plaintiff. The Declaration from the Beneficiary is a condition precedence pursuant to RCW 61.24.030(7). This declaration is signed by Lee Riley, and clearly states that GTS is the alleged beneficiary of the Plaintiff's Note. In the Notice of Default from NWTS, NWTS clearly states that allegedly Fannie Mae is the

SECOND AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

- 20 of 35 -

owner of the Plaintiff's Note [see Dkt 1-1, EXHIBIT L, P. 2 ¶ K)]. In a letter from GTS it clearly states that GTS is not the owner of the Plaintiff's Note and that allegedly Fannie Mae is the owner of the Plaintiff's Note [see Dkt 1-1, EXHIBIT K, P. 1]. This declaration that is provided is dated April 2, 2014, which is clearly after the foreclosure process had been started by NWTS.

138. Plaintiff alleges that NWTS has clearly and knowingly violated the provisions of RCW 61.24.030(7).

139. In the declaration provided ~~from~~ by NWTS to the Plaintiff, GTS is purporting to be the beneficiary. This declaration has misled the Plaintiff into believing that this declaration was from the beneficiary and that this declaration was in the possession of NWTS prior to commencing foreclosure proceedings.

140. Plaintiff alleges that NWTS does not appear to be in possession of a declaration from the true beneficiary which is a condition precedence pursuant to RCW 61.24.030(7).

141. Plaintiff alleges that NWTS had a duty pursuant to RCW 61.24.030(7) and that NWTS breached that duty.

142. Based on documents provided by NWTS and GTS, the true beneficiary or note holder cannot be determined.

143. Plaintiff alleges that these acts of providing ~~a~~ misleading documents has the capacity to deceive a substantial portion of the public, which has occurred in the conduct of trade or commerce.

144. Plaintiff alleges that providing any documents that have the capacity to mislead or deceive have been declared unfair or deceptive practices.

SECOND AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

- 21 of 35 -

145. Plaintiff relied on these misrepresentations by the Defendants to his detriment as he has paid monies to GTS.

146. Plaintiff alleges that the Assignment of DOT, which is misleading, was a material misrepresentation designed to bolster the false belief in the Plaintiff that GTS was the rightful owner of the Plaintiff's DOT and Note.

147. On or about August 22, 2014, Plaintiff sent a notice of intent to litigate to NWTS [see Dkt 1-1, EXHIBIT H]. In this letter the Plaintiff addressed the issue of "Duty of Good Faith", Validation of the Debt, the Declaration from the Beneficiary which was provided by NWTS, and the Assignment of the DOT.

148. On or about August 22, 2014, Plaintiff sent a notice of intent to litigate to GTS [see Dkt 1-1, EXHIBIT I]. In this letter the Plaintiff addressed the issue of Validation of the Debt, Duty of Good Faith, the QWR, the Declaration from the Beneficiary which was provided by NWTS, and the Assignment of the DOT.

149. On or about September 1, 2014, Plaintiff received written communications from NWTS, which included a notice of postponement of the trustee sale setting a new date of October 10, 2014.

150. On or about September 18, 2014, Plaintiff received correspondence from NWTS [see Dkt 1-1, EXHIBIT J] dated September 15, 2014 and signed by Charles E. Katz, Esq., Senior Counsel. In this correspondence, NWTS holds steadfast to any wrong-doing even though the declaration from the beneficiary that NWTS has provided is from the servicer and not the alleged beneficiary. NWTS recommended litigation.

SECOND AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

- 22 of 35 -

151. NWTS states that they have complied with all applicable state statutes even though they know that they are not in receipt of the declaration from the beneficiary which is a condition precedence to a foreclosure pursuant to state statute.

152. On or about September 26, 2014, Plaintiff received correspondence from GTS [see Dkt 1-1, EXHIBIT K] dated September 23, 2014. GTS states that "this communication is from a debt collector. It is an attempt to collect a debt, and any information obtained will be used for that purpose."

153. This correspondence from GTS included an alleged copy of the Plaintiff's Note. This alleged Note is identical to the alleged note received from GTS on or about July 11, 2014. There is only one indorsement to this alleged note. This indorsement is to Countrywide Bank, N.A., There is no indorsement to Fannie Mae or GTS, nor is there a blank indorsement to this alleged Note.

154. GTS states that the servicing of an alleged account with Plaintiff was transferred from Bank of America, N.A. to GTS effective December 1, 2011. Plaintiff is not in receipt of any document evidencing this transfer.

155. GTS also states in this correspondence that this alleged account is owned by Fannie Mae which further confirms that NWTS was not in receipt of the declaration from the beneficiary prior to commencing foreclosure.

