**THE HONORABLE BENJAMIN H. SETTLE**

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| JAMES A. BIGELOW, | Civil Case No.: 3:14-cv-05798-BHS |
| Plaintiff, | |
| vs. | **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S COMPLAINT** |
| NORTHWEST TRUSTEE SERVICES, INC.; | |
| GREEN TREE SERVICING, LLC.; | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; | |
| MERSCORP, INC.; | |
| WRIGHT, FINLAY & ZAK, LLP; | |
| TICOR TITLE COMPANY; | |
| NATIONWIDE TITLE CLEARING; | |
| FIRST AMERICAN TITLE INSURANCE COMPANY; | |
| RENEE PARKER; | |
| DOE DEFENDANTS 1 – 20; | |
| Defendants. | |

MEMORANDUM OF LAW
Civil Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

NOW COMES the Plaintiff, James A. Bigelow, who submits this Memorandum of Law in support of his complaint:

1. Plaintiff has not been formerly schooled in law but out of respect for the Court, Plaintiff continues to pursue an education in law for a better understanding of the Court rules and State statutes. The Plaintiff request the Court to take judicial notice that *pro se* litigants are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v Kerner*, 404 US 519, 92 S. Ct. 594, 30 L. Ed. 2d 652, Supreme Court (1972). "A *pro se* complaint, no matter how unartfully pleaded, must survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Sculthorpe v. Virginia Retirement System*, 952 F. Supp. 307 - Dist. Court, ED Virginia ((1997). "To state a claim on which relief can be granted plaintiff need not set forth all facts on which the claim is based but, rather, a short and plain statement on the claim is sufficient if it gives defendant fair notice of what the claim is and the grounds on which it rests." *Frito-Lay, Inc. v. Wapco Constructors, Inc.,* D.C.La. 1981, 520 F.Supp. 186.

2. Attorneys frequently file Motions to Dismiss. A Motion to Dismiss is usually nothing more than a demurrer, and demurrers have been abolished in the State of Washington. Demurrers are defined as:

> "**In pleading.** The formal mode of disputing the sufficiency in law of the pleading of the other side. In effect it is an allegation that, even if the facts as stated in the pleading to which objection is taken be true, yet their legal consequences are not such as to put the demurring party to the necessity of answering them or proceeding further with the cause.
> An objection made by one party to his opponent's pleading, alleging that he ought not to answer it, for some defect in law in the pleading. It admits the facts, and refers the law arising thereon to the court.
> It imports that the objecting party will not proceed, but will wait the judgment of the court whether he is bound to do so.

MEMORANDUM OF LAW
Civil Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

A *general* demurrer is one which exceptions to the sufficiency of the pleadings of the other party, and shows specifically the nature of the objection and the particular ground of exception.

**In equity**. An allegation of a defendant, which, admitting the matters of fact alleged by the bill to be true, shows that they are therein set forth they are insufficient for the plaintiff to proceed upon or to oblige the defendant to answer; or that, for some reason apparent on the face of the bill, or on account of the omission of some matter which ought to be contained therein, or for want of some circumstances which ought to be attendant thereon, the defendant ought not to be compelled to answer to the whole bill, or to some certain part thereof."

3. Black's law dictionary defines a demurrer as "a pleading stating that although the facts alleged in a complaint may be true, they are insufficient for the plaintiff to state a claim for relief and for the defendant to frame an answer. • In most jurisdictions, such a pleading is now termed a motion to dismiss, but the demurrer is still used in a few states, including California, Nebraska, and Pennsylvania.

