THE HONORABLE BENJAMIN H. SETTLE

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT TACOMA

JAMES A. BIGELOW,

      Plaintiff,

    vs.

NORTHWEST TRUSTEE SERVICES, INC.;

GREEN TREE SERVICING, LLC.;

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, Inc.;

WRIGHT, FINLAY & ZAK, LLP;

TICOR TITLE COMPANY;

NATIONWIDE TITLE CLEARING;

FIRST AMERICAN TITLE INSURANCE COMPANY;

RENEE PARKER, ESQ;

DOE DEFENDANTS 1 - 20

      Defendants.

Case No.:  3:14-cv-05798-BHS

**MEMORANDUM OF LAW – NEGOTIABILITY OF THE PROMISSORY NOTE**

MEMORANDUM OF LAW - NEGOTIABILIY
Case No.:  3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Cir
Huntington Beach California 92648
360-790-2568

## MORTGAGE NOTES ARE NOT NEGOTIABLE INSTRUMENTS UNDER THE UNIFORM COMMERCIAL CODE OF WASHINGTON AND THEREFORE CANNOT BE TRANSFERRED VIA INDORSEMENT

1. One of the issues that surround this case (and which should surround nearly every foreclosure action filed in this State) is whether the subject promissory note at issue in the foreclosure case is a negotiable instrument.

2. Unfortunately, the issues regarding the negotiability of the note appear to be rarely brought before trial court's attention. Therefore, both trial and appellate courts in this State have not had the opportunity to consider these issues on their merits.

3. Indeed, a law review article published in the Pepperdine Law Review (see Dkt 24, Exhibit P), Professor Dale Whitman identified only 42 cases decided over the past 20 years in the entire United States in which a decision "reached on the merits" regarding the negotiability of a mortgage note. *See* Dale A. Whitman, How Negotiability Has Fouled Up The Secondary Mortgage Market, And What To Do About It, 37 Pepp. L. Rv. 737 (2010).

4. Even more shocking, Professor Whitman identified only two of those forty-two cases in which "the court provide[d] a thorough analysis of the negotiability of the note!" See Id. at 754.

5. Tracing case law backwards, it appears that an analysis of mortgage notes was first articulated by the Fifth District in *American Bank of the South v Rothenburg*, 598 So. 2d 289 (Fla. 5th DCA 1992).

6. There the court stated that "**the rights of the parties must be determined by the character of the promissory note**." *Bold emphasis added.*

MEMORANDUM OF LAW - NEGOTIABILIY
Case No.:  3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Cir
Huntington Beach California 92648
360-790-2568

- 2 of 9 -

7. Thus, the <u>Rothenburg</u> Court articulated a crucial first step in the analysis of a note: a decision of whether the **<u>character</u>** of the note at issue is that of a negotiable instrument.

8. Unfortunately, Washington State has not mentioned this essential first step, most likely because the character of the promissory note is not being questioned at the trial court level. Without Challenge, it is being assumed that the promissory note is negotiable without any consideration as to how a promissory note is in fact negotiable. Trial and Appellate courts do not address the issue of a note's negotiability because the character of the note is apparently never being questioned.

9. In contexts other than mortgage promissory notes in which the character of the instrument was an issue in the trial court, the Second District has engaged in an examination of the negotiability statute and its application. *See inter alia* discussion regarding <u>GMAC v. Honest Air Conditioning & Heating</u>.

10. Consequently, when the character of the mortgage promissory note is questioned at the trial court level, the gratuitous assertion that "the note is a negotiable instrument" should not be accepted at face value. Rather, courts should first examine each note at issue to determine whether the note meets the strict and technical definitions of "negotiable instrument" found in Washington's Uniform Commercial Code.

## DEFINITION OF NEGOTIABLE INSTRUMENT

11. Washington Statute RCW 62A.3-104 provides the statutory definition of a negotiable instrument.

12. The statute begins by asserting that an instrument is negotiable if it is "an unconditional promise or order to pay a fixed amount of money, with or without interest or other charges described in the promise or order."

