**WRIGHT, FINLAY & ZAK, LLP**
Renee M. Parker, Esq., WSBA No. 36995
Lukasz I. Wozniak, Esq., WSBA No. 47290
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
Tel: (949) 610-7023; Fax: (949) 477-9200
rmparker@wrightlegal.net

Attorneys for GREEN TREE LOAN SERVICING LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., WRIGHT, FINLAY & ZAK, LLP and RENEE M. PARKER, ESQ.

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON (TACOMA)

| | |
|---|---|
| JAMES A. BIGELOW<br><br>Plaintiff,<br><br>vs.<br><br>NORTHWEST TRUSTEE SERVICES, INC.; GREEN TREE SERVICING, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; WRIGHT, FINLAY & ZAK, LLP, TICOR TITLE COMPANY, NATIONWIDE TITLE INSURANCE COMPANY, RENEE PARKER, and DOE DEFENDANTS 1-20,<br><br>Defendants. | Case No.: 3:14-cv-05798 BHS<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT FOR ANTI-SLAPP VIOLATIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT ; DECLARATION OF RENEE M. PARKER, ESQ. IN SUPPORT**<br>[RCW 4.24.525(4)]<br><br>Second Amended Complaint filed: February 23, 2015<br><br>**Noting Date: April 10, 2015** |

TO THIS HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on April 10, 2015 in Courtroom E of the District Court, Western District of Washington, located at 1717 Pacific Avenue, Tacoma, WA 98402, Defendants GREEN TREE SERVICING LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), WRIGHT, FINLAY, & ZAK, LLP, and RENEE M. PARKER, ESQ. (erroneously sued as Renee Parker) (hereinafter "Defendants" collectively) by and through their counsel of record, Renee M. Parker of Wright, Finlay & Zak, LLP, will and does hereby

-1-
NOTICE OF MOTION AND MOTION TO STRIKE COMPLAINT (ANTI-SLAPP)

1  move this Court for an Order striking the Second Amended Complaint of Plaintiff JAMES A.
2  BIGELOW (hereinafter "Plaintiff") in its entirety pursuant to Washington State's Anti-SLAPP
3  statute, RCW § 4.24.525(4) et seq., and will request an award of attorneys' fees in the amount of
4  $3,102.00 under 4.24.525(6)(a)(i), plus an additional $10,000.00 under 4.24.525(6)(a)(ii).

This Motion will be made on the grounds that the alleged causes of action against the Attorney Defendants are entirely in retaliation for conduct of defense of an action filed by Plaintiff and in a counter-complaint foreclosure action against Plaintiff—which is considered to be an exercise of their right of free speech under the United States and Washington Constitution under *Revised Code of Washington* § 4.24.525.

This Motion will be based upon this Notice, the attached memorandum of points and authorities, the complete files and records in this action and the underlying unlawful detainer action, the oral argument of counsel and upon such other and further evidence as this Court might deem proper.

Dated: March 11, 2015

Respectfully submitted,
WRIGHT, FINLAY, & ZAK, LLP

By: _____
Renee M. Parker, WSBA # 36995
Attorneys for Defendant
GREEN TREE LOAN SERVICING LLC,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC., WRIGHT,
FINLAY & ZAK, LLP and RENEE M.
PARKER, ESQ.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

In the second amendment to his frivolous Complaint, Plaintiff improperly names WRIGHT, FINLAY, & ZAK, LLP ("WFZ"), and RENEE M. PARKER, ESQ. (hereinafter "Attorney Defendants" collectively) in this action solely in retaliation for their defense in litigation brought by Plaintiff and for prosecution of a judicial foreclosure action against Plaintiff as legal counsel for GREEN TREE LOAN SERVICING LLC and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (hereinafter "Non-Attorney Defendants" collectively).

Plaintiff is retaliating against the Attorney Defendants for their legal representation of the Non-Attorney Defendants, and appears to arise from Defendants' success on its prior Motion to Dismiss First Amended Complaint, in which Plaintiff was granted leave to amend. Plaintiff's desperate Second Amended Complaint (hereinafter "Complaint") improperly alleges that the Attorney Defendants violated the Fair Debt Collections Practices Act ("FDCPA"), the Washington Deed of Trust Act ("WDTA"), the Washington Consumer Protection Act ("WCPA"), and has causes of action for Slander of Title and Infliction of Emotional Distress.

