The Honorable Benjamin H. Settle

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
## AT TACOMA

JAMES A. BIGELOW,                )
                                 )
                    Plaintiff,   )     Case No. 14-05798-BHS
                                 )
          v.                     )
                                 )     **DEFENDANT NORTHWEST**
NORTHWEST TRUSTEE SERVICES,      )     **TRUSTEE SERVICES, INC.'S**
INC.; GREEN TREE SERVICING,      )     **MOTION TO DISMISS FOR**
LLC; MORTGAGE ELECTRONIC         )     **FAILURE TO STATE A CLAIM**
REGISTRATION SYSTEMS, INC.;      )
WRIGHT, FINLEY & ZAK, LLP;       )     **NOTED FOR HEARING ON:**
TICOR TITLE COMPANY;             )     **April 10, 2015**
NATIONWIDE TITLE CLEARING;       )
FIRST AMERICAN TITLE             )     **WITHOUT ORAL ARGUMENT**
INSURANCE COMPANY; RENEE         )
PARKER; and DOE DEFENDANTS 1-    )
20                               )
                                 )
                    Defendants.  )
_____)

## I.      INTRODUCTION

COMES NOW defendant Northwest Trustee Services, Inc. ("NWTS"), by and

through its counsel of record, Joseph H. Marshall of RCO Legal, P.S., and moves this

Court to dismiss Plaintiff's Second Amended Complaint and all claims therein with

DEFENDANT NORTHWEST TRUSTEE SERVICES,
INC.'S MOTION TO DISMISS - PAGE 1 OF 22

CASE NO.: 3:14-cv-05798-BHS

RCO
LEGAL, P.S.

13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

prejudice, for failure to state a claim upon which relief may be granted against NWTS.

## STATEMENT OF FACTS

***Bigelow Loan Transaction.***  On or about April 24, 2007 James Bigelow and Carolyn Bigelow, in consideration for a mortgage loan, executed a promissory note (the "Note") in the amount of $233,899.00 in favor of Pierce Commercial Bank. *See* Second Amend. Compl. ¶16. On or about April 25, 2007, in order to secure repayment of the Note, Plaintiff executed a deed of trust ("Deed of Trust") encumbering the subject property at 10018 Cascadian Ave. SE Yelm WA 98597 (the "Property"). The Deed of Trust was recorded April 27, 2007 in the Official Records of Thurston County, Washington as Instrument No. 3922368.  Exhibit 1. Exhibit B Amended Complaint.

***Assignment.***  On April 20, 2012 Mortgage Electronic Registration Systems as nominee for Pierce Commercial Bank, recorded a Corporate Assignment of Deed of Trust to Green Tree Servicing LLC, Thurston County Auditor Instrument 4261697.  Exhibit 2.  Amend. Compl. Exhibit C.

***Notice of Default.***  On May 10, 2012, as a result of Plaintiff's default on the note, Green Tree Servicing issued a Notice of Default.  Exhibit 3.  Amend. Compl. Exhibit L.

***Appointment of NWTS as Successor Trustee***: On May 14, 2012 Green Tree

DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S MOTION TO DISMISS - PAGE 2 OF 22

CASE NO.: 3:14-cv-05798-BHS

RCO LEGAL, P.S.

13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

Servicing LLC executed an Appointment of Successor Trustee naming NWTS as successor trustee and vesting NWTS with the powers of the original trustee. The Appointment of Successor Trustee was recorded with the Thurston County Auditor's Office as Instrument No. 4266605.  Exhibit 4.  See Amend. Complaint Exhibit D; Second Amend Compl. ¶ 89, 90.

**Beneficiary Declaration**.  On April 2, 2014 Green Tree Servicing LLC executed a beneficiary declaration testifying to its status as the holder of the note. Exhibit 5.  Amend. Compl. Exhibit G; Second Amend. Compl. ¶104.

**Notice of Trustee's Sale**: On April 30, 2014, Northwest Trustee Services Inc. recorded a Notice of Trustee's Sale, Thurston County Auditor Instrument No. 4389907.  Exhibit 6.  Amend. Compl. Exhibit M.

## STATEMENT OF ISSUES

Whether the Complaint should be dismissed with prejudice for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6)?

## II.    EVIDENCE RELIEF UPON

This Motion is based upon the Plaintiff's Complaint and exhibits attached thereto, the pleadings and files in this case of which the Court may take judicial notice, and the authority and argument stated below in support thereof, and also the Motion of Defendant Green Tree (DKT 60) and Exhibits therein and requests for judicial notice therein.

DEFENDANT NORTHWEST TRUSTEE SERVICES,
INC.'S MOTION TO DISMISS - PAGE 3 OF 22

CASE NO.: 3:14-cv-05798-BHS

RCO
LEGAL, P.S.

