**WRIGHT, FINLAY & ZAK, LLP**
Renee M. Parker, Esq., WSBA No. 36995
Lukasz I. Wozniak, Esq., WSBA No. 47290
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
Tel: (949) 610-7023; Fax: (949) 477-9200
rmparker@wrightlegal.net

Attorney for GREEN TREE LOAN SERVICING LLC

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON (TACOMA)

| | |
|---|---|
| JAMES A. BIGELOW,<br><br>Plaintiff,<br><br>vs.<br><br>NORTHWEST TRUSTEE SERVICES, INC.; GREEN TREE SERVICING, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; and DOE DEFENDANTS 1-20,<br><br>Defendants. | Case No.: 3:14-cv-05798 BHS<br><br>**OPPOSITION TO MOTION TO DISMISS COUNTER-CLAIM AND THIRD PARTY COMPLAINT DUE TO LACK OF JURISDICTION FILED BY JAMES A. BIGELOW**<br><br>Noting Date: April 3, 2015 |
| GREEN TREE SERVICING, LLC,<br><br>Counter-Plaintiff,<br>vs.<br><br>JAMES A. BIGELOW and CAROLYN BIGELOW, husband and wife; and ALL PERSONS OR PARTIES UNKNOWN CLAIMING ANY RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT HEREIN,<br><br>Counter-Defendants. | |

TO THE HONORABLE COURT, TO PLAINTIFFS, AND TO THEIR ATTORNEYS OF RECORD:

| | |
|---|---|
| OPPOSITION TO MOTION TO DISMISS FILED BY BIGELOW<br>WFZ File No.: 229-2013426 | Renee M. Parker (SBN 36995)<br>Wright, Finlay, & Zak, LLP<br>4665 MacArthur Blvd., Suite 200<br>Newport Beach, CA 92660<br>PH: (949) 477-5050/FAX: (949) 608-9142 |

1

Counter-Plaintiff Green Tree Servicing LLC (hereinafter "Green Tree") hereby submits its memorandum of points and authorities in Opposition to Counter-Defendant James A. Bigelow's (hereinafter "Bigelow") Motion to Dismiss Counter-Claim and Third Party Complaint Due to Lack of Jurisdiction as filed with this Court on March 11, 2015 as Docket Item No. 58 ("Motion to Dismiss") as follows:

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  FACTUAL AND PROCEDURAL BACKGROUND

On or about October 7, 2014 Bigelow filed his Verified Complaint with this Court as Docket Item No. 1. Bigelow filed an Amended Verified Complaint on or about November 13, 2014 as Docket Item No. 11. Green Tree and Mortgage Electronic Registration Systems, Inc. ("MERS") filed a Motion to Dismiss Amended Complaint on or about December 2, 2014 (Docket Item No. 15) and, after reviewing the pleading and the opposition filed by Bigelow, the Amended Complaint was dismissed with leave to amend on or about January 29, 2015 (Docket Item No. 35). Despite no order being entered on Bigelow's Motion for Enlargement of Time [to Amend the First Amended Complaint] (Docket Item No. 43) filed on the eve of the deadline, Bigelow filed his Second Amended Complaint on or about February 23, 2015 as Docket Item No. 44. Counsel for Wright Finlay & Zak, LLP and Renee M. Parker filed an Anti-SLAPP Motion on March 13, 2015 as Docket Item No. 60, and is currently in process of filing a Motion to Dismiss Second Amended Complaint.

On or about January 8, 2015, which occurred prior to dismissal of Bigelow's Amended Complaint, Green Tree filed a Counterclaim and Third-Party Complaint for Judicial Foreclosure ("Judicial Foreclosure") of the real property commonly known as 10018 Cascadian Avenue SE, Yelm, WA 98597 ("Subject Property"). Bigelow filed his Motion to Dismiss in response, and cited only one basis for dismissal, which was lack of jurisdiction by this Court over the Judicial Foreclosure.

For the reasons set forth more fully below, Plaintiffs' Motion to Dismiss should be denied in its entirety.

## II. ARGUMENTS

**A. Bigelow's Motion to Dismiss Should be Denied Because This Court has Supplemental Jurisdiction Over the Judicial Foreclosure**

Bigelow incorrectly claims this Court does not have jurisdiction to hear the Judicial Foreclosure action because only the Superior Court of Washington has "jurisdiction in all cases at law which involve the title or possession of real property." Motion to Dismiss, ¶ 1.

This Court has supplemental jurisdiction over the Judicial Foreclosure because it is transactionally related to, and arises out of, the same common nucleus of operative facts as the federal claims pled in Bigelow's numerous Complaints – namely Bigelow's causes of action all relate to Green Tree's foreclosure of the Subject Property. Therefore, the Judicial Foreclosure is subject to the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a) as being part of the same case or controversy. *United Mine Workers v Gibbs*, (1966) 383 U.S. 715, 725.

