1

**WRIGHT, FINLAY & ZAK, LLP**
Renee M. Parker, Esq., WSBA No. 36995
2
Lukasz I. Wozniak, Esq., WSBA No. 47290
4665 MacArthur Court, Suite 200
3
Newport Beach, CA 92660
Tel: (949) 610-7023; Fax: (949) 477-9200
4
rmparker@wrightlegal.net

5

Attorney for GREEN TREE LOAN SERVICING LLC, MORTGAGE ELECTRONIC
6
REGISTRATION SYSTEMS, INC., WRIGHT, FINLAY & ZAK, LLP and RENEE M.
PARKER, ESQ.
7

8
**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON (TACOMA)**
9

| | |
|---|---|
| 10  JAMES A. BIGELOW | Case No.: 3:14-cv-05798 BHS |
| 11                Plaintiff, | |
| 12  vs. | **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT BY DEFENDANTS GREEN TREE SERVICING LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., WRIGHT, FINLAY & ZAK, LLP AND RENEE M. PARKER, ESQ** |
| 13  NORTHWEST TRUSTEE SERVICES, INC.; | |
| 14  GREEN TREE SERVICING, LLC; MORTGAGE ELECTRONIC | |
| 15  REGISTRATION SYSTEMS, INC.; WRIGHT, FINLAY & ZAK, LLP, TICOR | |
| 16  TITLE COMPANY, NATIONWIDE TITLE INSURANCE COMPANY, RENEE | |
| 17  PARKER, and DOE DEFENDANTS 1-20, | Noting Date: April 10, 2015 |
| 18                Defendants. | |
| 19 | |

20

21  **TO ALL PARTIES IN INTEREST:**

22         PLEASE TAKE NOTICE THAT on April 10, 2015 in Courtroom E of the District

23  Court, Western District of Washington, located at 1717 Pacific Avenue, Tacoma, WA 98402,

24  Defendants GREEN TREE LOAN SERVICING LLC, MORTGAGE ELECTRONIC

25  REGISTRATION SYSTEMS, INC. ("MERS"), WRIGHT, FINLAY & ZAK, LLP and RENEE

26

27  NOTICE OF MOTION TO DISMISS BY                          Renee M. Parker (SBN 36995)
    DEFENDANTS GREEN TREE SERVICING                         Wright, Finlay, & Zak, LLP
28  LLC, MERS, WFZ AND RENEE M.                          4665 MacArthur Blvd., Suite 200
    PARKER, ESQ.                                             Newport Beach, CA 92660
    WFZ File No. 282-2014009                        1    PH: (949) 477-5050/FAX: (949) 608-9142

1  M. PARKER, ESQ (erroneously sued as Renee Parker) (hereinafter "Defendants" collectively)

2  by and through their counsel of record, Renee M. Parker of Wright, Finlay & Zak, LLP, will

3  and does hereby move this Court for an order dismissing the Second Amended Complaint in

4  this matter in its entirety, without leave to further amend, and with prejudice for failure to state

5  a claim upon which relief can be granted pursuant to Federal Rules of Civil Procedure

6  ("FRCP") 12(b)(6).  Pursuant to Local Rule ("LR") 7(d)(3) any opposition shall be filed and

7  served no later than the Monday before the noting date, which is December 29, 2014.

8       This motion is based on this notice, accompanying motion, memorandum of points and

9  authorities, and any and all other evidence, declarations, documents or pleadings in the Court

10 files in this case, and any oral argument that this Court wishes to hear.

11

12 Dated: March 19, 2015

Respectfully submitted,
**WRIGHT, FINLAY, & ZAK, LLP**

13

14 By: _____
Renee M. Parker, WSBA # 36995
Attorneys for Defendant
GREEN TREE SERVICING LLC and
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

NOTICE OF MOTION TO DISMISS BY
DEFENDANTS GREEN TREE SERVICING
LLC, MERS, WFZ AND RENEE M.
PARKER, ESQ.

WFZ File No. 282-2014009

2

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

# TABLE OF CONTENTS

Page No.

MEMORANDUM OF POINTS AND AUTHORITIES ...............................................1

I.    RELIEF REQUESTED.............................................................................................1

II.   IDENTIFICATION OF PARTIES AND STATEMENT OF FACTS .........................1

    A.    IDENTIFICATION OF PARTIES AND PROPERTY .....................................1

    B.    STATEMENT OF FACTS ................................................................................2

III.  STATEMENT OF ISSUES .......................................................................................3

IV.   EVIDENCE RELIED UPON .....................................................................................3

V.    ARGUMENT AND AUTHORITIES.........................................................................3

    A.    LEGAL STANDARD FOR DISMISSAL OF CLAIMS UNDER
         CR 12(B)(6) ......................................................................................................3

    B.    PLAINTIFF FAILED TO JOIN ALL NECESSARY PARTIES.....................6

    C.    PLAINTIFF'S FIRST CAUSE OF ACTION UNDER THE FAIR
         DEBT COLLECTION PROTECTION ACT (FDCPA) FAILS ......................8

         1.    GREEN TREE IS NOT A "DEBT COLLECTOR" AND
               DID NOT VIOLATE THE FDCPA IN ITS ACTIONS TO
               ENFORCE THE SECURITY INSTRUMENT ....................................8

         2.    THE ATTORNEYS FOR GREEN TREE ARE NOT
               "DEBT COLLECTORS" AND DID NOT VIOLATE THE
               FDCPA IN REPRESENTATION OF GREEN TREE OR
               MERS....................................................................................................13

    D.    PLAINTIFF'S CONSUMER PROTECTION ACT CLAIM UNDER
         RCW § 19.86.020 IS BARRED BY STATUTE .............................................15

    E.    PLAINTIFF'S THIRD CAUSE OF ACTION UNDER
         RWC §19.86.020 ("WASHINGTON CONSUMER PROTECTION
         ACT") FAILS ..................................................................................................16

         1.    A CPA CLAIM MUST PROVE FIVE ELEMENTS IN ORDER
               TO BE SUCCESSFUL ......................................................................17

MOTION TO DISMISS BY DEFENDANTS
GREEN TREE SERVICING LLC, MERS,
WFZ AND RENEE M. PARKER, ESQ.

WFZ File No. 282-2014009

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

i

a)   PLAINTIFFS FAILED TO ESTABLISH
     THE PUBLIC INTEREST REQUIREMENT
     OF THE WCPA CLAIM ...............................................18

b)   PLAINTIFF FAILED TO ESTABLISH
     CAUSATION OF DAMAGES....................................19

c)   THE ASSIGNMENT BY MERS DOES
     NOT CONSTITUTE CAUSATION OR
     INJURY TO PLAINTIFF ..............................................21

d)   MERS CAN ACT AS AN AGENT FOR
     THE HOLDER OF THE NOTE ..................................23

e)   GREEN TREE CAN BE THE HOLDER OF
     THE NOTE EVEN IF FANNIE MAE IS
     THE OWNER .............................................................24

f)   GREEN TREE WAS NOT REQUIRED TO
     PROVIDE THE ORIGINAL NOTE TO
     PLAINTIFF PRIOR TO INITIATING
     FORECLOSURE ........................................................25

g)   THE HOLDER OF A BEARER NOTE IS
     ABLE TO ENFORCE THE NOTE AND
     DEED OF TRUST, AND GREEN TREE WAS
     IN POSSESSION OF THE NOTE AT ALL
     RELEVANT TIMES ...................................................25

h)   THE ENDORSEMENT BY SONJA
     LIGHTFOOT IS VALID AND
     ENFORCEABLE.........................................................26

i)   THE RELATIONSHIP OF MERS AND THE
     NOTE ARE NOT AT ISSUE, AND DOES
     NOT VIOLATE THE WCPA...................................27

j)   PLAINTIFF CONTINUES TO CONFUSE
     THE ROLES OF TICOR TITLE COMPANY
     AND CHICAGO TITLE; CHICAGO TITLE
     IS NOT IN POSSESSION OF THE ORIGINAL
     NOTE.........................................................................28

MOTION TO DISMISS BY DEFENDANTS
GREEN TREE SERVICING LLC, MERS,
WFZ AND RENEE M. PARKER, ESQ.

WFZ File No. 282-2014009

ii

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

k)    PLAINTIFF FAILS TO OFFER EVIDENCE OF "ROBO-SIGNING" OCCURRED IN VIOLATION OF THE WCPA ...................29

l)    NO CASE LAW OR STATUTE EXISTS STATING IF THE ORIGINAL TRUSTEE IS STILL IN BUSINESS A SUCCESSOR TRUSTEE CANNOT BE NAMED...........................30

m)    PLAINTIFF INCORRECTLY CONTENDS THAT MERS APPOINTED THE SUCCESSOR TRUSTEE, WHICH MERS DID NOT DO ............................................31

2.    PLAINTIFF FAILED TO ESTABLISH A PER SE WCPA CLAIM ....................................................31

a)    PLAINTIFFS DID NOT ALLEGE VIOLATION OF A STATUTE IN THE WCPA CLAIM AND FAIL TO ESTABLISH A PER SE VIOLATION OF THE WCPA IN ENTIRETY ................32

b)    MERS' EXISTENCE ON THE DEED OF TRUST AND EXECUTION OF THE ASSIGNMENT ARE NOT A PER SE VIOLATION OF THE WCPA ....................................33

c)    PLAINTIFF'S FAILURE TO PAY THE MORTGAGE IS THE PROXIMATE CAUSE OF DAMAGES, WHICH DOES NOT PROVE CAUSATION UNDER THE CPA ..............................34

F.    PLAINTIFF'S FOURTH CAUSE OF ACTION FOR SLANDER OF TITLE FAILS .................................................................35

G.    PLAINTIFF'S FIFTH CAUSE OF ACTION FOR INFLICTION OF EMOTIONAL DISTRESS FAILS ................................................38

IV.    CONCLUSION..........................................................................39

MOTION TO DISMISS BY DEFENDANTS GREEN TREE SERVICING LLC, MERS, WFZ AND RENEE M. PARKER, ESQ.

WFZ File No. 282-2014009

iii

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

1

## **TABLE OF AUTHORITIES**

2

Page No.

3

**Cases**

4

*Amador v. Cent. Mortgage Co.,*

5

2012 WL 405175 at *2 (W.D. Wash. Feb. 8, 2012)................................................................ 9

6

*Anderson Buick Co. v. Cook,*

7

7 Wn.2d 632, 641-42 (1941) ............................................................................................... 23

8

*Andrews v. Kelleher,*

9

124 Wash. 517, 534-36 (1923) ........................................................................................... 23

10

*Ashcroft v. Iqbal,*

11

556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) ......................................................................... 4

12

*Bain v. Metropolitan Mortg. Group, Inc.,*

13

175 Wn.2d 83, 117 (2012)............................................ 12, 19, 21, 22, 23, 25, 28, 33

14

*Balisteri v. Pacific Police Dept.,*

15

902 F.2d 696, 699 (9th Cir. 1990) ....................................................................................... 4

16

*Bartlett Estate Co. v. Fairhaven Land Co.,*

17

49 Wash. 58, 63 (1908) ..................................................................................................... 23

18

*Bateman v. Countrywide Home Loans,*

19

2012 WL 5593228 at *4 (D.Hawai'i 2012) .......................................................................... 29

20

*Bell Atl. Corp. v. Twombly,*

21

550 U.S. 544, 555 (2007) .................................................................................................. 4

22

*Blake v. U.S. National Bank Assn.,*

23

No. 2:12-cv-02186-MJP, 2013 WL 6199213 at *2 (W.D.Wash. Nov. 27, 2013).................... 25

24

*Boosahda v. Providence Dane LLC,*

25

462 F. App'x 331, 334 (4th Cir.2012) ............................................................................... 14

26

27

MOTION TO DISMISS BY DEFENDANTS
GREEN TREE SERVICING LLC, MERS,
WFZ AND RENEE M. PARKER, ESQ.

WFZ File No. 282-2014009

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

iv

28

*Brown v. Safeway Stores, Inc.,*

   94 Wash.2d 359, 375, 617 P.2d 704 (1980) ........................................................ 35, 36

*Cameron v. Acceptance Capital Mortg. Corp.,*

   2013 WL 5664706 at *4 (W.D. Wash. 2013)............................................................ 8, 25

*Carpenters 46 Northern California Counties Joint Apprenticeship & Training Committee and Training Board v. Eldredge,*

   459 U.S. 917 (1982) ................................................................................................ 6

*Carr v. Cohn,*

   44 Wash. 586, 588 (1906) ...................................................................................... 23

*Clapper v. Amnesty Int'l USA,*

   133 S. Ct. 1138 (2013)............................................................................................ 20

*Clark v. Capital Credit & Collection Servc., Inc.,*

   460 F.3d 1162, 1171 (9th Cir. 2006). .................................................................... 9

*Clarkston Cmty. Corp. v. Asotin Cnty. Port Dist.,*

   3 Wash. App. 1, 3, 472 P.2d 558, 559-560 (1970) ................................................ 37

*Coble v. SunTrust Mortgage Inc.,*

   No. C13-1878-JCC, 2014 WL 631206, at *4 (W.D. Wash. Feb. 18, 2014)............................. 25

*Commonwealth Land Title Ins. Co. v. Hart,*

   2004 WL 1559773 at *4 (Wash.App., 2004 *unpublished*)........................................ 34

*Demopolis v. Galvin,*

   57 Wn.App. 47, 54 (1990)...................................................................................... 34

*Dempsey v. Joe Pignataro Chevrolet, Inc.,*

   22 Wn.App. 384, 393, 589 P.2d 1265 (1979)........................................................ 31

*Dietz v. Quality Loan Serv. Corp. of Washington,*

   2014 WL 1245269 at *2 (W.D. Wash. Mar. 25, 2014) ............................................ 10

MOTION TO DISMISS BY DEFENDANTS
GREEN TREE SERVICING LLC, MERS,
WFZ AND RENEE M. PARKER, ESQ.

