1  **WRIGHT, FINLAY & ZAK, LLP**
   Renee M. Parker, Esq., WSBA No. 36995
2  Lukasz I. Wozniak, Esq., WSBA No. 47290
   4665 MacArthur Court, Suite 200
3  Newport Beach, CA 92660
   Tel: (949) 610-7023; Fax: (949) 477-9200
4  rmparker@wrightlegal.net

5
   Attorney for Defendants GREEN TREE LOAN SERVICING LLC, MORTGAGE
6  ELECTRONIC REGISTRATION SYSTEMS, INC., WRIGHT, FINLAY & ZAK, LLP and
   RENEE M. PARKER, ESQ.
7

8                    **UNITED STATES DISTRICT COURT**
               **WESTERN DISTRICT OF WASHINGTON (TACOMA)**
9

10 JAMES A. BIGELOW                          | Case No.: 3:14-cv-05798 BHS

11                    Plaintiff,

12 vs.                                        | **OPPOSITION TO PLAINTIFF'S MOTION
                                                FOR ENTRY OF PROTECTIVE ORDER
13                                             BY DEFENDANTS GREEN TREE
   NORTHWEST TRUSTEE SERVICES, INC.;          SERVICING LLC, MORTGAGE
14 GREEN TREE SERVICING, LLC;                 ELECTRONIC REGISTRATION
   MORTGAGE ELECTRONIC                        SYSTEMS, INC., WRIGHT, FINLAY &
15 REGISTRATION SYSTEMS, INC.; and            ZAK, LLP AND RENEE M. PARKER, ESQ**
   DOE DEFENDANTS 1-20
16                                             Noting Date: March 27, 2015
                      Defendants.
17

18

19     TO THE HONORABLE COURT, TO PLAINTIFFS, AND TO THEIR

20 ATTORNEYS OF RECORD:

21     Defendants, GREEN TREE SERVICING LLC, MORTGAGE ELECTRONIC

22 REGISTRATION SYSTEMS, INC., WRIGHT, FINLAY & ZAK, LLP, and RENEE M.

23 PARKER, ESQ. (*erroneously sued as* Renee Parker) (hereinafter "Defendants" collectively),

24 hereby submit their memorandum of points and authorities in Opposition to Plaintiff James A.

25 Bigelow's (hereinafter "Plaintiff") Motion for Entry of Protective Order as filed with this Court

26 on March 14, 2015 as Docket Item No. 62 ("Motion") as follows:

27 [PROPOSED] ORDER ON MOTION TO          | Renee M. Parker (SBN 36995)
   DISMISS SECOND AMENDED                 | Wright, Finlay, & Zak, LLP
28 COMPLAINT                              | 4665 MacArthur Blvd., Suite 200
                                          | Newport Beach, CA 92660
   WFZ File No. 282-2014009          1    | PH: (949) 477-5050/FAX: (949) 608-9142

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.      FACTUAL AND PROCEDURAL BACKGROUND

On or about October 7, 2014 Bigelow filed his Verified Complaint with this Court as Docket Item No. 1.  Bigelow filed an Amended Verified Complaint on or about November 13, 2014 as Docket Item No. 11.  Green Tree and Mortgage Electronic Registration Systems, Inc. ("MERS") filed a Motion to Dismiss Amended Complaint on or about December 2, 2014 (Docket Item No. 15) and, after reviewing the pleading and the opposition filed by Bigelow, the Amended Complaint was dismissed with leave to amend on or about January 29, 2015 (Docket Item No. 35). Despite no order being entered on Bigelow's Motion for Enlargement of Time [to Amend the First Amended Complaint] (Docket Item No. 43) filed on the eve of the deadline, Bigelow filed his Second Amended Complaint on or about February 23, 2015 as Docket Item No. 44.  Counsel for Wright Finlay & Zak, LLP and Renee M. Parker filed an Anti-SLAPP Motion on March 13, 2015 as Docket Item No. 60, and Defendants filed a Motion to Dismiss Second Amended Complaint on March 20, 2015 as Docket Item Nos. 65-67.

On or about January 14, 2015, Plaintiff (and a non-attorney believed to be providing legal assistance), and counsel for both Defendants and Northwest Trustee Services, Inc. ("NWTS") held a telephonic conference pursuant to Fed. R. Civ. Proc. 26(f).  During the conference call Plaintiff insisted on inclusion of privilege waivers for yet-unpropounded discovery on part of Defendants and NWTS, to which counsel for Defendants and NWTS declined to agree.

