**WRIGHT, FINLAY & ZAK, LLP**
Renee M. Parker, Esq., WSBA No. 36995
Lukasz I. Wozniak, Esq., WSBA No. 47290
4665 MacArthur Court, Suite 200
Newport Beach, CA  92660
Tel: (949) 610-7023; Fax: (949) 477-9200
rmparker@wrightlegal.net

Attorneys for GREEN TREE LOAN SERVICING LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., WRIGHT, FINLAY & ZAK, LLP and RENEE M. PARKER, ESQ.

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON (TACOMA)

| | |
|---|---|
| JAMES A. BIGELOW,<br><br>Plaintiff,<br><br>vs.<br><br>NORTHWEST TRUSTEE SERVICES, INC.; GREEN TREE SERVICING, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; WRIGHT, FINLAY & ZAK, LLP, TICOR TITLE COMPANY, NATIONWIDE TITLE INSURANCE COMPANY, RENEE PARKER, and DOE DEFENDANTS 1-20,<br><br>Defendants. | Case No.: 3:14-cv-05798 BHS<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S COMPLAINT FOR ANTI-SLAPP VIOLATIONS**<br><br>[RCW 4.24.525(4)]<br><br>Second Amended Complaint filed: February 23, 2015<br><br>Noting Date: April 10, 2015 |

**TO THIS HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants GREEN TREE SERVICING LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), WRIGHT, FINLAY, & ZAK, LLP, and RENEE M. PARKER, ESQ. (erroneously sued as Renee Parker) (hereinafter "Defendants" collectively) by and through their counsel of record, Renee M. Parker of Wright, Finlay & Zak, LLP, files this Response (hereinafter, "Response") to Plaintiffs' Opposition ("Opposition") to Defendants' Motion to Strike Plaintiff's Second Amended Complaint in its entirety pursuant to Washington State's Anti-SLAPP statute, RCW § 4.24.525(4) et seq. ("Motion"), plus Defendant's opposition to Plaintiff's demand for an award of $10,000.00 under 4.24.525(6)(a)(ii).

-1-
RESPONSE TO OPPOSITION TO MOTION TO STRIKE COMPLAINT (ANTI-SLAPP)

It is of particular note that the "tenant" of the Subject Property, Timothy Dietz, also initiated similar litigation tactics against law firms employed by defendants in his litigation. See Timothy Dietz v. Quality Loan Service Corp. of Washington; Wells Fargo Home Mortgage; Wells Fargo Bank, N.A.; Mortgage Electronic Registration Systems, Inc.; Merscorp, Inc.; McCarthy & Holthus LLP, 2014 WL 1245269 (W.D. Wash. C13-5948 RJB, Mar. 25, 2014). More specifically, in his litigation Dietz also filed a second amended complaint to name the law firm defending a mortgage-company and/or servicer and the foreclosure trustee in an unsuccessful attempt to frustrate the foreclosure process. His litigation was unsuccessful.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PLAINTIFF INCORRECTLY STATES RCW 4.24.525 ONLY PROTECTS CITIZENS OF WASHINGTON TON CONTEND THAT ATTORNEY-DEFENDANTS ARE NOT PROTECTED BY THE STATUTE

Plaintiff, who incidentally is now a citizen of California, creatively cites RCW 4.24.525 (also known as the "Anti-SLAPP Statute") using bracketed additions to conclude any non-citizen of Washington would not be statutorily protected. This contention is incorrect.

The statute does not differentiate based on citizenship, and does not contain language that limits participation or protection only to citizens of Washington State. RCW 4.24.525(4)(a) states that "[a] party may bring a special motion to strike any claim that is based on an action involving public participation and petition, as defined in subsection (2) of this section." Subsection (1)(c) defines "Moving party" as "a person on whose behalf the motion described in subsection (4) of this section is filed seeking dismissal of a claim." Subsection (1)(e) defines a "Person" as "an individual, corporation, business trust, estate, trust, partnership, limited liability company, association, joint venture, or any other legal or commercial entity."

