The Honorable Benjamin H. Settle

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT TACOMA**

| | |
|---|---|
| JAMES A. BIGELOW,<br><br>Plaintiff,<br><br>v.<br><br>NORTHWEST TRUSTEE SERVICES, INC.; GREEN TREE SERVICING, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; WRIGHT, FINLEY & ZAK, LLP; TICOR TITLE COMPANY; NATIONWIDE TITLE CLEARING; FIRST AMERICAN TITLE INSURANCE COMPANY; RENEE PARKER; and DOE DEFENDANTS 1-20<br><br>Defendants. | Case No. 14-05798-BHS<br><br>**DEFENDANT NORTHWEST TRUSTEE SERVICES, INC.'S REPLY ON MOTION TO DISMISS**<br><br>**NOTED FOR HEARING ON: April 10, 2015**<br><br>**WITHOUT ORAL ARGUMENT** |

Defendant Northwest Trustee Services ("NWTS") hereby submits this Reply to Plaintiff's Response on NWTS' good faith Motion to Dismiss. Plaintiff's Response itself does not counter NWTS' arguments to dismiss claims under the Fair Debt Collection Practices Act, slander of title, quiet title, infliction of emotional distress, and apparently, fraud ([Plaintiff] "does not currently have that claim." DK



RCO LEGAL, P.S.
13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

78 p.6). Accordingly, NWTS addresses Plaintiff's responses as to the Deed of Trust Act and the Consumer Protection Act, and asks that all claims against NWTS be dismissed.

**A. <u>The Court Can Consider All Documents Attached to the Complaint</u>**

Plaintiff objects to NWTS' submission of documents that Plaintiff included as exhibits to the Complaint, for lack of certification as public records, or as business records lacking foundation. Such standards do not apply to a F.R.C.P. 12(b)(6) motion where Plaintiff has introduced these documents by including them as exhibits to the complaint. A court may consider the allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. *Outdoor Media Group, Inc. v. City of Beaumont*, 506 F.3d 895, 899–900 (9th Cir. 2007). Thus, the Court may consider all of NWTS' exhibits. Further, Plaintiff cannot impugn NWTS or the Federal Rules of Civil Procedure, which plainly allow for a motion to dismiss for failure to state a claim upon which relief may be granted. Plaintiff himself cites several authorities elucidating and explaining the nuances of the appropriate standard for such a motion, and offers nothing but baseless assertion and archaic references to demurrers to attack NWTS' good faith. NWTS' good faith in putting Plaintiff's Complaint to the test is well-founded both in fact and law.



RCO LEGAL, P.S.
13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

**B. Plaintiff Fails to State Claims Under the Deed of Trust or Consumer Protection Act**

Plaintiff does not and cannot distinguish *Frias v. Asset Foreclosure Services, Inc. et al.*, 181 Wn.2d 412, 334 P.3d 529 (2014) from the instant case, because there has been no trustee sale. Plaintiff thus has no damages claim under the DTA. Plaintiff's arguments regarding the Deed of Trust Act can only be regarded as allegations as to the Consumer Protection Act, which still fail to state a claim. Plaintiff argues that the beneficiary declaration must be a misrepresentation based on the Notice of Default (Dkt 1-1 P.50), in which, Plaintiff claims, Fannie Mae is identified as the beneficiary. However, the Notice of Default does not identify Fannie Mae as the beneficiary, but as the "note owner." Plaintiff's attempt to construct a contradiction fails because RCW 61.24.030(7)(a) is clear that a declaration by the beneficiary stating the beneficiary is the actual holder of the promissory note shall be sufficient proof as required of the trustee. Plaintiff and NWTS have both introduced precisely such a declaration from Green Tree. Under *Trujillo v. NWTS*, 181 Wn.App. 484, 326 P.3d 768 (2014) NWTS is entitled to rely upon this declaration.

