**WRIGHT, FINLAY & ZAK, LLP**
Renee M. Parker, Esq., WSBA No. 36995
Lukasz I. Wozniak, Esq., WSBA No. 47290
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
Tel: (949) 610-7023; Fax: (949) 477-9200
rmparker@wrightlegal.net

Attorney for GREEN TREE LOAN SERVICING LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., WRIGHT, FINLAY & ZAK, LLP and RENEE M. PARKER, ESQ.

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON (TACOMA)

| | |
|---|---|
| JAMES A. BIGELOW<br><br>Plaintiff,<br><br>vs.<br><br>NORTHWEST TRUSTEE SERVICES, INC.; GREEN TREE SERVICING, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; WRIGHT, FINLAY & ZAK, LLP, TICOR TITLE COMPANY, NATIONWIDE TITLE INSURANCE COMPANY, RENEE PARKER, and DOE DEFENDANTS 1-20,<br><br>Defendants. | Case No.: 3:14-cv-05798 BHS<br><br>**RESPONSE TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT BY DEFENDANTS GREEN TREE SERVICING LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., WRIGHT, FINLAY & ZAK, LLP AND RENEE M. PARKER, ESQ**<br><br>Noting Date: April 17, 2015<br>WITHOUT ORAL ARGUMENT |

Defendants GREEN TREE LOAN SERVICING LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), WRIGHT, FINLAY & ZAK, LLP and RENEE M. PARKER, ESQ (erroneously sued as Renee Parker) (hereinafter "Defendants" collectively) by and through their counsel of record, Renee M. Parker of Wright, Finlay & Zak, LLP, hereby submits this Response ("Response") to Plaintiff's Opposition ("Opposition") to the Motion to Dismiss Plaintiff's Second Amended Complaint ("Motion to Dismiss").

For the reasons stated below, Plaintiff fails to provide a proper response to Defendants' Motion to Dismiss, and the Complaint must be dismissed without further leave to amend.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. PLAINTIFF IS NOT PROVIDED COMPLETE RELIEF FROM ALL RULES AND LAWS DUE TO HIS STATUS AS A PRO SE LITIGANT

The Opposition filed by JAMES BIGELOW ("Plaintiff") generally argues that because he is a pro se litigant he is essentially afforded protection from all rules and laws governing his pleadings, and has leeway to act outside of established guidelines (Opposition, ¶¶ 2, 10). This is not the leeway the courts have considered. To allow otherwise would open the proverbial floodgates in encouraging litigants to file pleadings without the assistance of an attorney in order to circumvent promulgated requirements.

Although the Court must construe a pro se plaintiff's complaint liberally, Plaintiff nonetheless must satisfy Fed. R. Civ. P. 8(d)(1), which requires each allegation to be "simple, concise, and direct." This requirement "applies to good claims as well as bad, and is the basis for dismissal independent of Rule 12(b)(6)." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996). "Something labeled a complaint but written more as a press release, prolix in evidentiary detail, yet without simplicity, conciseness and clarity as to whom plaintiffs are suing for what wrongs, fails to perform the essential functions of a complaint." *McHenry*, 84 F.3d at 1180. "Prolix, confusing complaints ... impose unfair burdens on litigants and judges." *McHenry*, 84 F.3d at 1179.

"Nevertheless, while the court may excuse ambiguities in a *pro se* Plaintiff's complaint, the court "does not excuse [a complaint's] failures." *Round Valley Indian Tribes v. United States*, 102 Fed. Cl. 634, 636 (2011) (citing *Henke v. United States,* 60 F.3d 795, 799 (Fed.Cir.1995)). "Although a pro se litigant's pleadings are held to a less stringent standard, this does not relief him of" his other burdens. *Jenson v. F.A.A.*, No. CV-10-0234-CI, 2011 WL

| RESPONSE TO OPPOSITION TO MOTION TO DISMISS BY DEFENDANTS GREEN TREE SERVICING LLC, MERS, WFZ AND RENEE M. PARKER, ESQ.<br><br>WFZ File No. 282-2014009 | 2 | Renee M. Parker (SBN 36995)<br>Wright, Finlay, & Zak, LLP<br>4665 MacArthur Blvd., Suite 200<br>Newport Beach, CA 92660<br>PH: (949) 477-5050/FAX: (949) 608-9142 |

1  2491428, at *2 (E.D. Wash. June 22, 2011) (citing *Minehan v. United States,* 75 Fed.Cl. 249, 253 (Fed.Cl.2007); *Bernard v. United States,* 59 Fed.Cl. 497, 499 (Fed.Cl.2004)).

