Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES A. BIGELOW,

    Plaintiff,

vs.

NORTHWEST TRUSTEEE SERVICES, INC; GREEN TREE SERVICING, LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., WRIGHT FINLAY & ZAK, LLP, TICOR TITLE COMPANY, NATIONWIDE TITLE CLEARING, FIRST AMERICAN TITLE INSURANCE COMPANY, RENEE PARKER, AND DOE DEFENDANTS 1 – 20,

    Defendants.

No. 3:14-cv-05798-BHS

NATIONWIDE TITLE CLEARING INC.'S MOTION TO DISMISS

Hearing Date: May 15, 2015

## I.  RELIEF REQUESTED AND INTRODUCTION

Defendant Nationwide Title Clearing, Inc. ("NTC") respectfully requests that it be dismissed from this case with prejudice, and that any request for leave to amend be denied. Plaintiff's complaint alleges that NTC prepared an Assignment of Deed of Trust for a client, and that the Assignment was signed by MERS. These alleged facts fail to state claims under the Washington Consumer Protection Act, or for slander of title, or for intentional or negligent infliction of emotional distress. NTC must be dismissed.

MOTION TO DISMISS - 1

## II. ARGUMENT

**A. CIVIL RULE 12(b)6) STANDARD.**   On a motion to dismiss, the Court accepts the material facts alleged in the complaint, together with all reasonable inferences to be drawn from those facts, as true. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). To be entitled to the presumption of truth, a complaint's allegations "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 687. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. A "formulaic recitation of the elements of a cause of action will not do." *Id at 555.*

### B. The Complaint Fails to State a Claim Against NTC

In the preamble to his Second Amended Complaint ("SAC"), plaintiff asserts that his claims arise out of collection of a promissory note, and that he "hereby sues ... Nationwide Title Clearing for violations of the WCPA, Slander of Title, [and] Infliction of Emotional Distress." [Dkt. 44 p. 2]

Other than identifying NTC's address and registered agent, NTC is not referenced again in the SAC until paragraph 59. Starting with paragraph 59, plaintiff alleges that NTC was asked to record an Assignment of Deed of Trust by Green Tree Servicing ("GTS"), that Ms. Lance of NTC prepared the Assignment, the Assignment was signed by MERS, and NTC then recorded it.  It appears that plaintiff is referring to the Assignment of Deed of Trust recorded April 20, 2012 assigning the deed of trust

from MERS, as nominee for Pierce Commercial Bank, to GTS, recorded in Thurston County under recording number 4261697. [Dkt. 44 ¶ 46] A copy of the document is [Dkt. 1-1, p. 23]. NTC is next referenced in the SAC in paragraphs 218, and 222 – 226, wherein plaintiff generically lays out the elements of a claim for violation of the Washington Consumer Protection Act, without specifying just what NTC is alleged to have done.

In Count V, paragraphs 227 – 230, plaintiff alleges that NTC slandered plaintiff's title. Again, no specifics are provided as to just what NTC did that could plausibly be considered "malicious" or that otherwise slandered plaintiff's title.

Finally, in Count VI, paragraphs 231 – 232, plaintiff alleges that NTC intentionally inflicted emotional distress. Again, no specific actions by NTC are alleged.

### 1. The Complaint Fails to State a Claim for Violation of the Consumer Protection Act.

Under federal law, a "formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 at 555. Plaintiff's cause of action does nothing more than recite the elements of a cause of action and name NTC as the one violating those elements. But plaintiff fails to allege any facts to support the claim.

One might, generously, interpret the complaint as alleging that NTC's preparation of the Assignment of Deed of Trust and recording the document, amounts to a violation of the CPA. Nowhere is this stated in the complaint, but those are the only alleged facts that address NTC's conduct, and thus perhaps that is what plaintiff is relying upon.

To establish a CPA violation, the plaintiff must prove five elements: (1) an unfair or deceptive act or practice that (2) occurs in trade or commerce, (3) impacts the public interest, (4) and causes injury to the plaintiff in her business or property, and (5) the injury is causally linked to the unfair or deceptive act. *Michael v. Mosquera-Lacy*, 165 Wn.2d 595, 602, 200 P.3d 695, 698-699 (2009).

