Honorable Benjamin H. Settle

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| JAMES A. BIGELOW,<br><br>    Plaintiff,<br>v.<br><br>NORTHWEST TRUSTEE SERVICES, INC.; GREEN TREE SERVICING, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; WRIGHT, FINLEY & ZAK, LLP; TICOR TITLE COMPANY; NATIONWIDE TITLE CLEARING; FIRST AMERICAN TITLE INSURANCE COMPANY; RENEE PARKER; and DOE DEFENDANTS 1 - 20,<br><br>    Defendants. | CASE NO. 3:14-cv-05798-BHS<br><br>DEFENDANT FIRST AMERICAN TITLE INSURANCE COMPANY'S MOTION TO DISMISS<br><br>**Note on Motion Calendar:**<br>**May 22, 2015**<br><br>**Responses due: May 18, 2015** |
| GREEN TREE SERVICING, LLC,<br><br>    Counter-Plaintiff,<br>vs.<br><br>JAMES A. BIGELOW and CAROLYN BIGELOW, Husband and Wife; WELLS FARGO BANK, N.A.; OAK RIDGE YELM HOME OWNERS ASSOCIATION, a non-profit corporation; and ALL PERSONS OR PARTIES UNKNOWN CLAIMING ANY RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT HEREIN,<br><br>    Counter-Defendants. | |

DEFENDANT FIRST AMERICAN'S MOTION
TO DISMISS
CASE NO. 3:14-cv-05798-BHS     -1-
216556

Socius Law Group, PLLC
A T T O R N E Y S
Two Union Square • 601 Union Street, Suite 4950
Seattle, Washington 98101.3951
Telephone 206.838.9100
Facsimile 206.838.9101

## I. INTRODUCTION & RELIEF REQUESTED

Defendant, First American Title Insurance Company ("First American") respectfully requests that the Court dismiss Plaintiff James A. Bigelow's ("Plaintiff") Complaint against First American with prejudice pursuant to Fed. R. Civ. Proc. 12(b)(6), and that any request for leave to amend be denied because Plaintiff fails to state a claim against First American upon which relief can be granted. Plaintiff has now filed a complaint and two amended complaints. After the Court dismissed Plaintiff's first amended complaint, he took the opportunity to name new parties including First American, whose only ties to this case are two documents that First American ministerially recorded for another party. Plaintiff has failed to plead enough facts to state a claim to relief that is plausible on its face. Nor can he do so, since First American has done nothing other than record documents for another party. This case should be dismissed with prejudice because Plaintiff has not, and is not able to state a claim against First American upon which relief can be granted.

## II. STATEMENT OF FACTS

The facts stated herein are limited to those found in Plaintiff's complaint and the documents referenced therein.

In his Second Amended Complaint ("SAC"), Plaintiff states that he "hereby sues . . . First American Title Insurance Company for violations of the WCPA, Slander of Title, [and] Infliction of Emotional Distress." [Dkt. 44 p. 2] Other than identifying First American's address and registered agent, First American is not referenced again in the SAC until paragraph 88, where Plaintiff alleges that co-defendant Northwest Trustee Services, Inc. ("NWTS"), "through [First American], appointed themselves as Successor Trustee and

DEFENDANT FIRST AMERICAN'S MOTION TO DISMISS
CASE NO. 3:14-cv-05798-BHS
216556

-2-

Socius Law Group, PLLC
A T T O R N E Y S
Two Union Square • 601 Union Street, Suite 4950
Seattle, Washington 98101.3951
Telephone 206.838.9100
Facsimile 206.838.9101

electronically sent this false and misleading Assignment of Successor Trustee from South Dakota to the Thurston County Recorder's Office in Washington State." [Dkt. 44 p. 14]

