UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES A. BIGELOW,

          Plaintiff,

   v.

NORTHWEST TRUSTEE SERVICES, INC., et al.,

          Defendants.

CASE NO. C14-5798 BHS

ORDER

     This matter comes before the Court on Plaintiff/Counter Defendant James Bigelow's ("Bigelow") motion to dismiss counterclaim (Dkt. 58); Defendants Renee Parker and Wright, Finlay & Zak, LLP's ("Attorney Defendants") motion to strike plaintiff's complaint for Anti-Slapp violations (Dkt. 60); Defendant Northwest Trustee Services, Inc.'s ("Northwest") motion to dismiss for failure to state a claim (Dkt. 63); Green Tree, MERS, Renee Parker, and Wright, Finlay & Zak, LLP's motion to dismiss for failure to state a claim (Dkt. 65); Defendant Nationwide Title Clearing's ("Nationwide") motion to dismiss for failure to state a claim (Dkt. 86); and Defendant

1  First American Title Insurance Company's ("First American") motion to dismiss (Dkt.
2  87). The Court has considered the pleadings filed in support of and in opposition to the
3  motions and rules as follows:

## I. PROCEDURAL HISTORY

On October 7, 2014, Bigelow filed a complaint against Northwest, Green Tree, and MERS asserting causes of action for (1) violation of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), (2) violation of the Washington State Deed of Trust Act, RCW Chapter 61.24 ("DTA"), and (3) violation of the Washington Consumer Protection Act, RCW Chapter 19.86 ("CPA"). Dkt. 1.

On November 13, 2014, Bigelow filed an amended complaint against the same Defendants asserting the same causes of action. Dkt. 11.

On December 2, 2014, Green Tree and MERS filed a motion to dismiss. Dkt. 12.

On January 8, 2015, Green Tree filed a third party complaint against Bigelow, Carolyn Bigelow, Wells Fargo Bank, N.A., and Oak Ridge Yelm Homeowners Association. Dkt. 26.

On January 29, 2015, the Court granted Green Tree and MERS's motion to dismiss, ordered Bigelow to join co-borrower Ms. Bigelow as an indispensible party, and granted Bigelow leave to amend his complaint. Dkt. 35.

On February 23, 2015, Bigelow filed an amended complaint against Northwest, Green Tree, and MERS and added Defendants Wright, Finlay & Zak, LLP, Ticor Title Company, Nationwide, First American, and Renee Parker. Dkt. 44. Bigelow asserts

causes of action for violation of the FDCPA, DTA, CPA, slander of title, and intentional infliction of emotional distress ("IIED").  Dkts. 44 & 44-1.

On March 11, 2015, Bigelow filed a motion to dismiss the counterclaim and third party complaint.  Dkt. 58.  On March 20, 2015, Green Tree responded.  Dkt. 64.  Bigelow did not reply.

On March 13, 2015, Attorney Defendants filed a motion to strike Bigelow's complaint for Anti-SLAPP violations.  Dkt. 60.  On April 6, 2015, Bigelow responded. Dkt. 77.  On April 8, 2015, Attorney Defendants filed a reply.  Dkt. 79.

On March 17, 2015, Northwest filed a motion to dismiss for failure to state a claim.  Dkt. 63.  On April 8, 2015, Bigelow responded.  Dkt. 78.  On April 9, 2015, Northwest replied.  Dkt. 80.

On March 20, 2015, Green Tree, MERS, and Attorney Defendants filed a motion to dismiss for failure to state a claim.[1]  Dtk. 65.  On April 14, 2015, Bigelow responded. Dkt. 84.  On April 15, 2015, Green Tree, MERS, and Attorney Defendants replied.  Dkt. 85.

On April 20, 2015, Nationwide filed a motion to dismiss for failure to state a claim.  Dkt. 86.  On April 27, 2015, First American filed a motion to dismiss.  Dkt. 87. On May 20, 2015, Bigelow responded to both motions.  Dkt. 90.  On May 22, 2015, First American replied.  Dkt. 91.

---

[1] The motion is 39 pages long, which is over one and a half times the allowable limit. The Court will only consider the pages within the allowable range of any subsequent overlength motion that is filed without permission.

## II. FACTUAL BACKGROUND

On April 24, 2007, Bigelow and co-borrower Carolyn Bigelow ("Ms. Bigelow") executed a Note in the amount of $233,899.00 in favor of Pierce Commercial Bank. The Note was secured by a Deed of Trust encumbering property commonly known as 10018 Cascadian Avenue SE, Yelm, Washington 98597. The Deed of Trust was recorded with the Thurston County Auditor on April 27, 2007.

Defendants assert that the loan was transferred to Green Tree on April 19, 2012. The Corporate Assignment of Deed of Trust was recorded with the Thurston County Auditor on April 20, 2012. Defendants also assert that Green Tree is the holder of the Note and services the loan on behalf of the Federal National Mortgage Association.

