**WRIGHT, FINLAY & ZAK, LLP**
Renee M. Parker, Esq., WSBA No. 36995
Lukasz I. Wozniak, Esq., WSBA No. 47290
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
Tel: (949) 610-7023; Fax: (949) 477-9200
rmparker@wrightlegal.net

Attorneys for GREEN TREE LOAN SERVICING LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., WRIGHT, FINLAY & ZAK, LLP and RENEE M. PARKER, ESQ.

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON (TACOMA)

| | |
|---|---|
| JAMES A. BIGELOW,<br><br>Plaintiff,<br><br>vs.<br><br>NORTHWEST TRUSTEE SERVICES, INC.; GREEN TREE SERVICING, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; WRIGHT, FINLAY & ZAK, LLP, TICOR TITLE COMPANY, NATIONWIDE TITLE INSURANCE COMPANY, RENEE PARKER, and DOE DEFENDANTS 1-20,<br><br>Defendants. | Case No.: 3:14-cv-05798 BHS<br><br>**NOTICE OF MOTION AND DEFENDANTS' MOTION FOR RECONSIDERATION ON ORDER ON MOTION TO STRIKE PLAINTIFF'S COMPLAINT FOR ANTI-SLAPP VIOLATIONS**<br><br>[RCW 4.24.525(4)]<br><br>Second Amended Complaint filed: February 23, 2015<br><br>Noting Date: June 16, 2015 |

**TO THIS HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT on June 15, 2015 in Courtroom E of the District Court, Western District of Washington, located at 1717 Pacific Avenue, Tacoma, WA 98402, Defendants GREEN TREE SERVICING LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), WRIGHT, FINLAY, & ZAK, LLP, and RENEE M. PARKER, ESQ. (erroneously sued as Renee Parker) (hereinafter "Defendants" collectively) by and through their counsel of record, Renee M. Parker of Wright, Finlay & Zak, LLP, will and does hereby move this Court for reconsideration on its Order striking the Second Amended Complaint of

1  Plaintiff JAMES A. BIGELOW (hereinafter "Plaintiff") pursuant to Washington State's Anti-
2  SLAPP statute, RCW § 4.24.525(4) et seq..
3      This Motion requests reconsideration of the Court's Order entered as Docket No. 92 on
4  June 1, 2015, and on the grounds that new case law has been published that supports Attorney-
5  Defendants' Motion, and that Attorney-Defendants believe the prior ruling was reached in error.
6      This Motion will be based upon this Notice, the attached memorandum of points and
7  authorities, the complete files and records in this action, the oral argument of counsel (if any),
8  and upon such other and further evidence as this Court might deem proper.

Dated: June 10, 2015

Respectfully submitted,
**WRIGHT, FINLAY, & ZAK, LLP**

By:     */s/ Renee M. Parker, Esq.*
Renee M. Parker, WSBA # 36995
Attorneys for Defendant
GREEN TREE LOAN SERVICING LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., WRIGHT, FINLAY & ZAK, LLP and RENEE M. PARKER, ESQ.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

In the second amendment to his frivolous Complaint, Plaintiff improperly named WRIGHT, FINLAY, & ZAK, LLP ("WFZ"), and RENEE M. PARKER, ESQ. (hereinafter "Attorney Defendants" collectively) in this action solely in retaliation for their defense in litigation brought by Plaintiff and for prosecution of a judicial foreclosure action against Plaintiff as legal counsel for GREEN TREE LOAN SERVICING LLC and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (hereinafter "Non-Attorney Defendants" collectively).

As contended prior, Plaintiff is retaliating against the Attorney Defendants for their legal representation of the Non-Attorney Defendants, and appears to arise from Defendants' success on its prior Motion to Dismiss First Amended Complaint, in which Plaintiff was granted leave to amend. Plaintiff's desperate Second Amended Complaint (hereinafter "Complaint") improperly alleges that the Attorney Defendants violated the Fair Debt Collections Practices Act ("FDCPA"), the Washington Deed of Trust Act ("WDTA"), the Washington Consumer Protection Act ("WCPA"), and has causes of action for Slander of Title and Infliction of Emotional Distress.

The Order on Defendants' Motion to Dismiss, entered as Docket Item No. 92 on June 1, 2015 dismissed Plaintiff's claims against Attorney-Defendants as to the FDCPA and Slander of Title causes of action.  However, this Court otherwise denied Attorney-Defendants' Motion to Strike and declined to extend case law to the acts of an attorney's representation of clients in public proceedings.

