**WRIGHT, FINLAY & ZAK, LLP**
Renee M. Parker, Esq., WSBA No. 36995
Lukasz I. Wozniak, Esq., WSBA No. 47290
4665 MacArthur Court, Suite 200
Newport Beach, CA 92660
Tel: (949) 610-7023; Fax: (949) 477-9200
rmparker@wrightlegal.net

Attorneys for GREEN TREE LOAN SERVICING LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., WRIGHT, FINLAY & ZAK, LLP and RENEE M. PARKER, ESQ.

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON (TACOMA)

| | |
|---|---|
| JAMES A. BIGELOW<br><br>Plaintiff,<br><br>vs.<br><br>NORTHWEST TRUSTEE SERVICES, INC.; GREEN TREE SERVICING, LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; WRIGHT, FINLAY & ZAK, LLP, TICOR TITLE COMPANY, NATIONWIDE TITLE INSURANCE COMPANY, RENEE PARKER, and DOE DEFENDANTS 1-20,<br><br>Defendants. | Case No.: 3:14-cv-05798 BHS<br><br>**REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR RECONSIDERATION ON ORDER ON MOTION TO STRIKE PLAINTIFF'S COMPLAINT FOR ANTI-SLAPP VIOLATIONS**<br><br>Second Amended Complaint filed: February 23, 2015<br><br>Noting Date: July 3, 2015 |

**TO THIS HONORABLE COURT AND TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants GREEN TREE SERVICING LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), WRIGHT, FINLAY, & ZAK, LLP, and RENEE M. PARKER, ESQ. (erroneously sued as Renee Parker) (hereinafter "Defendants" collectively) by and through their counsel of record, Renee M. Parker of Wright, Finlay & Zak, LLP, hereby submits this Reply ("Reply") to Plaintiff's Response in Opposition ("Opposition") to the Motion for Reconsideration on Order on Motion to Strike Plaintiff's Complaint for Anti-SLAPP Violations ("Motion for Reconsideration").

-1-
REPLY TO RESPONSE IN OPPOSITION TO MOTION FOR RECONSIDERATION

Plaintiff fails to provide a proper opposition to Defendants' Motion for Reconsideration, and also fails to show he can maintain his claims against the Attorney Defendants specifically.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.   BASIS OF PLAINTIFF'S OPPOSITION TO THE MOTION FOR RECONSIDERATION

The Court issued an Order Setting Briefing Schedule ("Order") to allow Plaintiff an opportunity to respond to Defendants' Motion for Reconsideration and the Anti-SLAPP Motion (Docket Item No. 94). The Order specifically stated this Court has an interest in whether Plaintiff can prove the merits of the Consumer Protection Act ("CPA") claims against WRIGHT, FINLAY, & ZAK, LLP ("WFZ"), and RENEE M. PARKER, ESQ. (hereinafter "Attorney Defendants" collectively) (Order, Page 2).

In his Opposition, Plaintiff states he can maintain the CPA claims against the Attorney Defendants for the following reasons: **A)** "unlawful activities are not afforded any protection under the Anti-SLAPP Statute" (¶ 1); **B)** Attorney Defendants bear the burden of proof of showing their actions were "lawful activity in connection with a judicial proceeding" (¶ 2); **C)** the Note filed as Docket Item No. 16 [*See*, Request for Judicial Notice, Exhibit 1, *see also*, Declaration of Green Tree Loan Servicing LLC in Support of Motion to Dismiss, Docket Item No. 17, ¶ 3] is not the "same note" Plaintiff contends he received in response to correspondences he sent to Green Tree Servicing LLC (¶¶ 3-5); and **D)** MERS' "own rules [state it] cannot assign a deed of trust for any member that is not in good standing" (¶ 6).

As discussed further below, none of these claims would support a CPA claim against the Attorney Defendants specifically, and primarily all go to allegations Plaintiff have stated against Green Tree Servicing LLC ("GREEN TREE") and Mortgage Electronic Registration Systems, Inc. ("MERS"). <u>Attorney Defendants continue to maintain that but for this litigation Plaintiff would have had no reason to include the Attorney Defendants as parties in the Complaint, and Plaintiff otherwise raises no legitimate cause of action against the Attorney Defendants for any action taken *outside* of this litigation.</u>  The Attorney Defendants have no relation or logical connection to the underlying loan, the default on part of Plaintiff, or the non-judicial foreclosure

REPLY TO RESPONSE IN OPPOSITION TO MOTION FOR RECONSIDERATION

action for the Subject Property. The Attorney Defendants are, of course, attorneys, and they are merely being sued for their actions as attorneys.

