**WRIGHT, FINLAY & ZAK, LLP**
Renee M. Parker, Esq., WSBA No. 256851
Lukasz I. Wozniak, Esq., WSBA No. 47290
4665 MacArthur Court, Suite 200
Newport Beach, CA  92660
Tel: (949) 610-7023; Fax: (949) 477-9200
rmparker@wrightlegal.net

Attorneys for GREEN TREE LOAN SERVICING LLC, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., WRIGHT, FINLAY & ZAK, LLP and RENEE M. PARKER, ESQ.

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON (TACOMA)

| | |
|---|---|
| JAMES A. BIGELOW<br><br>Plaintiff,<br><br>vs.<br><br>NORTHWEST TRUSTEE SERVICES, INC.;<br>GREEN TREE SERVICING, LLC;<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEMS, INC.; and<br>DOE DEFENDANTS 1-20<br><br>Defendants. | Case No.: 3:14-cv-05798 BHS<br><br>**DECLARATION OF RENEE M. PARKER IN SUPPORT OF REPLY TO RESPONSE IN OPPOSITION TO MOTION FOR RECONSIDERATION** |

I, <u>RENEE M. PARKER</u>, declare as follows:

1. I am an attorney retained to represent Defendants GREEN TREE LOAN SERVICING LLC ("GREEN TREE") and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") in the above-captioned matter. Except where otherwise stated, I have personal knowledge of the facts set forth herein, and if called upon as a witness to testify, I could and would competently testify as to the truth thereof.

2. As this Court is already aware from the Declaration of Edward Born, filed on Dec. 9, 2014 as Dkt. Item No. 17, GREEN TREE had the original Note since December 1, 2011.

DECLARATION IN SUPPORT OF REPLY
TO RESPONSE IN OPPOSITION TO
MOTION FOR RECONSIDERATION
WFZ File No.: 254-2015024

1

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

3.   On or about February 24, 2015, in the normal course of my duties as its counsel, I personally contacted GREEN TREE and requested the original Interest Only Fixed Rate Note ("Note") and Deed of Trust ("Deed of Trust"), both dated April 24, 2007, evidencing the loan between James and Carolyn Bigelow and Pierce Commercial Bank, A Washington Corporation (hereinafter "Loan Documents" collectively) be sent to me for the purposes of defense of GREEN TREE and MERS in the course of this litigation.

4.   On or about May 18, 2015 I received the Loan Documents from GREEN TREE via FedEx delivery. I personally opened the package and inventoried its contents; the package contained the following documents: 1) the original Note; and 2) the original Deed of Trust. Upon receipt of the Loan Documents, I personally made copies of the original Deed of Trust and Note, affixed a stamp to each copy which states "THIS IS A TRUE AND CORRECT COPY OF THE ORIGINAL DOCUMENT _____" and placed my initials on the indicated line. The Loan Documents were then placed into our secure storage location. Wright, Finlay & Zak, LLP is still in possession of the Loan Documents on behalf of GREEN TREE for the purposes of this litigation.

5.   A true and correct copy of the original Note, containing the affixed stamp certifying it is a copy of the original document, is attached hereto as Exhibit "A" except as redacted to remove personally identifying information. Should the Court so desire, I can also provide a copy of the original Deed of Trust.

I hereby declare under the penalty of perjury under the laws of the United States of America that the foregoing statement is true and correct.

DATED this 1ST day of JULY, 2015, at NEWPORT BEACH, CA.

Printed Name: RENEE M. PARKER

Title: ATTORNEY

DECLARATION IN SUPPORT OF REPLY
TO RESPONSE IN OPPOSITION TO
MOTION FOR RECONSIDERATION
WFZ File No.: 254-2015024

Renee M. Parker (SBN 36995)
Wright, Finlay, & Zak, LLP
4665 MacArthur Blvd., Suite 200
Newport Beach, CA 92660
PH: (949) 477-5050/FAX: (949) 608-9142

2

# EXHIBIT A

MIN: ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓   Loan Number: ▓▓▓▓▓

# INTEREST ONLY FIXED RATE NOTE

APRIL 24, 2007          PUYALLUP          WASHINGTON
[Date]                  [City]            [State]

10018 CASCADIAN AVENUE SE, YELM, WASHINGTON 98597
[Property Address]

1. **BORROWER'S PROMISE TO PAY**
   In return for a loan that I have received, I promise to pay U.S. $ 233,899.00   (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is PIERCE COMMERCIAL BANK, A WASHINGTON CORPORATION
   I will make all payments under this Note in the form of cash, check or money order.
   I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

2. **INTEREST**
   Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of 6.875 %.
   The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

3. **PAYMENTS**
   (A) Time and Place of
   I will make a payment every month. This payment will be for interest only for the first 120   months, and then will consist of principal and interest.
   I will make my monthly payment on the 1st   day of each month beginning on JUNE 1, 2007  .
   I will make these payments every month until I have paid all of the Principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date, and if the payment includes both principal and interest it will be applied to interest before Principal. If, on MAY 1, 2037   . I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
   I will make my monthly payments at PO BOX 110488, TACOMA, WASHINGTON 98411

   or at a different place if required by the Note Holder.
   (B) Amount of Monthly Payments
   My monthly payment will be in the amount of U.S. $ 1,340.05   for the first 120   months of this Note, and thereafter will be in the amount of U.S. $ 1,795.91  . The Note Holder will notify me prior to the date of change in monthly payment.

