UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES A. BIGELOW,<br><br>              Plaintiff,<br><br>   v.<br><br>NORTHWEST TRUSTEE SERVICES, INC., et al.<br><br>             Defendants. | CASE NO. C14-5798 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION, PARTIALLY VACATING PREVIOUS ORDER, AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S COMPLAINT |

This matter comes before the Court on Defendants Green Tree Servicing, LLC ("Green Tree"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Renee Parker, and Wright, Finlay & Zak, LLP's ("Defendants") motion for reconsideration (Dkt. 93). The Court has considered the pleading filed in support of and in opposition to the motion and the remainder of the file and hereby rules as follows:

ORDER - 1

## I. PROCEDURAL HISTORY

On February 23, 2015, Plaintiff James Bigelow ("Bigelow") filed an amended complaint against Defendants. Dkt. 44. In relevant part, Bigleow asserted a claim against Defendants Renee Parker and Wright, Finlay & Zak, LLP ("Attorney Defendants") for violation of the Washington Consumer Protection Act, RCW Chapter 19.86. *Id.* at ¶¶ 211–226.

On March 13, 2015, Attorney Defendants moved to strike Bigelow's complaint in its entirety under Washington's Anti-SLAPP statute, RCW 4.24.525. Dkt. 60. On June 1, 2015, the Court denied the motion. Dkt. 92.

On June 15, 2015, Attorney Defendants filed a motion for reconsideration. Dkt. 93. On June 16, 2015, the Court requested a response from Bigelow and set a briefing schedule. Dkt. 94. On June 30, 2015, Bigelow responded. Dkt. 95. On July 2, 2015, Attorney Defendants replied. Dkt. 96.

## II. DISCUSSION

The Washington "legislature passed an anti-SLAPP statute aimed at promptly disposing of 'lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances.'" *Baseball Club of Tacoma v. SDL Baseball Partners, LLC*, 348 P.3d 1283, 1286 (Wash. Ct. App. 2015) (citing Laws of 2010, ch. 118 § 1(a)). Whether a court strikes a claim under the statute depends on a two-step analysis. First, the "moving party bringing a special motion to strike a claim . . . has the initial burden of showing by a preponderance of the evidence that the claim is based on an action involving public participation and petition." RCW

4.24.525(4)(b). A court reviews "the pleadings, declarations, and other supporting documents to determine whether the gravamen of the underlying claim is based on protected activity." *Alaska Structures, Inc. v. Hedlund*, 180 Wn. App. 591, 597 (2014). Second, if the moving party is successful, "the burden shifts to the responding party to establish by clear and convincing evidence a probability of prevailing on the claim. If the responding party meets this burden, the court shall deny the motion." RCW 4.24.525(4)(b).

In the Court's previous order, the Court concluded that the Attorney Defendants had failed to meet the initial burden. Dkt. 92 at 6–7. However, in the motion for reconsideration, the Attorney Defendants showed that submitting documents in a judicial proceeding is a protected action under the anit-SLAPP statute. Specifically, an "action involving public participation and petition" includes "[a]ny oral statement made, or written statement or other document submitted, in a . . . judicial proceeding . . . ." RCW 4.24.525(2)(a). The Attorney Defendants argue that Bigelow's CPA claim against them is based purely on their filing a specific document in this action. Dkt. 96 at 3–7. The Court agrees with the Attorney Defendants because Bigelow explicitly concedes that his claim is based on the Attorney Defendants filing what Bigelow alleges is a forged promissory note in this action at docket entry sixteen. Dkt. 95 at 2–3. Therefore, the Court concludes that the Attorney Defendants have shown by a preponderance of the evidence that Bigelow's claim is based on a filing in this action, which is a protected activity under the anti-SLAPP statute.

Next, the burden falls on Bigelow to establish by clear and convincing evidence that he will prevail on his claim. RCW 4.24.525(4)(b). Bigelow is unable to meet this burden. The elements of a CPA claim are: "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; [and] (5) causation." *Johnson v. Camp Auto., Inc.*, 148 Wn. App. 181, 185 (2009). While it may be a deceptive act to file a forged or inaccurate document with the Court, in no way is the proper remedy a CPA claim against the attorney or her firm. Bigelow fails to show that the alleged deceptive act occurs in trade or commerce, that the act has an impact on the public interest, or that the act in any way caused injury to Bigelow's property. Therefore, the Court concludes that Bigelow has failed to meet his burden.

The last issue is the proper remedy. Under the statute, the Court "shall" award the Attorney Defendants the costs and attorney fees incurred in bringing the motion, an amount of ten thousand dollars, and any additional relief to deter the conduct. RCW 4.24.525(6). With regard to costs and fees, the Attorney Defendants may file a petition for an award of fees and note it according to the local rules of procedure so that Bigelow may respond to any specific request. With regard to the statutory penalty of ten thousand dollars, the Court "shall" impose this fine and will do so. With regard to any additional relief, the Attorney Defendants request that the Court strike Bigelow's complaint "in its entirety." Dkt. 93 at 8. The Court declines to impose such a harsh remedy. Bigelow's claims against the lenders should be decided on the merits and the imposition of a significant sanction and fees should be sufficient to deter future conduct.

## III. ORDER

Therefore, it is hereby **ORDERED** that the Attorney Defendants' motion for reconsideration (Dkt. 93) is **GRANTED**, the Court's previous order (Dkt. 92) is **VACATED in part**, the Attorney Defendants' motion to strike plaintiff's complaint for anti-SLAPP violations (Dkt. 60) is **GRANTED in part** and **DENIED in part** as stated herein.

Dated this 16th day of July, 2015.

BENJAMIN H. SETTLE
United States District Judge