UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES A. BIGELOW,<br><br>               Plaintiff,<br><br>    v.<br><br>NORTHWEST TRUSTEE SERVICES, INC., et al.<br><br>               Defendants. | CASE NO. C14-5798 BHS<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION, VACATING PREVIOUS ORDER, AND DENYING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S COMPLAINT |

      This matter comes before the Court on Plaintiff James Bigelow's ("Bigelow") motion for reconsideration (Dkt. 100) and Defendants Green Tree Servicing, LLC ("Green Tree"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Renee Parker, and Wright, Finlay & Zak, LLP's ("Defendants") request to strike Bigelow's response (Dkt. 104). The Court has considered the pleading filed in support of and in opposition to the motion and the remainder of the file and hereby rules as follows:

ORDER - 1

## I. PROCEDURAL HISTORY

On February 23, 2015, Bigelow filed an amended complaint against Defendants. Dkt. 44. In relevant part, Bigleow asserted a claim against Defendants Renee Parker and Wright, Finlay & Zak, LLP ("Attorney Defendants") for violation of the Washington Consumer Protection Act, RCW Chapter 19.86. *Id*. at ¶¶ 211–226.

On March 13, 2015, Attorney Defendants moved to strike Bigelow's complaint in its entirety under Washington's Anti-SLAPP statute, RCW 4.24.525. Dkt. 60. On June 1, 2015, the Court denied the motion. Dkt. 92.

On June 15, 2015, Attorney Defendants filed a motion for reconsideration. Dkt. 93. On July 16, 2015, the Court granted the motion, vacated its previous order, granted the motion to strike as to the claims against the Attorney Defendants, and denied the motion to strike as to all other claims. Dkt. 99.

On August 10, 2015, Bigelow filed a motion for reconsideration arguing that the Washington Supreme Court had recently declared Washington's Anti-SLAPP statute unconstitutional. Dkt. 100. On August 10, 2015, the Court requested a response from Attorney Defendants and set a briefing schedule. Dkt. 101. On August 18, 2015, Attorney Defendants responded. Dkt. 102. On August 23, 2015, Bigelow filed a

"response."[1]  Dkt. 103.  On August 26, 2015, Attorney Defendants requested that the Court strike Bigelow's reply because it was filed two days late.  Dkt. 104.[2]

## II. DISCUSSION

The Washington "legislature passed an anti-SLAPP statute aimed at promptly disposing of 'lawsuits brought primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances.'"  *Baseball Club of Tacoma v. SDL Baseball Partners, LLC*, 348 P.3d 1283, 1286 (Wash. Ct. App. 2015) (citing Laws of 2010, ch. 118 § 1(a)).  However, in *Davis v. Cox*, 183 Wn.2d 269 (2015), the Washington Supreme Court "invalidate[d] RCW 4.24.525 as a whole."  *Id* at 295.

In this case, the answer to the question posed seems clear.  The Attorney Defendants, however, argue that (1) Bigelow's motion was filed late, (2) Bigelow fails to meet his burden because *Davis* was published and available to Bigelow before the Court ruled on the motion to strike, and (3) "the Order dismissing Attorney Defendants under RCW 4.24.525 was constitutional and should not be reversed."  Dkt. 102 at 8.  With regard to the latter argument, the legal contention is not warranted by existing law.  In fact, the argument is in direct contradiction to existing law and is a frivolous argument to reverse existing law because the Court is without jurisdiction to overturn the state's highest court on a question of whether a state statute violates the state constitution.  While the Attorney Defendants may seek compensation for defending against frivolous

---

[1] Although Bigelow titled the document as a response, under the rules of procedure, the document should have been titled a reply.

[2] The request is denied as moot because the Court does not rely on any material in the reply in reaching its decision.

1  claims, they should seek other valid legal methods to obtain such relief instead of

2  continually asserting that the Court should enforce an invalid state statute.

3      With regard to Bigelow's failure to timely file the motion or present *new* material

4  in support of his motion, the arguments are frivolous as well.  The Court has the authority

5  to remedy any error of law before the entry of final judgment and may exercise such

6  authority independent of any pending motion.  In other words, Bigelow's errors are

7  irrelevant as to the issue of remedying this error of law.

## III.  ORDER

9      Therefore, it is hereby **ORDERED** that the Bigelow's motion for reconsideration

10  (Dkt. 100) is **GRANTED**, the Court's previous order (Dkt. 99) is **VACATED,** the

11  Attorney Defendants' motion to strike plaintiff's complaint for anti-SLAPP violations

12  (Dkt. 60) is **DENIED**.

13      Dated this 31st day of August, 2015.

                        BENJAMIN H. SETTLE
                        United States District Judge