156. Plaintiff is not in receipt of any documents evidencing any account or obligation that Plaintiff may have with Fannie Mae.

157. NWTS ~~is~~ has favored ~~the beneficiary~~ GTS, who is also their client, over the Plaintiff ~~contrary~~ in violation of ~~to~~ their [duty of good faith].

SECOND AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

- 23 of 35 -

158. GTS states that they have authority to act on the owners behalf. However, the Plaintiff is not in receipt of any document evidencing this authority or to the limits of this authority.

159. Because the WDTA dispenses with many protections commonly enjoyed by borrowers under judicial foreclosures, Beneficiaries and Trustees must strictly comply with the statutes and courts must strictly construe the statutes in the borrower's favor. Without statutory authority, any action taken is invalid.

160. Because of the use of MERS, there appears to be no way to track ownership and/or title. Because of this, Plaintiff's title becomes clouded, thus damaging property records.

161. Plaintiff has asked MERS for the milestone records concerning his property but MERS has refused to cooperate. Plaintiff has no accurate way of knowing who the actual holder of his Note is, if any.

162. Because of the many misrepresentations by Defendants, Plaintiff has suffered mental and emotional anguish. Plaintiff has suffered damages caused by a divorce which severed the marital community.

163. In a motion to dismiss submitted by the alleged counsel of GTS, PARKER, on or about December 2, 2014, and filed with the Court, GTS alleges that the Plaintiff defaulted on an alleged debt November 1, 2011. GTS then alleges that the Plaintiff's alleged loan was transferred to GTS on or about April 20, 2012.

164. GTS has confirmed that GTS acquired the Plaintiff's alleged loan while it was in default.

165. On or about December 2, 2014, PARKER filed her own version of an alleged Promissory Note.

166. On December 2, 2014, PARKER signed a statement that was filed with the Court stating that the Note she presented is a true and correct copy of the Plaintiff's alleged Note.

SECOND AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

- 24 of 35 -

Case 3:14-cv-05798-BHS   Document 44-1   Filed 02/23/15   Page 7 of 17

167. There is no affidavit filed with the Court validating this alleged Note.

168. Plaintiff alleges that PARKER could not validate this alleged Note to be a true and correct copy as Parker has never had possession of Plaintiff's alleged original Note.

169. The alleged Note submitted by PARKER is different from the alleged Note sent directly to the Plaintiff from GTS.

170. The Note filed by PARKER does not have a stamp affixed to it from TTC certifying this Note to be a copy of the original Note such as the GTS Note has.

171. The alleged Note filed by PARKER has 2 additional indorsements to it that the alleged Note from GTS does not have.

172. The Plaintiff alleges that the alleged Note filed by PARKER has two holes punched at the top indicating that this alleged Note is a file copy.

173. Plaintiff is not in receipt of a certified copy of any Note that looks like the alleged Note filed by PARKER.

174. Plaintiff alleges that, based upon these major differences and lack of authentication, that this alleged Note filed by PARKER is a modified version of a copy of an alleged Note meant to bolster a false believe that this Note actually exists.

175. Plaintiff alleges that this alleged Note was electronically sent from California to the District Court in Washington State.

176. Plaintiff alleges that filing a false document electronically from California to Washington State would constitute interstate wire fraud.

177. On or about January 8, 2015, PARKER, through WFZ, alleging to be on behalf of GTS, filed a counter-claim for a judicial foreclosure in Federal Court.

SECOND AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

- 25 of 35 -

178. All communications from PARKER bears the name of WFZ and states "this firm is a debt collector attempting to collect a debt".

## COUNT I

## VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICES ACT

### (FDCPA) 15 U.S.C. § 1692 *et seq*

179. Paragraphs 1 through 178 are re-alleged as though fully set forth herein.

180. Plaintiff is a consumer within the meaning of the FDCPA, 15 U.S.C. § 1692a(3).

181. Defendant NWTS is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

182. Defendant NWTS, through communications with the Plaintiff, has identified themselves as debt collectors [see Dkt 1-1, EXHIBIT F and EXHIBIT J].

183. Defendant GTS is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

184. Defendant GTS, through communications with the Plaintiff, has identified themselves as debt collectors [see Dkt 1-1, EXHIBIT E and EXHIBIT K].