4. Any motion for the Courts consideration of facts must be submitted and supported by an affidavit of a witness competent to testify. Therefore, any exhibit or document submitted by the Plaintiff which is used by the defendants to state or prove a contrary position of the Plaintiff's allegations, the claims of the Defendants must have foundation, and that foundation is a competent witness under oath testifying to the defendants assertions, thereby authenticating their claim. Thus, any competent witness used by the defendants for a motion to dismiss is a statement outside the initial pleadings and must be treated as a Summary Judgment. "When matters outside pleadings are presented to and considered by Court in motion to dismiss for failure to state a claim, motion is treated as a motion for summary judgment." *Fugerino v. Hartford Life and Acc. Ins. Co.*, C.A 6(Ohio) 1992, 969 F.2d 178, rehearing denied, certiorari denied 113S.Ct.1401, 507 U.S. 966, 122 L.Ed.2d 774. Federal Civil Procedure 2533.1.

MEMORANDUM OF LAW
Civil Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

5. Attorneys will generally attempt to testify for a witness not in appearance. If the Defendants do not use any out of Court evidence to dismiss this claim and only rely upon arguments in brief and/or statements of counsel, this Court must follow precedence, and that precedence is Trinsey v. Pagliaro. The Defendants motion to dismiss for failure to state a claim is unsupported by affidavits or depositions and is incomplete because it request this Court to consider facts outside the record which have not been presented in the form required by rules 12(b)(6) and 56(c). "Statements of counsel in their briefs or arguments, while enlightening to the Court, are not sufficient for purposes of granting a motion to dismiss or summary judgment." *Trinsey v. Pagliaro,* 229 F. Supp. 647 – Dist. Court, ED Pennsylvania 1964. "Although we intimate no view whatever on the merits of petitioner's allegations, we conclude that he is entitled to an opportunity to offer proof." *Haines v. Kerner*, 404 US 519 – Supreme Court 1972.

6. The procedures in the United States District Courts are governed by the Federal Rules of Civil Procedures. "It is contrary to spirit of these rules for decisions on merits to be avoided on basis of mere technicalities." *Forman v. Davis,* Mass.19632, 83 S.Ct. 227, 371 U.S. 178m 9 K,Ed2d 222, on remand 316 F.2d 254. "The spirit of all these rules is to settle controversies upon their merits rather than to dismiss actions on technical grounds, to permit amendments liberally, and to avoid if possible depriving a litigant of a chance to bring his case to trial." *Fierstein v. Piper Aircraft Corp.,* D.C.Pa. 1948, 79 F.Supp. 217.

7. The alleged copy of the Plaintiff's Note referenced in the complaint as EXHIBIT A was received by the Plaintiff through the U.S. Postal Service on or about July 14, 2014 from GTS. This was in response to the Plaintiff's QWR request to GTS.

MEMORANDUM OF LAW
Civil Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

- 4 of 17 -

8. Terms used in the alleged copy of the Plaintiff's Note are defined below. On P. 1, ¶ 1 of an alleged copy of the Plaintiff's Note states:

> "I promise to pay…..to the order of the [Lender]. The [Lender] is Pierce Commercial Bank…..I understand that the [Lender] may [transfer] this Note. The [Lender] or anyone who takes this Note by [transfer] and who is entitled to receive payments under this Note is called the "[Note Holder]."

Blacks Law Dictionary (8th edition) defines these terms as follows:

> "**Lender** - A person or entity from which something (esp. money) is borrowed."

> "**Transfer** - Negotiation of an instrument according to the forms of law. • The four methods of transfer are by indorsement, by delivery, by assignment, and by operation of law."

> "**Note Holder** –
> **Note** - A written promise by one party (the maker) to pay money to another party (the payee) or to bearer. • A note is a two-party negotiable instrument.
> **Holder** - A person who has legal possession of a negotiable instrument and is entitled to receive payment on it."

> "**Negotiable Instrument** - A written instrument that (1) is signed by the maker or drawer, (2) includes an unconditional promise or order to pay a specified sum of money, (3) is payable on demand or at a definite time, and (4) is payable to order or to bearer. UCC § 3-104(a)."

> "**Negotiation** - The transfer of an instrument by delivery or indorsement whereby the transferee takes it for value, in good faith, and without notice of conflicting title claims or defenses."