MEMORANDUM OF LAW - NEGOTIABILIY
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Cir
Huntington Beach California 92648
360-790-2568

13. In addition, the instrument must also meet the three following prerequisites:

    a. First, the instrument must be "payable to bearer or to order at the time it is issued or first comes into possession of a holder." §62A.3-104(a)(1);

    b. Second, the instrument must be "payable on demand or at a definite time." §62A.3-104(a)(2); and

    c. Third, the instrument **must not "state any other undertaking or instruction by the person promising or ordering payment to do any act** in addition to the payment of money." §62A.3-104(a)(3).[1]

14. For purposes of this memorandum, the third prong of the definition is of vital importance because, as Professor Whitman has stated, "The standard note form approved by Fannie Mae and Freddie Mac for use in one-to-four-family residential loans is 1,455 words in length in three pages without signatures, and notes used in loans on commercial properties are commonly several times that size."

15. Inextricably imbedded within those 1,455 words are a host of undertakings and instructions by the person promising or ordering payment to do some act in addition to the payment of money.

16. By the clear statutory definition, once one promise or undertaking is found, the character of the note cannot said to be negotiable.

---

[1] §62A.3-104(a)(3) does provide three exceptions to the general rule that the promise or order must not contain any instruction or undertaking other than the payment of money. These exceptions are: (1) an undertaking or power to give, maintain, or protect collateral to secure payment; (2) an authorization or power to the holder to confess judgment or realize or dispose of collateral; and (3) a waiver of the benefit of any law intended for the advantage or protection of an obligor.

MEMORANDUM OF LAW - NEGOTIABILIY
Case No.:  3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Cir
Huntington Beach California 92648
360-790-2568

- 4 of 9 -

17. Finally, if the note is not a negotiable instrument, it is not subject to transfer or enforcement pursuant to RCW §62A.3, *et seq.* Stated another way, the act of indorsing and transferring a promissory note is a nullity because indorsement and delivery only effectuates a transfer of a **negotiable** instrument. If an instrument is non-negotiable, it must be transferred pursuant to general contract law.

## INSTRUCTIONS OTHER THAN THE PAYMENT OF MONEY

I. *GMAC v. HONEST AIR CONDITIONING*

18. In *GMAC v. Honest Air Conditioning & Heating, Inc.*, 933 So. 2d 34 (Fla. 2d DCA 2006), the Second District concluded that "the trial court erred in finding that the [retail installment sales contract] was a negotiable instrument." Id. at 35.

19. There, the Court was confronted with a retail installment sale contract (hereinafter "RISC") entered into between GMAC and Honest Air for the purchase of an automobile. Id.

20. The Court noted that the RISC created certain instructions or undertakings in both the "person promising" to pay and the creditor ordering payment, including: (1) an instruction onto the debtor to not remove the vehicle from the United States; (2) an instruction onto the debtor to reimburse advances made by the creditor in payment of repair or storage bills; and (3) an instruction onto the creditor to dispose of the collateral in certain ways following repossession. Id. at 37.

21. **Most notable to our purposes here, the Second District noted that the RISC required the debtor to pay fees for late payment or dishonored checks**. Id.

22. Ultimately, the Second District held that these obligations "bring the RISC within the exclusionary language of the Uniform Commercial Code, which provides that a negotiable

MEMORANDUM OF LAW - NEGOTIABILIY
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Cir
Huntington Beach California 92648
360-790-2568

instrument 'does not state any other undertakings' in addition to the payment of money."
Id.

23. The Court reasoned that this must be so because "[a] negotiable instrument should be 'simple, certain, unconditional, and subject to no contingencies. As some writers have said, it must be a courier without luggage.'" Id. (*citing* Mason v. Flowers, 91 Fla. 224, 107 So. 334, 335 (Fla. 1926)).

*II. Instructions other than the payment of money contained in the subject note*

24. A mere cursory glance at the three page promissory note at issue here clearly reveals that the note contains instructions or undertakings on both the debtor promising payment and creditor ordering payment.

25. To begin, clause 6(A), entitled "Late Charge for overdue charges", obligates the debtor to pay a late charge if any sum payable under the note is not paid when due. This is directly on point to the Second District's conclusion in Honest Air that the obligation in the RISC requiring the debtor to pay late fees rendered the instrument non-negotiable.