<u>But for this litigation Plaintiff would have had no reason whatsoever to include the Attorney Defendants as defendants in the Complaint, and Plaintiff otherwise raises no legitimate cause of action against the Attorney Defendants for any action taken outside of this litigation.</u> As legal counsel for Non-Attorney Defendants, the Attorney Defendants' conduct in prosecuting the judicial foreclosure matter, and in defending against Plaintiff's District Court civil action, is privileged conduct and protected speech. Furthermore, as discussed below, the initiation of a judicial foreclosure action does not implicate the FDCPA.

The Attorney Defendants have no relation or logical connection to the underlying loan, the default on part of Plaintiff, or the non-judicial foreclosure action for the Subject Property. The Attorney Defendants are, of course, attorneys, and they are merely being sued for their actions as attorneys. Accordingly, their conduct is protected speech as covered by the Washington Anti-SLAPP statute pursuant to RCW 4.24.525.

This Complaint is nothing more than a bad faith attempt by Plaintiff to vex and harass all of the Defendants, and to delay the pending litigation. Where this Complaint alleges the judicial foreclosure action was wrongful or improper, the Attorney Defendants are improperly named.

As a result, this Court should strike Plaintiff's Complaint in its entirety under the Anti-SLAPP statute, and award the Defendants' attorneys' fees plus $10,000.00.

## II. STATEMENT OF FACTS

### A. The Loan And The Foreclosure Proceedings

On or about April 24, 2007 James Bigelow and Carolyn Bigelow, husband and wife, executed a Note in the amount of $233,899.00 in favor of Pierce Commercial Bank. The Note was secured by a Deed of Trust encumbering the Subject Property (with both documents comprising the "Loan"). *See* Request for Judicial Notice ("RJN") Ex. 1, which is the Supplemental Declaration in Support of Counterclaim and Third-Party Complaint for Judicial Foreclosure a declaration by Green Tree Servicing LLC, and containing a true and correct copy of the original Note, as filed with this Court on March 2, 2015 as Docket Item No. 49. The Deed of Trust was recorded with the Thurston County Auditor on or about April 27, 2007 as Instrument No. 3922368; MERS was the nominee beneficiary. *See* RJN No. 2.

The Loan was transferred to Green Tree Loan Servicing LLC ("Green Tree") on or about April 19, 2012. The Corporate Assignment of Deed of Trust ("Assignment") was recorded with the Thurston County Auditor on or about April 20, 2012 as Instrument No. 4261697. *See* RJN Ex. 3. Green Tree is the holder of the Note and services of the Loan on behalf of Fannie Mae, as stated in the Supplemental Declaration in Support of Counterclaim and Third-Party Complaint for Judicial Foreclosure filed concurrently herewith as RJN No. 1.

Northwest Trustee Services, Inc. ("NWTS") was appointed as the successor trustee on or about May 14, 2012; an Appointment of Successor Trustee was recorded with the Thurston County Auditor on or about May 18, 2012. *See* RJN Ex. 4.

Beginning with the payment due on November 1, 2011, Borrowers defaulted under the terms of the Note and Deed of Trust by failing to perform monthly payment obligations.

-4-
NOTICE OF MOTION AND MOTION TO STRIKE COMPLAINT (ANTI-SLAPP)

A Notice of Default was sent to the Borrowers on or about May 10, 2012. *See* RJN Ex. 5. Borrowers failed to cure the default. A Notice of Trustee's Sale, having a sale date of August 29, 2014, was recorded April 30, 2014 in the official records of the Thurston County Auditor as Instr. No. 4389907. *See* RJN Ex. 6.

**B.     The Judicial Foreclosure Action**

On January 8, 2015, WFZ, by and through Renee M. Parker, Esq. and on behalf of Green Tree, filed a Counterclaim and Third-Party Complaint for Judicial Foreclosure (the "Foreclosure Action") in this Court as Docket Item No. 26. Defendants respectfully request this Court take judicial notice of the Foreclosure Action.

To date no counter-defendant has filed a responsive pleading, and Green Tree has filed for default against all parties except co-borrower Carolyn Bigelow; Plaintiff contends Carolyn Bigelow does not reside at the Subject Property, and attempts to locate her are currently in progress. See Docket Item No. 54.

**C.     The Civil Action**

On October 7, 2014, and in an attempt to stop a non-judicial foreclosure sale scheduled to be held on August 29, 2014 (which was continued to November 14, 2014 due to a bankruptcy filed by Plaintiff in the Bankruptcy Court for the Western District of Washington, Case No. 14-45463-PBS), Plaintiff filed the instant civil action against Green Tree, MERS, and NWTS.