13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

### III.   ARGUMENT

### A.   LEGAL STANDARD GOVERNING RULE 12(b)(6)

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955 (2007). Factual allegations must be enough to raise a right to relief above the speculative level. *Bell Atlantic Corp.*, 550 U.S. at 555.

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft*, 129 S.Ct. at 1949. The plaintiff is obligated to provide grounds for his entitlement to relief that amount to more than labels and conclusions or a formulaic recitation of the elements of a cause of action. *Bell Atlantic Corp.*, 550 U.S. at 545.

All factual allegations set forth in the complaint are taken as true and construed in the light most favorable to the plaintiff. *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). Nonetheless, a court is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *In re Gilead Sciences Securities Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

DEFENDANT NORTHWEST TRUSTEE SERVICES,
INC.'S MOTION TO DISMISS - PAGE 4 OF 22

CASE NO.: 3:14-cv-05798-BHS

RCO
LEGAL, P.S.

13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

In ruling on a Rule 12(b)(6) motion, a court may consider the allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. *Outdoor Media Group, Inc. v. City of Beaumont,* 506 F.3d 895, 899–900 (9th Cir. 2007). The exhibits attached hereto are matters of public record and subject to judicial notice, or Plaintiff has submitted them or referenced them in Plaintiff's pleadings.  Thus, the Court may take notice of them and consider this motion under Fed. R. Civ. P. 12(b)(6)

**B. <u>Fair Debt Collection Practices Act</u>**

Plaintiff claims NWTS has violated 15 U.S.C. 1681(e) for the NOD not stating it is from debt collector, and 15 U.S.C. 1692(e), (f) and (f) (6) for allegedly false and misleading actions/documents, taking actions NWTS legally could not via unconscionable means.  See Second Amend. Compl., ¶98, 191-195.  No claim is stated against NWTS because all actions of NWTS herein are part of the nonjudicial foreclosure of Plaintiff's property, and a nonjudicial foreclosure action does not constitute debt collection under the FDCPA. *Diessner v. Mortgage Elec. Registration Systems*, 618 F. Supp 2d 1184, 1188-89 (D. Ariz 2009), aff'd 384 F. App'x 609 (9th Cir. 2010).  Alternatively, as shown below, NWTS engaged in no actions amounting to a claim under the FDCPA because no document it recorded was "false" and it acted well within RCW 61.24 et seq, Washington's Deeds of Trust Act.

RCO
LEGAL, P.S.

13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## Plaintiff Has Failed to State a Claim Under RCW 61.24 et seq

Plaintiff states no claim for damages under RCW 61.24 et seq because the subject property has not been sold.  The Deeds of Trust Act ("DTA") does not create an independent cause of action for monetary damages based on alleged violations of the act where no foreclosure sale has been completed."  *Frias v. Asset Foreclosure Services, Inc. et al.*, Slip Opin. No. 89343-8 (Sept. 18, 2014).  To the extent Plaintiff alleges violations as the basis for other claims, RCW 61.24 et seq is dealt with herein.

### 1.  The Assignment of Deed of Trust is Immaterial to the Propriety of Foreclosure, and Does Not Implicate Liability Against NWTS.

Plaintiff alleges the assignment of the instant deed of trust is a nullity and thus NWTS could not issue a Notice of Default.  Second Amend. Compl.  ¶73.  A non-judicial foreclosure of owner-occupied residential real property in Washington includes: 1) issuing a Notice of Default (RCW 61.24.030), 2) recording an Appointment of Successor Trustee if applicable (RCW 61.24.010(2)), 3) recording a Notice of Trustee's Sale (RCW 61.24.040), and 5) delivery and recording a Trustee's Deed to the purchaser at sale (RCW 61.24.050).[1]  Absent is any requirement to "prove" one's authority, or execute an Assignment of Deed of Trust.  Indeed, the word "assignment" does not appear in the Deed of Trust Act

---

[1] The DTA is intended to be an alternative to judicial foreclosure as it authorizes the foreclosure of deeds of trust *without* the need for litigation.  *See Beal Bank, SSB v. Sarich*, 161 Wn.2d 544, 551, 167 P.3d 555 (2007) (Sanders, J. concurring), *citing* John D. Sullivan, Note, *Rights of Washington Junior Lienors in Nonjudicial Foreclosure*, 67 Wash. L. Rev. 235, 236 (1992).

DEFENDANT NORTHWEST TRUSTEE SERVICES,
INC.'S MOTION TO DISMISS - PAGE 6 OF 22

CASE NO.: 3:14-cv-05798-BHS

RCO
LEGAL, P.S.

13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

("DTA") requirements at all.[2]

The purpose of an Assignment of Deed of Trust "is to put parties who subsequently purchase an interest in the property on notice of which entity owns a debt secured by the property." *Corales v. Flagstar Bank, FSB*, 822 F. Supp. 2d 1102 (W. D. Wash. 2011), *citing* RCW 65.08.070. In fact, "an Assignment of a deed of trust… is valid between the parties whether or not the assignment is ever recorded…. Recording of the assignments is for the benefit of the parties." *In re United Home Loans*, 71 B.R. 885, 891 (Bankr. W. D. Wash. 1987).[3] No liability thus arises against NWTS related to the assignment.