28 U.S.C. § 1367(b) is not applicable because the amount in controversy in the Judicial Foreclosure, exceeds $75,000.00. The Note as secured by the Deed of Trust have a face value of $233,899.00, although a significantly higher amount is now owed by Bigelow under the Note. Green Tree and the Counter-Defendants are also citizens of different states. Green Tree is a limited liability company organized and existing under the laws of the State of Delaware, and does not have its main place of operation or its headquarters in Washington State. The Counter-Defendants are citizens of California and Washington State.

28 U.S.C. § 1367(c) is not applicable because the state court claims in the Judicial Foreclosure are not novel or complex, and does not predominate Bigelow's claims.

**B. Bigelow's Motion to Dismiss Should be Denied Because Green Tree was Required to File the Judicial Foreclosure as a Compulsory Counterclaim**

Green Tree is required to assert its Judicial Foreclosure as a compulsory counterclaim as part of this litigation: "A pleading must state as a counterclaim any claim that--at the time of its service--the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction." Fed. R. Civ. Proc.

OPPOSITION TO MOTION TO
DISMISS FILED BY BIGELOW
WFZ File No.: 229-2013426

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

3

13(a)(1). *See also*, *In re Marshall*, 600 F3d 1037, 1057 (9th Cir. 2010); *Adam v. Jacobs*, 950 F2d 89, 92 (2nd Cir. 1991); *McDaniel v. Anheuser–Busch, Inc.*, 987 F2d 298, 304 (5th Cir. 1993). This Court has jurisdiction over all of the Counter-Defendants as all resided within Washington State when the Judicial Foreclosure Complaint was filed.

### III.  CONCLUSION

Because this Court has supplemental jurisdiction over Green Tree's Judicial Foreclosure, and because Green Tree was required to file its Judicial Foreclosure as a compulsory counterclaim in this litigation, Bigelow's Motion to Dismiss lacks merit and must be denied. WHEREFORE, based upon the facts and conclusions above, Defendants requests that:

1. The Motion to Dismiss Counter-Claim and Third Party Complaint Due to Lack of Jurisdiction filed by James A. Bigelow be DENIED; and
2. For such other and further relief as the Court deems just and proper.

Dated: <u>March 19, 2015</u>

Respectfully submitted,
WRIGHT, FINLAY, & ZAK, LLP

By: _____
Renee M. Parker, WSBA # 36995
Attorneys for Counter-Plaintiff,
GREEN TREE SERVICING LLC

OPPOSITION TO MOTION TO
DISMISS FILED BY BIGELOW
WFZ File No.: 229-2013426

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

4

## CERTIFICATE OF SERVICE

I, Steven E. Bennett, declare as follows:

    I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

    On March 20, 2015, I served the within **OPPOSITION TO MOTION TO DISMISS COUNTER-CLAIM AND THIRD PARTY COMPLAINT DUE TO LACK OF JURISDICTION FILED BY JAMES A. BIGELOW** on all interested parties in this action as follows:

PLAINTIFF:
James A Bigelow
sistermoonproductions@gmail.com

Wells Fargo Bank, N.A.
c/o Corporation Service Company, Registered Agent For Service of Process
Attn: Juanita Huey
300 Deschutes Way SW., Suite 304
Tumwater, WA 98501

Oak Ridge Yelm Homeowners Association
Attn: Ruth Meenk – Designated Person
5120 Klahanie Dr. NW
Olympia, WA 98502

Timothy Dietz
10018 Cascadian Ave SE
Yelm, WA 98597

Current Occupant (All Persons or Parties Unknown Claiming Any Right, Title, Estate, Lien, Or Interest in The Property Described in The Complaint)
10018 Cascadian Ave. SE
Yelm, WA 98597

[X]    by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

[X]    (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[X]   (BY ELECTRONIC MAIL) I caused each such document to be transmitted electronically to the parties at the e-mail address indicated. To the best my knowledge, the transmission was reported as complete, and no error was reported that the electronic transmission was not completed.

[ ]   (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se."

[ ]   (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200, complied with California Rules of Court, Rule 2003, and no error was reported by the machine.

[ ]   (BY NORCO DELIVERY SERVICE - NEXT DAY DELIVERY) I placed true and correct copies of thereof enclosed in a package designated by Norco Delivery Service with the delivery fees provided for.

[ ]   (State) I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

[X]   (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on March 20, 2015 at Newport Beach, California.

*/s/ Steven E. Bennett*
Steven E. Bennett