WFZ File No. 282-2014009

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

v

1  *Donohue v. Quick Collect, Inc.,*

2      592 F.3d 1027, 1033 (9th Cir.2010) ................................................................. 11

3  *EEOC v. Peabody W. Coal Co.,*

4      400 F.3d 774, 779-80 (9th Cir. 2005) ................................................................. 6

5  *Estribor v. Mountain States Mortgage,*

6      No. C13-5297 BHS, 2013 WL 6499535, at *3 (W.D. Wash. Dec. 11, 2013) ..................... 21, 22

7  *Fagerlie v. HSBC Bank, N.A.,*

8      2013 WL 1914395, *5 (W.D.Wash.2013) ................................................................. 8

9  *Fid. Trust Co. v. Wash. & Or. Corp.,*

10      217 F. 588, 596 (W.D.Wash. 1914) ................................................................. 23

11  *Fidelity & Dep. Co. v. Ticor Title Ins.,*

12      88 Wn.App. 64, 68, 943 P.2d 710 (1997) ........................................................ 22, 23

13  *Fourth Inv. LP v. United States,*

14      720 F.3d 1058, 1066 (9th Cir. 2013) ................................................................. 23

15  *Fox v. Citicorp Credit Serv., Inc.,*

16      15 F.3d 1507, 1514 (9th Cir.1994) ................................................................. 14

17  *Frankfort Oil Co. v. Snakard,*

18      279 F.2d 436 (10th Cir.) cert. den. 364 U.S. 920, (1960) ........................................ 36

19  *Frias v. Asset Foreclosure Svcs., Inc.,*

20      957 F.Supp2d 1264, 1270 (W.D.Wash. 2013) ......................................................... 19

21  *Gacy v. Gammage & Burnham,*

22      2002 WL 467937 (D.Ariz.2006) ................................................................. 10

23  *Garrison v. Louisiana,*

24      379 U.S. 64, 74 (1964) ................................................................. 36

25

26

27  | MOTION TO DISMISS BY DEFENDANTS | Renee M. Parker (SBN 36995) |
    | GREEN TREE SERVICING LLC, MERS, | Wright, Finlay, & Zak, LLP |
28  | WFZ AND RENEE M. PARKER, ESQ. | 4665 MacArthur Blvd., Suite 200 |
    | | Newport Beach, CA 92660 |
    | WFZ File No. 282-2014009 | PH: (949) 477-5050/FAX: (949) 608-9142 |

vi

1  *Goodyear Tire & Rubber Co. v. Whiteman Tire, Inc.,*
2      86 Wn. App. 732, 744-45 (1997)................................................................. 18
3  *Guijosa v. Wal-Mart Stores, Inc.,*
4      144 Wn.2d 907, 917 (2001)........................................................................ 19
5  *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,*
6      105 Wn.2d 778 (1986)................................................................. 17, 18, 31
7  *Harlow v. Fitzgerald,*
8      457 U.S. 800, 814-15 (1982) .......................................................................... 4
9  *Hartman v. Meridian Fin. Serv., Inc.,*
10     191 F.Supp.2d 1031, 1044 (W.D.Wisc.2002) ............................................ 10
11 *Henery v. Robinson,*
12     67 Wn. App. 277, 291 (1992)..................................................................... 18
13 *Herron v. KING Broadcasting Co.,*
14     109 Wash.2d 514, 523 (1987) ................................................................... 36
15 *Holiday Resort Cmty. Ass'n v. Echo Lake Assocs., LLC,*
16     134 Wn. App. 210, 226 (2006).................................................................. 17
17 *Howard v. Countrywide Home Loans, Inc.,*
18     C13–0133JL R, 2013 WL 1285859 (W.D.Wash. Mar.26, 2013) .............. 15
19 *Green v. A.P.C*
20     136 Wash.2d 87, 960 P.2d 912, 915 (Wash.1998) ................................... 15
21 *In re Basket,*
22     2008 WL 2275535, at *6 (W.D. Wash. June 3, 2008) .............................. 37
23 *In re Cedano,*
24     470 B.R. 522, 534 (B.A.P. 9th Cir. 2012) ................................................ 35

25
26

*In re GlenFed, Inc. Sec. Litigation,*

   42 F.3d 1541, 1547 n.7 (9th Cir. 1994) ................................................................. 32

*In re MERS Litigation,*

   2012 WL 932625 at * 3 (D.Ariz.2012) ................................................................. 30

*In re Stac Electronics Securities Litigation,*

   89 F.3d 1399, 1405 n.4 (9th Cir. 1996) ................................................................. 5

*Indoor Billboard v. Integra Telecom,*

   162 Wash.2d 59, 84 (2007) ................................................................. 19

*Isham v. Gurstel, Staloch & Chargo, P.A.,*

   738 F.Supp.2d 986, 996 (D.Ariz.2010) ................................................................. 12

*Javaheri v. JPMorgan Chase Bank N.A.*

   2012 WL 3426278 at *6 (C.D.Cal.2012) ................................................................. 30

*Jerman v. Carlisle,*

   559 U.S. 573, 130 S.Ct. 1605, 1606 (2010) (citing 15 U.S.C. § 1692 et seq.)..................... 8, 14

*Johnson v. Camp Auto., Inc.,*

   148 Wn. App. 181 (2009) ................................................................. 17

*Keyes v. Bollinger,*

   31 Wash.App. 286, 295, 640 P.2d 1077 (1982) ................................................................. 35

*Kiah v. Aurora Loan Serv., LLC,*

   2011 WL 841282, *4 (D. Mass. 2011) ................................................................. 24

*Klem v. Wash. Mut. Bank,*

   176 Wash.2d 771, 787, 295 P.3d 1179 (2013) ................................................................. 21

*Kost v. Kozakiewicz,*

   1 F.3d 176, 183 (3d Cir. 1993) ................................................................. 4

MOTION TO DISMISS BY DEFENDANTS
GREEN TREE SERVICING LLC, MERS,
WFZ AND RENEE M. PARKER, ESQ.

WFZ File No. 282-2014009

viii

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

1   *Kuc v. Bank of Am., NA,*
2       2012 WL 1268126 at *2 (D.Ariz.2012) ................................................................ 30
3   *Lensch v. Armada Corporation,*
4       795 F.Supp.2d 1180, 1185 (W.D. Wash. Jun. 13, 2011) ...................................... 13
5   *Lewis v. ACB Bus. Servs., Inc.,*
6       135 F.3d 389, 399, (6th Cir.1998) ........................................................................ 14
7   *Lightfoot v. Macdonald,*
8       86 Wn.2d 331, 333 (1976) ..................................................................................... 17
9   *Lonsdale v. Chesterfield,*
10      19 Wn.App. 27, 31 (1978) ..................................................................................... 19
11  *Lowden v. T-Mobile USA, Inc.,*
12      2009 WL 537787 (W.D.Wash. 2009) ...................................................................... 5
13  *Mansour v. Cal-W.Reconveyance Corp.,*
14      618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009), *aff'd*, No. 09-16778, 2010 U.S App. LEXIS
15      12464 (9th Cir. June 17, 2010) .......................................................................... 8, 34
16  *Marder v. Lopez,*
17      450 F.3d 445, 448 (9th Cir. 2006) .......................................................................... 5
18  *Massey v. BAC Home Loans Servicing LP,*
19      2013 WL 6825309 at *8 (W.D. Wash. 2013) .............................................. 20, 21, 25
20  *Maynard v. Cannon,*
21      (10th Cir.2010) 401 F. App'x 389, 395 ................................................................. 14
22  *McCann v. Quality Loan Service Corp.,*
23      729 F. Supp. 2d 1238, 1240 (W.D.Wash. 2010) .................................................... 4
24  *McHenry v. Renne,*
25      84 F.3d 1172, 1179 (9th Cir. 1996) ........................................................................ 5

26

1   *Nance v. Woods,*

2      79 Wash. 188, 191 (1914) ....................................................................... 23

3   *Navarro v. Block,*

4      250 F.3d 729, 731 (9th Cir. 2001) .............................................................. 3

5   *Oliver v. Ocwen Loan Servs., LLC,*

6      2013 WL 210619 at **3-4 (W.D. Wash. Jan. 18, 2013) ...................................... 8, 10

7   *Orchard Supply Hardware v. Home Depot USA, Inc.,*

8      939 F.Supp.2d 1002, 1012 (2013) ............................................................. 38

9   *Ortega v. Nw. Tr. Servs., Inc.,*

10     179 Wash.App. 1033 at *7 (2014) .............................................................. 31

11  *Panag v. Farmers Ins. Co. of Wash.,*

12     166 Wn.2d 27, 62 (2009) ..................................................................... 34

13  *Pay 'N Save *860 Corp. v. Eads,*

14     53 Wash.App. 443, 448, 767 P.2d 592 (1989) .................................................. 35

15  *Perry v. Island Sav. & Loan Ass'n,*

16     101 Wn.2d 795, 684 P.2d 1281 (1984) ........................................................ 17

17  *Peterson v. Littlejohn,*

18     56 Wash. App. 1, 14, 781 P.2d 1329, 1336 (1989) ............................................ 36

19  *Petree v. Chase Bank,*

20     No. 12-cv-5548-RBL, 2012 WL 6061219, at *2 (W.D. Wash. Dec. 6, 2012) ........................ 25

21  *Price v. N. Bond & Mortg. Co.,*

22     161 Wash. 690, 695 (1931) ................................................................... 23

23  *Reid v. Countrywide Bank, N.A.,*

24     2013 WL 7219500 at *3 (W.D. Wash. Nov. 1, 2013) ............................................. 29

25

26

*Reiter v. Sonotone Corp.,*

   442 U.S. 330, 339, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979) ...................................................... 35

*Robertson v. Dean Witter Reynolds, Inc.,*

   749 F.2d 530, 533-34 (9th Cir. 1984) ................................................................................... 4

*Rorvig v. Douglas,*

   123 Wash. 2d 854, 859-60 (1994) ................................................................................ 35, 36

*Rouse v. Walls Fargo Bank, N.A.,*

   No. 13–cv–5706–RBL, 2013 WL 5488817 at *5 (W.D.Wash. Oct.2, 2013) ........................... 25

*Salt River Project Agr. Imp. And Power Dist. V. Lee,*

   672 F.3d 1176, 1179 (9th Cir. 2014) ...................................................................................... 7

*Saunders v. Lloyd's of London,*

   113 Wn.2d 330, 334, 779 P.2d 249 (1989) ........................................................................... 31

*Scheuer v. Rhodes,*

   416 U.S. 232, 236 (1974) ....................................................................................................... 4

*Schmidt v. Cornerstone Invs., Inc.,*

   115 Wash.2d 148, 167, 795 P.2d 1143 (1990) ...................................................................... 19

*Schnall v. AT & T Wireless Servs., Inc.,*

   171 Wn.2d 260, 278 (2011) .................................................................................................. 17

*Sebek v. City of Seattle,*

   172 Wash.App 273, 275 (FN2) (2012) ................................................................................... 5

*Skerry v. Massachusetts Higher Educ. Assistance Corp.,*

   73 F.Supp.2d 47, 53-54 (D.Mass.1999) ............................................................................... 10

*Spencer v. Alki Point Transp. Co.,*

   53 Wash. 77, 90 (1909) ....................................................................................................... 23

MOTION TO DISMISS BY DEFENDANTS
GREEN TREE SERVICING LLC, MERS,
WFZ AND RENEE M. PARKER, ESQ.

WFZ File No. 282-2014009

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

xi

*Sprewell v. Golden State Warriors,*

266 F.3d 979, 988 (9th Cir. 2001) ............................................................... 4

*St. Amant v. Thompson,*

390 U.S. 727, 731 (1968) ............................................................................ 36

*State v. American Tobacco Co., Inc.,*

1996 WL 931316 ......................................................................................... 34

*Swartz v. KPMG LLP,*

476 F.3d 756, 765-765 (9th Cir. 2007) ....................................................... 33

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.,*

551 U.S. 308, 322 (2007) .............................................................................. 5

*Temple v. Synthes Corp.,*

498 U.S. 5 (1990) .......................................................................................... 6

*Thurman v. Wells Fargo Home Mortg.,*

2013 WL 3977622, *3-4 (W.D. Wash. 2013) ............................................. 34

*Trujillo v. Northwest Trustee Services, Inc.,*

326 P.3d 768, 774 (2014) ............................................................................ 25

*United States v. Ritchie,*

342 F.3d 903, 907–08 (9th Cir. 2003) ........................................................... 2

*Upkoma v. U.S. Bank Nat. Ass'n,*

2013 WL 1934172 at *3 (E.D. Wash, May 9, 2013) ............................. 22, 30

*Velasco v. Sec. Nat. Mortgage Co.,*

823 F. Supp. 2d 1061, 1068 (D. Haw. 2011) aff'd, 508 F. App'x 679 (9th Cir. 2013) .............. 36

*Venetian Stone Works, LLC v. Marmo Meccanica, S.p.A.,*

2010 WL 5138161 at *1 ............................................................................. 18

MOTION TO DISMISS BY DEFENDANTS
GREEN TREE SERVICING LLC, MERS,
WFZ AND RENEE M. PARKER, ESQ.

WFZ File No. 282-2014009

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

xii

*Walcker v. SN Commerical, LLC,*

    2006 WL 3192503 (not reported, E.D. Wash. 2006) ............................................................ 10

*Washington State Physicians Ins. & Exch. Ass'n v. Fisons Corp.,*

    122 Wash.2d 299, 318, 858 P.2d 1054 (1993) ................................................................. 35

*Wescott v. Wells Fargo Bank, N.A.,*

    862 F.Supp.2d 1111, 1118 (W.D.Wash. 2012) ................................................................. 15

*Western Community Bank v. Helmer,*

    48 Wash.App. 694, 700-701 (1987) ................................................................. 34

*Zalac v. CTX Mortg. Corp.,*

    2013 WL 1990728 at*3 (W.D. Wash. 2013)................................................... 13, 33

*Zhong v. Quality Loan Svc. Corp. of Washington,*

    2013 WL 5530583, *4 (W.D.Wash. 2013)................................................... 15, 28

**Statutes**

RCW 19.86.020 ................................................................................................15, 16

RCW 19.86.090 ................................................................................................ 15

RCW 19.86.120 ................................................................................................ 15

RCW 23B.15.010(2)(g)–(h) ................................................................................ 2

RCW 62A.1-201(5). ......................................................................................... 26

RCW § 62A.1-201(20) ..................................................................................... 26

RCW 62A.3-205(b) ......................................................................................... 26

RCW 62A.3-301.............................................................................................. 26

RCW 62A.3-309 or 62A.3-418(d)................................................................... 26

**Federal Statues**

11 U.S.C. § 1692e(5) ....................................................................................... 12

15 U.S.C. 1692a(6) ......................................................................................... 13

MOTION TO DISMISS BY DEFENDANTS
GREEN TREE SERVICING LLC, MERS,
WFZ AND RENEE M. PARKER, ESQ.

WFZ File No. 282-2014009

xiii

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

15 U.S.C. § 1692e(10) .................................................................................... 11, 12, 13

15 U.S.C. § 1692f(6) ........................................................................................... 9, 10

15 U.S.C. § 1692f(6)(A) ............................................................................................ 9

**Other Authorities**

6 Washington Practice: Washington Pattern Jury Instructions; Civil 15.01 (5th ed.2005) .......... 17

Black's Law Dictionary (10th ed. 2014) .................................................................. 28

Restatement (Third) Property § 5.4 cmt. E ............................................................... 24

*Williston on Contracts* § 74:50 (4th ed.) .................................................................. 30

**Rules**

*FRCP*, Rule 12(b)(6) .................................................................................... 1, 3, 5

*FRCP*, Rule. 8(d)(1) ............................................................................................ 5

*FRCP*, Rule 19(a)(1)(B)(ii) ................................................................................... 7

*FRCP*, Rule 19(a) ............................................................................................... 6

*FRCP*, Rule 19(a)(1) ............................................................................................ 6

Washington Superior Court Civil Rule 12(b)(6) ........................................................ 3

**Treatises**

18 William B. Stoebuck & John W. Weaver, Washington Practice: Real Estate: Transactions §
18.20 (2d ed. 2004) § 18.20 ........................................................................... 23

MOTION TO DISMISS BY DEFENDANTS
GREEN TREE SERVICING LLC, MERS,
WFZ AND RENEE M. PARKER, ESQ.

WFZ File No. 282-2014009

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

xiv

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    RELIEF REQUESTED

Defendants moves the Court for an order dismissing the Second Amended Complaint filed by Plaintiff JAMES A. BIGELOW pursuant to FRCB 12(b)(6) for failure to state a claim against Defendants upon which relief can be granted.

Dismissal is appropriate as the Plaintiff's allegations against Defendants lack facial plausibility given they are factually unsupported and based upon erroneous legal conclusions. Plaintiff has filed his complaints without any basis for recovery under Washington law, merely lays out the facts of lawful contractual transfers between parties, and attempts to raise legal issues that are applicable to real property actions to which Plaintiff is not a party.

For the reasons stated below, the Court should grant Defendants' Motion with prejudice.

### II.    IDENTIFICATION OF PARTIES AND STATEMENT OF FACTS

### A.    IDENTIFICATION OF PARTIES AND PROPERTY

JAMES BIGELOW ("Plaintiff" singularly) is the Plaintiff in the instant litigation. The Subject Property, defined below, is owed by Plaintiff and non-party CAROLYN BIGELOW (hereinafter "Borrowers" collectively).

The real property at issue is commonly known as 10018 CASCADIAN AVENUE SE, YELM, WASHINGTON 98597 ("Subject Property"), APN 65730002800.

GREEN TREE LOAN SERVICING LLC (hereinafter "Green Tree") services the Loan on behalf of the Federal National Mortgage Association ("Fannie Mae"), and is the holder of the Note and assignee of the Deed of Trust. Green Tree is a Delaware limited liability corporation currently registered to conduct business in Washington State and having UBI No. 602302513 with the Washington Department of Corporations.  Fannie Mae is a federally chartered corporation having a principal office in Washington, DC.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (hereinafter "MERS"), a Delaware corporation with its principal place of business in Virginia, is identified

MOTION TO DISMISS BY DEFENDANTS
GREEN TREE SERVICING LLC, MERS,
WFZ AND RENEE M. PARKER, ESQ.