Shortly thereafter, on or about January 17, 2015, Plaintiff sent via e-mail a demand that Defendants and NWTS execute a "protective order" that Defendants reasonably believe would remove all claims of privilege on part of Defendants and NWTS, while simultaneously allowing Plaintiff to request production of any privileged document absent that defense of privilege. Defendants declined to execute the document both on principle, and also because Plaintiff never propounded discovery to allow an understanding of what discovery Plaintiff would even demand that would require a protective order.

[PROPOSED] ORDER ON MOTION TO
DISMISS SECOND AMENDED
COMPLAINT

WFZ File No. 282-2014009

2

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

To date neither Plaintiff nor Defendants have propounded discovery, thus rendering Plaintiff's Motion as premature.

Further, because Plaintiff has included Wright Finlay & Zak, LLP and its attorney Renee M. Parker as defendants ("Attorney Defendants"), and because Attorney Defendants defend Green Tree Servicing LLC and Mortgage Electronic Registration Systems, it is believed that under the guise of this "Protective Order" Plaintiff will demand documents and information that would be protected by the Attorney-Client Privilege, such as attorney work product and information related to strategies pertaining to Defendants' litigation defense.

For the reasons set forth more fully below, Plaintiffs' Motion should be denied in its entirety.

## II. ARGUMENTS

### A. <u>The Motion for Entry of Protective Order Forces Defendants to Waive Rights Accorded to Them, Not to Protect Himself</u>

Plaintiff seeks the Protective Order pursuant to Fed. R. Civ. Proc. 26(c) to "facilitate the confidential exchange of documents through formal discovery." Motion, ¶ 1. However, the true rationale is as stated in "Attachment 3" to the Motion, in which Plaintiff states "It has come to my attention that without a confidentiality agreement, it increases your ability to prejudice me and makes it difficult, if not impossible, for me to conduct discovery."

This is not the proper purpose for a protective order under Fed. R. Civ. Proc. 26(c), which essentially provides the order as a mechanism for a party against whom discovery is sought to protect *itself*, not to force other parties to waive all rights to privilege as Plaintiff seeks to do here.  More specifically, Rule 26(c) states, in part: "A party or any person *from whom discovery is sought* may move for a protective order in the court where the action is pending— or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken." (emphasis added).

Here Plaintiff clearly demonstrates he is demanding the protective order not to protect himself, but rather to remove all basis for Defendants to object to discovery requests, regardless of what those requests demand or how burdensome those demands may be.  Plaintiff also

[PROPOSED] ORDER ON MOTION TO DISMISS SECOND AMENDED COMPLAINT

WFZ File No. 282-2014009

3

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

1   disregards the Uniform Discovery Act as adopted by RCW 5.51, and the ethical duty of counsel
2   for Defendants to provide competent representation by potentially demanding information
3   related to attorney work product and suggested courses of action for defense of the litigation –
4   all under the guise of creating a 'level playing field' in the removal of all Defendants' defenses
5   via this Protective Order. On these grounds alone Plaintiff's Motion should be denied.

6   **B.      The Motion for Entry of Protective Order is Premature**

7          Plaintiff filed his Motion asking for a Protective Order, but fails to disclose that
8   Defendants have not propounded discovery such that the Order would be necessary.  Likewise,
    Plaintiff also has not propounded discovery upon Defendants.

9          Plaintiff seeks adjudication of an issue that has not occurred, which renders the Motion
10  as being premature. *See e.g.*, *Somers v. Snohomish Cnty.*, 105 Wash. App. 937, 950, 21 P.3d
11  1165, 1171 (2001) ("Because we have decided this case well in advance of the January 6, 2002
12  deadline, we deny the motion as premature and without prejudice to any party raising the issue
13  again at an appropriate time and with the appropriate court."); *Communist Party of U.S. v.*
14  *Subversive Activities Control Bd.*, 367 U.S. 1, 71, 81 S. Ct. 1357, 1397, 6 L. Ed. 2d 625 (1961)
15  ("Many of these questions are prematurely raised in this litigation. Merely potential impairment
16  of constitutional rights under a statute does not of itself create a justiciable controversy in which
17  the nature and extent of those rights may be litigated.").