Congressional notes similarly lack reference to citizenship. The congressional notes from 2010 c 118 elaborate that the legislature is (a) "concerned about lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances" and (c) "[t]he costs associated with defending such suits can deter individuals and entities from fully exercising their constitutional rights to petition the government and to speak out on public issues." The "purpose of this legislation is to (a) Strike a

RESPONSE TO OPPOSITION TO MOTION TO STRIKE COMPLAINT (ANTI-SLAPP)

balance between the rights of persons to file lawsuits and to trial by jury and the rights of persons to participate in matters of public concern [and] (b) Establish an efficient, uniform, and comprehensive method for speedy adjudication of strategic lawsuits against public participation..." *See also, Macias v. Hartwell,* 55 Cal. App. 4th 669, 672, 64 Cal. Rptr. 2d 22 (1997); *Bradbury v. Superior Court,* 49 Ca. App. 4th 1108, 1113, 57 Cal. Rptr. 2d 207 (1996).

Congress could have limited the definition of a person or the right to move under the Anti-SLAPP Statute to citizens of the state, either in the statute itself or by stating this in the notes, but did not do so. Where a statute is silent, the courts decline to read additional terms into that statute or to "simply impose its own construction of the statute." *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 842–43 (1984). Where a "statute is silent, we decline to make it speak." *Ibrahim v. AIU Ins. Co.,* 177 Wash. App. 504, 514 (2013).

Because Plaintiff fails to show the statute is expressly limited to use by citizens of Washington, and similarly fails to cite case law supporting his contention, his argument fails.

## II. ATTORNEY-DEFENDANTS' ACTIONS FALL WITHIN THE PROTECTED CATEGORY INTENDED BY CONGRESS

Plaintiff tries to state differences between the wording of "public interest" and "public concern" to refute that Attorney-Defendants' actions fall within a protected category. Opposition, ¶ 5. This argument is meritless, and Plaintiff is grasping at proverbial straws.

RCW 4.24.525(4)(a) specifically states that it covers any "public concern." An issue of public concern has been broadly defined as "*any* issue in which the public is interested." *Nygard, Inc. v. Uusi-Kerttula,* 159 Cal. App. 4th 1027, 1042 (2008) (emphasis in original). "The issue need not be 'significant'.... [I]t is enough that it is one in which the public takes an interest." *Id.*; *see also Hecimovich v. Encinal Sch. Parent Teacher Org.,* 203 Cal. App. 4th 450, 465 (2012) (public interest "[m]ay encompass activity between private people."); *Spratt v. Toft,* 180 Wn. App. 620, 632, 324 P.3d 707, 712 (2014) (the standard to prove a case falls within the statutory ambit is "minimal.").

A claim for relief, such as judicial foreclosure, filed in court is "indisputably a statement or writing made before a judicial proceeding." *Navellier v. Sletten,* (2002) 29 Cal.4th 82, 90;

RESPONSE TO OPPOSITION TO MOTION TO STRIKE COMPLAINT (ANTI-SLAPP)

*Feldman v. 1100 Park Lane Assocs.* (2008) 160 Cal.App.4th 1467, 1480. Pleadings, statements and writings "in connection with" civil litigation are covered by the Anti-SLAPP statute. **It need not be shown that the litigated matter is of public interest or concern.** *Briggs v. Eden Council for Hope & Opportunity*, (1999) 19 Cal.4th 1106, 1123 (emphasis added).

Plaintiff urges this Court to adopt the "public concern" standard promulgated by *Connick v. Myers*, 461 U.S. 138 (1983) (the citation is assumed by Attorney-Defendants because Plaintiff failed to include any cite in his brief). Opposition, ¶ 3. *Connick* would not be the incorrect standard here because the *Connick* case involved a case of employment law and constitutionality of a questionnaire Respondent distributed in the course of employment as a "matter of public concern" that was used to then terminate the Respondent. *Connick* at 138. The concept of "public concern" in *Connick* has no relation to the basis and purpose for the Anti-SLAPP Statute in Washington.

### III. WASHINGTON BASED ITS ANTI-SLAPP STATUTES ON A CALIFORNIA MODEL, EXCEPT THAT WASHINGTON CASE LAW PROVIDES A MORE STRINGENT THRESHOLD FOR PLAINTIFF TO PREVAIL ON HIS CLAIMS AGAINST ATTORNEY-DEFENDANTS

Plaintiff's Opposition alleges deficiencies in Attorney-Defendants' Anti-SLAPP Motion because it is "based on California law" that is inconsistent with Washington's statutory construction. Opposition, Paragraphs 3, 5. Plaintiff is clearly mistaken, and attempts to mislead this Court with his red-herring argument.