Further, Plaintiff does not plausibly distinguish NWTS' authorities that Plaintiff lacks standing to challenge either the subject assignment of the deed of trust or the appointment of successor trustee, *e.g.* (as to deed of trust) *Brummett v.*



RCO LEGAL, P.S.
13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

*Washington's Lottery*, 171 Wn.App. 664, 678, 288 P.3d 48 (2012); *McGill v. Baker*, 147 Wash. 394, 266 P. 138 (1928) (only party to an assignment can challenge its validity); *Osediacz v. City of Cranston*, 414 F.3d 136, 140 (1st Cir. 2005) (there is a "general prohibition on a litigant raising another person's legal rights."); *Ukpoma v. U.S. Bank, N.A.*, 2013 WL 1934172, *4 (E. D. Wash. May 9, 2013) (citing cases); *In re MERS*, 2011 WL 4550189, at *5 (D. Ariz. Oct. 3, 2011). Likewise, the Western District of Washington has recognized that "there is ample authority that borrowers, as third parties to the assignment of their mortgage… cannot mount a challenge to the chain of assignments unless a borrower has a genuine claim that they are at risk of paying the same debt twice if the assignment stands." *Borowski v BNC Mortg. Inc.*, 2013 WL 4522253, *5 (W.D. Wash. Aug. 27, 2013).

Plaintiff's CPA allegations remain fatally vague as to NWTS. There are no facts to support the naked assertion that the assignment of deed of trust and appointment are "false"; and NWTS did not execute these documents Plaintiff complains of. Further, Plaintiff offers no substantive response to NWTS' analysis under *Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 784, 719 P.2d 531 (1986).

Plaintiff has already been permitted one amendment to the Complaint, further amendment would be futile. NWTS respectfully requests that the Court



RCO LEGAL, P.S.
13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

grant NWTS' Motion to Dismiss for failure to state a claim upon which relief can be granted.

DATED this 9th day of April, 2015.

**RCO LEGAL, P.S.**

/s/ Joseph H. Marshall
Joseph H. Marshall, WSBA #29671
Of Attorneys for Defendant
Northwest Trustee Services, Inc.



RCO LEGAL, P.S.
13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

## Declaration of Service

The undersigned makes the following declaration:

1. I am now, and at all times herein mentioned was a resident of the State of Washington, over the age of eighteen years and not a party to this action, and I am competent to be a witness herein.

2. That on April 9, 2015, I caused a copy of **Defendant Northwest Trustee Services, Inc.'s Reply on Motion to Dismiss** to be served to the following in the manner noted below:

| | |
|---|---|
| James A. Bigelow<br>7916 Southwind Circle<br>Huntington Beach, CA 92648<br><br>*Pro Se* Plaintiff | [**X**] US Mail, Postage Prepaid<br>[ ] Hand Delivery<br>[ ] Overnight Mail<br>[ ] Facsimile<br>[**X**] CM/ECF Electronic Notice |
| Renee M. Parker<br>Wright, Finlay & Zak, LLP<br>4665 MacArthur Court, Suite 200<br>Newport Beach, CA 92660<br><br>Attorneys for Defendants Green Tree Servicing, LLC and Mortgage Electronic Registration Systems, Inc. | [**X**] US Mail, Postage Prepaid<br>[ ] Hand Delivery<br>[ ] Overnight Mail<br>[ ] Facsimile<br>[**X**] CM/ECF Electronic Notice |

//

///



RCO LEGAL, P.S.
13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

| | |
|---|---|
| Thomas F. Peterson<br>Socius Law Group, PLLC<br>601 Union St., Suite 4950<br>Seattle, WA 98101<br><br>Attorneys for Defendant First American Title Insurance Co. | [**X**] US Mail, Postage Prepaid<br>[ ] Hand Delivery<br>[ ] Overnight Mail<br>[ ] Facsimile<br>[**X**] CM/ECF Electronic Notice |
| Timothy Dietz<br>10018 Cascadian Ave. SE<br>Yelm, WA 98597<br><br>*Pro Se* Counter-Defendant | [**X**] US Mail, Postage Prepaid<br>[ ] Hand Delivery<br>[ ] Overnight Mail<br>[ ] Facsimile<br>[**X**] CM/ECF Electronic Notice |

I declare under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

Signed this 9th day of April, 2015.

/s/ Kristine Stephan
Kristine Stephan, Paralegal



RCO LEGAL, P.S.
13555 SE 36th St., Ste. 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131