As a result, Plaintiff must meet the most basic guidelines in order to obtain relief. Because of the failure of Plaintiff to do so – after making three attempts – the Complaint must be dismissed without leave to amend.

## II.   DEFENDANTS' MOTION TO DISMISS IS NOT A DEMURRER

Plaintiff's Opposition goes through great lengths to state the Motion to Dismiss is a "demurrer" and therefore unavailable to Defendants as a litigation tool (Opposition, ¶¶ 3-10).

Defendants' Motion to Dismiss is not a "demurrer" or a "procedural nullity" as contended by Plaintiff. "Under other authority, in the absence of a statute or rule or the consent of the parties, the court ordinarily may not treat a motion to dismiss and a demurrer as interchangeable. [*State ex rel. Johnson v. Consumers Public Power Dist.*, 142 Neb. 114, 5 N.W.2d 202 (1942)]. Further, a motion to dismiss may not be treated as a demurrer where it attacks a pleading on a ground that may not be reached by demurrer [*De Lisle v. Spitler*, 349 Mo. 649, 162 S.W.2d 854 (1942)]." 71 C.J.S. Pleading § 628 (December, 2014).

In fact Defendants' Motion to Dismiss is allowed under Federal Rules of Civil Procedure 12(b), which states: "[A] party may assert the following defenses by motion: (6) failure to state a claim upon which relief can be granted[.] A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed."

The "harsh result" argued by Plaintiff is also without merit (Opposition, ¶ 10). Based on the past rulings of this Court, Plaintiff knows that the Court can allow leave to amend the pleadings after dismissal of a complaint.

However here, Plaintiff has already had three attempts to plead the merits of his case without success. Case law is clear that where amendment to the pleadings would be futile, a court may dismiss a complaint without further leave to amend. See *Havas v. Thorton*, 609 F.2d 372 (9th Cir. 1979). Based on this, Defendants seek dismissal without leave to amend.

| RESPONSE TO OPPOSITION TO MOTION TO DISMISS BY DEFENDANTS GREEN TREE SERVICING LLC, MERS, WFZ AND RENEE M. PARKER, ESQ. | 3 | Renee M. Parker (SBN 36995) Wright, Finlay, & Zak, LLP 4665 MacArthur Blvd., Suite 200 Newport Beach, CA 92660 PH: (949) 477-5050/FAX: (949) 608-9142 |

WFZ File No. 282-2014009

III. **THE COURT CAN CONSIDER ALL DOCUMENTS PLAINTIFF ATTACHED TO HIS COMPLAINT, AND DEFENDANTS' CERTIFIED COPIES OF JAMES AND CAROLYN BIGELOW'S DIVORCE DOCUMENTS, IN THE MOTION TO DISMISS**

Plaintiff contends that Defendants' submission of documents, specifically those consisting of documents *filed and used by Plaintiff in the Complaint*, cannot now be used by Defendants and must be stricken (Opposition, ¶¶ 9, 27-31). Plaintiff also states that Defendants failed to provide certified copies of the divorce documents used to support Defendants' contention that Carolyn Bigelow is a necessary party. Both of these contentions are incorrect; without more, the mere fact that Plaintiff does not like that documents he personally executed and filed in public record that are now contrary to his claims here is not a basis for this Court to strike them from the record.

On a motion to dismiss pursuant to F.R.C.P. 12(b)(6), a court may consider documents offered by defendants that were originally referenced in Plaintiffs' complaint. *See e.g., United States v. Ritchie*, 342 F.3d 903, 907–08 (9th Cir. 2003) ("A court may, however, consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment"); *Outdoor Media Group, Inc. v. City of Beaumont,* 506 F.3d 895, 899-900 (9th Cir. 2007) (A court may consider the allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice.); *In re Stac Electronics Securities Litigation,* 89 F.3d 1399, 1405 n.4 (9th Cir. 1996) ("Documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss."); *Lowden v. T-Mobile USA, Inc.*, 2009 WL 537787 (W.D.Wash. 2009) (stating that, on a motion to dismiss, a court "may consider documents incorporated into a complaint either by reference or because the document is central to the Plaintiffs' claim") (citing *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)).