The CPA attempts "to bring within its reach[ ] every person who conducts unfair or deceptive acts or practices in any trade or commerce." *Short v. Demopolis*, 103 Wn.2d 52, 61, 691 P.2d 163 (1984). "The term 'trade' as used by the Consumer Protection Act includes only the entrepreneurial or commercial aspects of professional services, not the substantive quality of services provided." *Ramos v. Arnold*, 141 Wn. App. 11, 20, 169 P.3d 482 (2007). "Claims directed at the competence of and strategies employed by a professional amount to allegations of negligence and are exempt from the Consumer Protection Act." *Ramos*, 141 Wn. App. at 20.

Plaintiff's complaint does not allege any acts that could plausibly be "unfair" or "deceptive." Further, preparing a form at the direction of a client is not "trade or commerce" under the CPA. It does not address the "entrepreneurial or commercial aspects" of NTC's business, but only the substantive quality of the work.

Furthermore, there is no plausible argument that preparing an Assignment of Deed of Trust caused any injury to plaintiff.

### 2. The Complaint Fails to State a Claim for Slander of Title.

To prove slander of title, one must prove "(1) false words; (2) maliciously published; (3) with reference to some pending sale or purchase of property; (4) which go to defeat plaintiff's title; and (5) result in plaintiff's pecuniary loss." *Rorvig v. Douglas*, 123 Wn.2d 854, 860, 873 P.2d 492 (1994).

Plaintiff's complaint fails to allege any facts that could plausibly support even one element of a slander of title claim. Plaintiff pleads no facts as to how preparing an Assignment for a client would be "false words," or how NTC was "malicious" toward a name on a page who they did not even know. There is also no allegation of a pending sale, or any pecuniary loss caused by the preparation of the Assignment.

MOTION TO DISMISS - 4

### 3. The complaint fails to state a claim for intentional or negligent infliction of emotional distress.

"The tort of outrage [or intentional infliction of emotional distress] requires the proof of three elements: (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of severe emotional distress." *Kloepfel v. Bokor*, 149 Wn.2d 192, 195, 66 P.3d 630, 632, (2003). "A plaintiff may recover for negligent infliction of emotional distress if she proves negligence—that is, duty, breach of the standard of care, proximate cause, and damage—and proves the additional requirement of objective symptomatology." *Strong v. Terrell*, 147 Wn. App. 376, 387, 195 P.3d 977, 982, (2008)

As indicated, the only factual allegation against NTC is that it prepared an Assignment of a Deed of Trust. This cannot plausibly state a claim for intentional or negligent infliction of emotional distress. Any duty in preparing the form would be owed to the client, which the Complaint alleges was Green Tree. [ Dkt. 44 ¶¶ 60-62]. There is no allegation that the preparation of the form breached any duty, much less any duty to plaintiff. And there is no allegation of any causation, or of any "objective symptomatology" of emotional distress.

### IV. CONCLUSION

Plaintiff has filed a complaint and two amended complaints. When the court dismissed his earlier complaint, he took the opportunity to name new parties, including a lawyer for one of the defendants, and NTC, which is only associated with the transaction because it prepared a form Assignment of Deed of Trust. The Second Amended Complaint fails to state any claims against NTC, and it must be dismissed with prejudice and without leave to amend.

DATED this 17th day of April, 2014.

        JAMESON BABBITT STITES & LOMBARD, PLLC

        By:   *s/Matt Adamson*
              Matt Adamson, WSBA #31731
              ATTORNEYS FOR DEFENDANT NTC
              801 Second Ave. #1000
              Seattle, WA 98104
              T: 206.292.1994
              F: 206.292.1995
              madamson@jbsl.com

| | |
|---|---|
| 1 | CERTIFICATE OF SERVICE |

I, Laura Kondo, declare as follows:

1. I am a legal assistant with the law firm of Jameson Babbitt Stites & Lombard, PLLC, over the age of 18 years, a resident of the State of Washington, and not a party to this matter.

2. On April 20, 2015, I caused the foregoing Motion to Dismiss (with attached Certificate of Service) to be served upon all counsel of record automatically through the United States Court ECF system and transmitted to all counsel of record.

I declare under penalty of perjury of the laws of the State of Washington and the United States that the foregoing is true and correct.

DATED: April 20, 2105, at Seattle, Washington.

_____
Laura Kondo

MOTION TO DISMISS - 7

53484\01002\00824874.DOC.V1 MTA