Plaintiff thereafter alleges that NWTS, "through [First American] caused a false and misleading Assignment of Successor Trustee to be recorded into the records of Thurston County."[1] [Dkt. 44 p. 15] Plaintiff refers to Exhibit D in his original Verified Complaint ("First Complaint")—the Appointment of Successor Trustee recorded by First American on May 18, 2012, under Thurston County, Washington Auditor's File No. 4266605 ("Appointment of Successor Trustee"), whereby Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for Pierce Commercial Bank, the beneficiary under that certain deed of trust dated April 24, 2007, under Thurston County, Washington Auditor's File No. 3922368, appointed NWTS as successor trustee for said deed of trust. [Dkt. 44 p. 14; Dkt. 1-1 Ex. D]

First American is not mentioned again in the SAC until paragraphs 219 and 222-226, where Plaintiff generically recites the elements of a claim for violation of the Washington Consumer Protection Act ("WCPA"). Without providing any specific facts, Plaintiff alleges that several defendants, including First American violated the WCPA through:

> misrepresentations, fraud, and/or irregularities in the nonjudicial foreclosure proceedings, restricting and inhibiting Plaintiff's ability to locate the party accountable and with authority to correct the foreclosure irregularities, and pursuing a course of conduct that involves the preparation of false and misleading documents and actions recording and relying upon such documents and /or actions that they knew or should

---

[1] Plaintiff also appears to allege that NWTS, through First American, committed wire fraud by sending the referenced document from South Dakota to the Thurston County Recorder's Office in Washington State. [Dkt. 44 p. 14] Such claim involves an allegation of criminal wrongdoing, and thus will not be addressed herein.

DEFENDANT FIRST AMERICAN'S MOTION
TO DISMISS
CASE NO. 3:14-cv-05798-BHS          -3-
216556

Socius Law Group, PLLC
A T T O R N E Y S
Two Union Square • 601 Union Street, Suite 4950
Seattle, Washington 98101.3951
Telephone 206.838.9100
Facsimile 206.838.9101

have known to be false, misleading and that had the capacity to deceive a substantial portion of the public.

[Dkt. 44 p. 30-31]. Despite all of this verbiage, Plaintiff fails to state how First American's ministerial act of recording documents for another party violated the WCPA.

In paragraphs 227-230 of the SAC, Plaintiff alleges that several defendants, including First American, slandered Plaintiff's title by recording "various documents, including a 'Notice of Trustee Sale.'" Plaintiff is presumably referring to Exhibit M to the First Complaint—a Notice of Trustee Sale recorded by First American on April 30, 2014, under Thurston County Recording Number 4389907 ("Notice of Trustee Sale"). [Dkt. 44 p.33; 1-1 EX. M] Plaintiff fails to provide any specifics regarding how First American performed acts in a malicious manner, or in any manner that otherwise slandered Plaintiff's title.

Finally, in paragraphs 231-232 of the SAC, plaintiff summarily alleges that several defendants, including First American, "have intentionally or negligently taken false and misleading actions which have caused the Plaintiff severe emotional distress as the family life he was accustomed to unraveled." [Dkt. 44 p.34] Again, no specific actions by First American are alleged.

### III. STATEMENT OF ISSUE

Should Plaintiff's claims against First American be dismissed when the SAC, once liberally construed and taken as true, shows that First American has only provided the ministerial service of recording documents as a service to another party?

DEFENDANT FIRST AMERICAN'S MOTION TO DISMISS
CASE NO. 3:14-cv-05798-BHS
216556
-4-

Socius Law Group, PLLC
ATTORNEYS
Two Union Square • 601 Union Street, Suite 4950
Seattle, Washington 98101.3951
Telephone 206.838.9100
Facsimile 206.838.9101

## IV. EVIDENCE RELIED UPON

This motion is based on the SAC, and the relevant documents referenced therein, which were attached as exhibits to the First Complaint and (since they were recorded by First American) are also matters of public record.