Defendants assert that, beginning with the payment due on November 1, 2011, the borrowers defaulted under the terms of the Note and Deed of Trust by failing to perform monthly payment obligations. On May 10, 2012, Northwest sent a Notice of Default to the borrowers. After the borrowers failed to cure the default, Northwest sent a Notice of Trustee's Sale. Bigelow filed this action shortly thereafter.

## III. DISCUSSION

**A.     Motion to Dismiss**

**1.     Standard**

Motions to dismiss brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is

construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

Generally, the scope of review on a motion to dismiss is limited to the contents of the complaint. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). The Court, however, may consider documents that are not attached to the complaint "if the documents' authenticity . . . is not contested and the plaintiff's complaint necessarily relies on them." *Id.* (internal quotation marks omitted).

**2.      Bigelow's Motion to Dismiss**

Bigelow moves to dismiss Green Tree's counterclaim for lack of jurisdiction. Dkt. 58 at 2. Green Tree counters that the Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) and Green Tree was required to bring the claim as a compulsory counterclaim. Dkt. 64 at 2–4. The third party complaint, however, states that the "District Court has independent jurisdiction over this counterclaim on the basis of federal question pursuant to 12 U.S.C. § 1331 . . . ." Dkt. 26 at 2. Because that statute does not exist, the Court will assume that Green Tree meant 28 U.S.C. § 1331, which confers federal question jurisdiction. *See* 28 U.S.C. § 1331. Under this statute, Green Tree must assert a cause of action "arising under the Constitution, laws, or treaties of the United States." *Id*. Green Tree has failed to do so because it only asserts a claim for judicial

1    foreclosure, which is not a federal question.  Therefore, the Court grants Bigelow's

2    motion to dismiss the counterclaim against him.

3    **3.    Anti-SLAPP Violations**

4    The Washington Anit-SLAPP law allows individuals to bring a "special motion to

5    strike any claim that is based on an action involving public participation and petition."

6    RCW 4.24.525(4)(a).  A moving party who brings a special motion to strike has the

7    initial burden of showing by a preponderance of the evidence that the claim is based on

8    an action involving public participation and petition.  RCW 4.24.525(4)(b).  If the

9    moving party meets that burden, the responding party must establish by clear and

10   convincing evidence a probability of prevailing on the claim.  RCW 4.24.525(4)(b).

11   In this case, Attorney Defendants have filed a special motion to strike Bigelow's

12   complaint for violating Washington's Anti-SLAPP laws.  Dkt. 60.  Attorney Defendants

13   argue that their actions representing their clients are protected activity under the statute.

14   Specifically, they argue that "pleadings, statements and writings 'in connection with'

15   civil litigation are covered by the Anit-SLAPP statute."  Dkt. 60 at 7.  Attorney

16   Defendants, however, fail to cite any Washington or California authority for this

17   proposition.[2]  At most, Attorney Defendants have cited California cases in which the

18   courts granted motions based on activities such as filing claims in a public court.

19   *Navellier v. Sletten*, 29 Cal. 4th 82 (2002); *Feldman v. 1100 Park Lane Associates*, 160

---

[2] Washington's Anti-SLAPP law is based on California's law, and Washington courts "look to California cases for aid in interpreting the act." *Spratt v. Toft*, 180 Wn. App. 620, 631 (2014).

ORDER - 6

Cal. App. 4th 1467 (2008). The Court declines to extend this case law to the acts of representing clients in public proceedings. Therefore, the Court denies Attorney Defendants' motion.

### 4. Nationwide and First American's Motions to Dismiss

Nationwide and First American filed motions to dismiss Bigelow's complaint because he fails to assert sufficient allegations against either of them to state a claim. The Court agrees. Bigelow identifies Nationwide and First American in his claims for violations of the CPA, slander of title, and infliction of emotional distress, but fails to identify the specific actions these Defendants committed to violate these laws or inflict any damage. Moreover, Bigelow's response is without merit and is summed up best by First American:

> Plaintiff filed a forty-one page document entitled "Memorandum of Law Supporting an Opposition to a Motion to Dismiss," approximately forty pages of which are copied directly from an irrelevant third-party memorandum Plaintiff did not author. Nowhere in the document does Plaintiff address First American's Motion to Dismiss or even mention First American.

Dkt. 91 at 2. Therefore, the Court grants Nationwide's and First American's motion to dismiss.

### 5. Northwest's Motion

Northwest moves to dismiss Bigelow's claims for violations of the FDCPA, DTA, slander of title, quiet title, and IIED. Dkt. 63. Although Bigelow responded to Northwest's motion, Northwest contends that Bigelow failed to respond to the portions of the motion regarding the claims for FDCPA, slander of title, quiet title, and IIED. Dkt.