<u>But for this litigation Plaintiff would have had no reason to include the Attorney Defendants as defendants in the Complaint, and Plaintiff otherwise raises no legitimate cause of action against the Attorney Defendants for any action taken outside of this litigation.</u>  As legal counsel for Non-Attorney Defendants, the Attorney Defendants' conduct in prosecuting the judicial foreclosure matter, and in defending against Plaintiff's District Court civil action, is privileged conduct and protected speech.  The Attorney Defendants have no relation or logical connection to the underlying loan, the default on part of Plaintiff, or the non-judicial foreclosure

action for the Subject Property.  The Attorney Defendants are, of course, attorneys, and they are merely being sued for their actions as attorneys.  Accordingly, their conduct is protected speech as covered by the Washington Anti-SLAPP statute pursuant to RCW 4.24.525 and the *Noerr-Pennington* Doctrine.

Attorney-Defendants respectfully request this Court to reconsider its decision based on the additional information below, and to grant Attorney-Defendants' Motion to Strike.

## II.  ARGUMENT

**A.     Attorney-Defendants Can File Its Motion In the Federal Court.**

This Court has jurisdiction to rule on Attorney-Defendants' Anti-SLAPP Motion. *Thomas v. Fry's Elecs., Inc.,* 400 F.3d 1206, 1206 (9th Cir.2005) (per curiam); *Vess,* 317 F.3d at 1109.  The claims this Court may consider are state law claims brought in federal court on the basis of diversity and state law claims supplemental to federal claims in a federal question jurisdiction matter. *Hilton v. Hallmark Cards,* 599 F.3d 894, 900 n. 2 (9th Cir.2010); *United States ex rel. Newsham v. Lockheed Missiles & Space Co.,* 190 F.3d 963, 970–73 (9th Cir.1999); *Globetrotter Software, Inc. v. Elan Computer Group, Inc.,* 63 F.Supp.2d 1127, 1130 (N.D.Cal.1999) ("[I]t appears that under the *Erie* analysis set forth in *Lockheed* the anti-SLAPP statute may be applied to state law claims which, as in this case, are asserted pendent to federal question claims.")."

Plaintiff's Complaint alleges jurisdiction under federal question (Complaint, ¶ 3). The claims Attorney-Defendant seeks to have stricken are all state law causes of action this brought into this Court under federal question: the Washington Deed of Trust Act ("WDTA"), the Washington Consumer Protection Act ("WCPA"), and Plaintiff's actions for Slander of Title and Infliction of Emotional Distress (Complaint, Page 2, Lines 11-19).

**C.     Plaintiff's Second Amended Complaint Against The Attorney Defendants Must Be Stricken In Entirety Pursuant To The WA Anti-SLAPP Statute, RCW 4.24.525.**

"The Washington anti-SLAPP Act is intended to address lawsuits brought primarily to chill the valid exercise of the constitutional rights of free speech and petition for redress. The legislature found that it is in the public interest for citizens to participate in matters of public

1  concern, and to provide information on public issues that affect them without fear of reprisal
2  through abuse of the judicial process. RCW 4.24.525; Senate Bill 6395, Laws of 2010, Ch. 118 §
3  1." *Fielder v. Sterling Park Homeowners Ass'n*, 914 F. Supp. 2d 1222, 1230 (W.D. Wash. 2012).
4       Under RCW 4.24.525(4), a moving party can bring a special motion to strike any claim
5  based on an action involving "public participation and petition," and responding party must then
6  establish a likelihood of prevailing on the challenged claims with the heavy burden of clear and
7  convincing evidence.  *See also*, *Bevan v. Meyers*, 183 Wash.App. 177, 334 P.3d 39 (Div. 1,
8  2014); *Phoenix Trading, Inc. v. Loops LLC*, 732 F.3d 936, 941 (9th Cir. 2013); and *Townsend v.*
9  *State Dept. of Transp.*, 170 Wash.App 1040 at *3 (2012) (unpublished), all of which further state
10 that the Anti-SLAPP statute contains an expedient means of terminating litigation found to be
11 targeted at lawful communications on matters of public concern.
12      Statements and writings made during judicial proceedings are expressly protected by the
13 Anti-SLAPP statute.  "The statute protects an 'action involving public participation and
14 petition,' which is further defined as '[a]ny oral statement made, or written statement or other
15 document submitted, in a ... judicial proceeding...'" *Baseball Club of Tacoma v. SDL Baseball*
16 *Partners, LLC*, No. __ P.3d __, 2015 WL 2086152, at *3 (Wash. Ct. App. May 4, 2015) (citing
17 RCW 4.24.525(2)(a)). To determine whether a claim "arises from public participation and
18 petition, [the court should] look to the gravamen of the claim." *Bevan*, supra. at 43, citing *City*
19 *of Seattle v. Egan*, 179 Wn. App. 333, 338, 317 P.3d 568 (2014).
20      The party filing an Anti-SLAPP motion is not required to demonstrate that its protected
21 statements or writings were made on its own behalf.  *Dillon v. Seattle Deposition Reporters,*
22 *LLC*, 179 Wash. App. 41, 81, 316 P.3d 1119, 1138 *review granted sub nom. Dillon v. Seattle*
23 *Deposition Reporters*, 180 Wash. 2d 1009, 325 P.3d 913 (2014). A lawsuit need not be on a
24 public issue in order to trigger the statute. *Dillon*, at 81 (citing *Navellier v. Sletten,* 29 Cal.4th 82,
25 91–92, 52 P.3d 703, 124 Cal.Rptr.2d 530 (2002); *Briggs,* 19 Cal.4th at 1114, 81 Cal.Rptr.2d 471,
26 969 P.2d 564).  *Dillon* further states that "the act underlying the plaintiff's cause or the act which
27 forms the basis for the plaintiff's cause of action must *itself have* been an act in furtherance of the
28 right of petition or free speech." *Dillon*, at 82.