## II. ARGUMENTS

**A.     Plaintiff Failed To Prove The Merits Of His Claims Against Attorney Defendants**

Plaintiff clearly ignored the request of this Court in its Order, which asked Plaintiff to show he could prove the merits of his CPA violation claims against Attorney Defendants.

In the Opposition, Plaintiff only mentions the Attorney Defendants <u>two times</u>; the remainder of the Opposition goes to claims Plaintiff makes specifically against Green Tree Servicing LLC and MERS. The first time Attorney Defendants are mentioned occurs in Paragraph 2, wherein Plaintiff merely concludes that the simple fact a party is an attorney is not enough, in and of itself, to constitute protected activity under Anti-SLAPP. The second time Attorney Defendants are mentioned is in the statement that Plaintiff "has every reason to believe that the Defendant-Attorneys are not in possession of any alleged original note" (¶ 5, Page 4 of 5, Lines 1-2).

First, in order for the CPA claims to survive dismissal as to Attorney Defendants, Plaintiff needed to show that specific acts performed by Attorney Defendants satisfied **all** elements of a CPA claim, which are: an "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation." *Johnson v. Camp Auto., Inc.*, 148 Wn. App. 181, 185 (2009). He failed to do so. Plaintiff also fails to show the proximate cause between the "alleged misrepresentation or deceptive practice and the purported injury" for any actions by Attorney Defendants in this litigation, as required under *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778, 793 (1986).

The only specific injuries to which Plaintiff alludes is that the Attorney Defendants committed an alleged "deceptive act or practice" by filing what Plaintiff considers to be a false copy of the Note with this Court, which is based solely on a claimed discrepancy with endorsements to that Note (Opposition, ¶¶ 3-5).

Plaintiff cannot attribute any causes of this action to the Attorney Defendants because issues arising from endorsements to the Note were alleged by Plaintiff in the Complaint (filed October 7, 2014 as Docket Item No. 1 at ¶¶ 13-14, 74-75), which occurred prior to Attorney Defendants filing its Notice of Appearance (October 22, 2014), and are also alleged in the First Amended Complaint (November 13, 2014 as Docket Item No. 11, questioning the endorsement from Pierce Commercial Bank to Countrywide Bank, N.A. at ¶¶ 24, 27), which occurred prior to Attorney Defendants filing any copy of the original Note with this Court <u>for the first time</u> (December 2, 2014).

Plaintiff also fails to show any proximate cause between his injuries and the actions of Attorney Defendants that would fall outside of the scope of its representation of GREEN TREE and MERS in the normal course of this litigation. As a result Plaintiff cannot show he is able to maintain a viable CPA action against Attorney Defendants.

Second, Attorney Defendants filed the Note on behalf of GREEN TREE and MERS solely as an exhibit to a Request for Judicial Notice in support of the Motion to Dismiss the First Amended Complaint, and also as an exhibit to a Request for Judicial Notice in support of the Motion to Dismiss the Second Amended Complaint (*see* Docket Item Nos. 16 and 67).

Statements and writings made during judicial proceedings are expressly protected by the Anti-SLAPP statute. "The statute protects an 'action involving public participation and petition,' which is further defined as '[a]ny oral statement made, or written statement or other document submitted, in a ... judicial proceeding...'" *Baseball Club of Tacoma v. SDL Baseball Partners, LLC*, No. 348 P.3d 1283, 1287 (Wash. Ct. App., 2015) (citing RCW 4.24.525(2)(a)). This protection also extends to counterclaims filed by a party as well. *Id.*

Third, notwithstanding the fact this allegation does not constitute "clear and convincing evidence" of a CPA claim, Plaintiff's statement that he "has every reason to believe that the Defendant-Attorneys are not in possession of any alleged original note" is unsupported and does not provide any explanation why Plaintiff would or could reasonably maintain this belief (¶ 5).

As this Court is already aware from the Declaration of Edward Born filed on December 9, 2014 as Docket Item No. 17, GREEN TREE had the original Note since December 1, 2011.

Accordingly, in the normal course of their duties as counsel to GREEN TREE in this litigation the Attorney Defendants are currently in physical possession of the original Note. Please see the "Declaration of Renee M. Parker in Support of Reply to Response in Opposition to Motion for Reconsideration" ("Declaration") as verification of possession. Attorney Defendants obtained physical possession of the original Note on May 18, 2015 (Decl., ¶ 4).

Fourth, Plaintiff states that Attorney Defendants continue to maintain the burden of proof on their Anti-SLAPP motion because the claims "do not involve public participation" (¶ 2). Plaintiff then summarily concludes he met his burden, without offering any supporting evidence or information to contradict that Attorney Defendants acted only in connection with this judicial proceeding. Instead Plaintiff offers a bare conclusion that attorneys do not have automatic Anti-SLAPP protection, therefore the Attorney Defendants are unprotected by the statute (¶ 2).