4. **BORROWER'S RIGHT TO PREPAY**
   I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a prepayment if I have not made all the monthly payments due under the Note.
   I may make a full prepayment or partial prepayments without paying a prepayment charge. The Note Holder will use my prepayments to reduce the amount of principal that I owe under this Note. However, the Note Holder may apply my prepayment to the accrued and unpaid interest on the prepayment amount, before applying my prepayment to reduce the principal amount of the Note. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes. However, if the partial prepayment is made during the period when my monthly payments consist only of interest, the amount of the monthly payment will decrease for the remainder of the term when my payments consist only of interest as well as during the time that my payments consist of principal and interest. If the partial prepayment is made during the period when my payments consist of principal and interest, the amount of my monthly payment will not decrease; however, the principal and the interest required under this Note will be paid prior to the Maturity Date.

5. **LOAN CHARGES**
   If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

THIS IS A TRUE AND CORRECT COPY
OF THE ORIGINAL DOCUMENT
_____

INTEREST ONLY Fixed Rate Note
FE-3166 (0506)                    Page 1 of 3                    Initials: _JB_
                                                                           _QB_

EXHIBIT A

6. **BORROWER'S FAILURE TO PAY AS REQUIRED**
   (A) **Late Charge for Overdue Payments**
   If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000 % of my overdue payment. I will pay this late charge promptly but only once on each late payment.
   (B) **Default**
   If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.
   (C) **Notice of Default**
   If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.
   (D) **No Waiver By Note Holder**
   Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.
   (E) **Payment of Note Holder's Costs and Expenses**
   If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

7. **GIVING OF NOTICES**
   Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.
   Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

8. **OBLIGATIONS OF PERSONS UNDER THIS NOTE**
   If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

9. **WAIVERS**
   I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

10. **UNIFORM SECURED NOTE**
    This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:
    If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.
    If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)
JAMES BIGELOW                      -Borrower

_____ (Seal)
CAROLYN BIGELOW                    -Borrower

_____ (Seal)
                                   -Borrower

_____ (Seal)
                                   -Borrower

*[Sign Original Only]*

PAY TO THE ORDER OF
COUNTRYWIDE HOME LOANS, INC
WITHOUT RECOURSE
COUNTRYWIDE BANK, FSB
FKA COUNTRYWIDE BANK, N.A.

BY _____
LAURIE MEDER
SENIOR VICE PRESIDENT

PAY TO THE ORDER OF

WITHOUT RECOURSE
COUNTRYWIDE HOME LOANS, INC.

BY: _____
MICHELE SJOLANDER
EXECUTIVE VICE PRESIDENT

PAY TO THE ORDER OF COUNTRYWIDE BANK, N.A., WITHOUT RECOURSE
PIERCE COMMERCIAL BANK
BY: _____
SONJA L. LIGHTFOOT
ITS: SENIOR VICE PRESIDENT

INTEREST ONLY Fixed Rate Note
FE-3166 (0506)                                    Page 3 of 3

# DECLARATION OF SERVICE

I, Steven E. Bennett, declare as follows:

I am employed in the County of Orange, State of California. I am over the age of eighteen (18) and not a party to the within action. My business address is 4665 MacArthur Court, Suite 280, Newport Beach, California 92660. I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service. Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.

On July 2, 2015, I served the within **DECLARATION OF RENEE M. PARKER IN SUPPORT OF REPLY TO RESPONSE IN OPPOSITION TO MOTION FOR RECONSIDERATION** on all interested parties in this action as follows:

**SERVICE VIA U.S. MAIL:**
CHAMBER COPY:
The Honorable Benjamin H. Settle
United States Courthouse
1717 Pacific Avenue, Room 3100
Tacoma, WA 98402-3200

**ELECTRONIC SERVICE:**
PLAINTIFF:
James A. Bigelow
sistermoonproductions@gmail.com

NORTHWEST TRUSTEE SERVICES INC.:
Joseph H. Marshall
jomarshall@rcolegal.com, kstephan@rcolegal.com

FIRST AMERICAN TITLE INSURANCE COMPANY:
Thomas F. Peterson
tpeterson@sociuslaw.com, lmckenzie@sociuslaw.com

NATIONWIDE TITLE CLEARING:
Matthew T. Adamson
madamson@jbsl.com, lkondo@jbsl.com

INTERESTED PARTIES:
Timothy Dietz
timethepostman@yahoo.com

1
DECLARATION OF SERVICE

1. I declare under penalty of perjury under the laws of the State of Washington and the
2. United States of America that the foregoing is true and correct.
   DATED: this 2nd day of July, 2015

*/s/ Steve Bennett*
Steve Bennett