185. Defendant WFZ is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

186. Defendant WFZ, through communications with the Plaintiff, has identified themselves as debt collectors [see ¶ 176].

187. Defendant PARKER is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

188. Defendant WFZ, through communications with the Plaintiff, has identified themselves as debt collectors [see ¶ 176].

189. Since this alleged debt was in default at the alleged time it was acquired, and Defendants NWTS and GTS do not meet any definitions of exclusions, then they are subject to the FDCPA in its entirety [see ¶ 159-160].

SECOND AMENDED COMPLAINT  
Case No.: 3:14-cv-05798-BHS

James A. Bigelow  
7916 Southwind Circle  
Huntington Beach CA 92648  
360-790-2568

- 26 of 35 -

190. At all times Defendants have communicated that they were attempting to collect a debt.

191. 15 U.S.C. § 1692e states in relevant part:

"False or misleading representation
   A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
      (5) The threat to take any action that cannot legally be taken or that is not intended to be taken.
      (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

192. Plaintiff alleges that Defendants NWTS, GTS, WFZ and PARKER violated this statute by presenting false and misleading documents that has the capacity to deceive a substantial portion of the public.

193. 15 U.S.C. § 1692f states in relevant part:

"Unfair Practices
   A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
      (6) Taking or threatening to take any non-judicial action to effect dispossession or disablement of property if —
         (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest."

194. Plaintiff alleges that Defendants NWTS, GTS, WFZ and PARKER violated this statute by threatening to take an action they could not legally take. Neither GTS, NWTS, WFZ nor PARKER have a present right to possess Plaintiff's property through nonjudicial foreclosure because they never held the note and were not lawfully appointed under the DTA.

195. Plaintiff alleges that Defendants NWTS, GTS, WFZ and PARKER had a duty under 15 U.S.C. § 1692e et seq and have breached that duty of by using unfair or unconscionable means to collect or attempt to collect any debt.

SECOND AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

- 27 of 35 -

196. Plaintiff alleges that Defendants NWTS, GTS, WFZ and PARKER have breached their duty under 15 U.S.C. § 1692f(6) et seq ~~for~~ by threatening to take an action they could not legally take. ~~unfair or unconscionable means to collect or attempt to collect any debt.~~

197. ~~The sale of the Plaintiff's property is eminent and currently scheduled for November 14, 2014.~~ The original date of the sale was August 29, 2014 [see Dkt 1-1, EXHIBIT M]. This property is primarily used for personal, family and household purposes, and ~~the~~ a sale would strip Plaintiff of his ownership rights.

198. Plaintiff alleges that Defendants have caused damage to Plaintiff by willfully and maliciously violating the FDCPA § 1692 et seq and Plaintiff is entitled to relief as a matter of law to be fully proved at the time of trial.

WHEREFORE, Plaintiff ~~demands~~ moves this Court for injunctive relief.

WHEREFORE, Plaintiff ~~demands~~ moves this Court to find that the actions of the Defendants NWTS, GTS, WFZ and PARKER be determined to be unfair and deceptive business practices in violation of 15 U.S.C. § 1692e and for judgment of statutory and actual damages pursuant to 15 U.S.C. § 1692k, payable by Defendants NWTS, GTS, WFZ and PARKER, and to enter a Final Judgment against Defendants NWTS, GTS, WFZ and PARKER for compensatory damages, interests, costs, attorneys' fees, and any other and further relief which is just and proper under the totality of the circumstances to be fully proved at the time of trial.

WHEREFORE, Plaintiff moves this Court to find that Defendants NWTS, GTS, WFZ and PARKER have threatened to take actions they could not legally take in violation of 15 U.S.C. § 1692f(6). That the Plaintiff be awarded consequential damages to be fully proved at the time of trial.

SECOND AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

## COUNT II

## VIOLATION OF WASHINGTON STATE DEED OF TRUST ACT

### (WDTA) RCW § 61.24 *et seq*

199. Paragraphs 1 through 178 are re-alleged as though fully set forth herein.

200. Plaintiff is a Person within the meaning of the WDTA RCW § 61.24.005(11).

201. Defendant NWTS is a Trustee within the meaning of the WDTA RCW § 61.24.005(16).

202. WDTA RCW 61.24.030(7)(a) states in relevant part:

> "That it shall be a requisite to a trustee sale:
> (7)(a) That, for residential property, before the notice of trustee's sale is recorded, transmitted, or serve, the trustee shall have proof that the beneficiary is the owner of any promissory note or other obligation secured by the deed of trust. A declaration by the beneficiary made under penalty of perjury stating that the beneficiary is the actual holder of the promissory note or other obligation secured by the deed of trust shall be sufficient proof as required under this subsection."