Plaintiff has allegedly borrowed money from PCB and no other. Therefore, PCB will always be the Lender throughout the life of the Plaintiff's alleged Note. Any requirement of the Lender in either the alleged Note or the alleged Deed of Trust would be a requirement of PCB and no other. Since nothing is borrowed from a note holder, and a note holder does not participate in a lending transaction, it cannot be the Lender and therefore all Lender requirements are the responsibility of Lender, PCB.

MEMORANDUM OF LAW
Civil Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

- 5 of 17 -

The alleged copy of the Plaintiff's Note itself is a non-negotiable instrument as there are numerous conditions beyond the payment of money. P. 2 ¶ 10 of the alleged copy of the Plaintiff's Note incorporates the Deed of Trust which has additional conditions. [see Memorandum of Law – Negotiability]

9. When the character of the note is questioned at the trial court level, the gratuitous assertion that "the note is a negotiable instrument" should not be accepted at face value. Rather, courts should first examine each note at issue to determine whether the note meets the strict and technical definitions of "negotiable instrument" found in Washington's Uniform Commercial Code.

10. RCW 62A.3-104 provides the statutory definition of a negotiable instrument.

11. The statute begins by asserting that an instrument is negotiable if it is "an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order."

12. In addition, the instrument must also meet the three following prerequisites:

   a. First, the instrument must be "payable to bearer or to order at the time it is issued or first comes into possession of a holder";

   b. Second, the instrument must be "payable on demand or at a definite time."; and

   c. Does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money, but the promise or order may contain (i) an undertaking or power to give, maintain, or protect collateral to secure payment, (ii) an authorization or power to the holder to confess judgment or realize on or dispose of collateral, or (iii) a waiver of the benefit of any law intended for the advantage or protection of an obligor.

MEMORANDUM OF LAW
Civil Case No.:  3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

- 6 of 17 -

13. For purposes of this memorandum, the third prong of the definition is of vital importance because, as Professor Whitman has stated, "The standard note form approved by Fannie Mae and Freddie Mac for use in one-to-four-family residential loans is 1,455 words in length in three pages without signatures, and notes used in loans on commercial properties are commonly several times that size."

14. Inextricably imbedded within those 1,455 words are a host of undertakings and instructions by the person promising or ordering payment to do some act in addition to the payment of money.

15. By the clear statutory definition once one promise or undertaking is found, the character of the note cannot be said to be negotiable.

16. Finally, if the note is not a negotiable instrument, it is not subject to transfer or enforcement pursuant to RCW 62A.3, *et seq.* Stated another way, the act of endorsing and transferring a mortgage promissory note is a nullity because endorsement and delivery only effectuates a transfer of a negotiable instrument. If an instrument is non-negotiable, it must be transferred pursuant to general contract law.

17. Although the Deed of Trust establishes MERS as the Beneficiary by its own self-imposed admissions, MERS is *not* making any contribution worthy of this designation. Paragraph 2 of MERS T*erms and Conditions* [see EXHIBIT Q] states in pertinent part:

> "...*MERS shall serve as mortgagee of record with respect to all such mortgage loans solely as a nominee, in an administrative capacity, for the beneficial owner or owners thereof from time to time. [MERS shall have no rights whatsoever to any payments] made on account of such mortgage loans, [or to any mortgaged properties] securing such mortgage loans. MERS agrees not to assert any rights (other than rights specified in the Governing Documents) with respect to such mortgage loans or mortgaged properties...*"

MEMORANDUM OF LAW
Civil Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

18. MERS has ruled out any entitlement to Plaintiff's payments [see EXHIBIT Q, P. 1 ¶ 2]. This also means that MERS cannot qualify as *[Lender]* under ¶ 1 of the alleged copy of the Plaintiff's Note.

19. This standard Resolution Appointing a MERS Certifying *Officer* gives them authority to "assign the lien of any mortgage loan naming MERS as the mortgagee ... if the mortgage loan is registered on the MERS System." Derrick White has allegedly exercised this authority in favor of GTS.