26. Additionally, clause 4, entitled "Borrower's Right to Prepay", obligates the borrower to send written notice to the note holder if the borrower elects to prepay any portion of the unpaid principal balance due under the note. Professor Whitman noted that over a dozen years ago Professor Ronald Mann concluded that such words brought promissory notes within purview of the Uniform Commercial Code's equivalent of §62A.3-104(a)(3) which rendered the subject notes non-negotiable.[2]

---

[2] It should be noted that both the clause requiring late payment charge and the clause requiring written notice of intent to prepay exist in the standard Fannie mortgage note for residential properties; thus, the analysis done here is equally applicable to an analysis to be done during foreclosures of residential mortgages.

MEMORANDUM OF LAW - NEGOTIABILIY
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Cir
Huntington Beach California 92648
360-790-2568

27. These clauses, in addition to the various other obligations the subject note requires, are clearly instructions or undertakings on either the borrower promising payment or the note holder ordering payment which bring the note within the "exclusionary language" of §62A.3-104(a)(3) and thus make the note non-negotiable.

## INCORPORATING THE TERMS OF THE DEED OF TRUST INTO THE TERMS OF THE NOTE

28. Additional consideration should be given to the consequences of incorporating the terms of a Deed of Trust agreement into the terms of a promissory note.

29. This is an extremely critical discussion with respect to the broader implications of the Washington's foreclosure crisis because foreclosing party have appeared to blend the two documents into one when instituting foreclosing actions.

30. More to the point, even if this Court determines that the note is negotiable, incorporating the terms of the Deed of Trust into the terms of the note for purposes of a nonjudicial foreclosure severs this negotiability because the Deed of Trust contains numerous instructions and undertakings other than the payment of money.

31. Such instructions generally include: (1) the requirement that the borrower obtain property insurance; (2) the requirement that the borrower assign rents and profits which arise from the property to the note holder; and (3) the requirement that the note holder send the borrower a notice of intent to accelerate and right to cure prior to instituting a foreclosure action.

32. It is therefore wholly unclear how, even if the note is considered negotiable, negotiation could transfer rights and interests in the non-negotiable Deed of Trust.

Case No.:  3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Cir
Huntington Beach California 92648
360-790-2568

- 7 of 9 -

## REQUIREMENT TO SHOW AGENCY RELATIONSHIP IN CERTAIN CIRCUMSTANCES IF NOTE DEEMED NEGOTIABLE

33. A final consideration should be given to the case which the foreclosing party claims to be the holder who is acting on behalf of some other entity.

34. Negotiation occurs only where there is a transfer of a negotiable instrument. *See* Fla. Stat. §673.2011.

35. A negotiable instrument is "transferred" "when it is delivered by a person other than the issuer for the person of giving to the person receiving delivery the right to enforce the instrument." RCW §62A.3-203.

36. The transfer requirement of §62A.3-203(a) becomes extremely important in the situation where foreclosing party claims they are the "holder" authorized to foreclose on behalf of the "owner."

37. In these cases, foreclosing parties often identify themselves as "servicers" of the note.

38. These servicers, however, are not actually holders of the notes pursuant to the Uniform Commercial Code.

39. Negotiation, as previously stated, requires both the transfer of an instrument and the instrument's delivery.

40. In the case of a servicer, constructive delivery of the note is actually made to the true owner of the debt pursuant to a written contract. **The servicer, then, is merely the agent of the owner, who is the true holder of the note through constructive delivery**.

41. Consequently, when a borrower questions the validity of a servicer's right to foreclose, the servicer must prove the agency relationship between itself and the true owner of the debt by evidence adduced at trial.

MEMORANDUM OF LAW - NEGOTIABILIY
Case No.:  3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Cir
Huntington Beach California 92648
360-790-2568

- 8 of 9 -

WHEREFORE, Plaintiff moves this Court to find that the promissory note is non-negotiable.

Dated this 24th Day of February, 2015

/s/ James A. Bigelow
James A. Bigelow

## CERTIFICATE OF SERVICE

I CERTIFY UNDER PENALTY OF PERJURY under the laws of the State of Washington that the foregoing is true and correct and that a copy of the foregoing has been electronically provided to Renee M. Parker, Esq., and Joseph H. Marshall, Esq.

Executed this 24th day of February, 2015

/s/ James A. Bigelow
James A. Bigelow

MEMORANDUM OF LAW - NEGOTIABILIY
Case No.:  3:14-cv-05798-BHS

James A. Bigelow
7916 Southwind Cir
Huntington Beach California 92648
360-790-2568