The original Complaint was amended by Plaintiff's "Amended Verified Complaint" filed on November 13, 2014 as Docket Item No. 11. Green Tree and MERS filed a Motion to Dismiss the Amended Verified Complaint, which was granted on January 29, 2015 as Docket Item No. 35. Plaintiff was required to file an amended complaint on or before February 13, 2015 to cure defects in his Amended Verified Complaint, but failed to file his "Second Amended Complaint" until February 23, 2015.

In his Second Amended Complaint Plaintiff did not take measures to correct or cure the deficiencies that plagued the Amended Verified Complaint. Instead Plaintiff simply added the Attorney Defendants, and parties related to the escrow and closing of the loan, to the pre-existing causes of action to "cure" the defects, plus added a slander of title and emotional distress claim.

## III. ARGUMENT

### A. Plaintiff's Second Amended Complaint Against The Attorney Defendants Must Be Stricken In Entirety Pursuant To The WA Anti-SLAPP Statute, RCW 4.24.525.

Statements and writings made during judicial proceedings are expressly protected by the Anti-SLAPP statute; filing a lawsuit is an exercise of a party's constitutional right to petition for grievances. A claim for relief filed in court is "indisputably a statement or writing made before a judicial proceeding." *Navellier v. Sletten*, (2002) 29 Cal.4th 82, 90; *Feldman v. 1100 Park Lane Assocs.* (2008) 160 Cal.App.4th 1467, 1480.

Under RCW 4.24.525(4), a moving party can bring a special motion to strike any claim based on an action involving "public participation and petition," and responding party must then establish a likelihood of prevailing on the challenged claims with the heavy burden of clear and convincing evidence. *See also, Bevan v. Meyers*, 183 Wash.App. 177, 334 P.3d 39 (Div. 1, 2014); *Phoenix Trading, Inc. v. Loops LLC*, 732 F.3d 936, 941 (9th Cir. 2013); and *Townsend v. State Dept. of Transp.*, 170 Wash.App 1040 at *3 (2012) (unpublished), all of which further state that the Anti-SLAPP statute contains an expedient means of terminating litigation found to be targeted at lawful communications on matters of public concern.

The intent behind the rule is to (1) encourage continued participation in matters of public significance without this participation being chilled through abuse of the judicial process, and (2) eliminate meritless litigation at an early stage. *Macias v. Hartwell*, 55 Cal. App. 4th 669, 672, 64 Cal. Rptr. 2d 22 (1997); *Bradbury v. Superior Court*, 49 Ca. App. 4th 1108, 1113, 57 Cal. Rptr. 2d 207 (1996).

Washington's Anti-SLAPP law is modeled on the California Civil Code, and state courts "look to California cases for aid in interpreting the act." *Spratt v. Toft*, 180 Wn. App. 620, 631, 324 P.3d 707, 712 (2014); *Phoenix Trading, Inc. v. Loops LLC*, 732 F.3d 936, 941 (9th Cir. 2013) (citing *Castello v. City of Seattle*, 2010 WL 4857022, *3 (W.D. Wash. 2010)).

An issue of public concern has been broadly defined as "any issue in which the public is interested." *Nygard, Inc. v. Uusi-Kerttula*, 159 Cal. App. 4th 1027, 1042 (2008) (emphasis in original). "The issue need not be 'significant'.... [I]t is enough that it is one in which the public

1 takes an interest." *Id.*; see also *Hecimovich v. Encinal Sch. Parent Teacher Org.*, 203 Cal. App.
2 4th 450, 465 (2012) (public interest "[m]ay encompass activity between private people."); *Spratt*
3 *v. Toft*, 180 Wn. App. 620, 632, 324 P.3d 707, 712 (2014) (the standard to prove a case falls
4 within the statutory ambit is "minimal."). To determine whether a claim "arises from public
5 participation and petition, [the court should] look to the gravamen of the claim." *Bevan*, supra.
6 at 43, citing *City of Seattle v. Egan*, 179 Wn. App. 333, 338, 317 P.3d 568 (2014).