Further, Plaintiff lacks standing to challenge the assignment. An assignment is an agreement that does not involve either Plaintiffs or NWTS. *Accord Salmon v. Bank of Am. Corp.*, 2011 WL 2174554, *8 (E.D. Wash. May 25, 2011) ("there is no basis for the Court to find that the [borrowers'] rights under the First Deed of Trust were affected by the recording of the [MERS] Corporation of Assignment of

---

[2] As holder of the note Green Tree did not require any assignment of the Deed of Trust in order to foreclose, because the DTA "contemplates that the security instrument will follow the note, not the other way around." *Bain*, 175 Wn.2d at 104; *see also Fidelity & Deposit v. Ticor*, 88 Wn. App. 64, 68 (1997); *In re Jacobson*, 402 B.R. 359, 367 (Bankr. W. D. Wash. 2009) ("transfer of the note carries … the security"); *Leisure Time Sports v. Wolfe*, 194 B.R. 859, 861 (9th Cir. B.A.P. 1996), *citing Carpenter v. Longan*, 83 U.S. 271, 275, 21 L.Ed. 313 (1872).

[3] *See also Williams v. Wells Fargo Bank, N.A.*, 2012 WL 72727 (W. D. Wash. Jan. 10, 2012), *Fed. Nat. Mortg. Ass'n v. Wages*, 2011 WL 5138724 (W. D. Wash. Oct. 28, 2011), *St. John v. Nw. Tr. Servs., Inc.*, 2011 WL 4543658 (W. D. Wash. Sept. 29, 2011) ("Washington State does not require recording of such transfers and assignments."), *In re Mortgage Elec. Registration Sys. (MERS) Litig.*, 2011 WL 4550189 (D. Ariz. Oct. 3, 2011) *reconsideration denied,* 2012 WL 932625 (D. Ariz. Mar. 20, 2012) ("an action to declare an assignment void could only be brought by someone who can demonstrate a concrete and particularized injury in fact that is fairly traceable to the challenged assignment."), *In re Reinke*, *supra.*, *10 (Bankr. W. D. Wash. Oct. 26, 2011) ("The WADOTA does not require that an assignment… be recorded in advance of the commencement of foreclosure."), *Paatalo v. J.P. Morgan Chase Bank, N.A.*, 2012 WL 2505732, *7 (D. Montana Jun. 28, 2012).

DEFENDANT NORTHWEST TRUSTEE SERVICES,
INC.'S MOTION TO DISMISS - PAGE 7 OF 22

CASE NO.: 3:14-cv-05798-BHS

**RCO**
**LEGAL, P.S.**

13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

Deed.").   As a result, Plaintiffs, who are neither parties nor third-party beneficiaries to the Assignment, lack standing to undermine authority to execute those documents.  *See*, *e.g.*,; *Brummett v. Washington's Lottery*, 171 Wn.App. 664, 678, 288 P.3d 48 (2012); *McGill v. Baker*, 147 Wash. 394, 266 P. 138 (1928) (only party to an assignment can challenge its validity); *Osediacz v. City of Cranston*, 414 F.3d 136, 140 (1st Cir. 2005) (there is a "general prohibition on a litigant raising another person's legal rights."); *Ukpoma v. U.S. Bank, N.A.*, 2013 WL 1934172, *4 (E. D. Wash. May 9, 2013) (citing cases); *In re MERS*, 2011 WL 4550189, at *5 (D. Ariz. Oct. 3, 2011); *Livonia Prop. Holdings, L.L.C. v. 12840-12976 Farmington Road Holdings, L.L.C.*, 717 F.Supp.2d 724, 748 (E.D. Mich. 2010).[4]

### 2.  Plaintiff Cannot Challenge the Appointment of Successor Trustee.

Under RCW 61.24.010(2), only the beneficiary can lawfully appoint a successor trustee.   Yet, Plaintiffs attempt to insert themselves into the subject appointment by contending that it was without authority and that NWTS appointed itself and thus violated the duty of good faith under RCW 61.24.010(4).   Second Amend. Compl. at ¶82-88; 95.   These are conclusory allegations that Plaintiffs do not support with any facts outside the record Plaintiffs themselves have submitted, which instead shows NWTS' compliance with all applicable law.   NWTS did not appoint itself, beneficiary Green tree did.   However, like the aforementioned

---

[4] Instead, even if the Assignment was executed without authority, it would not be void, but voidable upon the *principal's* election.  *See*, *e.g.*, Restatement (2d) of Contracts §7 (principal is free to affirm or to disavow the unauthorized promises of its agent, and thus contracts entered into by the agent acting beyond the scope of his authority are not void but are voidable by the *principal*).  No evidence exists here that such result is intended.