WFZ File No. 282-2014009

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

1

as the original beneficiary under the Deed of Trust as nominee for the original lender, lender's successors and/or assigns. MERS does not "conduct business" in the State of Washington pursuant to RCW 23B.15.010(2)(g)–(h).

NORTHWEST TRUSTEE SERVICES, INC. (hereinafter "NWTS") is the successor trustee under the Appointment of Successor Trustee recorded with the Thurston County Auditor as Instr. No. 4266605 on or about May 18, 2012. NWTS is a for-profit corporation currently registered to conduct business in Washington State and having UBI No. 602376725 with the Washington Department of Corporations.

## B. **STATEMENT OF FACTS**

On or about April 24, 2007 James Bigelow and Carolyn Bigelow, husband and wife, executed a Note in the amount of $233,899.00 in favor of Pierce Commercial Bank. *See* Request for Judicial Notice ("RJN") Ex. 1,[1] which is a declaration by Green Tree Servicing LLC and entitled Declaration of Green Servicing LLC in Support of Motion to Dismiss Second Amended Complaint, and containing a true and correct copy of the original Note as Exhibit "A" thereto ("Green Tree Declaration"). The Note is secured by a Deed of Trust encumbering the Subject Property, and to which MERS was identified as the beneficiary in a nominee capacity for the lender and lender's successors and assigns; the Deed of Trust was recorded with the Thurston County Auditor on or about April 27, 2007 as Instrument No. 3922368. *See* RJN Ex. 2. The Note and Deed of Trust are collectively referenced herein as the "Loan."

The Loan was transferred to Green Tree on or about December 1, 2011, Green Tree Declaration, ¶ 5. The Corporate Assignment of Deed of Trust ("Assignment") was recorded with the Thurston County Auditor on or about April 20, 2012 as Instrument No. 4261697. *See*

---

[1] On a motion to dismiss, a court may consider documents offered by defendants that were originally referenced in Plaintiffs' complaint. *United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003) ("A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment").

| MOTION TO DISMISS BY DEFENDANTS GREEN TREE SERVICING LLC, MERS, WFZ AND RENEE M. PARKER, ESQ. | Renee M. Parker (SBN 36995) Wright, Finlay, & Zak, LLP 4665 MacArthur Blvd., Suite 200 Newport Beach, CA 92660 |
|---|---|
| WFZ File No. 282-2014009                            2 | PH: (949) 477-5050/FAX: (949) 608-9142 |

RJN Ex. 3. Green Tree is the holder of the Note and services of the Loan on behalf of Fannie Mae as stated in the Green Tree Declaration filed concurrently herewith as RJN Ex. 1.

NWTS was appointed as the successor trustee on or about May 14, 2012; an Appointment of Successor Trustee was recorded with the Thurston County Auditor on or about May 18, 2012. *See* RJN Ex. 4.

Beginning with the payment due on November 1, 2011, Borrowers defaulted under the terms of the Note and Deed of Trust by failing to perform monthly payment obligations.

A Notice of Default was sent to the Borrowers on or about May 10, 2012. *See* RJN Ex. 5. Borrowers failed to cure the default. A Notice of Trustee's Sale, having a sale date of August 29, 2014, was recorded April 30, 2014 in the official records of the Thurston County Auditor as Instr. No. 4389907. *See* RJN Ex. 6.

### III.   STATEMENT OF ISSUES

The issue before this Court is whether the Second Amended Complaint should be dismissed pursuant to Washington Superior Court Civil Rule 12(b)(6) as to Defendants, notwithstanding the Motion to Strike Plaintiff's Complaint for Anti-SLAPP Violations filed with this Court as Docket Item Nos. 60-61 ("Anti-SLAPP Motion").

### IV.   EVIDENCE RELIED UPON

This Motion is based upon the records and pleadings filed herein, and the Declaration of Green Tree Servicing LLC in support of this Motion, together with the exhibits attached with Defendants' concurrently filed Request for Judicial Notice.

### V.   ARGUMENT AND AUTHORITIES

#### A. LEGAL STANDARD FOR DISMISSAL OF CLAIMS UNDER CR 12(b)(6)

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the pleadings. *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001). "A Rule 12(b)(6) motion tests the sufficiency of a complaint's factual allegations." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

---

MOTION TO DISMISS BY DEFENDANTS
GREEN TREE SERVICING LLC, MERS,
WFZ AND RENEE M. PARKER, ESQ.

WFZ File No. 282-2014009

3

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

555 (2007); *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A court's fundamental inquiry in the Rule 12(b)(6) context is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), abrogated on other grounds by *Harlow v. Fitzgerald*, 457 U.S. 800, 814-15 (1982). The United States Supreme Court has explained that dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is appropriate where the factual allegations do not raise the right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A "formulaic recitation of the elements of a cause of action will not do." *Id.*

A court "must dismiss a Complaint" if a plaintiff can prove no set of facts to support a claim which would entitle him to relief. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984), *Balisteri v. Pacific Police Dept.*, 902 F.2d 696, 699 (9th Cir. 1990). If a critical, threshold element is missing from a plaintiff's complaint, a motion to dismiss under Rule 12(b)(6) must be granted. *Baliesteri* at 699.

Moreover, "the tenet that a court must accept all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Likewise, this District has held:

> To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. It is not enough for a complaint to plead facts that are merely consistent with a defendant's liability. Rather, a claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*McCann v. Quality Loan Service Corp.*, 729 F. Supp. 2d 1238, 1240 (W.D.Wash. 2010) (internal citations and quotations omitted).

---

MOTION TO DISMISS BY DEFENDANTS
GREEN TREE SERVICING LLC, MERS,
WFZ AND RENEE M. PARKER, ESQ.

WFZ File No. 282-2014009

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

4

Although the Court must construe a pro se plaintiff's complaint liberally, Plaintiffs nonetheless must satisfy Fed. R. Civ. P. 8(d)(1), which requires each allegation to be "simple, concise, and direct." This requirement "applies to good claims as well as bad, and is the basis for dismissal independent of Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry*, 84 F.3d at 1180. "Prolix, confusing complaints ... impose unfair burdens on litigants and judges." *McHenry*, 84 F.3d at 1179.

"In general, when ruling on a CR 12(b)(6) motion to dismiss, the trial court may only consider the allegations contained in the complaint and may not go beyond the face of the pleadings." *Sebek v. City of Seattle*, 172 Wash.App 273, 275 (FN2) (2012) (internal citations omitted). However, courts must consider the Complaint in its entirety, including documents incorporated by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The Ninth Circuit has stated: "Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *In re Stac Electronics Securities Litigation*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996). *See also Lowden v. T-Mobile USA, Inc.*, 2009 WL 537787 (W.D.Wash. 2009) (stating that, on a motion to dismiss, a court "may consider documents incorporated into a complaint either by reference or because the document is central to the Plaintiffs' claim") (citing *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)).

As a direct result of *Twombly* and the remaining cases cited above, there is now a heightened scrutiny of complaints and the allegations therein. It is no longer permissible to make sweeping, generic assertions in a complaint. Here, Plaintiff's Complaint, which was

MOTION TO DISMISS BY DEFENDANTS
GREEN TREE SERVICING LLC, MERS,
WFZ AND RENEE M. PARKER, ESQ.

WFZ File No. 282-2014009

5

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

1   amended to cure defects with his Amended Complaint, continues to allege no facts whatsoever

2   that give rise to any of Plaintiff's claims.

### B. PLAINTIFF FAILED TO JOIN ALL NECESSARY PARTIES

4       Rule 19(a)(1) of the Federal Rules of Civil Procedure requires all persons be joined to

5   the litigation if: "(A) in that person's absence, the court cannot accord complete relief among

6   existing parties; or (B) that person claims an interest relating to the subject of the action and is

7   so situated that disposing of the action in the person's absence may: (i) as a practical matter

8   impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject

9   to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because

10  of the interest." *See also, Carpenters 46 Northern California Counties Joint Apprenticeship &*

11  *Training Committee and Training Board v. Eldredge*, 459 U.S. 917 (1982).

12      If the person has not been joined, the court shall order that the person be made a party.

13  Fed.R.Civ.P. 19(a). Such a person is then considered a "necessary" party to the action. *Temple*

14  *v. Synthes Corp.,* 498 U.S. 5 (1990). In order for dismissal for failure to join a necessary party

15  the Court must find that the party is indispensable, the party may not be joined, and the case

16  cannot proceed "in equity and good conscience" without that party. *EEOC v. Peabody W. Coal*

17  *Co.,* 400 F.3d 774, 779-80 (9th Cir. 2005). Litigation must be dismissed if an indispensable

18  party cannot be joined. Fed.R.Civ.P. 12(b)(7).

19      First, Carolyn Bigelow is indispensable because: (1) James Bigelow and Carolyn

20  Bigelow are co-obligors under the Note and Deed of Trust, (2) Carolyn Bigelow specifically

21  retained a one-half interest in the Subject Property in the dissolution of her marriage from James

22  Bigelow, (3) Carolyn Bigelow sought to prohibit James Bigelow from taking any action with

23  respect to the Subject Property without the express, written (and notarized) consent of both

24  Carolyn and James Bigelow (*see* RJN Ex. 7, Exhibit "A" identified as "Pet for Disso of

25  Marriage (PTDSS) – Page 4 of 10" at Paragraph 1.9 "Other"), and (4) both Carolyn and James

26  Bigelow retained the right to claim 50% proceeds from sale of the Subject Property, or in the

27  | MOTION TO DISMISS BY DEFENDANTS | Renee M. Parker (SBN 36995) |
    GREEN TREE SERVICING LLC, MERS,     Wright, Finlay, & Zak, LLP
28  WFZ AND RENEE M. PARKER, ESQ.        4665 MacArthur Blvd., Suite 200
                                         Newport Beach, CA 92660

WFZ File No. 282-2014009        6        PH: (949) 477-5050/FAX: (949) 608-9142

alternative, each retained 50% liability for any fees related to foreclosure (*see* RJN Ex. 7, Exhibit "D" identified as "Decree (DED) – Page 2 of 7" at Paragraph 3.2, "Page 3 of 7" at Paragraphs 3.3 and 3.4, and "Page 4 of 7" at Paragraph 3.5).

Second, any decision of this Court in favor of Plaintiff would unfairly dispose of an action in the absence of Carolyn Bigelow, who is contractually entitled to any profit and/or contractually obligated to pay 50% of all fees related to foreclosure (inclusive of Green Tree's Counter-Claim for Judicial Foreclosure). *See* RJN Ex. 7, generally.

Third, this Court ordered Plaintiff to join Carolyn Bigelow to the present litigation. Plaintiff could have complied by adding Carolyn Bigelow either as a plaintiff or a defendant, and Plaintiff was allowed to file the Complaint with the specific purpose of doing so. *See* Order Granting Defendants' Motion to Dismiss and Plaintiff Leave to Amend entered on January 29, 2015 as Docket Item No. 35, Pages 5-6. In response, Plaintiff attempts to avoid compliance with this Order by filing his "Note to the Court" on February 24, 2015 as Docket Item No. 47, wherein Plaintiff glibly explains that his inability' to join Carolyn Bigelow arises from their divorce, without further explanation. Due to the failure of Plaintiff to add Carolyn Bigelow as a party after the order by this Court to do so, and in light of Carolyn Bigelow's express desire to be included with disposition of the Subject Property, the only conclusion that can be made is that Carolyn Bigelow may not be joined to his litigation.

Fourth, Carolyn Bigelow has an interest in protecting her interest, and "resolving the action in [her] absence may leave [Defendants] subject to inconsistent obligations because of that interest." *Salt River Project Agr. Imp. And Power Dist. V. Lee*, 672 F.3d 1176, 1179 (9th Cir. 2014); A ruling in this case, without inclusion of Carolyn Bigelow, leaves Defendants "subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations" by proceeding without her. *See also*, Fed. R. Civ. Proc. Rule 19(a)(1)(B)(ii).

Accordingly, Plaintiff's case must be dismissed with prejudice due to Plaintiff's failure, and blatant refusal, to join Carolyn Bigelow as a party to this action as ordered.

| MOTION TO DISMISS BY DEFENDANTS | Renee M. Parker (SBN 36995) |
|---|---|
| GREEN TREE SERVICING LLC, MERS, | Wright, Finlay, & Zak, LLP |
| WFZ AND RENEE M. PARKER, ESQ. | 4665 MacArthur Blvd., Suite 200 |
| | Newport Beach, CA 92660 |
| WFZ File No. 282-2014009          7 | PH: (949) 477-5050/FAX: (949) 608-9142 |

### C.  PLAINTIFF'S FIRST CAUSE OF ACTION UNDER THE FAIR DEBT COLLECTION PROTECTION ACT (FDCPA) FAILS

In order to plead a claim for violation of the FDCPA, a plaintiff is required to allege facts demonstrating that (1) Defendants were collecting debt as debt collectors, and (2) Defendants' debt collection actions violated the federal statute. *See, Jerman v. Carlisle, et al.*, 559 U.S. 573, 130 S.Ct. 1605, 1606 (2010) (citing 15 U.S.C. § 1692 et seq.).

### 1.  GREEN TREE IS NOT A "DEBT COLLECTOR" AND DID NOT VIOLATE THE FDCPA IN ITS ACTIONS TO ENFORCE THE SECURITY INSTRUMENT[2]

Other than his circular use of the FDCPA language to manufacture an alleged injury, Plaintiff does not cite any specific unfair or deceptive act by Green Tree, and Green Tree contends its actions do not give rise to an FDCPA claim as a "debt collector."

"The Court finds the legislative history and the legal authority discussed above to be persuasive, and therefore finds that none of the Defendants (an assignee, a servicing company, and a fiduciary) is a 'debt collector' as defined in the FDCPA. The Court further finds that the non-judicial foreclosure proceeding at issue is not an attempt to collect a 'debt' for FDCPA purposes." *Mansour v. Cal-W.Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009), *aff'd*, No. 09-16778, 2010 U.S App. LEXIS 12464 (9th Cir. June 17, 2010).

Because there is some dispute among the Ninth Circuit district courts as to whether foreclosure trustees and/or loan servicers qualify as debt collectors under the FDCPA, this district has found that these entities *may* meet the FDCPA's definition of the "debt collector" to the extent that a plaintiff alleges a violation under 15 U.S.C. § 1692f(6). *See e.g., Oliver v. Ocwen Loan Servs., LLC*, 2013 WL 210619 at **3-4 (W.D. Wash. Jan. 18, 2013); *Amador v.*

---

[2] With respect to Plaintiff's allusion that MERS is a debt collector, case law clearly rebuts this contention and Plaintiff makes no allegation that MERS made any attempt to collect on the debt in question. Simply stated, MERS is not, and never is a debt collector. "As an initial matter, Plaintiffs have not demonstrated that Fannie Mae, Flagstar, or MERS are "debt collectors" under the FDCPA." *Cameron v. Acceptance Capital Mortg. Corp.*, 2013 WL 5664706 at *4 (W.D. Wash. 2013) (citing *Fagerlie v. HSBC Bank, N.A.*, 2013 WL 1914395, *5 (W.D.Wash.2013)).

---

MOTION TO DISMISS BY DEFENDANTS
GREEN TREE SERVICING LLC, MERS,
WFZ AND RENEE M. PARKER, ESQ.