18         Because no controversy yet exists, Plaintiff's Motion should be denied without
19  prejudice.

20  **C.      Plaintiff has Recourse if Defendants do not Respond to Discovery**

21         Plaintiff has recourse through this Court if Defendants do not respond to discovery
22  requests, which similarly makes Plaintiff's Motion moot. "A party may obtain discovery on any
23  matter, not privileged, that is relevant to the subject matter of the pending action, whether it
24  relates to the claim or defense of the party seeking discovery or to the claim or defense of any
25  other party. CR 26(b)(1). The requested discovery must be reasonably calculated to lead to the
26  discovery of admissible evidence. CR 26(b)(1). A party, upon reasonable notice to other parties

27  [PROPOSED] ORDER ON MOTION TO                    Renee M. Parker (SBN 36995)
28  DISMISS SECOND AMENDED                           Wright, Finlay, & Zak, LLP
    COMPLAINT                                        4665 MacArthur Blvd., Suite 200
                                                     Newport Beach, CA 92660
    WFZ File No. 282-2014009              4          PH: (949) 477-5050/FAX: (949) 608-9142

1  and upon showing compliance with CR 26(i), may apply for an order compelling discovery. CR

2  37(a)." *City of Lakewood v. Koenig*, 160 Wash. App. 883, 891-92, 250 P.3d 113, 118 (2011).

3  Plaintiff filed his Motion based solely on the explanation that he "believes discovery

4  will not be a smooth process and may require actions of the court…" Motion, ¶ 4.  Although

5  Defendants share a belief in conservation of judicial resources, and fully intend to comply with

6  all discovery requests within the boundaries and spirit of the law, it is counter-productive for

7  Plaintiff to seek the Court's assistance based on this unreasonable "belief" without having first

8  exhausted other available remedies.

### III.    CONCLUSION

9  Plaintiff seeks this Protective Order for an improper purpose, appears to request the

10  Motion in an effort to eliminate Defendants' privilege rights, and does so without having first

11  received or propounding any discovery.  The Motion is premature, and disregards that Plaintiff

12  is afforded other less invasive protections to compel discovery.  Accordingly, Plaintiff's Motion

13  for Entry of Protective Order lacks merit and must be denied.

14  WHEREFORE, based upon the facts and conclusions above, Defendants requests that:

15  1.  Plaintiff's Motion to for Entry of Protective Order be DENIED; and

16  2.  For such other and further relief as the Court deems just and proper.

17

18  Dated: March 20, 2015

Respectfully submitted,
**WRIGHT, FINLAY, & ZAK, LLP**

19  By:  /s/ *Renee M. Parker* 36995

20  Renee M. Parker, WSBA # 36995
Attorneys for Defendants,

21  GREEN TREE SERVICING LLC, MORTGAGE
ELECTRONIC   REGISTRATION   SYSTEMS,

22  INC., WRIGHT, FINLAY & ZAK, LLP, and
RENEE M. PARKER, ESQ.

23

24

25

26

27  [PROPOSED] ORDER ON MOTION TO
DISMISS SECOND AMENDED

28  COMPLAINT

WFZ File No. 282-2014009

5

Renee M. Parker (SBN 36995)
Wright, Finlay & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

**DECLARATION OF SERVICE**

The undersigned declares as follows:

On March 20, 2015, I served the foregoing document: **OPPOSITION TO PLAINTIFF'S MOTION FOR ENTRY OF PROTECTIVE ORDER BY DEFENDANTS GREEN TREE SERVICING LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., WRIGHT, FINLAY & ZAK, LLP AND RENEE M. PARKER, ESQ** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope via postage prepaid, regular first class mail and/or electronic service as follows:

**SERVICE VIA U.S. MAIL:**
CHAMBER COPY:
The Honorable Benjamin H. Settle
United States Courthouse
1717 Pacific Avenue, Room 3100
Tacoma, WA 98402 – 3200

**ELECTRONIC SERVICE:**
PLAINTIFF:
James A Bigelow
sistermoonproductions@gmail.com

NORTHWEST TRUSTEE SERVICES INC.:
Joseph H Marshall
jomarshall@rcolegal.com, kstephan@rcolegal.com

FIRST AMERICAN TITLE INSURANCE COMPANY:
Thomas F. Peterson
tpeterson@sociuslaw.com, lmckenzie@sociuslaw.com

I declare under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.

DATED this 20th day of March, 2015

Steven E. Bennett

| | |
|---|---|
| [PROPOSED] ORDER ON MOTION TO DISMISS SECOND AMENDED COMPLAINT<br><br>WFZ File No. 282-2014009 | Renee M. Parker (SBN 36995)<br>Wright, Finlay, & Zak, LLP<br>4665 MacArthur Blvd., Suite 200<br>Newport Beach, CA 92660<br>PH: (949) 477-5050/FAX: (949) 608-9142 |

6