Case law is clear that Washington's Anti-SLAPP law is specifically modeled on the California Civil Code, and Washington's courts "look to California cases for aid in interpreting the act." *Spratt v. Toft*, 180 Wn. App. 620, 631, 324 P.3d 707, 712 (2014); *Phoenix Trading, Inc. v. Loops LLC*, 732 F.3d 936, 941 (9th Cir. 2013) (citing *Castello v. City of Seattle*, 2010 WL 4857022, *3 (W.D. Wash. 2010)).

The principal difference between Washington and California's Anti-SLAPP law is that a responding party in Washington must establish a probability of prevailing through clear and convincing evidence, while a responding party in California need only show some likelihood of success. Compare RCW 4.24.525(4)(b); Cal. Civ. Code § 425.16; see also *Premier Med. Mgmt.*

*Sys., Inc. v. California Ins. Guarantee Assn.*, 136 Cal. App. 4th 464, 477 (2006) aff'd sub nom. *Premier Med. Mgmt. Sys., Inc. v. California Ins. Guarantee Ass'n*, 163 Cal. App. 4th 550 (2008) (a California anti-SLAPP respondent need only state a "legally sufficient claim" with a "prima facie showing of facts.").

### IV. BUT FOR ATTORNEY-DEFENDANTS' DEFENSE OF THE NON-ATTORNEY-DEFENDANTS IN THE CURRENT LITIGATION, PLAINTIFF WOULD NOT HAVE HAD ANY OTHER CAUSE TO NAME ATTORNEY-DEFENDANTS IN THE SECOND AMENDED COMPLAINT

Plaintiff is retaliating against the Attorney Defendants for their legal representation of the Non-Attorney Defendants, and appears to arise from Defendants' success on its prior Motion to Dismiss First Amended Complaint. In his Second Amended Complaint Plaintiff did not take measures to correct or cure the deficiencies that plagued the Amended Verified Complaint. Instead Plaintiff simply added the Attorney Defendants, and parties related to the escrow and closing of the loan, to the pre-existing causes of action to "cure" the defects, plus added unfounded and unsupported "slander of title" and "emotional distress" claims. <u>But for this litigation, Plaintiff would have had no reason whatsoever to include the Attorney Defendants as defendants in the Complaint, and Plaintiff otherwise raises no legitimate cause of action against the Attorney Defendants for any action taken *outside* of this litigation</u>.

There is no trickery or incitement of "legal sparring" by Attorney-Defendants as alleged by Plaintiff in Paragraph 1 of his Opposition. Rather, the Anti-SLAPP Motion is based on the statutory right of the Defendants to protection from the types of allegations by Plaintiff specifically used to either chill Defendants' speech or impede their participation in the public forum provided by the judicial system. The Attorney Defendants have no relation or logical connection to the underlying loan, the default on part of Plaintiff, or the non-judicial foreclosure action for the Subject Property. The Attorney Defendants are, of course, attorneys, and they are merely being sued for their actions as attorneys. Accordingly, their conduct is protected speech as covered by the Washington Anti-SLAPP statute pursuant to RCW 4.24.525.

///

///

## V. PLAINTIFF CANNOT PROVE HIS CLAIMS AGAINST ATTORNEY-DEFENDANTS UNDER THE BURDEN OF CLEAR AND CONVINCING EVIDENCE IN ORDER TO DEFEAT THE ANTI-SLAPP MOTION

Plaintiff jumps through many hoops to justify the fruitless arguments made in his Second Amended Complaint and inclusion of Attorney-Defendants in his claims. The Second Amended Complaint failed to address <u>any</u> of the deficiencies raised by the Court in its opinion on Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. Instead Plaintiff augmented his claims merely by adding additional defendants to answer to his claims.

If the cause of action is based on protected activity, then the anti-SLAPP statute applies, and the burden shifts to the responding party to prove the claim's merits. *See, e.g., Garretson v. Post*, 156 Cal. App. 4th 1508 (2007); *Wallace v. McCubbin*, 196 Cal. App. 4th 1169, 1190 (2011), as modified on denial of reh'g (Jul. 26, 2011).