RESPONSE TO OPPOSITION TO MOTION TO DISMISS BY DEFENDANTS GREEN TREE SERVICING LLC, MERS, WFZ AND RENEE M. PARKER, ESQ.

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

WFZ File No. 282-2014009

4

Further, Defendants obtained and filed *certified copies* of the documents from Plaintiff's divorce from Carolyn Bigelow (*see* Opposition, ¶¶ 28-29). Had Plaintiff reviewed Document 67, Pages 48-84, he would have found stamps from the Superior Court for Snohomish County showing every document was a certified copy obtained directly from the Court. Plaintiff's arguments stating the documents were not certified are made either with direct knowledge of their falsity, or from a lack of attention. Either way, the argument is without merit and should be ignored.

### IV.   CAROLYN BIGELOW IS AN INDISPENSABLE PARTY

Despite the fact that the Subject Property, defined as the real property commonly known as 10018 CASCADIAN AVENUE SE, YELM, WASHINGTON 98597 ("Subject Property"), is owed by both Plaintiff *and* non-party CAROLYN BIGELOW, Plaintiff tries to state that any grant of relief in this case does not need to include Carolyn Bigelow (Opposition, ¶¶ 13-15).

Because Carolyn Bigelow is not a party to this action, the Court and Defendants cannot know whether this litigation is in her best interests, comports to any claims that she may raise at a later date, or that Carolyn Bigelow wishes to even retain the Subject Property.

Rule 19(a)(1) of the Federal Rules of Civil Procedure requires all persons be joined to the litigation if: "(A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." *See also, Carpenters 46 Northern California Counties Joint Apprenticeship & Training Committee and Training Board v. Eldredge*, 459 U.S. 917 (1982).

This Court already ordered Plaintiff to join Carolyn Bigelow as a party. *See* Order Granting Defendants' Motion to Dismiss and Plaintiff Leave to Amend entered on January 29,

RESPONSE TO OPPOSITION TO MOTION
TO DISMISS BY DEFENDANTS GREEN
TREE SERVICING LLC, MERS, WFZ AND
RENEE M. PARKER, ESQ.

WFZ File No. 282-2014009

5

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

2015 as Docket Item No. 35, Pages 5-6. Plaintiff could have complied by adding Carolyn Bigelow either as a plaintiff or a defendant, and Plaintiff was allowed to amend the Complaint with this specific purpose. However, for whatever reason Plaintiff refuses to add Carolyn Bigelow to this litigation, and his refusal to do so is willful defiance of an order by this Court.

Further, Plaintiff relied on lack of service to Carolyn Bigelow as grounds to oppose her default on Defendants' counter-complaint for judicial foreclosure (*see* Motion in Opposition to Amended Motion for Entry of Default, Docket Item No. 57, ¶5). This means Plaintiff is now judicially estopped from his arguments that Carolyn Bigelow is not a necessary party. "Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). A party seeking to assert a later inconsistent position must either derive an unfair advantage or impose an unfair detriment on the opposing party if not estopped. *Id.*; *Arkison v. Ethan Allen, Inc.*, 160 Wash.2d 5345, 538, 160 P.3d 13 (2007).

Because Plaintiff has had ample time and opportunity to add Carolyn Bigelow as a party, and has demonstrated he cannot or will not include her in this litigation, Defendants request that the Complaint be dismissed without further leave to amend.

V. **PLAINTIFF'S FAIR DEBT COLLECTION PRACTICES ACT ARGUMENT FAILS**

The Opposition attempts to rebut all of the arguments raised by Defendants by simply stating that Plaintiff is a "consumer" by definition (Opposition, ¶ 16). This argument has no relation to the defenses raised by Defendants, which went to the fact that Defendants are not "debt collectors" by definition or as a matter of law. Since Plaintiff failed to properly rebut Defendants' arguments, he should be deemed to have accepted them without opposition.