## V. AUTHORITY

### A. Civil Rule 12(b)6) Standard

On a motion to dismiss, the Court accepts the material facts alleged in the complaint, together with all reasonable inferences to be drawn from those facts, as true. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). The Court may consider documents or exhibits attached to Plaintiff's complaint, writings of unquestioned authenticity that are relied upon in the complaint, or public records. *Swartz v. KPMG, LLP*, 476 F.3d 756, 763 (9th Cir. 2007); *Corales v. Flagstar Bank, FSB*, 822 F. Supp. 2d 1102, 1113 (W.D. Wn. 2011).[2] To be entitled to the presumption of truth, a complaint's allegations "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility does not mean probability, but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility

---

[2] First American's only tie to this case are the recorded documents referenced in the SAC and attached as exhibits to the First Complaint—all publicly recorded documents. The Court may take judicial notice of matters in the public record without converting a motion to dismiss into a motion for summary judgment, as long as the facts noticed are not subject to reasonable dispute. *Intri–Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).

DEFENDANT FIRST AMERICAN'S MOTION
TO DISMISS
CASE NO. 3:14-cv-05798-BHS            -5-
216556

Socius Law Group, PLLC
A T T O R N E Y S
Two Union Square • 601 Union Street, Suite 4950
Seattle, Washington 98101.3951
Telephone 206.838.9100
Facsimile 206.838.9101

when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 663. A "formulaic recitation of the elements of a cause of action will not do." *Id.* at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

B. <u>Plaintiff Fails to State a Claim Against First American</u>

The SAC and Plaintiff's exhibits show that First American recorded documents as a service to another party—NWTS—, nothing more. Aside from that, Plaintiff only formulaically recites elements of claims and makes summary conclusions. He fails to provide any substance from which the Court could draw a reasonable inference that First American is liable for any of the misconduct alleged—the requirement mandated by the United States Supreme Court. *Iqbal*, 556 U.S. at 663. Nor can Plaintiff amend the SAC to make such allegations because First American only recorded documents as a service for NWTS. It has no substantive involvement in the facts of this case. Thus, Plaintiff's claims against First American must be dismissed.

1. <u>The Complaint Fails to State a Claim for Violation of the WCPA.</u>

Plaintiff fails to allege facts to support his WCPA claim. Reading the complaint generously, Plaintiff alleges that First American violated the WCPA by providing the ministerial service of recording two documents on behalf of NWTS. Plaintiff states that

> on or about May 18, 2012 ... NWTS, through [First American], appointed themselves as Successor Trustee and electronically sent this false and misleading Assignment of Successor Trustee from South Dakota to the Thurston County Recorder's Office in Washington State.
> ...

DEFENDANT FIRST AMERICAN'S MOTION TO DISMISS
CASE NO. 3:14-cv-05798-BHS -6-
216556

Socius Law Group, PLLC
ATTORNEYS
Two Union Square • 601 Union Street, Suite 4950
Seattle, Washington 98101.3951
Telephone 206.838.9100
Facsimile 206.838.9101

> [and] on or about May 18, 2012, NWTS, through [First American], caused a false and misleading Assignment of Successor Trustee to be recorded into the records of Thurston County.

[Dkt. 44 p. 14-15]

Plaintiff later summarily alleges that multiple defendants, including First American made "false and misleading representations," which violated the WCPA and caused Plaintiff to suffer a variety of harms, including his marital community to be severed. This is nothing more than "an unadorned, the-defendant-unlawfully-harmed-me accusation," which cannot meet the pleading standard set forth in the Federal Rules of Civil Procedure. *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp.* 550 U.S. at 555). To establish a WCPA violation, the plaintiff must prove five elements: (1) an unfair or deceptive act or practice that (2) occurs in trade or commerce, (3) impacts the public interest, (4) and causes injury to the plaintiff in her business or property, and (5) the injury is causally linked to the unfair or deceptive act. *Michael v. Mosquera-Lacy*, 165 Wn.2d 595, 602, 200 P.3d 695, 698-99 (2009).