80. The Court agrees and considers such a failure as an admission that Northwest's motion has merit. Local Rules, W.D. Wash. LCR 7(b)(2). Moreover, the Court agrees with Northwest's positions on the merits of these claims. *See* Dkt. 63 at 5, 12–20. Therefore, the Court grants Northwest's motion on Bigelow's FDCPA, slander of title, and IIED claims.

With regard to the DTA claim, Bigelow seeks damages as well as a Court order vacating the current foreclosure proceeding. Northwest argues that Bigelow is precluded from seeking damages because there has not been a trustee's sale. Dkt. 80 (citing *Frias v. Asset Foreclosure Services, Inc. et al.*, 181 Wn.2d 412 (2014)). The Court agrees and grants Northwest's motion to dismiss Bigelow's DTA claim for damages.

As for the current foreclosure, Northwest argues that Bigelow's claims are baseless. The Court agrees. Bigelow contends that Northwest "caused false and misleading documents to be recorded . . . without authority . . . ." Dkt. 78 at 6. Bigelow is essentially challenging Green Tree's appointment of Northwest as successor trustee because it was fraudulent, in violation of numerous laws, and followed an invalid assignment. Bigelow, however, lacks standing to challenge the assignment unless he can show that he "has a genuine claim that [he is] at risk of paying the same debt twice if the assignment stands." *Borowski v. BNC Mortgage, Inc.*, No. C12-5867 RJB, 2013 WL 4522253, at *5 (W.D. Wash. Aug. 27, 2013). Moreover, Bigelow's allegation that Northwest breached its duty of good faith by failing to obtain proof that the beneficiary was the actual owner of any promissory note does not state a claim because Northwest is entitled to rely on the declaration from Green Tree. *Trujillo v. Nw. Tr. Servs., Inc.*, 181

Wn. App. 484, 502 (2014), *as modified* (Nov. 3, 2014), *review granted*, 182 Wn.2d 1020 (2015). Therefore, the Court grants Northwest's motion on this claim as well.

### 6. Green Tree, MERS, and Attorney Defendants' Motion to Dismiss

Green Tree, MERS, and Attorney Defendants (hereinafter "Defendants") move to dismiss all of Bigelow's claims because he fails to assert sufficient allegations against any of them to state a claim. The Court will address the merits of these arguments.

#### a. Failure to Join

In this case, Defendants argue that the Court should dismiss the case because Bigelow has failed to join an indispensible party, the joint borrower Ms. Bigelow. Dkt. 65 at 22. Dismissing a case for failure to join an indispensible party is a drastic remedy that may only be ordered after a court finds that a party is indispensible, the party may not be joined, and that "in equity and good conscience" the case may not proceed in the absence of the party. *EEOC v. Peabody W. Coal Co.*, 400 F.3d 774, 779–80 (9th Cir. 2005). Even if Ms. Bigelow is an indispensible party and it would be inequitable to proceed in her absence, there has been no showing that she may not be joined. The only showing that has been made is Bigelow's refusal to follow an explicit Court order, which carries its own remedies. Regardless, the Court denies Defendants' motion on this issue.

#### b. FDCPA

In this case, Defendants argues that the Court should dismiss Bigelow's FDCPA claim because they are not "debt collectors." Dkt. 65 at 24–31. Although Defendants argue that Bigelow has an "allusion that MERS is a debt collector" (Dkt. 65 at 24 n.2),

1  Bigelow does not assert this claim against MERS. Dkt. 44-1, ¶¶ 179–198. Therefore, the
2  motion is without merit on this issue.
3        With regard to Green Tree, Defendants argue that Green Tree is not a debt
4  collector and, even if it is a debt collector, it did not violate the FDCPA. Dkt. 65 at 24–
5  29. Defendants argue that, in order to be a debt collector, the loan must be in default at
6  the time it was acquired. Dkt. 65 at 26. It is undisputed that Bigelow failed to make his
7  November 1, 2011 payment and that Green Tree acquired the loan on December 1, 2011.
8  Defendants contend that, pursuant to paragraph 6(C) of the Note, "the loan must be *more*
9  *than* 30 days past-due before it is declared to be in default." Dkt. 65 at 27. Although that
10 paragraph covers when the Note Holder may send a Notice of Default, the preceding
11 paragraph clearly explains that, if the borrower does not "pay the full amount of each
12 monthly payment on the date it is due, [the borrower] will be in default." Dkt. 16 at 7, ¶
13 6(B). Therefore, according to the Note, Bigelow was in default on November 2, 2011
14 and Defendants' argument is without merit.
15       On the issue of whether Green Tree violated any provision of the FDCPA, Green
16 Tree argues that, as a matter of fact, it did not violate any relevant provision of the
17 statute. This is an improper argument to make on a motion to dismiss, which challenges
18 the pleadings. Therefore, the Court denies Defendants' motion as to the merits of
19 Bigelow's claim.
20       With regard to the Attorney Defendants, Bigelow's claims are baseless. Although
21 the Attorney Defendants identify themselves in their communications as "debt
22 collectors," such an identification does not establish that they are "debt collectors" under

the FDCPA.  Moreover, Bigelow fails to establish as a matter of law that attorneys representing creditors in litigation are subject to the FDCPA.  Therefore, the Court grants Defendants' motion as to the Attorney Defendants.