NOTICE OF MOTION AND MOTION TO STRIKE COMPLAINT (ANTI-SLAPP)

If the cause of action is based on protected activity, then the anti-SLAPP statute applies, and the burden shifts to the responding party to prove the claim's merits. *Davis v. Cox,* 180 Wash.App. 514, 528, 325 P.3d 255 (2014) (quoting *Dillon*, supra); *Johnson v. Ryan*, 346 P.3d 789, 793.  A responding party in Washington must establish a probability of prevailing through clear and convincing evidence. *Davis v. Cox*, __ P.3d __, 2015 WL 3413375 at *1 (Sup. Ct. WA, May 28, 2015). The "clear and convincing" standard is more than a bare preponderance, and requires evidence that a fact is "highly probable."  See *In re Sego*, 82 Wn.2d 736, 739, 513 P.2d 831 (1973); *see also Bland v. Mentor*, 63 Wn.2d 150, 154, 385 P.2d 727 (1963).

By bringing this action, Plaintiff attacks what is indisputably protected speech because Plaintiff is merely seeking to retaliate against the Attorney-Defendants solely for their participation as legal counsel in the current litigation.  *See specifically*, Complaint ¶¶ 163 ("PARKER …filed with the Court: 165-166 ("PARKER filed her own version of an alleged Promissory Note"[1]); 177 (filed counter-claim for judicial foreclosure); 232. Plaintiff's Complaint further alleges no legitimate cause of action against the Attorney Defendants.

Therefore Defendants' Anti-SLAPP Motion to Strike the Second Amended Complaint should be granted. The actions of the Attorney-Defendants are protected conduct. The Attorney Defendants represent the Non-Attorney Defendants in the instant litigation and corresponding counter-claim, are not liable on and have no connection to the underlying Loan, foreclosure or actions taken outside of the judicial system.

**C.     Plaintiff's Second Amended Complaint Against The Attorney Defendants Must Be Stricken In Entirety Pursuant To The *Noerr-Pennington* Doctrine.**

The *Noerr-Pennington* doctrine derives from the Petition Clause of the First Amendment which states that those petitioning any department of the government for redress are generally immune from statutory liability for their petitioning conduct. *Eastern Railroad Presidents Conference v. Noerr Motor Freight, Inc.*, 365 U.S. 127 (1961); United Mine Workers of America v. Pennington, 381 U.S. 657 (1965).  Initially emerging in the context of anti-trust litigation, the

---

[1] Parker advises that she is in possession of the original Note and can show it to this Court upon request.