Plaintiff failed to show <u>why</u> Attorney Defendants never met their burden, how their actions did not fall within the scope of the statute's protection, or that their activity was not in lawful connection with this judicial proceeding.

Additionally, a lawsuit need not be on a "public" issue in order to trigger the Anti-SLAPP statute. *Dillon v. Seattle Deposition Reporters, LLC*, 179 Wash. App. 41, 81 (2014). "The [Anti-SLAPP] statute protects an 'action involving public participation and petition,' which is further defined as '[a]ny oral statement made, or written statement or other document submitted, in a ... judicial proceeding...'" *Baseball Club of Tacoma*, 348 P.3d at 1287. Here Plaintiff failed to show why any filing by Attorney Defendants' failed to meet this criteria as well.

Plaintiff does not appear to understand that, where an Anti-SLAPP motion is filed and the Court determines the actions are based on "public participation and petition," the burden of proof shifts to Plaintiff, who is then required to establish a probability of prevailing through clear and convincing evidence in order to defeat the motion. *Davis v. Cox*, __ P.3d __, 2015 WL 3413375 at *1 (WA Sup. Ct., May 28, 2015). The "clear and convincing" standard is more than a bare preponderance, and requires evidence that a fact is "highly probable." See *In re Sego*, 82 Wn.2d 736, 739, 513 P.2d 831 (1973); *see also Bland v. Mentor*, 63 Wn.2d 150, 154, 385 P.2d 727 (1963).

|   |   |
|---|---|
| 1 | This Court appears to have made some determination that Attorney Defendants satisfied |
| 2 | their burden, thus shifting the burden of proof to Plaintiff, because the Court invited Plaintiff to |
| 3 | file a response to Attorney Defendants' Anti-SLAPP Motion and Motion for Reconsideration, |
| 4 | and also relayed a "specific interest" in whether Plaintiff could prove his CPA claims against |
| 5 | Attorney Defendants through clear and convincing evidence (Order, Page 2, Lines 15-19). |
| 6 | Plaintiff simply ignored this directive and/or potential shift in burden; his Opposition failed to |
| 7 | address or demonstrate <u>any</u> probability of prevailing on a CPA claim specifically against |
| 8 | Attorney Defendants, let alone under a clear and convincing evidence standard. |
| 9 | In reality, there is no connection between any act related to the non-judicial foreclosure, |
| 10 | the Note and Deed of Trust and Plaintiff's default thereunder, and Attorney Defendants. |
| 11 | **B.** **<u>Plaintiff's Arguments Regarding The Note Do Not Constitute Viable CPA</u>** |
| 12 | **<u>Violations</u>** |
| 13 | Plaintiff's Opposition repeatedly states that "a different Note" has been presented by |
| 14 | Defendants. This is inconsistent with the documents filed by both Plaintiff and Defendants in this |
| 15 | action. Plaintiff's Exhibit A, filed as Docket Item No. 1-1 on October 7, 2014 shows the Note |
| 16 | was dated April 24, 2007, was payable to Pierce Commercial Bank, had an amount of |
| 17 | $233,899.00, had a maturity date of May 1, 2037, was endorsed in blank, and was executed by |
| 18 | James Bigelow and Carolyn Bigelow. Plaintiff further admitted to executing the Note in his |
| 19 | original Complaint (Docket Item No. 1, ¶ 11). In this same Complaint, Plaintiff also confirms |
| 20 | the additional endorsements contained on the version of Defendant's Note filed by Attorney |
| 21 | Defendants, although Plaintiff's Exhibit A does not contain the two additional endorsements |
| 22 | between by Countrywide (Docket Item No. 1, ¶ 13). There is no material difference in the two |
| 23 | documents, and both showed an endorsement in blank that would allow a holder to enforce it. |
| 24 | With respect to the Note in general, in order for Plaintiff's CPA claims to survive he must |
| 25 | also show he has <u>standing</u> to challenge the endorsements as between Pierce Commercial Bank, |
| 26 | Countrywide Home Loans, Inc., and GREEN TREE as the current holder of the Note endorsed in |
| 27 | blank. Under *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-561 (1992) the minimum |
| 28 | constitutional requirements for standing are as follows: |

> First, the plaintiff must have suffered an "injury in fact"—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not "conjectural" or "hypothetical." Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be "fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court." Third, it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

Footnote 1 at 560 further elaborated "that the injury must affect the plaintiff in a personal and individual way."

On this basis, the only parties having standing to challenge endorsements on the Note is Pierce Commercial Bank, Countrywide Home Loans, Inc. and GREEN TREE, because if any endorsement is not legitimate, as Plaintiff contends, only those parties between whom the Note is or would be transferred could be harmed by another entity claiming the same interest in the Note. These are the only parties to whom this Court could provide redress, and absent Plaintiff first providing payment for the entire balance owing under the Note and Deed of Trust, he would never be considered as a party having an ownership interest in the Note.