203. RCW 61.24.030(7)(a) is a requisite requirement prior to foreclosure.

204. RCW 61.24.010(4) states in relevant part:

> "(4) The trustee or successor trustee has a duty of good faith to the borrower, beneficiary, and grantor."

205. Defendant NWTS had a duty pursuant to RCW 61.24.030(7)(a) and has breached that duty by recording a notice of trustee sale prior to obtaining proof that the beneficiary was the owner of any promissory note or other obligation secured by the deed of trust.

206. Defendant NWTS had a duty pursuant to RCW 61.24.010(4) and has breached that duty of good faith by ignoring the importance of state and federal statutes and favoring the alleged beneficiary.

207. Defendant NWTS had a duty to properly honor all requisites as outlined in the WDTA and they have willfully and maliciously breached that duty.

SECOND AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

208. Defendant NWTS is attempting to execute the sale of Plaintiff's property without statutory authority, breaching their duty under the WDTA.

209. Plaintiff is entitled to relief as a matter of law.

WHEREFORE, Plaintiff ~~demands~~ moves this Court to find that Defendant NWTS recorded a Notice of Trustee Sale without obtaining proof that the true beneficiary was the owner of any promissory note in violation of RCW 61.24.030(7)(a) and RCW 61.24.010(4), and the entry of Final Judgment against Defendant NWTS for statutory, compensatory and actual damages, interests, costs, attorneys' fees, and any other and further relief which is just and proper under the totality of the circumstances to be fully proved at the time of trial.

## COUNT III

## VIOLATION OF WASHINGTON CONSUMER PROTECTION ACT

## (WCPA) RCW 19.86 *et seq*

210. Paragraphs 1 through 178 are re-alleged as though fully set forth herein.

211. Plaintiff is a person within the meaning of the WCPA RCW 19.86.010(1).

212. Defendant NWTS is a person within the meaning of the WCPA RCW 19.86.010(1).

213. Defendant GTS is a person within the meaning of the WCPA RCW 19.86.010(1).

214. Defendant MERS is a person within the meaning of the WCPA RCW 19.86.010(1).

215. Defendant WFZ is a person within the meaning of the WCPA RCW 19.86.010(1).

216. Defendant PARKER is a person within the meaning of the WCPA RCW 19.86.010(1).

217. Defendant TTC is a person within the meaning of the WCPA RCW 19.86.010(1).

218. Defendant NTC is a person within the meaning of the WCPA RCW 19.86.010(1).

219. Defendant FATIC is a person within the meaning of the WCPA RCW 19.86.010(1).

SECOND AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

- 30 of 35 -

220. It is impossible to frame definitions which embrace all unfair practices. There is no limit to human inventiveness in this field. Even if all known unfair practices were specifically defined and prohibited, it would be at once necessary to begin over again. If congress were to adopt the method of definition it would undertake an endless task. It is also practically impossible to define unfair practices so that the definition will fit business of every sort in every part of this country.

221. A claim under the Washington CPA may be predicated upon a per se violation of statute, an act or practice that has the capacity to deceive substantial portions of the public, or an unfair or deceptive act or practice not regulated by statute but in violation of public interest.

222. Plaintiff alleges that Defendants GTS, NWTS, MERS, WFZ, PARKER, TTC, NTC AND FATIC without limitations, have violated the Consumer Protection Act, RCW 19.86 *et seq*, through misrepresentations, fraud, and/or irregularities in the nonjudicial foreclosure proceedings, restricting and inhibiting Plaintiff's ability to locate the party accountable and with authority to correct the foreclosure irregularities, and pursuing a course of conduct that involves the preparation of false and misleading documents and actions recording and relying upon such documents and /or actions that they knew or should have known to be false, misleading and that had the capacity to deceive a substantial portion of the public.

223. Plaintiff alleges that Defendants GTS, NWTS, MERS, WFZ, PARKER, TTC, NTC AND FATIC have engaged in these unfair and deceptive practices as part of a normal course of business and commerce. Such practices are likely to be repeated, affecting the citizens of the State of Washington.

SECOND AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

- 31 of 35 -

224. Plaintiff has suffered injuries and damages to his financial life and his personal life as a direct result of the false claims, and unfair and deceptive practices of said Defendants. Plaintiff has suffered loss of time with family and loss of time to pursue personal activities. Plaintiff has incurred travel, printing and supply costs associated with litigation, travel costs to the Federal Court in Tacoma to file documents and pay Court Costs, travel cost to the Superior Court in Olympia in defense of the foreclosure sale of Plaintiff's property, travel costs to the County Recorder's office in Olympia to validate what has been recorded against Plaintiff's title, the travel and associated costs with investigative activities surrounding said defendants claims, the travel and costs associated with mailing documents.