20. This standard MERS Resolution further allows a MERS Certifying Officer "to take any such actions and execute such documents as may be necessary to fulfill the Member's *servicing obligations* to the beneficial owner of such mortgage loan."

21. Assigning the full beneficial interest of a security instrument *is not* a servicing obligation. This can only be done by a party holding *full beneficial interest*. Neither the mortgage servicer nor MERS holds any ownership interest in Plaintiff's alleged loan.

22. MERS Certifying Officers are getting their instructions from the mortgage servicer, and the ladder of authority stops there.

23. Under terms of the security instrument and MERS terms and conditions, MERS could not hold any ownership interest in Plaintiff's property. The best scenario for MERS was to hold legal title on behalf of someone else, namely the [Lender], their successor or assign.

24. The alleged MERS Assignments states that MERS *could be* acting on behalf of PCB, its successor or its assign. Since MERS can only act as a nominee, it must disclose its *specific* source of authority. This foundational fact cannot be left to speculation.

25. Since no specific source of authority is disclosed, we are left to conclude that MERS is acting on its own behalf or under the mortgage servicer's direction. In both cases, this

MEMORANDUM OF LAW
Civil Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

exercise of authority is rendered void by terms in the Deed of Trust as well as by its own Membership Terms and Conditions.

26. The alleged MERS Assignment to GTS rely upon a succession of legal conclusions camouflaged as facts. These legal conclusions are: (1) that MERS has authority to functionally exercise the powers of a beneficiary on April 19, 2012, in a nominee capacity without disclosing its source of authority; (2) on April 19, 2012, MERS has the power to convey this full beneficial interest to its recipient; (3) MERS has the power to transfer money owed on Plaintiff's Note on April 19, 2012 to an assignee. *These legal conclusions are all false.*

27. Pursuant to RCW § 62A.3-308(a), Plaintiff challenges the authenticity and legitimacy of MERS to effect any change or transfer to the beneficial ownership of Plaintiff's Deed of Trust and Note. RCW § 62A.3-308(a) states:

> "In an action with respect to an instrument, the authenticity of, and authority to make, each signature on the instrument is admitted unless specifically denied in the pleadings. If the validity of a signature is denied in the pleadings, the burden of establishing validity is on the person claiming validity, but the signature is presumed to be authentic and authorized unless the action is to enforce the liability of the purported signer and the signer is dead or incompetent at the time of trial of the issue of validity of the signature. If an action to enforce the instrument is brought against a person as the undisclosed principal of a person who signed the instrument as a party to the instrument, the plaintiff has the burden of establishing that the defendant is liable on the instrument as a represented person under RCW 62A.3-402(a)."

28. In the alleged security instrument, MERS is given the power to foreclose and sell *Plaintiff's property*. This term engages the Statute of Frauds. RCW § 64.04.010 applies the Statute of Frauds to every conveyance of real property, and states:

> "Every conveyance of real estate, or any interest therein, and every contract creating or evidencing any encumbrance upon real estate, shall be by deed: PROVIDED, That when real estate, or any interest therein, is held in trust, the terms and conditions of which trust are of record, and the instrument creating such trust authorizes the issuance of certificates or written evidence of any interest in said real estate under said trust, and

MEMORANDUM OF LAW
Civil Case No.:  3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

- 9 of 17 -

authorizes the transfer of such certificates or evidence of interest by assignment by the holder thereof by a simple writing or by endorsement on the back of such certificate or evidence of interest or delivery thereof to the vendee, such transfer shall be valid, and all such assignments or transfers hereby authorized and heretofore made in accordance with the provisions of this section are hereby declared to be legal and valid."