7 In addition, prosecution of a judicial action, such as judicial foreclosure, is "indisputably
8 is a protected activity within the meaning of Section 425.16." *Feldman*, supra, 16 CA.4th at
9 1480. The party filing an Anti-SLAPP motion is not required to demonstrate that its protected
10 statements or writings were made on its own behalf. Attorneys representing clients in an action,
11 therefore, are considered a "person" protected under the statute, and may invoke the Anti-SLAPP
12 statute. *Briggs v. Eden Council for Hope & Opportunity*, (1999) 19 Cal.4th 1106, 1123;
13 *Jespersen v. Zubiate-Beauchamp*, (2003) 114 Cal.App.4th 624, 629; *White v. Lieberman* (2002)
14 103 Cal.App. 4th 210, 220-221, 126 Cal.Rptr.2d 608, 614, 615 (invoking SLAPP statute
15 protection in favor of attorneys without discussing distinction between them and their clients).

16 Moreover, pleadings, statements and writings "in connection with" civil litigation are
17 covered by the Anti-SLAPP statute. It need not be shown that the litigated matter is of public
18 interest. *Briggs*, supra, 19 Cal.4th at 1123.

19 If the cause of action is based on protected activity, then the anti-SLAPP statute applies,
20 and the burden shifts to the responding party to prove the claim's merits. See, e.g., *Garretson v.*
21 *Post*, 156 Cal. App. 4th 1508 (2007); *Wallace v. McCubbin*, 196 Cal. App. 4th 1169, 1190
22 (2011), as modified on denial of reh'g (Jul. 26, 2011) (court should examine act alleged, not just
23 the "gist of the cause of action."). "Where... a cause of action is based on both protected activity
24 and unprotected activity, it is subject to [anti-SLAPP] unless the protected conduct is 'merely
25 incidental' to the unprotected conduct." *Haight Ashbury Free Clinics, Inc. v. Happening House*
26 *Ventures*, 184 Cal. App. 4th 1539 (2010).

27 A principal difference between the Washington and California anti-SLAPP laws is that a
28 responding party in Washington must establish a probability of prevailing through clear and

convincing evidence, while a responding party in California need only show some likelihood of success. *Compare* RCW 4.24.525(4)(b); Cal. Civ. Code § 425.16; *see also Premier Med. Mgmt. Sys., Inc. v. California Ins. Guarantee Assn.*, 136 Cal. App. 4th 464, 477 (2006) aff'd sub nom. *Premier Med. Mgmt. Sys., Inc. v. California Ins. Guarantee Ass'n*, 163 Cal. App. 4th 550 (2008) (a California anti-SLAPP respondent need only state a "legally sufficient claim" with a "prima facie showing of facts.").

The "clear and convincing" standard is more than a bare preponderance, and requires evidence that a fact is "highly probable." See *In re Sego*, 82 Wn.2d 736, 739, 513 P.2d 831 (1973); *see also Bland v. Mentor*, 63 Wn.2d 150, 154, 385 P.2d 727 (1963).

By bringing this action, Plaintiff is merely seeking to retaliate against the Attorney Defendants, and chill their speech relating to their participation as legal counsel in the current litigation. Plaintiff attacks what is indisputably protected speech.

Plaintiff's Complaint further alleges no legitimate cause of action against the Attorney Defendants; given this Court's granting Defendants' prior Motion to Dismiss Amended Complaint, coupled with the insubstantial revisions Plaintiff made to the Second Amended Complaint to cure these defects, Plaintiff cannot meet the "clear and convincing" standard that he will prevail.

Therefore Defendants' Anti-SLAPP Motion to Strike the Second Amended Complaint should be granted. The actions of the Attorney Defendants are protected conduct. The Attorney Defendants represent the Non-Attorney Defendants in the instant litigation and corresponding counter-claim, are not liable on and have no connection to the underlying Loan, foreclosure or actions taken outside of the judicial system.

**B.     The Attorney Defendants Should Be Awarded Reasonable Attorneys' Fees Incurred In Bringing This Special Anti-SLAPP Motion To Strike.**

In addition to granting its Motion to Strike, Defendants respectfully request that this Court grant their attorneys' fees and costs to the extent allowed by RCW 4.24.525(6)(a), which provides in relevant part that:

> The court shall award to a moving party who prevails, in part or in whole, on a special motion to strike made under subsection (4) of this section, without regard

to any limits under state law: (i) Costs of litigation and any reasonable attorneys' fees incurred in connection with each motion on which the moving party prevailed; (ii) An amount of ten thousand dollars, not including the costs of litigation and attorney fees; and (iii) Such additional relief, including sanctions upon the responding party and its attorneys or law firms, as the court determines to be necessary to deter repetition of the conduct and comparable conduct by others similarly situated.