DEFENDANT NORTHWEST TRUSTEE SERVICES,
INC.'S MOTION TO DISMISS - PAGE 8 OF 22

CASE NO.: 3:14-cv-05798-BHS

RCO
LEGAL, P.S.

13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

assignment, Plaintiffs' lack of standing to challenge the Appointment's validity is recognized by long-standing Washington law, which holds it is reversible error to find that a non-party to a contract has standing to challenge that contract. *Newport Yacht Basin Ass'n of Condo. Owners v. Supreme Nw., Inc.*, 168 Wn. App. 56, 80 (2012) (reversible error to hold stranger to contract had standing to challenge it). The Appointment of Successor Trustee at issue in this case was authorized and proper. No claim for liability can be made against NWTS merely because the beneficiary chose to appoint NWTS as the trustee. Moreover, evidence of a prior trustee ceasing to act is not a requirement of appointing a new trustee, since appointment may be at the election of the beneficiary. RCW 61.24.010(2).

3. <u>NWTS Followed the DTA by Properly Relying on the Beneficiary Declaration</u>

Plaintiff alleges NWTS breached its duty of good faith and RCW 61.24.010(4) and .030(7)(a) because it recorded a notice of trustee's sale prior to obtaining proof the beneficiary was the owner of the note. Second Amend. Compl. ¶205-208. The DTA allows a trustee to rely on a declaration stating that the beneficiary is the holder of the Note, and the DTA does not impose any "investigative" duties on the trustee. *See* RCW 61.24.030(7)(a) (declaration required prior to Notice of Trustee's Sale). RCW 61.24.030(7)(b) adds, "[u]nless the trustee has violated his or her duty under RCW 61.24.010(4), the trustee is entitled to rely on the beneficiary's declaration as evidence of proof required under this subsection." State law does not mandate recording this declaration or providing a copy to the borrower. NWTS correctly relied on the Green Tree

DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S MOTION TO DISMISS - PAGE 9 OF 22

CASE NO.: 3:14-cv-05798-BHS

RCO LEGAL, P.S.

13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

beneficiary declaration.[5]  In *Trujillo v. NWTS*, 2014 WL 2453092, Slip Opin. No. 70592-0-I (Jun. 2, 2014), published, at 12, the Court of Appeals ruled that absent conflicting evidence, a beneficiary declaration should be taken as true.  Here, as in *Trujillo*, NWTS had a valid beneficiary declaration.  Plaintiff attempts to confuse the issue with references to Federal National Mortgage Association as the note "owner."  Second Amend. Compl. ¶137-142.  But RCW 61.24.030(7)(a) is clear that a declaration by the beneficiary stating the beneficiary is the actual holder of the promissory note shall be sufficient proof as required of the trustee.  NWTS was and remains in possession of the proper beneficiary declaration.

### 4. Plaintiff Has Suffered No Prejudice

In the alternative, Plaintiffs suffered no prejudice.  Washington courts consistently hold that in order to challenge a trustee's sale based on an alleged procedural flaw such as those asserted by Plaintiffs, a borrower must show prejudice.  *See Udall*, *supra*. at 916; *see also Albice v. Premier Mortg. Servs. of Wash., Inc.*, 174 Wn.2d 560, 581 n.4 (2012) (Stephens, J., concurring); *Amresco Independence Funding, Inc. v. SPS Properties, LLC*, 129 Wn.App. 532, 119 P.3d 884 (2005), *citing Koegel v. Prudential Mut. Sav. Bank*, 51 Wn.App. 108, 752 P.2d

---

[5] Federal judges that have reviewed claims related to RCW 61.24.030(7) uniformly agree that a declaration of holder status is adequate "proof" for the trustee to rely on.  *See, e.g., Petheram v. Wells Fargo Bank*, 2013 WL 4761049, *10 (W.D. Wash. Sept. 3, 2013); *Elene-Arp v. Fed. Home Fin. Agency*, 2013 WL 1898218 (W.D. Wash. May 6, 2013) ("[a]lthough there are probably many ways to satisfy the statute's proof requirement, the statute itself establishes one way."); *Abram v. Wachovia Mortg.*, 2013 WL 1855746 (W.D. Wash. Apr. 30, 2013); *Beaton v. JPMorgan Chase Bank N.A.*, 2013 WL 1282225 (W.D. Wash. Mar. 25, 2013).