WFZ File No. 282-2014009

8

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

*Cent. Mortgage Co.*, 2012 WL 405175 at *2 (W.D. Wash. Feb. 8, 2012). "The test for determining whether a debt collector violated the FDCPA is objective and does not depend on whether the debt collector intended to deceive or mislead the consumer." *Clark v. Capital Credit & Collection Servc., Inc.*, 460 F.3d 1162, 1171 (9th Cir. 2006). The "least sophisticated" debtor standard applies; "the liability analysis turns on whether a debt collector's communications would mislead an unsophisticated but reasonable consumer." *Id.*

Thus, assuming that Plaintiff can allege that Green Tree is a "debt collector" within the meaning of the statute, Plaintiff's claim fails because he did not allege any facts demonstrating that Defendant violated 15 U.S.C. § 1692f(6). Instead, Plaintiff improperly concludes that MERS recorded the Assignment without an ability to do so (Complaint, ¶ 51), and incorrectly states that MERS recorded an Appointment of Successor Trustee (Complaint, ¶ 83), which constituted taking the Subject Property without a present right to possession through an enforceable security agreement (Complaint, ¶ 193).

In order for Plaintiff to reasonably make a claim for violation of the FDCPA, Plaintiff is required to show Green Tree used "unfair or unconscionable means to collect or attempt to collect its debt" by "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692f(6)(A); Complaint, ¶ 193.

Plaintiff executed a Note and a Deed of Trust, using the Subject Property as security for repayment of the debt. Therefore Plaintiff knows he owes some party for payments required by the Note, and could reasonably expect that the Subject Property could be taken via non-judicial foreclosure if payments were not tendered each month. Plaintiff also knows he breached the contract due to a failure to tender payments, which is supported by lack of evidence here that Plaintiff had made payments on the Note to some entity.

In documents filed as part of his divorce, Plaintiff demonstrated he knew Green Tree was the party to whom payments were to be made, and that the property was in, or at least in danger

---

| MOTION TO DISMISS BY DEFENDANTS | Renee M. Parker (SBN 36995) |
|---|---|
| GREEN TREE SERVICING LLC, MERS, | Wright, Finlay, & Zak, LLP |
| WFZ AND RENEE M. PARKER, ESQ. | 4665 MacArthur Blvd., Suite 200 |
| | Newport Beach, CA 92660 |
| WFZ File No. 282-2014009          9 | PH: (949) 477-5050/FAX: (949) 608-9142 |

of, foreclosure as early as 2013. *See* RJN Ex. 7, Exhibit "C" identified as "Findings of Fact and Concl of Law (FNFCL) – Page 4 of 10" at Paragraph 2.10 Community Liabilities ("The parties have the following community liabilities: Creditor Green Tree Services, Amount $233,899.00") and Exhibit "D" identified as "Decree (DED) – Page 4 of 7" at Paragraph 3.5 ("Responsible for modification of 1st mortgage and the payments 100% …If we are foreclosed on I am responsible for 1/2 of any fee's (sic).""). Accordingly, Defendants did not violate 15 U.S.C. § 1692f(6) and the claim must be dismissed.

Moreover, the holdings in *Oliver v. Ocwen Loan Servs., LLC*, 2013 WL 210619 at *4 (W.D. Wash. Jan. 18, 2013) and *Dietz v. Quality Loan Serv. Corp. of Washington*, 2014 WL 1245269 at *2 (W.D. Wash. Mar. 25, 2014)[3] recognize that "the 'FDCPA's definition of debt collector does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt' where the debt was not in default when transferred to the parties currently seeking to enforce the Note and Deed of Trust."

Plaintiff continues to claim the loan was "in default at the time it was acquired" by Green Tree, to attempt to destroy any protections Green Tree may have (Complaint, ¶ 189). "Because 'default' is not defined in the FDCPA, courts look to the contracts underlying the debt, or any other applicable statutes. *See Walcker v. SN Commerical, LLC*, 2006 WL 3192503 (not reported, E.D. Wash. 2006), citing *Gacy v. Gammage & Burnham*, 2002 WL 467937 (D.Ariz.2006), *Hartman v. Meridian Fin. Serv., Inc.*, 191 F.Supp.2d 1031, 1044 (W.D.Wisc.2002), *Skerry v. Massachusetts Higher Educ. Assistance Corp.*, 73 F.Supp.2d 47, 53-54 (D.Mass.1999).

Plaintiff's Loan documents clearly state written notice of default can be sent no less than 30 days after a payment is not received, meaning the loan must be *more than* 30 days past-due

---

[3] Timothy Dietz, the litigant in this cited case, appears to be the same person that claims a tenancy right to the Subject Property pursuant to the "Notice of Appearance" filed on March 9, 2015 as Docket Item No. 50.

| MOTION TO DISMISS BY DEFENDANTS GREEN TREE SERVICING LLC, MERS, WFZ AND RENEE M. PARKER, ESQ. | Renee M. Parker (SBN 36995) Wright, Finlay, & Zak, LLP 4665 MacArthur Blvd., Suite 200 Newport Beach, CA 92660 |
|---|---|

1    before it is declared to be in default.  *See* RJN Ex. 1, Paragraph 6(B) and Ex. 2, Paragraph 22.

2    Green Tree acquired the Loan on December 1, 2011 (*see* Supplemental Declaration in Support

3    of Counterclaim and Third Party Complaint for Judicial Foreclosure, as filed with this Court on

4    March 2, 2015 as Docket Item No. 49, Paragraph 5), which was on or before the passing of 30

5    days after Plaintiff failed to tender the November 1, 2011 Loan payment. *Id*, ¶ 4.  The Loan was

6    therefore not in default when it was transferred to Green Tree.  Accordingly, Green Tree is not

7    considered a "debt collector" under the FDCPA and the claim must be dismissed.

8        For the same reasons, Defendants argue that the Loan must also be declared as being in

9    default before the loan is technically "in default."  Plaintiff's Exhibit L shows Plaintiff's default

10   notice was sent May 10, 2012 – five months after the date Green Tree acquired the Note and

11   was entitled to enforce it. Plaintiff never alleged the prior servicer or beneficiary sent any

12   indication that the loan was in default prior to that time.  Therefore Green Tree is not a "debt

13   collector" because default had not yet been declared when the transfer of the Loan to Green

14   Tree occurred.

15       Next, Plaintiff fails to show Green Tree used "false, deceptive, or misleading

16   representation or means in connection with the collection of [the] debt" under 11 U.S.C. §

17   1692e(10). "An allegedly false or misleading representation is not actionable under the FDCPA

18   unless it is material." *Donohue v. Quick Collect, Inc.,* 592 F.3d 1027, 1033 (9th Cir.2010).

19   Plaintiff does not allege Green Tree provided misleading information that was material to, or

20   caused his default, such as providing an incorrect payment address or amounts due and owing to

21   the extent that, despite his best efforts, Plaintiff would never be able to reinstate the Loan.

22       Instead, Plaintiff disputes the right of Green Tree to act as holder of the Note.  This

23   dispute does not equate to an attempt to collect the debt under the guise of a different name. "To

24   preserve the protections and policies of the FDCPA, it is important to know the proper identity of

25   the creditor. Knowing a creditor's identity allows the 'least sophisticated consumer' to make

26

27   | MOTION TO DISMISS BY DEFENDANTS | Renee M. Parker (SBN 36995) |
     | GREEN TREE SERVICING LLC, MERS, | Wright, Finlay, & Zak, LLP |
28   | WFZ AND RENEE M. PARKER, ESQ. | 4665 MacArthur Blvd., Suite 200 |
     |                                | Newport Beach, CA 92660 |
     | WFZ File No. 282-2014009    11 | PH: (949) 477-5050/FAX: (949) 608-9142 |

1   more informed decisions on how to communicate with the creditor and avoid being misled."

2   *Isham v. Gurstel, Staloch & Chargo, P.A.,* 738 F.Supp.2d 986, 996 (D.Ariz.2010).

3        Green Tree continues to prove it is in possession of the Note and is the assignee under the

4   Deed of Trust, and Green Tree has always taken action on Plaintiff's debt in its own name;

5   Green Tree never hid behind the name of MERS or Fannie Mae in the foreclosure. In fact,

6   Plaintiff's own exhibits clearly and repeatedly demonstrate he was informed that Green Tree

7   holds the Note and services of the loan on behalf of Fannie Mae (*see, e.g.* Plaintiff's Exhibits E,

8   G, K, L and M, filed as Docket Item No. 1-1). Accordingly, Defendants did not violate 15

9   U.S.C. § 1692e(10) and the claim must be dismissed.

10        Plaintiff's claim under 11 U.S.C. § 1692e(5), wherein Plaintiff alleges Green Tree

11   threatened to take, or took an action it could not legally take, appears to be solely based on the

12   premise that the naming of MERS on the Deed of Trust invalidated the document under *Bain v.*

13   *Metropolitan Mortg. Group, Inc.*, 175 Wn.2d 83, 117 (2012), and that by extension, because

14   MERS could not assign the Deed of Trust, all subsequent actions by Green Tree constituted an

15   FDCPA violation. Complaint, ¶ 194.

16        Plaintiff continues to misconstrue case law because *Bain* never found that MERS violated

17   the CPA. Rather the *Bain* court found that "the mere fact MERS is listed on the deed of trust as

18   a beneficiary is not itself an actionable injury [*Bain* at 120]". As discussed further infra, MERS

19   can act as an agent for the holder of a note. *Bain*, 175 Wn.2d 83 at 106, *Zhong* at *3. As an agent

20   MERS acted within its scope of its duties as an agent for the beneficiary when it executed the

21   Assignment.

22        Although Plaintiff includes QWR and/or debt validation responses in support of his

23   allegations of "threats" by Green Tree, Plaintiff's exhibits do not appear to support an FDCPA

24   claim to the extent an "unsophisticated but reasonable consumer" would have been gravely

25   misled by the contents of the correspondences (or any of the recorded documents for that matter).

26

27   MOTION TO DISMISS BY DEFENDANTS
    GREEN TREE SERVICING LLC, MERS,

28   WFZ AND RENEE M. PARKER, ESQ.

WFZ File No. 282-2014009

     Renee M. Parker (SBN 36995)
     Wright, Finlay, & Zak, LLP
     4665 MacArthur Blvd., Suite 200
     Newport Beach, CA 92660

12   PH: (949) 477-5050/FAX: (949) 608-9142

None of these correspondences contained "empty threats" used as a means to coerce payment from Plaintiff to which it was not entitled. *See, Lensch v. Armada Corporation*, 795 F.Supp.2d 1180, 1185 (W.D. Wash. Jun. 13, 2011).  Green Tree is the holder of the Note and assignee and/or beneficiary under the Deed of Trust, therefore its demands were nothing but truthful.

Also, "Plaintiff routinely received written notification regarding which entity was servicing his loan and had no communication with MERS. Plaintiff fails to make the specific allegation that he was deceived by the characterization of MERS as a beneficiary on the Deed of Trust." *Zalac v. CTX Mortg. Corp.*, 2013 WL 1990728 at*3 (W.D. Wash. 2013). Plaintiff did not file one single exhibit showing he contacted, or even attempted to contact MERS for clarification on ownership of the Loan.  Likewise, Plaintiff fails to prove MERS sent any communications to Plaintiff in furtherance of collection under the Note, and the Complaint even states MERS disavowed any connection with the Note (Complaint, ¶ 20). Accordingly, Defendants did not violate 15 U.S.C. § 1692e(10) and the claim must be dismissed.

Plaintiff failed to show that Green Tree is subject to the FDCPA as a "debt collector" or alternatively, Green Tree violated any statute related to the FDCPA, and must be dismissed.

## 2. THE ATTORNEYS FOR GREEN TREE ARE NOT "DEBT COLLECTORS" AND DID NOT VIOLATE THE FDCPA IN REPRESENTATION OF GREEN TREE OR MERS

Plaintiff's first claim also alleges defendants Wright, Finlay & Zak, LLP and Parker ("Attorney Defendants") are "debt collectors" by definition pursuant to 15 U.S.C. 1692a(6). *See* Complaint, ¶¶ 185-188. It is unclear how the Attorney Defendants would fit this definition.

Even where Plaintiff's allegation stems from Attorney Defendant's use of the disclaimer in its e-mails,[4] liability under the FDCPA does not turn on the use of the phrase "*is a debt collector*" as an admission.

---

[4] The disclaimer states "PLEASE BE ADVISED THAT THIS FIRM IS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE."

MOTION TO DISMISS BY DEFENDANTS
GREEN TREE SERVICING LLC, MERS,
WFZ AND RENEE M. PARKER, ESQ.

WFZ File No. 282-2014009

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

13

1    A majority of jurisdictions have ruled that following the warning requirements of the

2    FDCPA does not transform conduct that is not covered into conduct which is covered. *See e.g.,*

3    *Maynard v. Cannon*, (10th Cir.2010) 401 F. App'x 389, 395 ("inclusion of the FDCPA notice is

4    legally irrelevant" to the determination of whether a communication is a debt collection

5    activity.); *Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 399, (6th Cir.1998) ("The mere fact that

6    the letter states at the bottom that it 'is an attempt to collect a debt' does not transform the letter

7    into an unlawful demand for payment. ... On the contrary, such a statement is required by the

8    FDCPA."); *Boosahda v. Providence Dane LLC*, 462 F. App'x 331, 334 (4th Cir.2012) ("if the

9    use of the statutorily required disclaimer is sufficient to establish an FDCPA claim, debt

10   collectors will be placed in a conundrum, exposed to liability for both including the disclaimer

11   and for omitting it.").

12       In determining whether an entity is a "debt collector" the court must make "several

13   factual determinations... as to whether [the debt collector] is affiliated with the actual creditor,

14   as to whether [the debt collector] collects debts for non-affiliated entities, or as to whether debt

15   collection is [the debt collector's] principal business." *Fox v. Citicorp Credit Serv., Inc.*, 15 F.3d

16   1507, 1514 (9th Cir.1994).

17       Notwithstanding its Anti-SLAPP Motion, the Attorney Defendants contend that their

18   primary business is for representation of individual clients in legal proceedings.   Attorney

19   Defendants do not "collect debt" owed to non-affiliated entities as a principal business.

20       The e-mail communications Plaintiff alleges he received from Attorney Defendants are

21   also not enough to classify Attorney Defendants as "debt collectors" under the parameters of

22   *Jerman v. Carlisle, supra*, because the communications were not used by Attorney Defendants

23   to collect debt as debt collectors; even Plaintiff's exhibits show the e-mail communications

24   were solely related to the litigation, and not any demand for payment or an attempt to collect

25   debt on behalf of Green Tree; but for Attorney Defendants' participation in this litigation,

26

27   MOTION TO DISMISS BY DEFENDANTS                    Renee M. Parker (SBN 36995)
     GREEN TREE SERVICING LLC, MERS,                   Wright, Finlay, & Zak, LLP
28   WFZ AND RENEE M. PARKER, ESQ.                      4665 MacArthur Blvd., Suite 200
                                                        Newport Beach, CA 92660
     WFZ File No. 282-2014009              14    PH: (949) 477-5050/FAX: (949) 608-9142

1    Plaintiff would have never brought this cause of action against them. Plaintiff also fails to allege

2    exactly how Attorney Defendants' communications violated the FDCPA statute.

3       Attorney Defendants filed a counterclaim for judicial foreclosure on behalf of, and in the

4    specific name of, Green Tree, and are retained to defend Green Tree and MERS in this specific

5    litigation. Outside of the attorney-client relationship, Attorney Defendants are not affiliated with

6    Green Tree such that Attorney Defendants could be deemed to have either express or implied

7    agency rights to act on Green Tree's behalf in collection of debt.

8       As a result Plaintiff's FDCPA claims against the Attorney Defendants fail, and must be

9    dismissed with prejudice.

10   **D. PLAINTIFF'S CONSUMER PROTECTION ACT CLAIM UNDER RCW § 19.86.020**

11   **IS BARRED BY STATUTE**

12      Plaintiff's Consumer Protection Act ("WCPA") claim is barred by a four-year limitations

13   period. RCW 19.86.120 ("Any action to enforce a claim for damages under RCW 19.86.090

14   shall be forever barred unless commenced within four years after the cause of action accrues.").

15      The statute of limitations on a cause of action under RCW § 19.86.020 ("Consumer

16   Protection Act" or "CPA") begin to accrue when the Deed of Trust is executed, _not_ when

17   foreclosure is commenced. "Plaintiff's CPA claim accrued on or before December 27, 2006,

18   when the loan transaction closed." *Wescott v. Wells Fargo Bank, N.A.*, 862 F.Supp.2d 1111,

19   1118 (W.D.Wash. 2012). "Ms. Zhong claims she did not learn of the alleged misrepresentations

20   (such as listing MERS as a beneficiary) until foreclosure was initiated in 2012. However, Ms.