Under RCW 4.24.525(4), a moving party can bring a special motion to strike any claim based on an action involving "public participation and petition," and responding party must then establish a likelihood of prevailing on the challenged claims with the heavy burden of clear and convincing evidence. *See, Bevan v. Meyers*, 183 Wash.App. 177, 334 P.3d 39 (Div. 1, 2014); *Phoenix Trading, Inc. v. Loops LLC*, 732 F.3d 936, 941 (9th Cir. 2013); and *Townsend v. State Dept. of Transp.*, 170 Wash.App 1040 at *3 (2012) (unpublished).

The "clear and convincing" standard is more than a bare preponderance, and requires evidence that a fact is "highly probable." See *In re Sego*, 82 Wn.2d 736, 739, 513 P.2d 831 (1973); *see also Bland v. Mentor*, 63 Wn.2d 150, 154, 385 P.2d 727 (1963).

Because Plaintiff failed to cure the defects from his First Amended Complaint, it is pretty clear that he will not meet the requisite likelihood of prevailing on the Second Amended Complaint by clear and convincing evidence. As a result the Anti-SLAPP Motion must be granted in favor of Attorney-Defendants.

## VI. PLAINTIFF IS NOT ENTITLED TO PUNITIVE DAMAGES UNDER RCW 4.24.525(6)(a)(ii)

For the reasons explained above, the Attorney-Defendants have demonstrated that they are entitled to an order in their favor on this Motion to Strike. Accordingly, it is appropriate for the Court to grant Attorney-Defendants' request to be awarded $10,000.00 pursuant to RCW

4.24.525(6)(a)(ii), and to deny Plaintiff's demand, based on unfounded (and outright false) claims and suppositions, of an award of $10,000.00.

## IV. CONCLUSION

Based on the foregoing reasons, the Attorney Defendants respectfully request that this Court grant their Anti-SLAPP Motion to Strike the Complaint in its entirety, and award reasonable attorneys' fees incurred in bringing forth this Anti-SLAPP motion, currently anticipated to be in the amount of $3,102.00, plus the additional statutory award of $10,000.00.

Respectfully submitted,
**WRIGHT, FINLAY & ZAK, LLP**

Dated: April 8, 2015         By:   */s/ Renee M. Parker, Esq.*
Renee M. Parker, Esq., WSBA No. 36995
Attorneys for Defendants, GREEN TREE SERVICING LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), WRIGHT, FINLAY, & ZAK, LLP, and RENEE M. PARKER, ESQ. (erroneously sued as Renee Parker)

# CERTIFICATE OF SERVICE

I, Steven E. Bennett, declare as follows:

  I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

  On April 8, 2015, I served the within **DEFENDANTS' RESPONSE TO PLAINTIFF'S OPPOSITION TO MOTION TO STRIKE PLAINTIFF'S COMPLAINT FOR ANTI-SLAPP VIOLATIONS** on all interested parties in this action as follows:

- **Matthew T Adamson**
  madamson@jbsl.com,lkondo@jbsl.com

- **James A. Bigelow**
  sistermoonproductions@gmail.com

- **Timothy Dietz**
  timthepostman@yahoo.com

- **Joseph H Marshall**
  jomarshall@rcolegal.com,kstephan@rcolegal.com

- **Thomas F. Peterson**
  tpeterson@sociuslaw.com,lmckenzie@sociuslaw.com

[ ]  by placing [ ] the original [ ] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

[ ]  (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]  (BY ELECTRONIC MAIL) I caused each such document to be transmitted electronically to the parties at the e-mail address indicated. To the best my knowledge, the transmission was reported as complete, and no error was reported that the electronic transmission was not completed.

[X]  (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof

| | |
|---|---|
| | of service as required by Fed.R.Civ.P.5(b)(2)(E). A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se." |
| [ ] | (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200, complied with California Rules of Court, Rule 2003, and no error was reported by the machine. |
| [ ] | (BY NORCO DELIVERY SERVICE - NEXT DAY DELIVERY) I placed true and correct copies of thereof enclosed in a package designated by Norco Delivery Service with the delivery fees provided for. |
| [ ] | (State) I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct. |
| [X] | (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. |

Executed on April 8, 2015 at Newport Beach, California.

*/s/ Steven E. Bennett*

Steven E. Bennett