///

///

RESPONSE TO OPPOSITION TO MOTION TO DISMISS BY DEFENDANTS GREEN TREE SERVICING LLC, MERS, WFZ AND RENEE M. PARKER, ESQ.

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

WFZ File No. 282-2014009

6

## VI. PLAINTIFF'S CONSUMER PROTECTION ACT ("CPA") ARGUMENT FAILS

Plaintiff's opposition states he is not pursuing fraud as a per se violation of the CPA (Opposition, ¶ 19), but then immediately states that the very basis of his allegation is predicated on "false and misleading documents" he claims Defendants executed and recorded (Opposition, ¶¶ 20-21, 23). If this is not an allegation of fraud, it is unclear what Plaintiff *does* allege.

In order for a fraud claim to survive a dismissal for inadequacy under CR Rule 9(b), "a Complaint needs to state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). "[T]he circumstances constituting fraud or mistake shall be stated with particularity." CR Rule 9(b); *Schreiner Farms, Inc. v. Am. Tower, Inc.*, 173 Wn. App. 154, 163 (2013) ("Facts showing fraud must be alleged with particularity."). "<u>Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.</u>" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citing *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007)) (emphasis added). As the Supreme Court explained, "[p]articularity requires that the pleading apprise the defendant of the facts that give rise to the allegation of fraud." *Adams v. King County*, 164 Wn.2d 640, 662, 192 P.3d 891 (2008).

In reality, Plaintiff does not allege the 'who, what, when, and where' elements of fraud; Plaintiff only presents unfounded and unsupported allegations that Defendants committed a "per se violation" of the statute under the guise of "fraud" to support his CPA claim (Complaint, ¶ 221). Plaintiff relies upon one statement to support this contention in stating "[i]t is impossible to frame definitions which embrace all unfair practices…" (Complaint, ¶ 220). What Plaintiff fails to do is demonstrate an *actual* or *per se* violation of the CPA by Defendants.

These statements are not enough to prove all five required elements to plead a CPA claim under *Johnson v. Camp Auto., Inc.*, 148 Wn. App. 181, 185 (2009), which are "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation." Plaintiff also fails to

RESPONSE TO OPPOSITION TO MOTION
TO DISMISS BY DEFENDANTS GREEN
TREE SERVICING LLC, MERS, WFZ AND
RENEE M. PARKER, ESQ.

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

WFZ File No. 282-2014009

7

show any proximate cause between the "alleged misrepresentation or deceptive practice and the purported injury" under *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 793 (1986)) in either his Complaint or Opposition. In fact, Plaintiff cannot show any proximate cause because his failure to tender monthly payments under the Note and Deed of Trust are the only cause for the foreclosure. The CPA is not designed to protect litigants in these circumstances. *See, Massey v. BAC Home Loans Servicing LP*, 2013 WL 6825309 at *8 (W.D. Wash. 2013) (any injuries associated with foreclosure proceedings "were caused solely by her own default.").

Due to this demonstrated futility and defect in his arguments, Plaintiff's Complaint must be dismissed without leave to amend.

### VII. DEFENDANTS DID NOT VIOLATE THE DEED OF TRUST ACT ("DTA")

Plaintiff's Opposition goes to great lengths to cite case law that is no longer controlling in order to support his DTA claim (Opposition, ¶¶ 21-26). *Frias* is now the current guideline in determining whether a DTA claims exists if foreclosure did not occur: "However, since the parties filed their opening briefs in this appeal, the Washington Supreme Court released its decision in *Frias*, in which it held that 'there is no actionable, independent cause of action for monetary damages under the DTA based on DTA violations absent a completed foreclosure sale.'" *Meyer v. U.S. Bank, National Association*, 3:14-cv-05188 at Pg. 11 (W.Dist. Wash, Mar. 5, 2014) (citing *Frias v. Asset Foreclosure Services, Inc.*, 181 Wash.2d 412, 429 (2014)).

Defendants already demonstrated it did not complete its non-judicial foreclosure sale for the Subject Property by filing its judicial foreclosure as a counter-complaint in this case. Accordingly, Plaintiff's arguments in support of his DTA claim are riddled with defect and fail, and must be dismissed without leave to amend.