The operative language of the WCPA states "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." RCW 19.86.020. The terms "trade" or "commerce" as used by the WCPA only includes the entrepreneurial or commercial aspects of professional services, not the substantive quality of services provided. *Michael* 165 Wn. 2d at 603; *see also Ramos v. Arnold*, 141 Wn. App. 11, 20, 169 P.3d 482, 486 (2007). Entrepreneurial or commercial aspects include how the cost of services is determined, billed, and collected and the way a professional obtains, retains, and dismisses clients. *Id.* Claims directed at the competence

DEFENDANT FIRST AMERICAN'S MOTION TO DISMISS
CASE NO. 3:14-cv-05798-BHS
216556
-7-

Socius Law Group, PLLC
A T T O R N E Y S
Two Union Square • 601 Union Street, Suite 4950
Seattle, Washington 98101.3951
Telephone 206.838.9100
Facsimile 206.838.9101

of, and strategies employed by, a professional merely amount to allegations of negligence and are exempt from the WCPA. *Id.*

Plaintiff's WCPA claim must be dismissed because Plaintiff fails to plausibly plead any (let alone all) of the elements of a WCPA violation. First, Plaintiff fails to allege any acts by First American that could plausibly be considered "unfair" or "deceptive." As reflected in Plaintiff's SAC and exhibits, First American did nothing more than record the Appointment of Successor Trustee and Notice of Trustee as a ministerial service for NWTS. This is not enough for Plaintiff's WCPA claim to survive. *See Robertson v. GMAC Mortgage LLC*, 982 F. Supp. 2d 1202, 1209 (W.D. Wn. 2013) (granting motion to dismiss WCPA claim because the defendant had no obligation to the plaintiff who alleged that the defendant "recorded (or authorized) the placement of documents in the public record which made false claims of authority or transaction, deceiving Plaintiff and the general public.").

Second, recording documents actions cannot implicate "trade or commerce" under the WCPA, as such action does not address the "entrepreneurial or commercial aspects" of First American's business. Third, the public interest calls for title companies to be allowed to freely record documents for others as the purpose of recording acts "is to ensure stability and certainty in title to real property," and "[p]lacing substantial liability on title companies for recording real property interests would undermine these goals." *Centurion Properties, III, LLC v. Chicago Title Ins. Co.*, No. CV–12–5130–RMP, 2013 WL 3350836, at *5 (E.D. Wn.) (citing *Ellingsen v. Franklin Cnty.*, 117 Wn.2d 24, 28–29, 810 P.2d 910 (1991)).

DEFENDANT FIRST AMERICAN'S MOTION
TO DISMISS
CASE NO. 3:14-cv-05798-BHS                    -8-
216556

Socius Law Group, PLLC
ATTORNEYS
Two Union Square • 601 Union Street, Suite 4950
Seattle, Washington 98101.3951
Telephone 206.838.9100
Facsimile 206.838.9101

Finally, the mere ministerial act of recording documents relating to real property as a service to another cannot sincerely be considered to have caused the injuries Plaintiff alleges. To show causation, "plaintiff must establish that, but for the defendant's unfair or deceptive practice, the plaintiff would not have suffered an injury." *Robertson v. GMAC Mortgage LLC*, 982 F. Supp. 2d 1202, 1209 (W.D. Wn. 2013) (citing *Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.*, 162 Wn.2d 59, 84, 170 P.3d 10 (2007)). First American's recording of the documents at issue merely gave notice to the rest of the world as to the instruments' existence. It did not cause the instruments themselves to exist, and the instruments would have existed, as well as, any event of default, regardless of First American's actions. At best, Plaintiff's argument appears to be that if First American had not recorded the documents, and if no other party had recorded the documents instead, then notification of the instrument's existence could have been delayed long enough for Plaintiff to have secured financing or come up with funds to pay off the loan secured by the deed of trust for his property. This logic has been rejected. *See Centurion Props., III, LLC* 2013 WL 3350836 at *6–*7 (rejecting the claim that title company's alleged failure to ensure accuracy of recorded documents caused the plaintiff's injury). Plaintiff's WCPA claim must be dismissed with prejudice.