### c. CPA

In this case, Defendants move to dismiss Bigelow's CPA claim because it is based on "unfounded and unsupported allegations . . . ."  Dkt. 65 at 32.  Defendants, however, fail to recognize that the Court may only evaluate whether sufficient allegations have been made and should not evaluate the truthfulness of those allegations at this stage of the proceeding.  Moreover, Defendants' entire motion is based on what Bigelow has failed to "establish" and is more properly a basis for a summary judgment motion instead of a motion to dismiss.  *Id*. at 32–51.  Therefore, the Court denies Defendants' motion to dismiss because Bigelow has asserted sufficient allegations to state a claim for relief.

### d. Slander of Title

"Slander of title is defined as: (1) false words; (2) maliciously published; (3) with reference to some pending sale or purchase of property; (4) which go to defeat plaintiff's title; and (5) result in plaintiff's pecuniary loss."  *Rorvig v. Douglas*, 123 Wn.2d 854, 859-60 (1994) (citing *Pay 'N Save Corp. v. Eads*, 53 Wn. App. 443, 448, 767 P.2d 592 (1989)).

In this case, Defendants argue that Bigelow has failed to establish every element of his claim.  Dkt. 65 at 51–52.  Such arguments are also better suited for summary judgment and not for attacking the pleadings.  However, as Northwest argued, Bigelow has failed to allege any pending sale, which is fatal to his claim.  Dkt. 73 at 17.

1 | Therefore, the Court grants Defendants' motion to dismiss Bigelow's slander of title
2 | claim.

3 | **7.    Remedy**

4 | "A pro se litigant must be given leave to amend his or her complaint unless it is
5 | 'absolutely clear that the deficiencies of the complaint could not be cured by
6 | amendment.'" *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).  However, the
7 | Court's "discretion to deny leave to amend is particularly broad where plaintiff has
8 | previously amended the complaint." *City of Los Angeles v. San Pedro Boat Works*, 635
9 | F.3d 440, 454 (9th Cir. 2011).

10 | In this case, the Court denies Bigelow leave to amend and dismisses the majority
11 | of his claims with prejudice.  Bigelow has twice amended his complaint, once on his own
12 | and once after the Court identified deficiencies in the operative complaint.  Instead of
13 | focusing on these deficiencies, Bigelow added additional parties without justification or
14 | permission from the Court.  Under these circumstances, the Court denies Bigelow leave
15 | to amend his complaint.

16 | **IV. ORDER**

17 | Therefore, it is hereby **ORDERED** that

18 | 1) Bigelow's motion to dismiss counterclaim (Dkt. 58) is **GRANTED** and Green
19 | Tree is **GRANTED** leave to amend the third party complaint;

20 | 2) Attorney Defendants' motion to strike plaintiff's complaint for Anti-Slapp
21 | violations (Dkt. 60) is **DENIED**;

22 |

1  3) Northwest's motion to dismiss for failure to state a claim (Dkt. 63) is

2     **GRANTED** and Bigelow's claims against Northwest are **DISMISSED with**

3     **prejudice** because no amendment may cure the current claims;[3]

4  4) Green Tree, MERS, and Attorney Defendants' motion to dismiss for failure to

5     state a claim (Dkt. 65) is **GRANTED in part** and **DENIED in part**;

6     Bigelow's FDCPA claim against Attorney Defendants is **DISMISSED with**

7     **prejudice**; Bigelow's slander of title claim is **DISMISSED with prejudice**

8     because he was granted leave to amend and failed to properly amend the claim;

9  5) Nationwide's motion to dismiss for failure to state a claim (Dkt. 86) is

10    **GRANTED** and Bigelow's claims against Nationwide are **DISMISSED with**

11    **prejudice** because Bigelow failed to show that the claims may be cured by

12    amendment; and

13 6) First American's motion to dismiss (Dkt. 87) is **GRANTED** and Bigelow's

14    claims against First American are **DISMISSED with prejudice** because

15    Bigelow failed to show that the claims may be cured by amendment.

Dated this 1st day of June, 2015.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge

---

[3] This does not preclude claims based on actions taken in a subsequent foreclosure proceeding by this trustee.

ORDER - 13