1  United States Supreme Court has since held that *Noerr-Pennington* applies with "full force in
2  other statutory contexts" outside of anti-trust and "includes access to the courts…to provide
3  immunity for the use of 'the channels and procedures' of state and federal courts to advocate
4  causes." *Sosa v. DIRECTTV, Inc*. 437 F.3d 923, 929-30 (9th Cir. 2006.)
5      Thus, *Noerr-Pennington* applies to an individual's use of the judicial system.
6  *Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc.*, 508 U.S. 49, 57
7  (1993).  In this vein, the filing of a "complaint, answer…and other assorted documents and
8  pleadings, in which plaintiff or defendants make representations and present arguments to
9  support their request that the court do or not do something, can be described as petitions without
10 doing violence to the concept." *Freeman v. Lask, Haas & Cohler*, 410 F.3d. 1180, 1184 (9th
11 Cir. 2005.)
12     In relation to the instant matter, *Noerr-Pennington* has been applied in the context of
13 claims under 42 U.S.C. § 1983.  "Although the Noerr-Pennington doctrine originally immunized
14 individuals and entities from antitrust liability, Noerr-Pennington immunity now applies to
15 claims under §1983 that are based on the petitioning of public authorities." *Empress LLC v. City*
16 *and County of San Francisco*, 419 F3d 1052, 1056.
17     The Courts have adopted a three-part test to determine whether a defendant's conduct is
18 subject to immunity: 1) whether the lawsuit imposes a burden on petitioning rights, 2) whether
19 the alleged activities constitute protected petitioning activity, and 3) whether the statutes at issue
20 may be construed to preclude that burden on the protected petitioning activity. *BE & K Constr.*
21 *Co. v. NLRB*, 536 U.S. 516, 530-533, 535-537 (2002).
22     Here, Plaintiff filed this lawsuit against Attorney-Defendants for their conduct as
23 attorneys representing the defendants in his Second Amended Complaint.  To allow Plaintiff to
24 maintain this action would certainly impose a burden on Attorney-Defendants' client in
25 defending themselves against meritless lawsuits such as Plaintiff's, as well as a burden on
26 Attorney-Defendants' client in defending the Non-Attorney Defendants.  The filing of pleadings
27 in this action is considered protected petitioning of rights under *Noerr-Pennington*, and is thus
28 protected activity.  Accordingly, Attorney-Defendants request this Court to reconsider its ruling

on its Motion to Strike, and to dismiss Plaintiff's claims against Attorney-Defendants in entirety and with prejudice.

## IV.  CONCLUSION

Based on the foregoing reasons, the Attorney Defendants respectfully request that this Court reconsider its prior ruling on Defendant's Anti-SLAPP Motion to Strike the Complaint in its entirety.

|  |  |
|---|---|
|  | Respectfully submitted,<br>**WRIGHT, FINLAY & ZAK, LLP** |
| Dated: June 10, 2015 | By:  /s/ Renee M. Parker, Esq.<br>Renee M. Parker, Esq., WSBA No. 36995<br>Attorneys for Defendants, GREEN TREE SERVICING LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), WRIGHT, FINLAY, & ZAK, LLP, and RENEE M. PARKER, ESQ. (erroneously sued as Renee Parker) |

**CERTIFICATE OF SERVICE**

I, Steven E. Bennett, declare as follows:

    I am employed in the County of Orange, State of California.  I am over the age of eighteen (18) and not a party to the within action.  My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660.  I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service.  Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

    On June 15, 2015, I served the within **NOTICE OF MOTION AND DEFENDANTS' MOTION FOR RECONSIDERATION ON ORDER ON MOTION TO STRIKE PLAINTIFF'S COMPLAINT FOR ANTI-SLAPP VIOLATIONS** on all interested parties in this action as follows:

- **Matthew T Adamson**
  madamson@jbsl.com,lkondo@jbsl.com

- **James A. Bigelow**
  sistermoonproductions@gmail.com

- **Timothy Dietz**
  timthepostman@yahoo.com

- **Joseph H Marshall**
  jomarshall@rcolegal.com,kstephan@rcolegal.com

- **Thomas F. Peterson**
  tpeterson@sociuslaw.com,lmckenzie@sociuslaw.com

[ ]    by placing [ ] the original [ ] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

[ ]    (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]    (BY ELECTRONIC MAIL) I caused each such document to be transmitted electronically to the parties at the e-mail address indicated.  To the best my knowledge, the transmission was reported as complete, and no error was reported that the electronic transmission was not completed.

[X]   (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing (NEF) is generated automatically by the ECF system upon completion of an electronic filing. The NEF, when e-mailed to the e-mail address of record in the case, shall constitute the proof

|   |   |   |
|---|---|---|
| | | of service as required by Fed.R.Civ.P.5(b)(2)(E).  A copy of the NEF shall be attached to any document served in the traditional manner upon any party appearing pro se." |
| | [ ] | (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200, complied with California Rules of Court, Rule 2003, and no error was reported by the machine. |
| | [ ] | (BY NORCO DELIVERY SERVICE - NEXT DAY DELIVERY) I placed true and correct copies of thereof enclosed in a package designated by Norco Delivery Service with the delivery fees provided for. |
| | [ ] | (State) I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct. |
| | [X] | (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. |

Executed on June 15, 2015 at Newport Beach, California.


*/s/ Steven E. Bennett*
Steven E. Bennett

2
CERTIFICATE OF SERVICE