Plaintiff also never establishes any causal connection between his alleged issues with the Note's endorsements and his claimed injury in general; Plaintiff never offered <u>any</u> type of proof (in any of his three complaints) that a party, other than GREEN TREE, attempted to collect on the debt under the Note after December 1, 2011 (*see generally*, Docket Item No. 65, Pages 20-21). Plaintiff also failed to make any specific connection between his claimed injury and the <u>Attorney Defendants</u>, other than the fact the Attorney Defendants filed a copy of the original Note in the normal and expected course of this judicial proceeding.

Plaintiff does not have standing to challenge the Note's endorsements, and never provided evidence of an actual controversy arising from these endorsements. Not only does Plaintiff's CPA claim fail as to Attorney Defendants, it actually fails as to all of the Defendants.

Here Plaintiff defaulted on the Note and Deed of Trust, and filed this litigation in an attempt to delay foreclosure of a home in which neither borrower even resides (*see* Docket Item No. 50, Page 1, Line 20-21 in which Timothy Dietz states he is the "current occupant"). The CPA is not designed to protect litigants in these circumstances.

### C. Plaintiff Does Not Have Standing To Challenge The Assignment By MERS

Plaintiff's last argument in support of his Opposition pertains to the Assignment of the Deed of Trust ("Assignment"), and MERS' role in executing the document (¶ 6). This has absolutely no connection to Attorney Defendants – Plaintiff does not show that Attorney Defendants were involved with the execution or recordation of the Assignment, does not show the Assignment has any connection with Attorney Defendants, and also does not show that Attorney Defendants participated in drafting, executing or recordation of the Assignment.

Instead, Plaintiff again tries to rehash standing to challenge MERS' execution of the Assignment ("as per MERS [sic] own rules, MERS cannot assign a deed of trust for any member that is not in good standing."), and then attempts to make this a cause of action that is somehow attributable to Attorney Defendants. For the sake of brevity Attorney Defendants will not use this document to address Plaintiff's claim because these same arguments were already raised in Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Docket Item No. 65, Pages 18-19, 21-24, 35).

Further, Plaintiff's contention lacks any support; it is not clear what 'MERS' own rules' are or consist of, or how Attorney Defendants would be implicated in the enforcement of these 'rules' – and Plaintiff never even filed a copy of these alleged rules before this Court.

### III. CONCLUSION

Based on the foregoing reasons, the Attorney Defendants respectfully request that this Court grant Attorney Defendants Motion for Reconsideration and also grant their Anti-SLAPP Motion to Strike Plaintiff's Complaint.

Respectfully submitted,
**WRIGHT, FINLAY & ZAK, LLP**

Dated: July 2, 2015     By:  /s/ Renee M. Parker, Esq.
Renee M. Parker, Esq., WSBA No. 36995
Attorneys for Defendants, GREEN TREE SERVICING LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), WRIGHT, FINLAY, & ZAK, LLP, and RENEE M. PARKER, ESQ. (erroneously sued as Renee Parker)

# DECLARATION OF SERVICE

I, Steven E. Bennett, declare as follows:

    I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

    On July 2, 2015, I served the within **REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION FOR RECONSIDERATION ON ORDER ON MOTION TO STRIKE PLAINTIFF'S COMPLAINT FOR ANTI-SLAPP VIOLATIONS** on all interested parties in this action as follows:

**SERVICE VIA U.S. MAIL:**
CHAMBER COPY:
The Honorable Benjamin H. Settle
United States Courthouse
1717 Pacific Avenue, Room 3100
Tacoma, WA 98402-3200

**ELECTRONIC SERVICE:**
PLAINTIFF:
James A. Bigelow
sistermoonproductions@gmail.com

NORTHWEST TRUSTEE SERVICES INC.:
Joseph H. Marshall
jomarshall@rcolegal.com,kstephan@rcolegal.com

FIRST AMERICAN TITLE INSURANCE COMPANY:
Thomas F. Peterson
tpeterson@sociuslaw.com,lmckenzie@sociuslaw.com

NATIONWIDE TITLE CLEARING:
Matthew T. Adamson
madamson@jbsl.com,lkondo@jbsl.com

INTERESTED PARTIES:
Timothy Dietz
timethepostman@yahoo.com

1  I declare under penalty of perjury under the laws of the State of Washington and the United States of America that the foregoing is true and correct.
2
DATED: this 2nd day of July, 2015
3
4                                                         _____
                                                          Steve Bennett

2
DECLARATION OF SERVICE