225. The Documents that the Plaintiff was receiving from said Defendants did not make sense, causing the Plaintiff to refocus his attention away from his family and towards the false and misleading representations of said Defendants, causing a strain on the marital community. As a direct result of the said Defendants false and misleading representations, the marital community was severed and Plaintiff has suffered emotional and financial damages of a divorce.

226. Defendants GTS, NWTS, MERS, WFZ, PARKER, TTC, NTC AND FATIC have misrepresented documents provided to Plaintiff and Plaintiff is entitled to relief as a matter of law.

**WHEREFORE**, Plaintiff ~~demands~~ moves this Court to find that Defendants GTS, NWTS, MERS, WFZ, PARKER, TTC, NTC AND FATIC have engaged in unfair and/or deceptive acts and/or practices in the conduct of trade and/or commerce in violation of RCW 19.86.020, the entry of Final Judgment against Defendants NWTS, GTS, MERS,

SECOND AMENDED COMPLAINT  
Case No.: 3:14-cv-05798-BHS

James A. Bigelow  
7916 Southwind Circle  
Huntington Beach CA 92648  
360-790-2568

WFZ, PARKER, TTC, NTC AND FATIC for statutory, compensatory and actual damages, interests, costs, attorneys' fees, and any other and further relief which is just and proper under the totality of the circumstances to be fully proved at the time of trial

## COUNT V

## SLANDER OF TITLE

227. Paragraphs 1 through 178 are re-alleged as though fully set forth herein.

228. Plaintiff alleges that Defendants NWTS, GTS, MERS, TTC, NTC AND FATIC have made false and defamatory statements against Plaintiff and the title to Plaintiff's property by recording and publishing Notices of Trustee Sale when there was no legal right to do so. Such actions were not protected by any privilege, were the result of said Defendants malicious, reckless or negligent misconduct, had the potential effect of defeating Plaintiff's title and had a prejudicial effect upon Plaintiff's reputation and damaged his ability to negotiate with third parties, in addition to other damages.

229. Plaintiff alleges that said Defendants have caused to be recorded various documents including a Notice of Trustee Sale which have impaired the Plaintiff's title which constitutes slander of title and the Plaintiff should be awarded resulting damages to be fully proved at the time of trial.

230. Plaintiff alleges that he is entitled to quiet title as to the wrongfully recorded documents into public record.

**WHEREFORE,** Plaintiff moves this Court to find that Defendants NWTS, GTS, MERS, TTC, NTC AND FATIC have slandered Plaintiff's title by recording various false and misleading documents into the land records of Thurston County, the entry of Final Judgment against Defendants NWTS, GTS, MERS, TTC, NTC AND FATIC for

SECOND AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

statutory, compensatory and actual damages, interests, costs, attorneys' fees, and any other and further relief which is just and proper under the totality of the circumstances to be fully proved at the time of trial

## COUNT VI

### INFLICTION OF EMOTIONAL DISTRESS

231. Paragraphs 1 through 178 are re-alleged as though fully set forth herein.

232. Plaintiff alleges that the Defendants NWTS, GTS, MERS, WFZ, PARKER, TTC, NTC AND FATIC have intentionally or negligently taken false and misleading actions which have caused the Plaintiff severe emotional distress as the family life he was accustomed to unraveled.

**WHEREFORE**, Plaintiff moves this Court to find that Defendants NWTS, GTS, MERS, TTC, NTC AND FATIC have caused infliction of emotional stress to Plaintiff, the entry of Final Judgment against Defendants NWTS, GTS, MERS, TTC, NTC AND FATIC for statutory, compensatory and actual damages, interests, costs, attorneys' fees, and any other and further relief which is just and proper under the totality of the circumstances to be fully proved at the time of trial

### DEMAND FOR JURY TRIAL

233. Plaintiff hereby demands a trial by jury as a matter of law.

234. Plaintiff requests leave to amend any portion of this complaint as necessary.

Dated this 22ND day of February, 2015

/s/ James A. Bigelow
James a. Bigelow

### CERTIFICATE OF SERVICE

SECOND AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

I CERTIFY UNDER PENALTY OF PERJURY under the laws of the State of Washington that the foregoing is true and correct and that a copy of the foregoing has been electronically provided to Renee M. Parker, Esq., and Joseph Marshall, Esq.

Executed this 23rd day of February, 2015.


/s/ James A. Bigelow
James A. Bigelow

SECOND AMENDED COMPLAINT
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568