29. The Statute of Fraud requires; (1) a writing relinquishing the last recorded owner's interest in the security instrument; and (2) this writing must be signed by an authorized officer of the owner. When formalities for the Statute of Frauds are followed, the new owner acquires the original Lender's *contractual relationship* with the borrower. This is known as *borrower approved interest in land*. Foreclosure statutes require the acquisition of the *borrower approved interest in land* as a pre-requisite for asserting the *statutory power of sale*. If this borrower approved interest in land is not acquired, foreclosure cannot be pursued.

30. MERS has never acquired the borrower's approved interest in land, because the formalities of the statutes of frauds were never followed. There is not even a signature on the Deed of Trust confirming a relationship between the original Lender and MERS. As a result, MERS has not acquired the original Lender's contractual relationship with the borrower and the *borrower approved interest in land*. MERS cannot convey an interest that it never acquired.

31. Pursuant to ¶ (b) of RCW 62A.3-203, ownership rights in land are also subject to principles of property law independent of Article 3 of RCW 62A. Because of special safeguards in the form of recording statutes, the owner of an interest in land must prove *rightful possession*. This means that an assignor must prove that their prior holder was endowed with the *full beneficial interest*.

MEMORANDUM OF LAW
Civil Case No.:  3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

- 10 of 17 -

"Because the transferee's rights are derivative of the transferor's rights *those rights must be proved.* The instrument, by its terms, is not payable to the transferee and the transferee must account for possession of the unindorsed instrument *by proving the transaction through which the transferee acquired it.*" [Emphasis added]

32. *By stipulating for an unindorsed instrument*, a seller must prove the transaction *through which it was acquired*, this comment is specifically referring to the *contractual relationship with the borrower* and the *borrower approved interest in land* is bundled and inextricably intertwined with that contractual relationship. This comment is also referencing proof that the original holder of this contractual relationship has *relinquished this contractual interest* in the seller's favor. These terms are all direct references to the statutes of frauds.

33. RCW 62A.3-203(d) sets forth the rule of law that if anything less than the entire beneficial interest is conveyed; the transferee can receive no greater interest than that which was held by the transferor. This rule of law applies to the alleged MERS assignment on April 19, 2012. GTS cannot receive any greater interest than MERS is in the position to transfer. The true holder of this ownership interest in land cannot be ascertained from terms in this alleged MERS assignment. If a holder of a beneficial interest cannot be established, the interest being conveyed is also illusory and inadequate for enforcement.

34. In addition, MERS is barred by its membership rules from acquiring any beneficial interest for a property posted on its registry.

35. MERS cannot prove that it holds rightful possession of the *full* beneficial interest in Plaintiff's instruments. MERS cannot even prove that it holds any beneficial interest whatsoever in Plaintiff's Note and Deed of Trust. Three problems are presented, and each can be independently fatal. (1) It has not satisfied the full beneficial interest test imposed by RCW 62A.3-203 (b) and (d). (2) Its failure to follow formalities imposed by the statute

MEMORANDUM OF LAW
Civil Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

of frauds subjects it to the deterrent in this law and renders the transfer invalid. (3) Last but not least, it has not specified the source of authority directing them to take this action.

36. A mortgage assignment or conveyance is a contract.

37. All contracts require an offer, acceptance and consideration to be enforced.

38. According to MERS own statements, MERS is incapable of "offering" or "consideration" because it does not own any notes secured by mortgages it allegedly tracks.

39. According to U.C.C. 3-23(a)b & (d) and RCW 62A.3.203 a proper conveyance of the full beneficial interest of a mortgage loan ("true sale") occurs when the beneficiary creates a properly written assignment that relinquishes the last recorded owner's interest in the security instrument and is also signed by the authorized officer of the said beneficiary.

40. In order for MERS to assign Plaintiff's Deed of Trust to any party for value received as nominee for PCB, MERS would have to present an "offer" for "consideration" as the nominee of PCB to the party receiving the assignment.

41. MERS received no authorization from PCB to act in the capacity of a nominee for PCB assigning for value received Plaintiff's alleged loan to GTS.