As explained above, the Attorney Defendants have demonstrated that they are entitled to an order in their favor on this Motion to Strike. Accordingly, it is appropriate for the Court to grant Defendants' attorneys' fees pursuant to RCW 4.24.525(6)(a)(i). Attorney Defendants also request an award to Defendants of an additional $10,000.00 pursuant to RCW 4.24.525(6)(a)(ii).

The Attorney Defendants' attorneys' fees incurred to date in bringing this Motion are $1,232.00. *See* Declaration of Renee M. Parker, Esq. filed in support of this Anti-SLAPP Motion. Defendants expect to incur additional fees in the amount of $1,870.00. *Id.* Therefore, Defendants respectfully request the Court grant its fees in the total amount of $3,102.00 under 4.24.525(6)(a)(i), plus an additional $10,000.00 under 4.24.525(6)(a)(ii).

## IV. CONCLUSION

Based on the foregoing reasons, the Attorney Defendants respectfully request that this Court grant their Anti-SLAPP Motion to Strike the Complaint in its entirety, and award reasonable attorneys' fees incurred in bringing forth this Anti-SLAPP motion, currently anticipated to be in the amount of $3,102.00, plus the additional statutory award of $10,000.00.

|  |  |
|---|---|
| Dated: March 11, 2015     By: | Respectfully submitted, <br> WRIGHT, FINLAY & ZAK, LLP <br><br> /s/ Renee M. Parker, Esq. <br> Renee M. Parker, Esq., WSBA No. 36995 <br> Attorneys for Defendants, GREEN TREE SERVICING LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), WRIGHT, FINLAY, & ZAK, LLP, and RENEE M. PARKER, ESQ. (erroneously sued as Renee Parker) |

NOTICE OF MOTION AND MOTION TO STRIKE COMPLAINT (ANTI-SLAPP)

**DECLARATION OF RENEE M. PARKER, ESQ.**

I, Renee M. Parker, Esq., declare and state as follows:

1. I am an attorney at law duly licensed by the State of Washington to practice before all of the courts of the State. I am an associate at Wright, Finlay & Zak, LLP, attorneys of record for the Non-Attorney Defendants GREEN TREE SERVICING LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), and the Attorney Defendants WRIGHT, FINLAY, & ZAK, LLP, and RENEE M. PARKER, ESQ. (erroneously sued as Renee Parker) in the above-entitled action. I have personal knowledge of the facts set forth herein and if called upon to testify thereto, I would and could do so truthfully and competently.

2. I submit this declaration in support of the Attorney Defendant's Motion to Strike pursuant to RCW 4.24.525(4) ("Anti-SLAPP").

3. Wright, Finlay, & Zak, LLP has incurred attorneys' fees associated with filing this motion, consisting of 5.6 hours to research and prepare the Motion to Dismiss at an hourly rate of $220.00 for a total of $1,232.00.

4. I also anticipate that Wright, Finlay, & Zak, LLP will incur an additional $1,870.00 in attorneys' fees and costs, consisting of 3.5 hours to review any opposition and prepare a reply brief ($770.00), and five hours for a member of our firm to prepare for and appear at the hearing on this motion ($1,100.00).

5. Accordingly, Defendants seek a total award of attorneys' fees and costs in the amount $3,102.00.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. This Declaration is executed on this 11th day of March, 2015 at Newport Beach, California.

Renée M. Parker, Esq., Declarant

# DECLARATION OF SERVICE

The undersigned declares as follows:

On **March 13**, 2015, I served the foregoing document: **DEFENDANTS' NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFF'S COMPLAINT FOR ANTI-SLAPP VIOLATIONS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT ; DECLARATION OF RENEE M. PARKER, ESQ. IN SUPPORT [RCW 4.24.525(4)] and REQUEST FOR JUDICIAL NOTICE ON DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S COMPLAINT FOR ANTI-SLAPP VIOLATIONS** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope via postage prepaid, regular first class mail and/or electronic service as follows:

**SERVICE VIA U.S. MAIL:**

CHAMBER COPY:
The Honorable Benjamin H. Settle
United States Courthouse
1717 Pacific Avenue, Room 3100
Tacoma, WA 98402 - 3200

**ELECTRONIC SERVICE:**

PLAINTIFF:
James A Bigelow
sistermoonproductions@gmail.com

I declare under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.

DATED this **13th** day of **March**, 2015

*/s/ Steve Bennett*
Steve Bennett

---

PROOF OF SERVICE

WFZ File No. 206-2014258

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050

1