DEFENDANT NORTHWEST TRUSTEE SERVICES,
INC.'S MOTION TO DISMISS - PAGE 10 OF 22

CASE NO.: 3:14-cv-05798-BHS

**RCO**
**LEGAL, P.S.**

13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

385 (1988), *Steward v. Good,* 51 Wn.App. 509, 515, 754, P.2d 150 (1988) (noting the "requirement that prejudice be established" where a "technical violation" of the DTA occurs and finding that there [was] no showing of harm to the debtor").  This is because once foreclosure occurs, a borrower is absolved from any future liability on the loan.   Indeed, the Washington Supreme Court has held because of the DTA's anti-deficiency provision – providing that after a nonjudicial foreclosure, a borrower is absolved of any further liability on the Note, even if the foreclosure is wrongful – that where, as here, the borrower defaults and cannot cure, the borrower is economically indifferent to any defects in the foreclosure process and cannot suffer prejudice.  *Udall v. T.D. Escrow Servs., Inc.*, 159 Wn.2d 903, 915, 154 P.3d 882 (2007) (reversing Court of Appeals' holding that wrongful foreclosure should be vacated).

Although the DTA "must be construed in favor of borrowers," a so-called wrongful foreclosure where the borrower defaults and cannot cure "does not injure the borrower's interests, because the debt secured by the trustee's deed is per se satisfied by the foreclosure sale due to the Act's anti-deficiency provision."  *Id*. (emphasis added, citations omitted).   Said otherwise, the DTA is a strictly construed statute, but not a strict-liability statute.  It still requires prejudice.  In *Koegel*, for example, the Court of Appeals declined to invalidate a sale where a plaintiff identified "technical, formal error[s], non-prejudicial, and correctable."

RCO
LEGAL, P.S.

13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

*Koegel*, *supra.* at 113; *see also Gens v. Wachovia Mortg. Corp.*, 2010 WL 1924777 (N. D. Cal. May 12, 2010), *citing Reynoso v. Paul Financial, LLC*, 2009 WL 3833298, at \*4 (N. D. Cal. Nov. 16, 2009) ("Courts have 'rejected claims of deficient notice where no prejudice was suffered as the result of a procedural irregularity'.")  Thus, even where technical errors exist, a foreclosure may proceed in the absence of prejudice.  *Id*.[6]  Plaintiffs do not claim a lack of statutorily-required notices.  Therefore, *even if* Plaintiffs' purported allegations are all true, Plaintiffs have suffered no prejudice from the foreclosure process.  As such, dismissal of this action is appropriate since there is no claim upon which relief can be granted.

## C.     Plaintiff Fails to State a Fraud or Consumer Protection Act Claim

To the extent Plaintiff may be said to allege fraud, no claim is made because the allegations are unspecified.  See Second Amend. Compl. ¶222.  In alleging fraud, a party must state with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9(b).[7]  Generally, a complaint asserting fraud must adequately specify the statements it claims are false or misleading, give particulars

[6] In *Cervantes v. Countrywide Home Loans, Inc.,* 656 F.3d 1034 (9th Cir. 2011), the Ninth Circuit Court of Appeals lists several examples of actionable prejudice.  Other examples might include: if a sale notice alleged that the sale would take place on a Friday, but instead it took place the day before, such information would materially violate the DTA and prejudice the borrower.  *See* RCW 61.24.040(5).  Or, if a notice informed the borrower that he or she could reinstate the loan up to five days prior to the sale, when the DTA instead requires reinstatement eleven days prior to sale; that would also materially violate the DTA and prejudice the borrower.  *See* RCW 61.24.090.

[7] Rule 9(b)'s particularity requirement applies to state-law causes of action. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1102−03 (9th Cir. 2003). A motion to dismiss a complaint or claim grounded in fraud under Rule 9(b) is the functional equivalent of a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *See id*. at 1107−08.

RCO
Legal, P.S.

13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

as to the respect in which plaintiff contends the statements are fraudulent, state when and where the statements were made, and identify those responsible for the statements. *In re GlenFed, Inc. Sec. Litigation*, 42 F.3d 1541, 1547 n.7 (9th Cir. 1994). Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud. *Swartz v. KPMG LLP*, 476 F.3d 756, 764−65 (9th Cir. 2007). Thus, where a fraud suit involves multiple defendants, a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme. *Id*. at 765. Plaintiff has failed to do so here, and no fraud claim is stated against NWTS.

Plaintiff also fails to specifically allege any specific violations of the Consumer Protection Act against NWTS. A violation of the CPA requires:

> (1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to a person's business or property, and (5) causation.

> *Panag v. Farmers Ins. Co. of Washington*, 166 Wn.2d 27, 37, 204 P.3d 885, 889 (2009), *citing Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784, 719 P.2d 531 (1986).

Failure to meet *any one* of these elements is fatal and necessitates dismissal. *Sorrel v. Eagle Healthcare*, 110 Wn.App. 290, 298 (2002). "Implicit in the definition of 'deceptive' under the CPA is the understanding that the practice

DEFENDANT NORTHWEST TRUSTEE SERVICES,
INC.'S MOTION TO DISMISS - PAGE 13 OF 22

CASE NO.: 3:14-cv-05798-BHS

RCO
LEGAL, P.S.