21   Zhong could have learned of these facts at any time simply by reading her loan papers…

22   Therefore, Ms. Zhong cannot state a claim for relief premised on Defendants' alleged

23   misrepresentations at the time of the loan's origination." *Zhong v. Quality Loan Svc. Corp. of*

24   *Washington*, 2013 WL 5530583, *4 (W.D.Wash. 2013) (citing *Howard v. Countrywide Home*

25   *Loans, Inc.*, C13–0133JL R, 2013 WL 1285859 (W.D.Wash. Mar.26, 2013) and *Green v. A.P.C.*,

26   136 Wash.2d 87, 960 P.2d 912, 915 (Wash.1998).

27     

28

MOTION TO DISMISS BY DEFENDANTS
GREEN TREE SERVICING LLC, MERS,
WFZ AND RENEE M. PARKER, ESQ.

WFZ File No. 282-2014009

15

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

1    Plaintiff claims violation of the WCPA stems from the Deed of Trust naming MERS as

2 beneficiary in a nominee capacity (*see* Complaint, ¶¶ 19-20, 43-44), meaning the mere naming

3 of MERS caused all other documents executed at a later time to be invalid (Complaint, ¶ 57).

4 The Deed of Trust was executed on or about April 24, 2007 and because this event took place

5 over six years ago Plaintiff's CPA claim is time-barred by statute.

6    **E. PLAINTIFF'S THIRD CAUSE OF ACTION UNDER RCW § 19.86.020**

7    **("WASHINGTON CONSUMER PROTECTION ACT") FAILS**

8    Plaintiff improperly claims that Defendants violated the WCPA based on unfounded and

9 unsupported allegations that Defendants committed a "per se violation" of the statute.

10 Complaint, ¶ 221. Plaintiff relies upon one statement to support this contention in stating "[i]t is

11 impossible to frame definitions which embrace all unfair practices…" Complaint, ¶ 220. What

12 Plaintiff fails to do is demonstrate an *actual* violation of the WCPA by Defendants.

13    In order to cure defect in his prior pleading, Plaintiff then added an equally ambiguous

14 statement in that Defendants violated the WCPA "through misrepresentations, fraud, and/or

15 irregularities in the nonjudicial foreclosure proceedings, restricting and inhibiting Plaintiff's

16 ability to locate the party accountable and with authority to correct the foreclosure irregularities,

17 and pursuing a course of conduct that involves the preparation of false and misleading

18 documents and actions and relying upon such documents and/or actions that they knew or

19 should have known to be false, misleading and that had the capacity to deceive a substantial

20 portion of the public." Complaint, ¶ 222. Further allegation is made that Defendants "have

21 engaged in these unfair and deceptive practices as part of a normal course of business and

22 commerce. Such practices are likely to be repeated, affecting the citizens of the State of

23 Washington." Complaint, ¶ 223.

24    In support of the alleged violation Plaintiff continues to offer the following rationale: 1)

25 MERS was a named beneficiary on the Deed of Trust which rendered the document

26

27 MOTION TO DISMISS BY DEFENDANTS                      Renee M. Parker (SBN 36995)
GREEN TREE SERVICING LLC, MERS,                 Wright, Finlay, & Zak, LLP
28 WFZ AND RENEE M. PARKER, ESQ.                   4665 MacArthur Blvd., Suite 200
                                                                      Newport Beach, CA 92660
WFZ File No. 282-2014009              16          PH: (949) 477-5050/FAX: (949) 608-9142

1   unenforceable in its entirety (Complaint, ¶¶ 19-20, , 43-44, 50, 78-79), 2) the Note does not bear

2   dated endorsements (Complaint, ¶¶ 33), and 3) violation of the CPA occurred as a result.

3        The "purpose of the Consumer Protection Act [is] to protect the public from acts or

4   practices which are injurious to consumers and not to provide an additional remedy for private

5   wrongs which do not affect the public generally." *Lightfoot v. Macdonald*, 86 Wn.2d 331, 333

6   (1976).  "Acts performed in good faith under an arguable interpretation of existing law do not

7   constitute unfair conduct violative of the consumer protection law." *Perry v. Island Sav. & Loan*

8   *Ass'n*, 101 Wn.2d 795, 810, 684 P.2d 1281 (1984).

9        As a matter of law, Plaintiff's CPA claim fails for the reasons stated below:

10  ### 1.  A CPA CLAIM MUST PROVE FIVE ELEMENTS IN ORDER TO BE SUCCESSFUL

11       "To successfully bring an action under the CPA, a plaintiff must prove five elements:

12  '(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest

13  impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation.'" *Johnson v.*

14  *Camp Auto., Inc.*, 148 Wn. App. 181, 185 (2009) (citing *Hangman Ridge Training Stables, Inc.*

15  *v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 780 (1986)).

16       "A CPA claim must show there is a causal link between the alleged misrepresentation or

17  deceptive practice and the purported injury. *Hangman* at 793. '[T]he term proximate cause"

18  means a cause which in direct sequence unbroken by any superseding cause, produces the injury

19  [or] event complained of and without which such injury [or] event would not have happened.'

20  *Schnall v. AT & T Wireless Servs., Inc.*, 171 Wn.2d 260, 278 (2011) (quoting 6 Washington

21  Practice: Washington Pattern Jury Instructions; Civil 15.01 at 181 (5th ed.2005)

22       If Plaintiff fails to prove every element required under a WCPA claim the <u>entire claim</u>

23  <u>fails</u>; "[t]he failure to establish any of the elements is fatal to a CPA claim." *Schnall* at 278

24  (citing *Holiday Resort Cmty. Ass'n v. Echo Lake Assocs., LLC*, 134 Wn. App. 210, 226 (2006)).

25

26

27

28

---

MOTION TO DISMISS BY DEFENDANTS
GREEN TREE SERVICING LLC, MERS,
WFZ AND RENEE M. PARKER, ESQ.
WFZ File No. 282-2014009

17

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

a) PLAINTIFFS FAILED TO ESTABLISH THE PUBLIC INTEREST REQUIREMENT OF THE WCPA CLAIM

Plaintiff cannot establish the "public interest" requirement of a WCPA claim because the alleged conduct with respect to the Assignment involves private transactions between the Defendants in the normal course of business.

Acts that impact only the plaintiff or a limited group do not have the capacity to deceive a substantial portion of the public as a matter of law, "no matter how misleading." *Henery v. Robinson*, 67 Wn. App. 277, 291 (1992); *see also Goodyear Tire & Rubber Co. v. Whiteman Tire, Inc.*, 86 Wn. App. 732, 744-45 (1997) (dismissing plaintiff's CPA claim, in part, because the challenged acts were not directed at the public).

> "Ordinarily, a breach of a private contract affecting no one but the parties to the contract is not an act or practice affecting the public interest." When additional plaintiffs have been or will likely be injured in the same fashion, however, the private dispute might transform into one that affects the public interest. In assessing whether such situation is present, the Court must consider the following factors: (i) whether the alleged unfair or deceptive acts were committed in the course of the defendant's business; (ii) whether the defendant advertised to the public in general; (iii) whether the defendant actively solicited the plaintiff, indicating potential solicitation of others; and (iv) whether the plaintiff and the defendant occupy unequal bargaining positions.

*Venetian Stone Works, LLC v. Marmo Meccanica, S.p.A.*, 2010 WL 5138161 at *1 (internal citations omitted) (citing elements of "public interest" in *Hangman* at 794).

Because Defendants execute assignments of mortgage for other loans in the ordinary course of business, examination of the four prongs promulgated by *Venetian* is necessary to establish whether public interest was affected.

First, Defendants do not "sell" or otherwise advertise services for the preparation of assignments, and never "solicited" the Borrowers for provision of this service to them. Therefore, Defendants' actions do not fall within the first two prongs of *Venetian*.

Second, the transactions at issue did not include Plaintiff because Plaintiff was not a party to the Assignment and lacks standing to challenge it. In order to challenge the Assignment

---

MOTION TO DISMISS BY DEFENDANTS
GREEN TREE SERVICING LLC, MERS,
WFZ AND RENEE M. PARKER, ESQ.

WFZ File No. 282-2014009

18

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

Plaintiff must establish a legally protected interest in the assignment of the Deed of Trust, which Plaintiff cannot do since it is not a party to the assignment, is not granted any rights thereunder, and is not a beneficiary. *See Lonsdale v. Chesterfield*, 19 Wn.App. 27, 31 (1978) (to challenge validity of a contract, plaintiff must be a party to it or third party beneficiary). Therefore Defendants could not violate prongs 3 and 4.

Third, in its capacity as an agent for the noteholder, MERS' assignment of a deed of trust is a "ministerial act" that did not occur in "trade or commerce" in Washington. *Bain v Metropolitan Mortg. Group, Inc.*, 2010 WL 891585, *4 n.5 (W.D. Wash. 2010).

> b) PLAINTIFF FAILED TO ESTABLISH CAUSATION OF DAMAGES

Plaintiff is required to show a causal link between the alleged violation of the WCPA and the injury suffered. *See Schmidt v. Cornerstone Invs., Inc.*, 115 Wash.2d 148, 167, 795 P.2d 1143 (1990). In order to show the causal link, Plaintiff is required to show that but-for Defendants' actions, Plaintiff would not have suffered any injury. *Indoor Billboard v. Integra Telecom*, 162 Wash.2d 59, 84 (2007). Without a demonstration of direct harm a CPA claim fails. *Frias v. Asset Foreclosure Svcs., Inc.*, 957 F.Supp2d 1264, 1270 (W.D.Wash. 2013), See also *Guijosa v. Wal-Mart Stores, Inc.*, 144 Wn.2d 907, 917 (2001).

Plaintiff also cannot show that MERS specifically caused any injury.

> I can't find any but-for causal relationship between what MERS did and didn't do and the harm that wasn't suffered. Because even if the filing of foreclosure actions is an injury, and I don't think the showing has been made that there was any injury here, I'll point out that it's also clear that MERS didn't initiate those foreclosure proceedings, lend money, make representations to plaintiff, send plaintiff any default notice or initiate the foreclosure. MERS may have greased the wheels for other people, but I don't think that is enough for causation to injury … if you can't make the showing under prong four injury, its impossible to make the showing under prong five causation.

*Bain v. Metropolitan Mortg. Corp.*, 2013 WL 6193887, *6 (Wash. Super. Ct. 2013). See also *Hangman* at 780 (Plaintiffs must demonstrate that MERS took some unfair or deceptive act in trade or commerce that caused an identifiable injury).

---

| | |
|---|---|
| MOTION TO DISMISS BY DEFENDANTS<br>GREEN TREE SERVICING LLC, MERS,<br>WFZ AND RENEE M. PARKER, ESQ.<br><br>WFZ File No. 282-2014009 | Renee M. Parker (SBN 36995)<br>Wright, Finlay, & Zak, LLP<br>4665 MacArthur Blvd., Suite 200<br>Newport Beach, CA 92660<br>PH: (949) 477-5050/FAX: (949) 608-9142 |

**Plaintiff's only injuries stem from abject failure to tender monthly installment payments, and nothing more. This is not injury that can be attributed to any of the Defendants.** See *Massey v. BAC Home Loans Servicing LP*, 2013 WL 6825309 at *8 (W.D. Wash. 2013) (any injuries associated with foreclosure proceedings "were caused solely by her own default."). The Supreme Court in *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138 (2013) reinforced the importance of Article III injury by holding that a Plaintiff may not manufacture injury to support standing through self-inflicted actions untethered to a defendant's conduct toward that plaintiff. *Id.* at 1150-53.

Moreover, Plaintiff does not prove any existence of confusion over the party to whom loan payments were to be paid such that default would occur, and in fact Exhibits C, E, G, I, K, L, and M to the Complaint demonstrate Plaintiff was consistently instructed as to both ownership of the Loan *and* where payments were to be sent.

Plaintiff also filed documents in the Superior Court of Washington, Snohomish County, that clearly reflect Plaintiff not only knew Green Tree has the right to enforce the Note and Deed of Trust as owner of the Loan, but also appears to show that Plaintiff knew the Subject Property was in danger of foreclosure. *See* RJN Ex. 7, Exhibit "C" identified as "Findings of Fact and Concl of Law (FNFCL) – Page 4 of 10" at Paragraph 2.10 Community Liabilities ("The parties have the following community liabilities: Creditor Green Tree Services, Amount $233,899.00") and Exhibit "D" identified as "Decree (DED) – Page 4 of 7" at Paragraph 3.5 ("Responsible for modification of 1st mortgage and the payments 100% … If we are foreclosed on I am responsible for 1/2 of any fee's (sic).").

The Court's record does not reflect evidence of Plaintiff tendering payments to Green Tree or any other entity, does not contain a declaration that every monthly payment required under the Note and Deed of Trust was tendered, evidence that another party has claimed any right to payment on the Loan or initiated foreclosure, or evidence that Green Tree cashed

| MOTION TO DISMISS BY DEFENDANTS GREEN TREE SERVICING LLC, MERS, WFZ AND RENEE M. PARKER, ESQ. | Renee M. Parker (SBN 36995) Wright, Finlay, & Zak, LLP 4665 MacArthur Blvd., Suite 200 Newport Beach, CA 92660 |
|---|---|

1    Plaintiff's checks but failed to credit the Loan. If anything, Green Tree has been damaged by the

2    acts of Plaintiff because Plaintiff continues to exercise control of the Subject Property without

3    payment on the Note, property taxes, or insurance since at least November, 2011 (and appears

4    to collect rental income from Timothy Dietz): "I have to say, at least for the past five years

5    plaintiff has been in good shape because she's been living in the home without interference,

6    without any mortgage payments, and indeed any costs but legal fees." *Bain v. Metropolitan*

7    *Mortg. Corp.*, 2013 WL 6193887, *6 (Wash. Super. Ct. 2013).

8         Plaintiffs willfully failed to tender payments on the Loan for several years, and

9    foreclosure of the Subject Property would be the expected outcome of this failure to pay.

10              c)   THE ASSIGNMENT BY MERS DOES NOT CONSTITUTE
                     CAUSATION OR INJURY TO PLAINTIFF
11

12        Plaintiff incorrectly claims that MERS' identification in the Deed of Trust alone is

13   sufficient to prove violation of the CPA, and that MERS' execution of the Assignment at the

14   direction of, and on behalf of, the note holder creates an actionable CPA injury due to

15   recordation of fraudulent documents in public record. Complaint, ¶¶ 44, 57.

16        First, the MERS Assignment in this case is not deceptive because MERS was acting at

17   the direction of the holder of the Note, and Green Tree was in actual possession of the Note

18   when the Assignment in favor of Green Tree was executed. *Massey v. BAC Home Loans*

19   *Servicing LP*, 2013 WL 6825309 (W.D. Wash. 2013).  *See also*, *Estribor v. Mountain States*

20   *Mortgage*, No. C13-5297 BHS, 2013 WL 6499535, at *3 (W.D. Wash. Dec. 11, 2013) ("there is

21   no standard set out in *Bain* for an action against MERS when MERS is acting as a nominee. In

22   the absence of a case directly on point or *per se* violation of a statute, Estribor bears the burden

23   of showing an unfair or deceptive act. On this issue, the Court is not convinced that MERS's

24   assignment of the Deed of Trust was unfair, deceptive, or in violation of public interest. *Klem v.*

25   *Wash. Mut. Bank,* 176 Wash.2d 771, 787, 295 P.3d 1179 (2013). The Deed of Trust clearly states

26

27   MOTION TO DISMISS BY DEFENDANTS              Renee M. Parker (SBN 36995)
     GREEN TREE SERVICING LLC, MERS,              Wright, Finlay, & Zak, LLP
28   WFZ AND RENEE M. PARKER, ESQ.                4665 MacArthur Blvd., Suite 200
                                                  Newport Beach, CA 92660
     WFZ File No. 282-2014009          21         PH: (949) 477-5050/FAX: (949) 608-9142

1    MERS is a nominee for the lender and lender's successors and assigns. It is unclear how actions

2    within that capacity are unfair or deceptive.").