///

///

RESPONSE TO OPPOSITION TO MOTION
TO DISMISS BY DEFENDANTS GREEN
TREE SERVICING LLC, MERS, WFZ AND
RENEE M. PARKER, ESQ.

WFZ File No. 282-2014009

8

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

## VIII. DEFENDANTS ARE ALLOWED TO FILE A DECLARATION TO SUPPORT BUSINESS RECORDS, AND PLAINTIFF DOES NOT CITE PROPER GROUNDS TO HAVE THE DECLARATION STRICKEN

From a procedural standpoint, the Opposition improperly asks this Court to strike the Declaration of Edward Born because 1) Plaintiff is attempting to depose Born, and 2) Born inexplicably lacks "personal knowledge" of the facts of this loan (Opposition, ¶ 27).

Rule 901(b))(1) of the Federal Rules of Evidence ("FRE"), which was specifically cited in the Request for Judicial Notice ("RJN") filed concurrently with Defendants' Motion to Dismiss, allows testimony from a knowledgeable witness. FRE 803(6) allows an exception to hearsay where the records being introduced are records made in the regular course of business and as a regularly conducted activity. The Declaration by Edward Born clearly states Born has knowledge of Green Tree's business records, and also acts as the "required affidavit" Plaintiff cites as defects in Defendants' Motion (Opposition ¶¶ 28, 30). Plaintiff abjectly fails to show how or why the declaration should be stricken, and his argument fails.

With respect to the "attempt to depose" Edward Born, Plaintiff sent a letter dated March 23, 2015 to counsel for Green Tree entitled "Request for Contact Information" wherein Plaintiff demanded, among other things, the address for Edward Born's personal residence and Born's personal phone number in order to contact Born to arrange for his deposition. On March 30, 2015 Plaintiff was notified by counsel for Green Tree that his correspondence was not a proper deposition request, and that any such requests must be served through Green Tree's attorney and not to Edward Born directly. This is the known extent of Plaintiff's discovery requests, which is not enough reason to strike RJN No. 1 to the Motion to Dismiss.

Further, documents whose contents are alleged in a complaint may be considered in ruling on a CR 12(b)(6) motion to dismiss <u>without</u> converting the motion into a motion for summary judgment pursuant to CR 56. *Rodriguez v. Loudeye Corp.*, 144 Wn. App. 709, 726 (2008) ("ER 201(b) authorizes the court to take judicial notice of a fact that is 'not subject to

| RESPONSE TO OPPOSITION TO MOTION TO DISMISS BY DEFENDANTS GREEN TREE SERVICING LLC, MERS, WFZ AND RENEE M. PARKER, ESQ.<br>WFZ File No. 282-2014009 | 9 | Renee M. Parker (SBN 36995)<br>Wright, Finlay, & Zak, LLP<br>4665 MacArthur Blvd., Suite 200<br>Newport Beach, CA 92660<br>PH: (949) 477-5050/FAX: (949) 608-9142 |
|---|---|---|

reasonable dispute in that it is . . . capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'"); *Sebek v. City of Seattle*, 172 Wn. App. 273, 275 n.2 (2012) (same). The Note, which was the subject of the Born Declaration and authenticated thereby, is cited by Plaintiff extensively throughout the Complaint and is thusly allowed to be considered by this Court in ruling on the Motion to Dismiss.

### IX. PLAINTIFF'S CONSUMER PROTECTION ACT CLAIM IS BARRED UNDER RCW § 19.86.120

Plaintiff's Consumer Protection Act ("CPA") claim is barred by a four-year limitations period. RCW 19.86.120 ("Any action to enforce a claim for damages under RCW 19.86.090 shall be forever barred unless commenced within four years after the cause of action accrues."). Plaintiff stating it isn't barred does not change this result (Opposition, ¶ 17).