### 2. The Complaint Fails to State a Claim for Slander of Title.

To establish a slander of title action, a plaintiff must demonstrate "(1) false words; (2) maliciously published; (3) with reference to some pending sale or purchase of property; (4) which go to defeat plaintiff's title; and (5) result in plaintiff's pecuniary loss." *Id.* at *6 (citing *Rorvig v. Douglas*, 123 Wn.2d 854, 859–60, 873 P.2d 492 (1994)). Malice requires a

DEFENDANT FIRST AMERICAN'S MOTION
TO DISMISS
CASE NO. 3:14-cv-05798-BHS
216556

-9-

Socius Law Group, PLLC
ATTORNEYS
Two Union Square • 601 Union Street, Suite 4950
Seattle, Washington 98101.3951
Telephone 206.838.9100
Facsimile 206.838.9101

showing that the defendant acted in bad faith and without a reasonable belief in the veracity of the published statements. *Brodie v. Nw. Tr. Servs., Inc.*, 12-CV-0469-TOR, 2012 WL 4468491, at *7 (E.D. Wn. Sept. 27, 2012) (citing *Brown v. Safeway Stores, Inc.*, 94 Wn.2d 359, 375, 617 P.2d 704, 713 (1980)). The initiation of trustee sale or foreclosure proceedings simply "cannot form the basis of a slander of title claim," since the initiation of such proceedings "cannot be deemed malicious in the context of a bona fide dispute over . . . payments." *Brodie* 12-CV-0469-TOR, 2012 WL 4468491, at *8; *Beaton v. JPMorgan Chase Bank N.A.*, C11-0872 RAJ, 2012 WL 909768, at *3 (W.D. Wn. Mar. 15, 2012) (same); *see also Tuttle v. Bank of N.Y. Mellon*, C11-1048-RSM, 2012 WL 726969 at *6 (W.D. Wn. March 6, 2012) (citing RCW 61.24.030 and holding that the filing of a Notice of Trustee Sale cannot give rise to a slander of title claim because "Washington law requires a trustee to record such a notice following a borrower's default."); *Buddle–Vlasyuk v. Bank of New York Mellon*, No. 11–CV–5561 RBL, 2012 WL 254096, at *5 (W.D. Wn. Jan.27, 2012) (same); *Oliveros v. Deutsche Bank Nat. Trust Co., N.A.*, No. 3:11–CV–05581–RBL, 2012 WL 113493, at *5 (W.D. Wn., Jan.13, 2012) (same).

Moreover, slander of title is only available where the defendant has interfered with the plaintiff's bona fide sale of the property. *Lapinski v. Bank of Am., N.A.*, C13-00925 RSM, 2014 WL 347274, at *5 (W.D. Wn. Jan. 30, 2014) (citing *Pay'n Save Corp. v. Eads*, 53 Wn.App. 443, 448, 767 P.2d 592 (1989) (affirming trial court's dismissal of a slander of title claim where the plaintiff conceded that no sale or purchase of the property was pending); *Clarkston Comm'ty Corp. v. Asotin Cy. Port Dist.*, 3 Wn.App. 1, 4, 472 P.2d 558 (1970)

DEFENDANT FIRST AMERICAN'S MOTION
TO DISMISS
CASE NO. 3:14-cv-05798-BHS
216556

-10-

Socius Law Group, PLLC
A T T O R N E Y S
Two Union Square • 601 Union Street, Suite 4950
Seattle, Washington 98101.3951
Telephone 206.838.9100
Facsimile 206.838.9101

(concluding that the mere expectation that a buyer would begin negotiations for a sale was insufficient to satisfy essential slander of title element)).

Plaintiff's complaint fails to allege any facts that could plausibly support any element of a slander of title claim. Plaintiff pleads no facts as to how First American's recording of documents constitutes "false words," or more importantly, how First American's actions were "malicious" toward him, a party whom First American did not even know. Moreover, the Notice of Trustee Sale is related to initiation of a deed of trust sale and as such, cannot form the basis of a slander of title claim according to Washington law. Finally, nowhere does Plaintiff claim that First American's actions interfered with a valid pending purchase or sale of Plaintiff's property. Accordingly, this claim must be dismissed with prejudice, as granting leave to amend would be futile.