42. On May 5, 2012, an alleged Appointment of Successor Trustee dated May 14, 2012, from PCB to GTS was recorded into the records of Thurston County under Recording Number 4266605.

43. As Substitute Trustee, it is understood that NWTS should be receiving its instructions from GTS.

44. Because of the operating environment of GTS, the Trustee responsible for the foreclosure will customarily prepare this form, essentially self-appointing themselves.

45. This type of practice should constitute a breach of the duty of good faith.

MEMORANDUM OF LAW
Civil Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

- 12 of 17 -

46. In ¶ 24, titled *Substitute Trustee*, Plaintiff's Deed of Trust states:

"[In accordance with applicable law, Lender] may from time to time appoint a successor trustee to any Trustee appointed hereunder who has *ceased to act*."

47. Black's Law Dictionary defines "cease" as:

"To stop, forfeit, suspend, or bring to an end."

48. The Trustee on Plaintiff's Deed of Trust is Chicago Title. There is no *recorded evidence* that indicates that Chicago Title has ever *ceased to act*.

49. RCW 61.24.010(2) states:

"The trustee may resign at its own election or be replaced by the beneficiary. The trustee shall give prompt written notice of its resignation to the beneficiary. The resignation of the trustee shall become effective upon the recording of the notice of resignation in each county in which the deed of trust is recorded. If a trustee is not appointed in the deed of trust, or upon the resignation, Incapacity, disability, absence, or death of the trustee, or the election of the beneficiary to replace the trustee, the beneficiary shall appoint a trustee or s successor trustee. Only upon recording the appointment of a successor trustee in each county in which the deed of trust is recorded, the successor trustee shall be vested with all powers of an original trustee."

50. Under the DTA, if a deed of trust contains the power of sale, the trustee may usually foreclose the deed of trust and sell the property without judicial supervision. (*Bain,* 175 Wash.2d at 93, 285 P.3d 34). Only a lawful beneficiary has the power to appoint a successor trustee, (*Bain,* 175 Wash.2d at 89, 285 P.3d 34) and only a lawfully appointed successor trustee has the authority to issue a notice of trustee's sale. Accordingly, when an unlawful beneficiary appoints a successor trustee, the putative trustee lacks the legal authority to record and serve a notice of trustee's sale. (*Walker v. Quality Loan Service Corp.*, 308 P. 3d 716 - Wash: Court of Appeals, 1st Div. 2013)

51. Through legal trickery, NWTS was chosen and appointed by GTS to act on GTS behalf, and together they conspired to take possession of the Plaintiff's property. This is in direct

MEMORANDUM OF LAW
Civil Case No.:  3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

- 13 of 17 -

conflict with NWTS "duty of good faith" as required by Washington's RCW 61.24.010(4) which states:

> "The trustee or successor trustee has a duty of good faith to the borrower, beneficiary, and grantor."

52. Communication related to debt collection does not become unrelated to debt collection simply because it also relates to the enforcement of a security interest. A "debt" is still a "debt" even if it is secured.

53. Since the Plaintiff was in default at the time the debt was allegedly acquired, Defendants fall under the definition of debt collectors as defined by the FDCPA. 15 U.S.C. § 1692a(6) reads in relevant part;

> "As used in this title-
> (6) The term "debt collector" means any person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which is the collections of any debt, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Not withstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 8708(6), such terms also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principle purpose of which is the enforcement of security interests. The term does not include-
> > (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity
> > > (iii) concerns a debt which was not in default at the time it was obtained by such person."

54. GTS states in a letter to Plaintiff dated July 11, 2014, that recorded assignments are not required as MERS is a process that simplifies the way mortgage ownership and servicing rights are originated, sold and tracked. Created by the real estate finance industry, MERS eliminates the need to prepare and record assignments.

MEMORANDUM OF LAW
Civil Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

- 14 of 17 -

55. This type of system eliminates recording fees that the counties of the state of Washington are entitled to. This type of system also compromises the accuracy of county land records.