13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

misleads or misrepresents something of material importance." *Holiday Resort Comm. Ass'n v. Echo Lake Assoc., LLC,* 134 Wn.App. 210, 135 P.3d 499 (2006). In order to prevail, Plaintiff must show that Defendants engaged in an act or practice with either: 1) "a capacity to deceive a substantial portion of the public," or 2) that "the alleged act constitutes a per se unfair trade practice." *See Saunders v. Lloyd's of London*, 113 Wn.2d 330, 779 P.2d 249 (1989), *quoting Hangman Ridge*, *supra*; *see also* RCW 19.86.093.[8] "The public interest in a private dispute is not inherent." *Tran v. Bank of America,* 2013 WL 64770 (W.D. Wash. Jan. 4, 2013), *citing Hangman Ridge*, *supra.* at 790. Under *Hangman Ridge*, the alleged deceptive acts must also result in injury to a plaintiff. *See Cooper's Mobile Homes, Inc. v. Simmons,* 94 Wn.2d 321, 617 P.2d 415 (1980).

Further, a plaintiff must demonstrate that the "injury complained of ... would not have happened" if not for defendant's acts. *Indoor Billboard/Washington, Inc. v. Integra Telecom of Washington, Inc.,* 162 Wn.2d 59, 82, 170 P.3d 10 (2007).[9] An award under the CPA is strictly limited to damage "in… [a plaintiff's] business or property…." RCW 19.86.090, *see also Ambach v. French*, 167 Wn.2d 167, 216 P.3d 405 (2009), *Demopolis v. Galvin,* 57 Wn.App. 47, 786 P.2d 804 (1990) (litigation expenses are not an "injury" under the CPA). In *ESCA Corp. v. KPMG*

---

[8] An unfair trade practice "requires a showing that a statute has been violated which contains a specific legislative declaration of the public interest impact." *Hangman*, 105 Wn.2d at 791.

[9] *See also Carlile v. Harbour Homes, Inc.*, 147 Wn.App. 193, 194 P.2d 280 (2008) ("The injury must be expressly "*by*" a violation of RCW 19.86.020, meaning that "but for" a defendant's conduct, the alleged injury would not have occurred.")

DEFENDANT NORTHWEST TRUSTEE SERVICES,
INC.'S MOTION TO DISMISS - PAGE 14 OF 22

CASE NO.: 3:14-cv-05798-BHS

**RCO**
**LEGAL, P.S.**

13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

*Peat Marwick*, the Court of Appeals states:

> [s]ufficiency of the evidence to prove damages must be established with enough certainty to provide a reasonable basis for estimating it. Although the precise amount of damages need not be shown, damages must be supported by competent evidence in the record. To be competent, the evidence or proof of damages must be established by a reasonable basis and it must not subject the trier of fact to mere speculation or conjecture. [Citations omitted.] 86 Wn.App. 628, 939 P.2d 1228 (1997), *aff'd*, 135 Wn.2d 820, 959 P.2d 651 (1998).

Also, "lost profits cannot be recovered where they are speculative, uncertain and conjectural." *Tiegs v. Watts*, 135 Wn.2d 1, 954 P.2d 877 (1998). But even where damages may exist, "the doctrine of mitigation of damages, or avoidable consequences, prevents an injured party from recovering damages that the injured party could have avoided if it had taken reasonable efforts after the wrong was committed. *TransAlta Centralia Generation LLC v. Sicklesteel Cranes, Inc.*, 134 Wn.App. 819, 142 P.3d 209 (2006), *citing Bernsen v. Big Bend Elec. Coop.*, 68 Wn.App. 427, 842 P.2d 1047 (1993).

Here, Plaintiff makes <u>no specific allegations against NWTS</u> and instead alleges vague, baseless "misrepresentations", purported "irregularities" inhibiting Plaintiff's ability to locate the party accountable, and supposed "preparation of false and misleading documents." Second Amend. Compl. ¶ 222-23. As shown above there are no false or misleading documents or misrepresentations, no irregularities, and NWTS had zero knowledge of some unknown entity or "party

DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S MOTION TO DISMISS - PAGE 15 OF 22

CASE NO.: 3:14-cv-05798-BHS

RCO
LEGAL, P.S.

13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

accountable" seeking to foreclose on the Property when: 1) Plaintiff cannot articulate the identity of this "unidentified" non-party, and 2) *all* of the documentation in this case shows Green Tree was the Note holder and beneficiary entitled to pursue foreclosure.  NWTS absolutely did not commit an unfair or deceptive act, likely to impact the general public, when it carried out its required duties as successor trustee with respect to the specific Property at issue.

Moreover, Plaintiff does not articulate a causal link between NWTS and some perceived damages brought about through the initiation of foreclosure due to his own default.  Plaintiff pleads – in conclusory fashion – that he experienced in juries to family and personal life.  Second Amend. Complaint ¶ 224-25.  All of these supposed harms, however, are predicated on the alleged "wrongs" of Defendants, but as established above, NWTS had sufficient proof of Green tree's Note-holder status, and NWTS' actions were compliant with state law.