3          Second, unlike the assignment at issue in *Bain*—which suggested MERS was acting as

4    beneficiary in its own right, rather than as a limited agent for a principal (*see Bain*, 175 Wn.2d at

5    116-17), the assignment in this case disclosed that MERS was acting as an agent for a principal.

6          Third, Plaintiff's Deed of Trust contains the following provision: "Borrower understands

7    and agrees that MERS holds only legal title to the interests granted by Borrower in this Security

8    Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and

9    Lender's successors and assigns) has the right: to exercise any or all of those interests,

10   including, but not limited to, the right to foreclose and sell the Property; and to take any action

11   required of Lender including, but not limited to, releasing and cancelling this Security

12   Instrument." See RJN Ex. 2, "Page 3 of 16," Paragraph 1 of "TRANSFER OF RIGHTS IN THE

13   PROPERTY". *See Estribor v. Mountain States Mortgage*, No. C13-5297 BHS, 2013 WL

14   6499535, at *3 (W.D. Wash. Dec. 11, 2013) ("The Deed of Trust clearly states MERS is a

15   nominee for the lender and lender's successors and assigns. It is unclear how actions within that

16   capacity are unfair or deceptive."). This means that MERS had authority under the Deed of

17   Trust to execute the Assignment -- with Plaintiff's express agreement.

18         Fourth, the assignment is only a formality and the recording of an Assignment is not

19   necessary or sufficient to confer standing to foreclose; the security follows the Note, not the

20   other way around. *Fidelity & Dep. Co. v. Ticor Title Ins.*, 88 Wn.App. 64, 68, 943 P.2d 710

21   (1997); see also *Carpenter v. Longan*, 83 U.S. 271, 275 (1872). "Contrary to Plaintiff's

22   assertions, the fact that MERS is listed as a beneficiary of the deed of trust is not relevant to the

23   outcome of this case...by virtue of being in possession of the note, U.S. Bank is the lawful

24   owner. Its right to receive payment on the note does not depend upon any assignment of the

25   note." *Upkoma v. U.S. Bank Nat. Ass'n*, 2013 WL 1934172 at *3 (E.D. Wash, May 9, 2013).

26

27   | MOTION TO DISMISS BY DEFENDANTS | Renee M. Parker (SBN 36995) |
     |---|---|
     | GREEN TREE SERVICING LLC, MERS, | Wright, Finlay, & Zak, LLP |
28   | WFZ AND RENEE M. PARKER, ESQ. | 4665 MacArthur Blvd., Suite 200 |
     | | Newport Beach, CA 92660 |
     | WFZ File No. 282-2014009        22 | PH: (949) 477-5050/FAX: (949) 608-9142 |

1    Fifth, transfer of the Note also transferred the security interest. "From these basic

2  principles, it follows that a transfer of the obligation [here, the Note], by assignment,

3  negotiation, transfer, or whatever form of transfer is sufficient to transfer it, should carry the

4  mortgage along with it.  This is indeed the universal result in American law."  Stoebuck &

5  Weaver, § 18.20 at 340.  See also, *Fidelity & Deposit v. Ticor*, 88 Wn.App. 64, 68-69 (1997),

6  *Price v. N. Bond & Mortg. Co.*, 161 Wash. 690, 695 (1931), *Nance v. Woods*, 79 Wash. 188,

7  191 (1914), *Spencer v. Alki Point Transp. Co.*, 53 Wash. 77, 90 (1909) ("assignment of the

8  notes ipso facto passes the security"), *Bartlett Estate Co. v. Fairhaven Land Co.*, 49 Wash. 58,

9  63 (1908) (mortgage "passes to the assignee by an assignment of the debt").

10    The Deed of Trust automatically follows the Note, and an assignment is unnecessary.

11  Defendant Green Tree was in possession of the "bearer" Note when the Assignment was

12  executed, its Notice of Default was issued, and when the Notice of Trustee's Sale was recorded.

13  *See* Declaration of Green Tree, ¶¶ 6-7.

14    d)  MERS CAN ACT AS AN AGENT FOR THE HOLDER OF THE NOTE

15    MERS can act as an agent for the holder of a note. *Bain*, 175 Wn.2d 83 at 106, *Zhong* at

16  *3. An agent is able to execute an assignment when that act is within its scope of duties.

17    A "nominee is one who holds bare legal title to property for the benefit of another."

18  *Fourth Inv. LP v. United States*, 720 F.3d 1058, 1066 (9th Cir. 2013).   Washington courts have

19  approved of the role of a nominee for over a century. See, e.g. *Carr v. Cohn*, 44 Wash. 586, 588

20  (1906) (nominee can bring quiet title action on deed), *Andrews v. Kelleher*, 124 Wash. 517,

21  534-36 (1923) (bondholders' agent authorized to prosecute foreclosure), *Fid. Trust Co. v. Wash.*

22  *& Or. Corp.*, 217 F. 588, 596 (W.D.Wash. 1914), *Anderson Buick Co. v. Cook*, 7 Wn.2d 632,

23  641-42 (1941) (mortgage remains valid even where mortgagee "held bare legal title" for real

24  property in interest).

25

26

27

| MOTION TO DISMISS BY DEFENDANTS | Renee M. Parker (SBN 36995) |
| GREEN TREE SERVICING LLC, MERS, | Wright, Finlay, & Zak, LLP |
| WFZ AND RENEE M. PARKER, ESQ. | 4665 MacArthur Blvd., Suite 200 |
| | Newport Beach, CA 92660 |
| WFZ File No. 282-2014009      23 | PH: (949) 477-5050/FAX: (949) 608-9142 |

28

1    When the beneficial ownership in a mortgage loan is sold from one MERS® System

2 member to another, MERS automatically becomes nominee (agent) for the new note owner in

3 regards to the deed of trust. The status of MERS' role as nominee/agent for the then current note

4 owner is not affected by the status of the original lender named in the MERS deed of trust,

5 MERS remains the beneficiary of record on the deed of trust and continues to act as nominee

6 for the new beneficial owner, regardless of whether the prior owner was no longer in business.

7 *Kiah v. Aurora Loan Serv., LLC*, 2011 WL 841282, *4 (D. Mass. 2011) ("dissolution of [lender]

8 would not and could not prevent [noteholder] from obtaining an assignment of the mortgage

9 from MERS, both as a matter of law and according to the arrangement that existed between

10 MERS and [noteholder] as a 'successor and assign'"). *See also* Restatement (Third) Property §

11 5.4 cmt. E ("Courts should be vigorous in seeking to find such [agency] relationship").

12    MERS was the nominee for Pierce Commercial Bank and its successors and/or assigns

13 in interest, and had a limited agency relationship. Plaintiff's Deed of Trust contained a provision

14 allowing MERS to act on behalf of Pierce Commercial Bank and any successors to Pierce

15 Commercial Bank. See RJN Ex. 2, "Page 3 of 16," Paragraph 1 of "TRANSFER OF RIGHTS

16 IN THE PROPERTY".  Here the execution of the Assignment was within the scope of MERS'

17 duties pursuant to the Deed of Trust executed by the Borrowers, and Plaintiff's claim fails.

18    e) GREEN TREE CAN BE THE HOLDER OF THE NOTE EVEN IF
       FANNIE MAE IS THE OWNER

19

20    Plaintiff claims that ownership of the Note by Fannie Mae vitiates any acts that were

21 taken by Green Tree.  This assertion is incorrect, and case law has consistently held that the

holder and owner need not be the same party:  "Flagstar [the lender] derived its appointment

22 authority as the *holder* of the endorsed Note, a position that is not undermined by the fact that

23 Fannie Mae also had an ownership interest in the Note at the time the appointment was made …

24 'even if Fannie Mae has an interest in Plaintiffs' loan, Flagstar has the authority to enforce' the

25 indorsed Note that it held in its possession" *Cameron v. Acceptance Capital Mortg. Corp.*, 2013

26

27  | MOTION TO DISMISS BY DEFENDANTS
28  | GREEN TREE SERVICING LLC, MERS,
     WFZ AND RENEE M. PARKER, ESQ.

     WFZ File No. 282-2014009                    24

     Renee M. Parker (SBN 36995)
     Wright, Finlay, & Zak, LLP
     4665 MacArthur Blvd., Suite 200
     Newport Beach, CA 92660
     PH: (949) 477-5050/FAX: (949) 608-9142

1  WL 5664706 (W.D. Wash. 2013). *See also*, *Coble v. SunTrust Mortgage Inc.*, No. C13-1878-

2  JCC, 2014 WL 631206, at *4 (W.D. Wash. Feb. 18, 2014) ("Plaintiff also suggests that the

3  holder of the note must be the owner of the obligation-but this argument has been rejected by

4  courts. *See Massey v. BAC Home Loans Servicing LP*, No. 12–cv–1314–JLR, 2013 WL 6825309

5  at *5 (W.D.Wash. Dec.23, 2013) (citing cases); *Rouse v. Walls Fargo Bank, N.A.*, No. 13–cv–

6  5706–RBL, 2013 WL 5488817 at *5 (W.D.Wash. Oct.2, 2013) ("[C]ourts have uniformly

7  rejected claims that only the 'owner' of the note may enforce it.")).

8         f)  GREEN TREE WAS NOT REQUIRED TO PROVIDE THE ORIGINAL
           NOTE TO PLAINTIFF PRIOR TO INITIATING FORECLOSURE

9

10        Plaintiff's Complaint alleges violation of the Consumer Protection Act because Plaintiff

11  was not provided with the original endorsed Note. Complaint, ¶ 35.

12        There is no requirement to "show" the Note to Plaintiff in order to foreclose, and failure

13  to "give" the original Note does not constitute a violation of the WCPA: "Plaintiffs' 'show me

14  the note' tactic of forestalling foreclosure has been thoroughly discredited by federal courts in

15  this district. *Petree v. Chase Bank*, No. 12-cv-5548-RBL, 2012 WL 6061219, at *2 (W.D.

16  Wash. Dec. 6, 2012) (collecting cases)." *Blake v. U.S. National Bank Assn.*, No. 2:12-cv-02186-

17  MJP, 2013 WL 6199213 at *2 (W.D.Wash. Nov. 27, 2013), *see also Coble v. SunTrust Mortg.
*Inc.*, 2014 WL 631206 (W.D. Wash. Feb. 28, 2014). As a result Plaintiff's claim fails.

18         g)  THE HOLDER OF A BEARER NOTE IS ABLE TO ENFORCE THE
           NOTE AND DEED OF TRUST, AND GREEN TREE WAS IN
           POSSESSION OF THE NOTE AT ALL RELEVANT TIMES

19

20

21        Case law established that a fundamental issue is whether the party initiating foreclosure

22  is the holder of the Note or an agent thereof. *See Bain*, 175 Wn.2d 83 at 89 ("The plaintiffs

23  argue that our interpretation of the deed of trust act should be guided by these UCC definitions

24  and thus a beneficiary must either actually possess the promissory note or be the payee…We

25  agree."). See also *Trujillo v. Northwest Trustee Services, Inc.*, 326 P.3d 768, 774 (2014).

26

27  MOTION TO DISMISS BY DEFENDANTS         Renee M. Parker (SBN 36995)
GREEN TREE SERVICING LLC, MERS,          Wright, Finlay, & Zak, LLP

28  WFZ AND RENEE M. PARKER, ESQ.         4665 MacArthur Blvd., Suite 200
                                          Newport Beach, CA 92660
WFZ File No. 282-2014009          25    PH: (949) 477-5050/FAX: (949) 608-9142

1      When a negotiable instrument is indorsed in blank, it "becomes payable to bearer and

2 may be negotiated by transfer of possession alone ...." RCW 62A.3-205(b). RCW § 62A.1-

3 201(20) defines a holder as being "the person in possession if the instrument is payable to

4 bearer or, in the case of an instrument payable to an identified person, if the identified person is

5 in possession." See also RCW 62A.1-201(5).

6      Pursuant to RCW 62A.3-301 the "Person entitled to enforce" an instrument means (i) the

7 holder of the instrument, (ii) a nonholder in possession of the instrument who has the rights of a

8 holder, or (iii) a person not in possession of the instrument who is entitled to enforce the

9 instrument pursuant to RCW 62A.3-309 or 62A.3-418(d). A person may be a person entitled to

10 enforce the instrument even though the person is not the owner of the instrument or is in

11 wrongful possession of the instrument." RCW § 62A.1-201(20) defines a holder as being "the

12 person in possession if the instrument is payable to bearer or, in the case of an instrument

13 payable to an identified person, of the identified person is in possession."

14      The Note was endorsed in blank, making it a "bearer" instrument. Paragraphs 5-7 of the

15 Declaration of Green Tree Loan Servicing LLC in Support of Motion to Dismiss Second

16 Amended Complaint, filed concurrently herewith, declares that Defendant Green Tree is and

17 was in possession of the Note, is and was entitled to enforce the Note, and did not transfer or

18 assign the Note to any other party or entity at any time during the period stated in Plaintiff's

19 Complaints. As a result, Plaintiff's claims as to enforceability of the Note fail.

20         h)  THE ENDORSEMENT BY SONJA LIGHTFOOT IS VALID AND
            ENFORCEABLE

21

22      Plaintiff's challenge to the endorsement of Sonja L. Lightfoot being invalidated by

questionable business practices (Complaint, ¶¶ 33-34) lacks merit for the reasons below.[5]

23

24

25 [5] *See also* the Press Release from the U.S. Attorney's Office 1/15/2013: http://www.fbi.gov/seattle/press-
releases/2013/mortgage-fraud-co-schemers-sentenced-in-case-that-crippled-pierce-commercial-bank, which

26 also states that the identified fraudulent loans had to be repurchased by PCB; that did not occur here.

27 MOTION TO DISMISS BY DEFENDANTS          Renee M. Parker (SBN 36995)
GREEN TREE SERVICING LLC, MERS,      Wright, Finlay, & Zak, LLP

28 WFZ AND RENEE M. PARKER, ESQ.       4665 MacArthur Blvd., Suite 200
                                        Newport Beach, CA 92660
WFZ File No. 282-2014009         26    PH: (949) 477-5050/FAX: (949) 608-9142

First, it is Defendants' knowledge and belief that Lightfoot endorsed the Note in or about May, 2007.   Declaration of Green Tree, ¶ 8. Thusly, endorsement of the Note by Lightfoot occurred prior to imposition of the TRO in Ex. N of the Complaint, which reflects an August 22, 2011 date.

Second, the acts that subjected Lightfoot to criminal prosecution did not involve endorsements to Notes.  Defendants respectfully request this Court take judicial notice of Case No. 3:11-cr-05394-BHS as filed in the Western District of Washington ("Criminal Case"). The activities at issue with Lightfoot involved allegations of loan origination, and more specifically, assisting prospective borrowers in falsifying loan applications to the extent loans would be underwritten for otherwise ineligible borrowers, and the subsequent sale of these loans on the secondary market (Criminal Case, Document No. 4 "Indictment", ¶¶ 14-15, 26-27.  See also *Plea Agreement* entered as Docket Item No. 117).  It is therefore highly likely that Plaintiff and Carolyn Bigelow acted in furtherance of Lightfoot's criminal activities in obtaining their loan.

### i) THE RELATIONSHIP OF MERS AND THE NOTE ARE NOT AT ISSUE, AND DOES NOT VIOLATE THE WCPA

Paragraphs 19-20 of the Complaint makes an allegation, unsupported by evidence, that MERS "never [has] anything to do with the note" and references Exhibits "Q" and "P".