The statute of limitations on a CPA cause of action under RCW § 19.86.020 begin to accrue when the Deed of Trust is executed, not when foreclosure is commenced. *See e.g.*, *Wescott v. Wells Fargo Bank, N.A.*, 862 F.Supp.2d 1111, 1118 (W.D.Wash. 2012); *Zhong v. Quality Loan Svc. Corp. of Washington*, 2013 WL 5530583, *4 (W.D.Wash. 2013) (citing *Howard v. Countrywide Home Loans, Inc.*, C13–0133JL R, 2013 WL 1285859 (W.D.Wash. Mar.26, 2013); *Green v. A.P.C.*, 136 Wash.2d 87, 960 P.2d 912, 915 (Wash.1998).

Plaintiff claims Defendants' violation of the CPA stems from the Deed of Trust naming MERS as beneficiary in a nominee capacity (*see* Complaint, ¶¶ 19-20, 43-44), meaning the mere naming of MERS caused all other documents executed at a later time to be invalid (Complaint, ¶ 57). The Deed of Trust was executed on or about April 24, 2007 and because this event took place over six years ago Plaintiff's CPA claim is time-barred by statute.

///

///

///

///

RESPONSE TO OPPOSITION TO MOTION TO DISMISS BY DEFENDANTS GREEN TREE SERVICING LLC, MERS, WFZ AND RENEE M. PARKER, ESQ.

WFZ File No. 282-2014009

10

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

## VI. CONCLUSION

WHEREFORE, based upon the facts and conclusions above, Defendants requests that:

1. Defendants' Motion to Dismiss be GRANTED;

2. Plaintiff's Opposition to Defendant's Motion to Dismiss be OVERRULED;

3. This action be dismissed in its entirety with prejudice, without additional leave to amend; and

4. For such other and further relief as the Court deems just and proper.

Dated: April 14, 2015

Respectfully submitted,
**WRIGHT, FINLAY, & ZAK, LLP**

By: _____
Renee M. Parker, WSBA # 36995
Attorneys for Defendants,
GREEN TREE LOAN SERVICING LLC,
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.
("MERS"), WRIGHT, FINLAY & ZAK, LLP
and RENEE M. PARKER, ESQ

RESPONSE TO OPPOSITION TO MOTION TO DISMISS BY DEFENDANTS GREEN TREE SERVICING LLC, MERS, WFZ AND RENEE M. PARKER, ESQ.

WFZ File No. 282-2014009

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

11

# DECLARATION OF SERVICE

The undersigned declares as follows:

On April 15, 2015, I served the foregoing document: **RESPONSE TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT BY DEFENDANTS GREEN TREE SERVICING LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., WRIGHT, FINLAY & ZAK, LLP and RENEE M. PARKER, ESQ** on interested parties in this action by placing a true copy thereof enclosed in a sealed envelope via postage prepaid, regular first class mail and/or electronic service as follows:

**SERVICE VIA U.S. MAIL:**
CHAMBER COPY:
The Honorable Benjamin H. Settle
United States Courthouse
1717 Pacific Avenue, Room 3100
Tacoma, WA 98402 – 3200

**ELECTRONIC SERVICE:**
PLAINTIFF:
James A Bigelow
sistermoonproductions@gmail.com

NORTHWEST TRUSTEE SERVICES INC.:
Joseph H Marshall
jomarshall@rcolegal.com, kstephan@rcolegal.com

FIRST AMERICAN TITLE INSURANCE COMPANY:
Thomas F. Peterson
tpeterson@sociuslaw.com, lmckenzie@sociuslaw.com

NATIONWIDE TITLE CLEARING
Matthew T Adamson
madamson@jbsl.com, lkondo@jbsl.com

INTERESTED PARTY/TENANT AT PROPERTY
Timothy Dietz
timthepostman@yahoo.com

I declare under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.

DATED this 15th day of April, 2015

*/s/ Steven E. Bennett*
Steven E. Bennett

---

| RESPONSE TO OPPOSITION TO MOTION TO DISMISS BY DEFENDANTS GREEN TREE SERVICING LLC, MERS, WFZ AND RENEE M. PARKER, ESQ. | Renee M. Parker (SBN 36995) Wright, Finlay, & Zak, LLP 4665 MacArthur Blvd., Suite 200 Newport Beach, CA 92660 |
|---|---|
| WFZ File No. 282-2014009 | 12    PH: (949) 477-5050/FAX: (949) 608-9142 |