3. <u>The Complaint Fails to State a Claim for Intentional or Negligent Infliction of Emotional Distress.</u>

"The tort of outrage [or intentional infliction of emotional distress] requires the proof of three elements: (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of severe emotional distress." *Kloepfel v. Bokor*, 149 Wn.2d 192, 195, 66 P.3d 630, 632, (2003). "A plaintiff may recover for negligent infliction of emotional distress if she proves negligence, that is, duty, breach of the standard of care, proximate cause, and damage, and proves the additional requirement of objective symptomatology." *Strong v. Terrell*, 147 Wn. App. 376, 387, 195 P.3d 977, 982, (2008).

DEFENDANT FIRST AMERICAN'S MOTION
TO DISMISS
CASE NO. 3:14-cv-05798-BHS                    -11-
216556

Socius Law Group, PLLC
A T T O R N E Y S
Two Union Square • 601 Union Street, Suite 4950
Seattle, Washington 98101.3951
Telephone 206.838.9100
Facsimile 206.838.9101

Plaintiff's claim for negligent and/or intentional infliction of emotional distress is nothing more than a statement without any factual support or specific assertions against First American: "Plaintiff alleges that [First American] have intentionally or negligently taken false and misleading actions which have caused the Plaintiff severe emotional distress as the family life he was accustomed to unraveled." [Dkt. 44, p.34] Such allegations fail the *Iqbal* standard. *Fed. Nat. Mortgage Ass'n v. Sung Sook Ahn*, C14-5063 RBL, 2014 WL 3810629, at *3 (W.D. Wn. Aug. 1, 2014).

Moreover, the only factual allegation against First American that can be gleaned from the SAC is that First American recorded documents as a service for NWTS. This cannot plausibly state a claim for intentional or negligent infliction of emotional distress. Recording documents, as a service, is simply not extreme and outrageous conduct. A claim for the intentional infliction of emotional distress includes a requirement that the conduct was "beyond all possible bounds of decency ... [and] utterly intolerable in a civilized community." *Mills v. Bank of Am., N.A.*, 3:14-CV-05238-RBL, 2014 WL 4202465, at *7 (W.D. Wn. Aug. 22, 2014) (citing *Kloepfel v. Bokor*, 149 Wn.2d 192, 195, 66 P.3d 630 (2003)). Plaintiff cannot allege that merely recording documents as a service for another party was somehow beyond the bounds of decency and utterly intolerable.

As for the claim of negligent infliction of emotional distress, there is similarly no allegation that recording the Appointment of Successor Trustee or Notice of Trustee Sale breached any duty, much less any duty to Plaintiff. Nor can there be any such allegation since any duty in recording the form would be owed to the client, not to Plaintiff. A title

DEFENDANT FIRST AMERICAN'S MOTION
TO DISMISS
CASE NO. 3:14-cv-05798-BHS         -12-
216556

Socius Law Group, PLLC
A T T O R N E Y S
Two Union Square • 601 Union Street, Suite 4950
Seattle, Washington 98101.3951
Telephone 206.838.9100
Facsimile 206.838.9101

company "owes no tort duty under Washington law to refrain from recording instruments that may cause harm to a third party's interests." *Centurion Properties, III, LLC*, 2013 WL 3350836, at *7; *Robertson v. GMAC Mortgage LLC*, 982 F. Supp. 2d 1202, 1209 (W.D. Wn. 2013).

Plaintiff has also failed to show any causation of damage with "objective symptomatology" of emotional distress caused by First American recording documents. *See In re Keahey*, ADV.05-01553-KAO, 2008 WL 8444817, at *5 (B.A.P. 9th Cir. Nov. 3, 2008) *aff'd*, 414 Fed. Appx. 919 (9th Cir. 2011) ("Objective symptomatology means that the plaintiff's emotional distress must be such that it is susceptible to medical diagnosis and must be proven through medical evidence."). Thus Plaintiff's claims against First American must be dismissed with prejudice.