56. Because the WDTA dispenses with many protections commonly enjoyed by borrowers under judicial foreclosures, Beneficiaries and Trustees must strictly comply with the statutes and courts must strictly construe the statutes in the borrower's favor. Without statutory authority, any action taken is invalid.

57. 15 U.S.C. § 1692a(6) states in relevant part:

> "As used in this title-
> (F) any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity
> (iii) concerns a debt which was not in default at the time it was obtained by such person."

Since this alleged debt was in default at the alleged time it was acquired, and Defendants NWTS and GTS do not meet any definitions of exclusions then they are subject to the FDCPA in its entirety.

58. In order to be a debt collector there must first be a debt. 15 U.S.C. § 1692a(5) states in relevant part:

> "(5) The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."

59. Foreclosure is a method of collecting a debt by acquiring and selling secured property to satisfy a debt.

60. NWTS is likely to argue that foreclosure is not a debt collection activity. However, "the court notes that NWTS raises arguments in its excess pages that mirror arguments made in a case before the Honorable Robert S. Lasnik. *Cf.* Dkt. # 58 at 9-10 *with McDonald v.*

MEMORANDUM OF LAW
Civil Case No.:  3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

*OneWest Bank, FSB*, Case No. C10-1952RSL, Dkt. # 172 at 32-33. The court notes that Judge Lasnik rejected NWTS argument that it did not take any nonjudicial action to effect dispossession of property, and concluded that a "nonjudicial foreclosure intended to dispossess the homeowner of title and ownership of real property is the type of debt collection activity that may be subject to § 1692f(A)." *McDonald v. OneWest Bank, FSB*, 2013 WL 858178, *12 (W.D. Wash. March 7, 2013) ("*McDonald II*"). This court agrees."

61. Nonjudicial foreclosures in Washington are governed by the Deed of Trust Act ("DTA"), RCW 61.24. *Vawter v. Quality Loan Service Corp. of Washington*, 707 F. Supp. 2d 1115, 1121-22 (W.D. Wash. 2010); See also *Cox v. Helelnius*, 693 P.2d 683, 685 (Wash. 1985).

62. Because the DTA "dispenses with many protections commonly enjoyed by borrowers under judicial foreclosures, lenders must strictly comply with the statutes and courts must strictly construe the statutes in the borrower's favor." *Albice v. Premier Mortgage Servs., Inc.*, 276 P.3d 1277, 1281 (Wash. 2012).

63. RCW 61.24, *et seq.* strips borrowers of many of the protections available under a mortgage. Therefore, lenders must strictly comply with the Deed of Trust statutes, and the statutes and Deeds of Trust must be strictly construed in favor of the borrower. *Koegel* v. *Prudential Mut. Sav.Bank,* 51 Wn. App. 108, 752 P.2d 385 (1988).

64. The failure to strictly comply with the statute process is fatal. *Baggao v. Mascaro*, 77 OR APP 627 (1986).

65. Once a court finds a violation, there is no discretion with regard to imposition of the penalties. *Grant v. Imperial Motors* (5th cir. 1976) 539 F 2d 506.

WHEREFORE Plaintiff prays that the Court will find that the Defendants have committed the acts alleged and grant the relief requested by the Plaintiff.

Dated this 23rd Day of February, 2015

MEMORANDUM OF LAW
Civil Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568

/s/ James A. Bigelow
James A. Bigelow, Plaintiff

## CERTIFICATE OF SERVICE

I CERTIFY UNDER PENALTY OF PERJURY under the laws of the State of Washington that the foregoing is true and correct and that a copy of the foregoing has been electronically provided to Renee M. Parker, Esq., and Joseph Marshall, Esq.

Executed this 23rd day of February, 2015.


/s/ James A. Bigelow
James A. Bigelow

MEMORANDUM OF LAW
Civil Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Circle
Huntington Beach CA 92648
360-790-2568