Lastly, even if Plaintiff's named losses did exist, there is certainly no legal or factual support for an argument that NWTS' fulfillment of the tasks it is compelled to complete as successor trustee – both under the DTA and the Deed of Trust's terms – constitute an unfair or deceptive act creating a direct causal link to these claimed damages.[10]  Because Plaintiff defaulted on the loan, a trustee

---

[10] Indeed, if the mere act of initiating a non-judicial foreclosure were to serve as grounds for damages to a plaintiff who may experience a "loss of time" or denigration of credit because of defaulting on a secured loan, then *every* non-judicial foreclosure in Washington State would give rise to CPA liability.  While Plaintiff may wish to see this

DEFENDANT NORTHWEST TRUSTEE SERVICES,
INC.'S MOTION TO DISMISS - PAGE 16 OF 22

CASE NO.: 3:14-cv-05798-BHS

RCO
LEGAL, P.S.

13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

(whether NWTS or some other entity) would have begun foreclosure. Thus, Plaintiff's complained-of "injuries" were proximately caused by *their own conduct*, not NWTS'. Plaintiff's CPA allegation does not state a claim and does not present a genuine issue of material fact against NWT.

## D.   Plaintiff Fails to State Claims for Slander of Title or Quiet Title

Plaintiff alleges slander of title, again unspecified as to NWTS. Second. Amend. Compl. ¶ 228. Slander of title requires: (1) false words; (2) maliciously published; (3) with reference to some pending sale or purchase of property; (4) which go to defeat plaintiff's title; and (5) result in plaintiff's pecuniary loss. *Brown v. Safeway Stores, Inc.,* 94 Wash.2d 359, 375, 617 P.2d 704 (1980)). As shown above there are no "false" words; however, Plaintiff does not even allege a pending sale. Further, any pecuniary loss was caused by Plaintiffs. No claim is stated.

Plaintiff also alleges quiet title. Second Amend. Compl. ¶230. Quiet title states no claim against NWTS. Being merely the trustee, NWTS falls outside the scope of a quiet title action: it does not take title to or possession of the property, but effectuates a foreclosure sale. Quiet title actions are "designed to resolve competing claims of ownership... [or] the right to possession of real property." *Kobza v. Tripp*, 105 Wn. App. 90, 95 (2001). A party seeking to quiet title "must

---

outcome, it wholly lacks legal authority. *Accord McCurry v. Chevy Chase Bank*, 169 Wn.2d 96, 233 P.3d 861 (2010) (a deed of trust creates an agreement between the parties executing it).

RCO
LEGAL, P.S.

13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1  succeed on the strength of his or her own title, not on the weakness of the other

2  party's title." *See Kesinger v. Logan,* 113 Wn.2d 320, 779 P.2d 263 (1989); *see*

3

4  *also See Finch v. Matthews*, 74 Wn.2d 161, 443 P.2d 833 (1968).   RCW 7.28.010

5  states in relevant part,

6
7       Any person having a valid subsisting interest in real property, and a right to
        the possession thereof, may recover the same by action in the superior court
8       of the proper county, to be brought against the tenant in possession; if there
        is no such tenant, then against the person claiming the title or some interest
9       therein, and may have judgment in such action quieting or removing a cloud
        from plaintiff's title.
10

11  This statute requires a party seeking to quiet title to have both a "valid subsisting

12  interest" *and* right to the property in question.  NWTS has no interest in the title. In
13
14  fact, a trustee is expressly prohibited from bidding at a sale. *See* RCW

15  61.24.070(1).   A deed of trust creates a lien on real property but it does not convey

16  title to the lender.  RCW 61.24.020; *Rustad Heating & Plumbing Co v. Waldt,* 91
17
18  Wn2d 372, 376 (1979).  Plaintiff does not allege Defendants are claiming a current

19  right of ownership or possession  See e.g. *Evans v. BAC Home Loans Servicing*

20  *LP*, No. 10-0656, 2010 WL 5138394 at *4 (WD Wash Dec 10, 2010).  Moreover,
21
22  longstanding Washington law requires that the amount due on the loan must be

23  tendered in order to maintain a quiet title action.  See *Littlejohn v. Miller*, 5 Wash.

24  399, 404 (1892).  Plaintiff fails to allege tender.  No claim for quiet title is stated.
25

26

RCO
LEGAL, P.S.