Defendants admit that MERS is not a party to the Note and does not take possession of original loan documents. MERS is not a mortgage loan originator, lender or servicer; MERS' role is to act as record beneficiary on deeds of trust as nominee (agent) for the beneficial owner of the mortgage loan secured by the MERS deed of trust.  MERS was the nominee for Pierce Commercial Bank and its successors and/or assigns in interest, and had a limited agency relationship with each note-holder since origination. Plaintiff's own Deed of Trust supports this: "Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of

1   those interests, including, but not limited to, the right to foreclose and sell the Property; and to

2   take any action required of Lender including, but not limited to, releasing and cancelling this

3   Security Instrument." See RJN Ex. 2, Page 3 of 16, Paragraph 1 of "TRANSFER OF RIGHTS

4   IN THE PROPERTY". Moreover, MERS is an agent and can act as an agent for the holder of a

5   note. *Bain v. Metro. Mortg. Grp., Inc.,* 175 Wn.2d 83, 106, 285 P.3d 34 (2012), followed by

6   *Zhong v. Quality Loan Svc. Corp. of Washington*, 2013 WL 5530583, *3 (W.D.Wash. 2013).

7       MERS executed an Assignment to Green Tree Servicing, LLC (RJN Ex. 3), and Green

8   Tree Servicing LLC executed the Appointment of Successor Trustee (RJN Ex. 4). MERS is not

9   a named entity in the Note, never claimed possession or ownership of the Note to Plaintiff or

10  any other party, and did not act beyond its contractual scope of authority. As a result Plaintiff's

11  claim fails and must be dismissed.

12          j)   PLAINTIFF CONTINUES TO CONFUSE THE ROLES OF TICOR
                 TITLE COMPANY AND CHICAGO TITLE; CHICAGO TITLE IS
13               NOT IN POSSESSION OF THE ORIGINAL NOTE

14      Plaintiff still challenges a "certified copy" stamp by Ticor Title Company on a copy of

15  the Note, but now on the basis that Chicago Title is in possession of the original Note and

16  therefore can be the only party able to make a certified copy. Complaint, ¶¶ 22-28. Plaintiff also

17  newly, and incorrectly, contends Ticor Title Company never had access to the original Note at

18  any time during the closing process. Complaint, ¶ 28. Plaintiff continues to confuse the roles of

19  Ticor Title Company, which appears to be the company responsible for the loan's escrow and

20  closing,[6] and Chicago Title as the Trustee originally named on the Deed of Trust.

21      According to Black's Law Dictionary (10th ed. 2014), "Escrow" is defined as: "1. A

22  legal document or property delivered by a promisor to a third party to be held by the third party

23  for a given amount of time or until the occurrence of a condition, at which time the third party is

24  to hand over the document or property to the promisee ... 3. The holder of such a document,

25  _____

26  [6] *See* https://www.washingtontitle.com/ which is the website for Ticor Title in Washington State.

27  MOTION TO DISMISS BY DEFENDANTS                    Renee M. Parker (SBN 36995)
    GREEN TREE SERVICING LLC, MERS,                    Wright, Finlay, & Zak, LLP
28  WFZ AND RENEE M. PARKER, ESQ.                      4665 MacArthur Blvd., Suite 200
                                                        Newport Beach, CA 92660
    WFZ File No. 282-2014009          28    PH: (949) 477-5050/FAX: (949) 608-9142

1  property, or deposit …Although an escrow holder is often termed an "escrow agent," the holder

2  is not an agent as defined by the common law. … 4. The general arrangement under which a

3  legal document or property is delivered to a third person until the occurrence of a condition."

4        As the escrow company, Ticor Title would have held the original Note and Deed of

5  Trust to facilitate the purchase transaction of the Subject Property by Plaintiff, both as part of

6  the sale from the prior owner and as part of Plaintiff's financing. It follows that Ticor Title

7  Company would have provided Plaintiff with the certified copy of the Note because it would be

8  customary for an escrow company to make a certified copy of the original Note at or about the

9  time of execution, and to affix a stamp to the copy to show it is an exact replica of the original

10  document.  It appears that is exactly what occurred with Plaintiff's Note here.

11        **k) PLAINTIFF FAILS TO OFFER EVIDENCE OF "ROBO-SIGNING" OCCURRED IN VIOLATION OF THE WCPA**

12

13        The Complaint appears to allege that Defendants were involved in "robo-signing"

practices with the allegation Defendants used "computerized signatures." *See* Complaint, ¶¶ 66-

14

15  68.  Plaintiff fails to prove robo-signing occurred on any of the specified documents, or even

that Plaintiff has standing to challenge the documents alleged in the Complaint.

16

17        "Plaintiffs argue that they have been injured by the alleged improper signing of

reconveyance documents …. Plaintiffs point the Court to no Washington state authority to

18

19  support those legal conclusions. …Absent some legal or expert authority supporting their claim,

Plaintiffs' assertion that the allegedly robo-signed documents interfere with their chain of title is

20

21  entirely speculative." *Reid v. Countrywide Bank, N.A.*, 2013 WL 7219500 at *3 (W.D. Wash.

Nov. 1, 2013).  Additionally,

22

23        Plaintiff's second argument relates to so-called "robo-signing" of the documents used to initiate foreclosure proceedings. Even assuming for the sake of argument that the assignments in question were fraudulently executed, Plaintiff, as a third party, lacks standing to challenge them. *See Bateman v. Countrywide Home Loans*, 2012 WL 5593228 at *4 (D.Hawai'i 2012) (unpublished) ("The reason debtors generally lack standing to challenge assignments of their loan

24

25

26

27  MOTION TO DISMISS BY DEFENDANTS
GREEN TREE SERVICING LLC, MERS,
WFZ AND RENEE M. PARKER, ESQ.

28  WFZ File No. 282-2014009

      Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

documents is that they have no interest i n those assignments, and the arguments they make do not go to whether the assignments are void *ab initio,* but instead to whether the various assignments are voidable. Debtors lack standing to challenge voidable assignments; only the parties to the assignments may seek to avoid such assignments.") (citing *Williston on Contracts* § 74:50 (4th ed.)); *In re MERS Litigation,* 2012 WL 932625 at * 3 (D.Ariz.2012) (unpublished) (holding that allegations of robo-signing failed to state a claim because plaintiff lacked standing to challenge assignment; *Kuc v. Bank of Am., NA,* 2012 WL 1268126 at *2 (D.Ariz.2012) (unpublished) ("[P]laintiff, as a third-party borrower, does not have standing to challenge the validity of any allegedly 'robosigned' recorded assignments."); *Javaheri v. JPMorgan Chase Bank N.A.,* 2012 WL 3426278 at *6 (C.D.Cal.2012) (unpublished) (accepting allegations of robo-signing as true, but holding that plaintiff lacked standing to challenge substitution of trustee agreement). Defendants are entitled to summary judgment on these claims.

*Upkoma v. U.S. Bank Nat. Ass'n,* 2013 WL 1934172 at *4 (E.D. Wash, May 9, 2013)

Here Plaintiff's alleged "harm" is that for some unknown reason he "relied" upon the "alleged copy … of the Assignment but now feels that he has been misled." Complaint, ¶ 70.

That is not enough to establish violation of the WCPA. Plaintiff must show more than bare allegations of fraudulent "robo-signing" and that, but for the "robo-signing" Plaintiff was harmed by the act.  Plaintiff was not a party to the Assignment or Appointment of Successor Trustee, fails to allege any true causation or injury from robo-signing, and lacks standing to challenge the documents, let alone "rely" on them.

>   l)   NO CASE LAW OR STATUTE EXISTS STATING IF THE ORIGINAL TRUSTEE IS STILL IN BUSINESS A SUCCESSOR TRUSTEE CANNOT BE NAMED

Plaintiff's claim that Chicago Title Company is still in business but "has not refused to act as trustee" (Complaint, ¶ 92) fails.  There is no case law to support this contention, evidenced by the fact that Plaintiff cites none in the Complaint.

The Court in *Ortega v. Northwest Trustee* supports the ability of the servicer to change the Trustee as a business decision, regardless of whether the original trustee remains in business: "We hold that Wells Fargo is a lawful beneficiary of the deed of trust, because it held the Ortegas' original note at the time of foreclosure. Wells Fargo therefore had authority to

---

| MOTION TO DISMISS BY DEFENDANTS | Renee M. Parker (SBN 36995) |
|---|---|
| GREEN TREE SERVICING LLC, MERS, | Wright, Finlay, & Zak, LLP |
| WFZ AND RENEE M. PARKER, ESQ. | 4665 MacArthur Blvd., Suite 200 |
| | Newport Beach, CA 92660 |
| WFZ File No. 282-2014009                    30 | PH: (949) 477-5050/FAX: (949) 608-9142 |

1  appoint NWTS as a successor trustee, who then had authority to conduct the trustee's sale."

2  *Ortega v. Nw. Tr. Servs., Inc.*, 179 Wash.App. 1033 at *7 (2014).

3      As such, Plaintiff fails to prove the allegation that Chicago Title Company can be the

4  only trustee to conduct foreclosure upon the Property for the same reasons that Plaintiff fails to

5  show that Pierce Commercial Bank is the only party that can enforce the Note.

6              m) PLAINTIFF INCORRECTLY CONTENDS THAT MERS APPOINTED
                 THE SUCCESSOR TRUSTEE, WHICH MERS DID NOT DO

7      Plaintiff states that "MERS, without authority, appointed NWTS as the trustee."

8  Complaint, ¶ 83), which partially forms the basis of Plaintiff's WCPA claim.  This is entirely

9  incorrect, and is contradicted by Plaintiff's own exhibits.  *See* RJN, Ex. 4, which is a true and

10  correct copy of Plaintiff's filed Appointment of Successor Trustee exhibit that clearly shows

11  Green Tree executed the document, not MERS. As a result this argument fails.

12              **2.  PLAINTIFF FAILED TO ESTABLISH A PER SE WCPA CLAIM**

13      In the alternative of pursuing a WCPA claim, a Plaintiff may instead show that "the

14  alleged act constitutes a per se unfair trade practice." *Saunders v. Lloyd's of London*, 113 Wn.2d

15  330, 334, 779 P.2d 249 (1989). To establish a "per se" violation of the WCPA, Plaintiffs must

16  prove: "(1) the existence of a pertinent statute; (2) its violation; (3) that such violation was the

17  proximate cause of damages sustained; and (4) that they were within the class of people the

18  statute sought to protect." *Dempsey v. Joe Pignataro Chevrolet, Inc.*, 22 Wn.App. 384, 393, 589

19  P.2d 1265 (1979).

20      Only the Washington Legislature can establish a *per se* CPA violation, and it can do so

21  only by making a specific legislative declaration to that effect. *Hangman Ridge Training

22  Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 787-791 (1986). ("it has become clear that

23  the Legislature, not this court, is the appropriate body to establish ... a *per se* unfair trade

24  practice").

25

26

1    The only way Plaintiff can establish a per se claim is to show that Defendants engaged

2    in deceptive conduct, which Plaintiff attempts to do with its allegations concerning MERS.

3    Plaintiff has not and cannot do that. MERS is a proper beneficiary under Plaintiff's Deed of

4    Trust, both contractually and legally. MERS has made no misrepresentations or misstatements

5    to Plaintiff. To the contrary, MERS fully described its role to Plaintiff through the very contract

6    documents that Plaintiff signed. MERS did not engage in any conduct that was unfair, deceptive

7    or misleading. Everything was fully disclosed and agreed to by Plaintiff. Even if, *arguendo*, the

8    Court ruled that MERS incorrectly concluded that it was a legal beneficiary under Washington

9    deeds of trust, MERS fully disclosed its role to James or Carolyn Bigelow and did not

10   affirmatively misrepresent or knowingly misstate anything to them.

11       Plaintiff also fails to establish a per se CPA claim for these reasons:

12           a) PLAINTIFFS DID NOT ALLEGE VIOLATION OF A STATUTE IN
             THE WCPA CLAIM AND FAIL TO ESTABLISH A PER SE
13           VIOLATION OF THE WCPA IN ENTIRETY

14       Plaintiff never alleged the existence of, or an actual violation of any statute that

15   constitutes a per se violation of the WCPA; Plaintiff circuitously references "§ 19.86 *et seq*." as

16   the statute Defendants are alleged to have violated.  Plaintiff cannot create a per se WCPA claim

17   by merely (and ambiguously) citing the statute that promulgates and defines a WCPA claim.

18   Plaintiff does not cite any specific statute(s) Defendants are alleged to have violated or pled any

19   specific acts against which Defendants can properly prepare a defense.

20       To the extent Plaintiff alleges the per se violation stems from his claims of fraud, the

21   Complaint does not plead the fraud with particularity, namely the parties that committed each

22   alleged act along with how and when each act was committed.  *See, In re GlenFed, Inc. Sec.*

23   *Litigation*, 42 F.3d 1541, 1547 n.7 (9th Cir. 1994).   To the extent Plaintiff lumped the

24   defendants together in alleging fraud, Plaintiff was required to differentiate and inform each

25   defendant of their role in committing the act. *Swartz v. KPMG LLP*, 476 F.3d 756, 765-765

26

27   | MOTION TO DISMISS BY DEFENDANTS | Renee M. Parker (SBN 36995) |
     | GREEN TREE SERVICING LLC, MERS, | Wright, Finlay, & Zak, LLP |
28   | WFZ AND RENEE M. PARKER, ESQ. | 4665 MacArthur Blvd., Suite 200 |
     | | Newport Beach, CA 92660 |
     | WFZ File No. 282-2014009          32 | PH: (949) 477-5050/FAX: (949) 608-9142 |

1  (9th Cir. 2007).   Plaintiff failed to make these differentiations and also to plead with

2  particularity in each of his three filed complaints. He should not be allowed another chance.

3      The WCPA is not designed to protect borrowers who fail to perform under the terms of

4  the Note and Deed of Trust from any and all foreclosure without more.  As a result this claim

5  fails and must be dismissed with prejudice.

6      b) MERS' EXISTENCE ON THE DEED OF TRUST AND EXECUTION
        OF THE ASSIGNMENT ARE NOT A PER SE VIOLATION OF THE
7       WCPA

8      Plaintiff also references the filing of "false and misleading documents" in support of his

9  claim.  Although this is unclear, Plaintiff alleges elsewhere in his Complaint that MERS cannot

10  be named on the Deed of Trust (Complaint, ¶ 44) and MERS filed a false document in public

11  record (Complaint, ¶ 57). Defendants make the assumption this is what Plaintiff references here.

12      It is firmly established that the mere naming of MERS on a Deed of Trust does not

13  constitute a "per se" violation of the WCPA:

14      Here, Plaintiff assumes that if Defendant MERS was involved in his mortgage,
        then the CPA's unfair or deceptive act element is met. (Dkt. No. 24 at 15.)
15      Plaintiff's position lacks merit because it is a misapplication of the Washington
        State Supreme Court's decision in *Bain v. Metropolitan Mortg. Group, Inc.*, 175
16      Wn.2d 83, 117 (2012). The Court in *Bain* only held that characterizing MERS as
        the beneficiary on a deed of trust has the capacity to deceive homeowners, but
17      held that MERS involvement does not by itself constitute a per se violation of the
        CPA. *Bain*, 175 Wn.2d at 117. Unlike the "concealment" by MERS at issue in
18      *Bain*, here, Plaintiff does not allege any specific unfair or deceptive act by MERS.
        *Id.* at 116 (finding that MERS may act deceptively when it conceals the identity
19      of its principal and purports to act on behalf of itself). Instead, Plaintiff routinely
        received written notification regarding which entity was servicing his loan and
20      had no communication with MERS. Plaintiff fails to make the specific allegation
        that he was deceived by the characterization of MERS as a beneficiary on the
21      Deed of Trust. *Bain*, 175 Wn.2d at 120 ("the mere fact MERS is listed on the
        deed of trust as a beneficiary is not itself an actionable injury"). Because Plaintiff
22      has failed to allege any cognizable deceptive or unfair trade or practice arising out
23      of MERS's involvement, the CPA claim is DISMISSED.

24  *Zalac v. CTX Mortg. Corp.*, 2013 WL 1990728 at*3 (W.D. Wash. 2013).