## VI. CONCLUSION

Plaintiff has filed a complaint and two amended complaints. When the court dismissed his first amended complaint, he took the opportunity to name new parties, including First American who is only tangentially involved in the facts of this case. Plaintiff fails to allege any claims against First American, and cannot do so since, as alleged in Plaintiff's pleadings, First American has only performed the ministerial service of recording the Notice of Trustee Sale and Appointment of Successor Trustee on behalf of NWTS. Thus, Plaintiff's claims against First American must be dismissed with prejudice and without leave to amend.

DEFENDANT FIRST AMERICAN'S MOTION
TO DISMISS
CASE NO. 3:14-cv-05798-BHS           -13-

216556

Socius Law Group, PLLC
A T T O R N E Y S
Two Union Square • 601 Union Street, Suite 4950
Seattle, Washington 98101.3951
Telephone 206.838.9100
Facsimile 206.838.9101

DATED this 27th day of April, 2015.

                SOCIUS LAW GROUP, PLLC

By  /s/ Thomas F. Peterson
    Thomas F. Peterson, WSBA #16587
    Joshua D. Krebs, WSBA #47103
Attorneys for Defendant First American Title Insurance Co.
601 Union Street, #4950
Seattle, WA 98101
Tel: (206) 838-9100
Email: tpeterson@sociuslaw.com

DEFENDANT FIRST AMERICAN'S MOTION TO DISMISS
CASE NO. 3:14-cv-05798-BHS

-14-

216556

Socius Law Group, PLLC
A T T O R N E Y S
Two Union Square • 601 Union Street, Suite 4950
Seattle, Washington 98101.3951
Telephone 206.838.9100
Facsimile 206.838.9101

DECLARATION OF SERVICE

I, Linda McKenzie, hereby declare under penalty of perjury and in accordance with the laws of the State of Washington, that on April 27, 2015, I electronically filed the foregoing and all supporting documents with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

*Plaintiff Pro Se*
James A. Bigelow
7916 Southwind Circle
Huntington Beach, CA  92648

[ ] By United States Mail
[ ] By Federal Express
[ ] By Legal Messenger
[ ] By Facsimile
[ ] By Email

*Attorney for Green Tree Servicing, LLC MERS, Wright Finlay & Zak, LLP and Renee M. Parker*
Renee M. Parker
Wright, Finlay & Zak, LLP
4665 Macarthur Court, Suite 280
Newport Beach, CA 92660

[ ] By United States Mail
[ ] By Federal Express
[ ] By Legal Messenger
[ ] By Facsimile
[ ] By Email

*Attorney for Northwest Trustee Services, Inc.*
Joseph H Marshall
RCO Legal, P.S.
13555 SE 36th Street
Suite 300
Bellevue, WA 98006

[ ] By United States Mail
[ ] By Federal Express
[ ] By Legal Messenger
[ ] By Facsimile
[ ] By Email

*Attorney for Nationwide Title Clearing*
Matt Adamson
Jameson Babbitt Stites & Lombard, PLLC
801 Second Avenue, #1000
Seattle, WA  98104

[ ] By United States Mail
[ ] By Federal Express
[ ] By Legal Messenger
[ ] By Facsimile
[ ] By Email

*Interested Person*
Timothy Dietz
10018 Cascadian Avenue SE
Yelm, WA  98597

[ ] By United States Mail
[ ] By Federal Express
[ ] By Legal Messenger
[ ] By Facsimile
[ ] By Email

DATED this 27TH day of April, 2015.

s/s Linda McKenzie
Linda McKenzie, Legal Assistant
Socius Law Group, PLLC
601 Union Street, #4950
Seattle, WA  98101
lmckenzie@sociuslaw.com

DEFENDANT FIRST AMERICAN'S MOTION
TO DISMISS
CASE NO. 3:14-cv-05798-BHS
216556

-15-

Socius Law Group, PLLC
A T T O R N E Y S
Two Union Square • 601 Union Street, Suite 4950
Seattle, Washington 98101.3951
Telephone 206.838.9100
Facsimile 206.838.9101