13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1
2

**E.** **Plaintiff Fails to State a Claim for Intentional Infliction of Emotional Distress "IIED").**

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Plaintiff makes further unspecified claims against NWTS for IIED.  Second Amend. Compl. ¶ 232.   A claim for intentional infliction of emotional distress is predicated on: "(1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to the plaintiff of severe emotional distress." *Snyder v. Med. Serv. Corp.,* 145 Wn.2d 233, 242, 35 P.3d 1158 (2001), *quoting Birklid v. Boeing Co.,* 127 Wn.2d 853, 867, 904 P.2d 278 (1995); *see also Grimsby v. Samson*, 85 Wn.2d 52, 530 P.2d 291 (1975), *quoting Restatement (Second) of Torts* § 46 cmt. d.  The trial court must first make an initial determination as to whether the conduct may reasonably be regarded as "so extreme and outrageous" as to warrant a factual determination by the jury.  *See Jackson v. Peoples Fed. Credit Union, 25 Wn.App. 81, 84, 604 P.2d 1025 (1979).* In this regard, <u>one is not liable for knowingly causing emotional distress where all he does is to insist on his legal rights in a permissible way</u>."  *Jackson, 25 Wn.App. at 88.*  Here, NWTS plainly did nothing more than fulfill its legal duties under the DTA "in a permissible way" – indeed, as required to by law.  Plaintiffs appear to suggest that the foreclosure process itself was enough to allege the infliction of emotional distress.  This notion is not a legally sufficient claim.  Plaintiffs allege no specific facts causing the alleged distress.  Plaintiffs, not Defendants, were the

**RCO**
**Legal, P.S.**

13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

root cause of any "distress" caused by defaulting on the loan.  Plaintiffs' actions do not mean that Defendants should be liable for extreme and outrageous behavior, beyond the bounds of decency, resulting in harm.  No claim is stated.

## IV.   CONCLUSION

For the reasons discussed above, NWTS respectfully requests that the Court grant NWTS' Motion to Dismiss for failure to state a claim upon which relief can be granted.

DATED this 17th day of March, 2015.

**RCO LEGAL, P.S.**

 /s/  Joseph H. Marshall
Joseph H. Marshall, WSBA #29671
Of Attorneys for Defendant
Northwest Trustee Services, Inc.

DEFENDANT NORTHWEST TRUSTEE SERVICES,
INC.'S MOTION TO DISMISS - PAGE 20 OF 22

CASE NO.: 3:14-cv-05798-BHS

RCO
LEGAL, P.S.

13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

**Declaration of Service**

The undersigned makes the following declaration:

1.     I am now, and at all times herein mentioned was a resident of the State of Washington, over the age of eighteen years and not a party to this action, and I am competent to be a witness herein.

2.     That on March 17, 2015, I caused a copy of **Northwest Trustee Services, Inc.'s Motion to Dismiss for Failure to State a Claim;** and the *Proposed* **Order Granting Defendant Northwest Trustee Services, Inc.'s Motion to Dismiss for Failure to State a Claim** to be served to the following in the manner noted below:

| | |
|---|---|
| James A. Bigelow<br>7916 Southwind Circle<br>Huntington Beach, CA  92648<br><br>*Pro Se* Plaintiff | [**X**]  US Mail, Postage Prepaid<br>[  ]  Hand Delivery<br>[  ]  Overnight Mail<br>[  ]  Facsimile<br>[**X**]  CM/ECF Electronic Notice |
| Renee M. Parker<br>Wright, Finlay & Zak, LLP<br>4665 MacArthur Court, Suite 200<br>Newport Beach, CA  92660<br><br>**Attorneys for Defendants Green Tree Servicing, LLC and Mortgage Electronic Registration Systems, Inc.** | [**X**]  US Mail, Postage Prepaid<br>[  ]  Hand Delivery<br>[  ]  Overnight Mail<br>[  ]  Facsimile<br>[**X**]  CM/ECF Electronic Notice |

//

///

DEFENDANT NORTHWEST TRUSTEE SERVICES,
INC.'S MOTION TO DISMISS - PAGE 21 OF 22

CASE NO.: 3:14-cv-05798-BHS

RCO
LEGAL, P.S.

13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

| Thomas F. Peterson<br>Socius Law Group, PLLC<br>601 Union St., Suite 4950<br>Seattle, WA  98101<br><br>*Attorneys for Defendant First American Title Insurance Co.* | [**X**]  US Mail, Postage Prepaid<br>[   ]  Hand Delivery<br>[   ]  Overnight Mail<br>[   ]  Facsimile<br>[**X**]  CM/ECF Electronic Notice |
|---|---|
| Timothy Dietz<br>10018 Cascadian Ave. SE<br>Yelm, WA  98597<br><br>*Pro Se* Counter-Defendant | [**X**]  US Mail, Postage Prepaid<br>[   ]  Hand Delivery<br>[   ]  Overnight Mail<br>[   ]  Facsimile<br>[   ]  CM/ECF Electronic Notice |

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Signed this 17th day of March, 2015.

/s/  Kristine Stephan
Kristine Stephan, Paralegal

RCO
LEGAL, P.S.

13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131