25

26

1    Further, as discussed supra, MERS had authority to execute an assignment based on the

2    Deed of Trust executed by Plaintiff and Carolyn Bigelow.  As a result, this claim fails.

3    c)   PLAINTIFF'S FAILURE TO PAY THE MORTGAGE IS THE
         PROXIMATE CAUSE OF DAMAGES, WHICH DOES NOT PROVE
4        CAUSATION UNDER THE CPA

5    Plaintiff ceased tendering monthly payments under the terms of the Note and Deed of

6    Trust since at least November 1, 2011.  This act alone is the proximate cause of Plaintiff's

7    damages, and foreclosure would be the expected result: "The second prong of the present test is

8    not met as Ms. Helmer was directly liable on the mortgage and her nonpayment of the mortgage

9    led to the foreclosure action." *Western Community Bank v. Helmer*, 48 Wash.App. 694, 700-701

10   (1987), *followed by Commonwealth Land Title Ins. Co. v. Hart*, 2004 WL 1559773 at *4

11   (Wash.App., 2004 *unpublished*).   See also *Massey* at *8 (any injuries associated with

12   foreclosure proceedings "were caused solely by her own default.").

13   The financial injury Plaintiff asserts is incursion of costs solely in the course of this

14   litigation, either in preparation of it (i.e. investigations) or furtherance of it (i.e. driving to the

15   courthouse). This does not constitute financial injury, and are not allowed damages for a WCPA

16   claim under *Thurman v. Wells Fargo Home Mortg.*, 2013 WL 3977622, *3-4 (W.D. Wash.

17   2013) (resources spent pursuing a CPA claim are not recoverable injuries under the CPA;

18   collecting cases), *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 62 (2009) (en banc) (the

19   cost of consulting an attorney to institute a CPA claim is "insufficient to show injury to business

20   or property").  See also *Demopolis v. Galvin*, 57 Wn.App. 47, 54 (1990).

21   Plaintiff also alleges non-monetary injury, such as "loss of time with family and loss of

22   time to pursue personal activities." Complaint, ¶ 224.  "The first paragraph of RCW 19.86.090,

23   which authorizes private actions under the CPA, requires private plaintiffs to show an injury to

24   'business or property.' Such 'business or property' language has been held to restrict

25   compensable injuries under the CPA." *State v. American Tobacco Co., Inc.*, 1996 WL 931316,

26

27   MOTION TO DISMISS BY DEFENDANTS          Renee M. Parker (SBN 36995)
     GREEN TREE SERVICING LLC, MERS,          Wright, Finlay, & Zak, LLP
28   WFZ AND RENEE M. PARKER, ESQ.            4665 MacArthur Blvd., Suite 200
                                              Newport Beach, CA 92660
     WFZ File No. 282-2014009          34     PH: (949) 477-5050/FAX: (949) 608-9142

1   citing *Washington State Physicians Ins. & Exch. Ass'n v. Fisons Corp.,* 122 Wash.2d 299, 318,

2   858 P.2d 1054 (1993) ("[H]ad our Legislature intended to include actions for personal injury

3   within the coverage of the CPA, it would have used a less restrictive phrase than injured in his

4   or her 'business or property'. We agree. Personal injuries are not compensable damages under

5   the CPA. *See also Keyes v. Bollinger,* 31 Wash.App. 286, 295, 640 P.2d 1077 (1982), where it

6   is noted that if a plaintiff suffers injury other than to 'business or property', the injury is not

7   compensable under the act."). *See also Reiter v. Sonotone Corp.,* 442 U.S. 330, 339, 99 S.Ct.

8   2326, 60 L.Ed.2d 931 (1979)).

9       Defendants did not complete a non-judicial foreclosure of the Subject Property, and

10  Plaintiff was not deprived of any property rights as a result.  Since Plaintiff cannot demonstrate

11  *any* proximate cause between his claimed injury and viable damages, his "per se" WCPA claim

12  fails and the claim must be dismissed with prejudice.

13  **F.  PLAINTIFF'S FOURTH CAUSE OF ACTION FOR SLANDER OF TITLE FAILS**

14      Plaintiff newly raises a cause of action for Slander of Title based on the recordation of

15  "various documents" that Plaintiff alleges "constitutes slander of title." Complaint, ¶¶ 228-229.

16      "Slander of title is defined as: (1) false words; (2) maliciously published; (3) with

17  reference to some pending sale or purchase of property; (4) which go to defeat plaintiff's title;

18  and (5) result in plaintiff's pecuniary loss." *Rorvig v. Douglas,* 123 Wash. 2d 854, 859-60

19  (1994) (citing *Pay 'N Save *860 Corp. v. Eads,* 53 Wash.App. 443, 448, 767 P.2d 592 (1989),

20  *Brown v. Safeway Stores, Inc.,* 94 Wash.2d 359, 375, 617 P.2d 704 (1980)).

21      First, Plaintiff must first establish falsity of the recorded documents. *In re Cedano,* 470

22  B.R. 522, 534 (B.A.P. 9th Cir. 2012). Plaintiff's claim that the Notice of Trustee's Sale

23  constituted "false words" <u>all</u> stem from his allegations concerning the Assignment by MERS to

24  Green Tree. Complaint, ¶¶ 51, 57, 73. This argument is misplaced.

25      Plaintiffs' assertion that the Assignment is false because it attempts to transfer
    Security's rights in the Mortgage and not MERS' rights is contrary to the plain

26

27  | MOTION TO DISMISS BY DEFENDANTS | Renee M. Parker (SBN 36995) |
28  | GREEN TREE SERVICING LLC, MERS, | Wright, Finlay, & Zak, LLP |

MOTION TO DISMISS BY DEFENDANTS                          Renee M. Parker (SBN 36995)
GREEN TREE SERVICING LLC, MERS,                          Wright, Finlay, & Zak, LLP
WFZ AND RENEE M. PARKER, ESQ.                            4665 MacArthur Blvd., Suite 200
                                                         Newport Beach, CA 92660
WFZ File No. 282-2014009                    35           PH: (949) 477-5050/FAX: (949) 608-9142

1  language of the Assignment itself....the Assignment makes clear that MERS
2  transferred to BAC *only* its own limited right, title, and interest in the Mortgage as
   "nominee"... MERS did not transfer Security's interest in the underlying debt or
3  Mortgage, but merely transferred its own limited rights in the Mortgage.
   Importantly, MERS' rights included "the right to foreclose and sell the Property."
4  ... Accordingly, MERS assigned to BAC the right to foreclose upon and sell the
   Subject Property on behalf of the lender in the event of a default. There is nothing
5  illegal or unlawful about such an arrangement.... Plaintiffs fail to allege any facts
   demonstrating that MERS did not have the right to transfer its own limited
6  interest in the Mortgage. In short, the facts as alleged in the SAC and the
   documents attached to the SAC do not support Plaintiffs' contention that MERS
7  had nothing to convey to BAC. The Court therefore finds that this unsubstantiated
8  allegation does not demonstrate the falsity of the Assignment.

9  *Velasco v. Sec. Nat. Mortgage Co.*, 823 F. Supp. 2d 1061, 1068 (D. Haw. 2011) aff'd, 508 F.

10  App'x 679 (9th Cir. 2013).

11  Here, the Assignment also transfers only those rights of MERS as nominee for Pierce

12  Commercial Bank and its successors and assigns. It was given this right in the Deed of Trust,

13  specifically Page 2 (Definition E) and Pages 3-4 ("Transfer of Rights in the Property"). As a

14  result Plaintiff fails to show Defendants published "false words" and the claim fails.

15  Second, Plaintiff must establish malice on part of Defendants. "The element of malice is

16  met when the slanderous statement is not made in good faith or is not prompted by a reasonable

17  belief in its veracity." *Rorvig v. Douglas*, 123 Wash. 2d 854, 860 (1994); *see also, Brown v.*

18  *Safeway Stores, Inc.*, 94 Wash.2d 359, 375 (1980); *Frankfort Oil Co. v. Snakard*, 279 F.2d 436

19  (10th Cir.) cert. den. 364 U.S. 920, (1960). "In Washington, the 'malice' element of the tort can

20  be supplied *either* by 1) reckless disregard for the rights of the plaintiff; or 2) improper or

21  wrongful motive." *Peterson v. Littlejohn*, 56 Wash. App. 1, 14, 781 P.2d 1329, 1336 (1989).

22  "Reckless disregard" means (1) a "high degree of awareness of ... probable falsity"; or

23  (2) that the defendant "in fact entertained serious doubts" as to the statement's truth. *Herron v.*

24  *KING Broadcasting Co.*, 109 Wash.2d 514, 523 (1987) (citing *Garrison v. Louisiana,* 379 U.S.

25  64, 74 (1964) and *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968)).

26

27  MOTION TO DISMISS BY DEFENDANTS                      Renee M. Parker (SBN 36995)
   GREEN TREE SERVICING LLC, MERS,                      Wright, Finlay, & Zak, LLP
28  WFZ AND RENEE M. PARKER, ESQ.                      4665 MacArthur Blvd., Suite 200
                                                        Newport Beach, CA 92660
   WFZ File No. 282-2014009                   36        PH: (949) 477-5050/FAX: (949) 608-9142

1       Here Plaintiff fails to show any specific examples of Defendants' lack of good faith, a

2  'high awareness of probable falsity' or lack of any reasonable belief that the Assignment was

3  defective, or that any of the recorded documents should not be recorded. Defendants cannot

4  have been found to be acting maliciously because they never did so.  This claim fails as a result.

5       Third, "[t]he words must be spoken pending some treaty or public auction for the sale or

6  purchase of the property... defendant still has shown there was no pending sale adversely

7  affected which resulted in plaintiff's injury. ... An expectation or anticipation that [a party]

8  would begin negotiating for the purchase ... was all plaintiff could show at the time ....

9  Consequently, the supporting elements of the instant cause of action are not present." *Clarkston*

10  *Cmty. Corp. v. Asotin Cnty. Port Dist.*, 3 Wash. App. 1, 3, 472 P.2d 558, 559-560 (1970).

11       Plaintiff has not pled that there was any viable offer to purchase the Subject Property

12  that, but for Defendants' actions, the sale did not close.  All Plaintiff shows is his belief the

13  recorded documents, which had not yet resulted in the non-judicial foreclosure, caused some

14  vague cloud that caused damages "to be proven at trial" without more. Complaint, ¶ 229.

15       Fourth, Plaintiff fails to show that Defendants' actions have defeated his title.  Plaintiff

16  is still the record owner of the Subject Property, and had he not severely defaulted under the

17  Note and Deed of Trust, the Subject Property would not be in foreclosure.

18       Fifth, Plaintiff cannot show he has suffered pecuniary loss. There is no case law that

19  defines this term. "In such cases, it is appropriate to turn to the venerable Black's Law

20  Dictionary, Eighth Edition. That tome defines 'pecuniary loss' as 'a loss of money or of

21  something having monetary value.' 'Loss,' in Black's, is further divided into 'direct loss'-'a loss

22  that results immediately and proximately from an event' and 'consequential loss'-'a loss arising

23  from the results of damage rather than from the damage itself.'" *In re Basket*, 2008 WL 2275535,

24  at *6 (W.D. Wash. June 3, 2008).

25

26

27  MOTION TO DISMISS BY DEFENDANTS          Renee M. Parker (SBN 36995)
      GREEN TREE SERVICING LLC, MERS,        Wright, Finlay, & Zak, LLP

28  WFZ AND RENEE M. PARKER, ESQ.        4665 MacArthur Blvd., Suite 200
                                        Newport Beach, CA 92660
      WFZ File No. 282-2014009         37   PH: (949) 477-5050/FAX: (949) 608-9142

1    Plaintiff is arguably collecting rental income from the Subject Property (See Notice of

2  Appearance filed by "tenant" Timothy Dietz herein as Docket Item No. 50), and has not paid

3  Green Tree under the Note and Deed of Trust since November 1, 2011.  As of this time Plaintiff

4  is improperly profiting from the Subject Property, the loss of which could not be defined as a

5  "pecuniary loss" since he cannot show Defendants wrongfully took the Subject Property.

6    As a result, Plaintiff has failed to meet one single element of his Slander of Title action,

7  and the claim must be dismissed without leave to amend.

8  **G.  PLAINTIFF'S FIFTH CAUSE OF ACTION FOR INFLICTION OF EMOTIONAL DISTRESS FAILS**

9

10    Plaintiff claims "infliction of emotional distress" in the Complaint, but fails to plead the

   specific type alleged to have been inflicted, the specific acts that led to this claim, and the
11
   resulting damages.   There are two different causes of action for emotional distress:  1)
12
   intentional infliction of emotional distress; or 2) negligent infliction of emotional distress.
13

14    Plaintiff is required to prove different elements, depending upon which type of

15  "emotional distress" being pled.   This failure on part of Plaintiff also does not provide

   Defendants with "sufficient notice to defend themselves from the claim." *Orchard Supply*
16
   *Hardware v. Home Depot USA, Inc.*, 939 F.Supp.2d 1002, 1012 (2013).  As a result Plaintiff's
17
   fifth cause of action must be dismissed.
18
   ///
19
   ///
20
   ///
21
   ///
22
   ///
23
   ///
24
   ///
25
   ///
26

1

### VI. CONCLUSION

2

WHEREFORE, based upon the facts and conclusions above, Defendants requests that:

3

    1.  Defendants' Motion to Dismiss be granted;

4

    2.  This action be dismissed in its entirety with prejudice, without additional leave to

5

       amend; and

6

    3.  For such other and further relief as the Court deems just and proper.

7

Respectfully submitted,

8

Dated: <u>March 19, 2015</u>         **WRIGHT, FINLAY, & ZAK, LLP**

9

10

By: _____

     Renee M. Parker, WSBA # 36995

11

Attorneys for Defendant

GREEN TREE SERVICING LLC and

12

MORTGAGE ELECTRONIC

REGISTRATION SYSTEMS, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION TO DISMISS BY DEFENDANTS
GREEN TREE SERVICING LLC, MERS,
WFZ AND RENEE M. PARKER, ESQ.

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

1

## DECLARATION OF SERVICE

2

The undersigned declares as follows:

3

4

5

6

7

8

On March 20, 2015, I served the foregoing document: **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT BY DEFENDANTS GREEN TREE SERVICING LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., WRIGHT, FINLAY & ZAK, LLP AND RENEE M. PARKER, ESQ, DECLARATION OF GREEN TREE LOAN SERVICING LLC IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED COMPLAINT,** and **REQUEST FOR JUDICIAL NOTICE ON DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT BY DEFENDANTS GREEN TREE SERVICING LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., WRIGHT, FINLAY & ZAK, LLP AND RENEE M. PARKER, ESQ** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope via postage prepaid, regular first class mail and/or electronic service as follows:

9

10

11

12

**SERVICE VIA U.S. MAIL:**
CHAMBER COPY:
The Honorable Benjamin H. Settle
United States Courthouse
1717 Pacific Avenue, Room 3100
Tacoma, WA 98402 – 3200

13

14

Timothy Dietz
10018 CASCADIAN AVE SE
YELM, WA 98597

15

16

17

**ELECTRONIC SERVICE:**
PLAINTIFF:
James A Bigelow
sistermoonproductions@gmail.com

18

19

NORTHWEST TRUSTEE SERVICES INC.:
Joseph H Marshall
jomarshall@rcolegal.com, kstephan@rcolegal.com

20

21

FIRST AMERICAN TITLE INSURANCE COMPANY:
Thomas F. Peterson
tpeterson@sociuslaw.com, lmckenzie@sociuslaw.com

22

23

I declare under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.

DATED this 20th day of March, 2015

24

25

_S. E. Bennett_
Steven E. Bennett

26

27

28

| MOTION TO DISMISS BY DEFENDANTS GREEN TREE SERVICING LLC, MERS, WFZ AND RENEE M. PARKER, ESQ. | Renee M. Parker (SBN 36995) Wright, Finlay, & Zak, LLP 4665 MacArthur Blvd., Suite 200 Newport Beach, CA 92660 |

WFZ File No. 282-2014009

40

PH: (949) 477-5050/FAX: (949) 608-9142