THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES A. BIGELOW,

      Plaintiff,

vs.

NORTHWEST TRUSTEE SERVICES,
INC.; GREEN TREE SERVICING, LLC;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, Inc.;
WRIGHT, FINLAY & ZAK, LLP; TICOR
TITLE COMPANY; NATIONWIDE TITLE
CLEARING; FIRST AMERICAN TITLE
INSURANCE COMPANY; RENEE
PARKER; and DOE DEFENDANTS 1 – 20,

      Defendants.

Case No.:  3:14-cv-05798-BHS

**REPLY TO RESPONSE IN
OPPOSITION TO PLAINTIFFS'
MOTION TO COMPEL DISCOVERY**

PLAINTIFF, James A. Bigelow, files this Reply to Defendants Response to Plaintiffs Motion
to Compel Discovery, stating in support;

1. Counsel for Defendants has not confirmed that a privilege log exists. However, counsel
   for Defendants has confirmed that contracts for representation of counsel has not been
   entered into any privilege log (Dkt 122 p. 4).

REPLY TO RESPONSE TO MOTION TO COMPEL DISCOVERY
Case No.:  3:14-cv-05798-BHS

James A. Bigelow
20704 2nd Ave W
Lynnwood WA 98036
360-790-2568

2. Plaintiff has reason to believe that there is no agreement between counsel and Defendants that specifically names Plaintiff in that agreement. In Plaintiffs' requests Plaintiff only wants to establish that an agreement specific to the Plaintiff does not exist. In Plaintiffs' requests for production, Plaintiff is not interested in the terms of any agreement, but only that there is language that specifies this particular case - 3:14-cv-05798-BHS. Since no privilege has been specifically claimed, Plaintiffs' requests should be complied with.

3. "The Ninth Circuit has held that a party meets its burden of demonstrating the applicability of the attorney-client privilege by submitting a log that identifies (a) the attorney and client involved, (b) the nature of the document, (c) all persons or entities shown on the document to have received or sent the document, (d) all persons or entities known to have been furnished the document or informed of its substance, and (e) the date the document was generated, prepared, or dated." *Trejo v. MACY'S, INC.*, Dist. Court, ND California 2014. *See In re Grand Jury Investigation,* 974 F.2d 1068, 1071 (9th Cir. 1992) (listing requirements) (citing *Dole v. Milonas,* 889 F.2d 885, (9th Cir. 1989). "Such a log should generally be submitted within thirty days of the production request being served." *Id.*

4. Plaintiff has specifically stated the responses that Defendants have generally applied for **all** requests in order to avoid answering Plaintiffs' requests (Dkt 118-1 p.2). See also Dkt 118-1 p. 6.

5. Plaintiff has been gathering information in support of his case and was unaware of any deadlines until a minute order was filed March 22, 2016.

6. Plaintiff would like to note that counsel for the Defendants has misrepresented (Which is nothing new for Defendants) Plaintiffs' request stating "Plaintiff also demands proof that

REPLY TO RESPONSE TO MOTION TO COMPEL DISCOVERY
Case No.:  3:14-cv-05798-BHS

James A. Bigelow
20704 2nd Ave W
Lynnwood WA 98036
360-790-2568

- 2 of 5 -

Chicago Title no longer exists (Dkt 122 p. 8). The actual language is (20) "Please provide copies of any and all documents that the Original Trustee, Chicago Title, has ceased to act, as required by section 24 of the alleged Deed of Trust, **Substitute Trustee**," (21) "Please provide copies of any and all documents that the Original Lender, Pierce Commercial Bank, has appointed a substitute trustee, as required by section 24 of the alleged Deed of Trust, **Substitute Trustee**."

7. This Case is not about the existence of a debt, but rather the collection of a debt and the behavior of Defendants in their attempts to collect an alleged debt. Plaintiff is trying to establish that GTS has no standing to collect an alleged debt and that the alleged contract is not being followed as written. Defendants cannot prove standing and are impeding Plaintiff from proving these facts.

8. As noted in *Collins v. Landry's Inc*., United States District Court, D. Nevada, June 17, 2014, "Collins' motion to compel is granted for two reasons. First, Landry's responses to Collins' discovery requests are boilerplate. Objections to discovery requests cannot be conclusory. Proper objections "show" or "specifically detail" why the disputed discovery request is improper. *Blankenship,* 519 F.2d at 429; *Walker,* 186 F.R.D. at 587; *Teller,* 2013 WL1501445. Here, Landry's objections show nothing and detail nothing. Because boilerplate objections are "tantamount to making no objection at all," *see Walker,* 186 F.R.D. at 587 (citing *Cipollone,* 785 F.2d at 1121))."

WHEREFORE, Plaintiff James A. Bigelow moves this Court to enter an Order compelling Defendants to properly respond to Plaintiffs' discovery requests. Should the Court find that the Plaintiff has failed to properly plead his Motion to Compel or Reply, that the Plaintiff be granted leave to amend and cure any deficiencies identified by this Court.

REPLY TO RESPONSE TO MOTION TO COMPEL DISCOVERY
Case No.:  3:14-cv-05798-BHS

James A. Bigelow
20704 2nd Ave W
Lynnwood WA 98036
360-790-2568

Dated this 21st Day of April, 2016

James A. Bigelow

## CERTIFICATE OF SERVICE

I CERTIFY UNDER PENALTY OF PERJURY under the laws of the State of Washington that the foregoing is true and correct and that, upon filing with the Court, a copy of the foregoing will be electronically provided by the Court's ECF system to Renee M. Parker, Esq., Joseph H. Marshall, Esq., Thomas F. Peterson, Esq., and Matt Adamson, Esq.

Executed this 21st day of April, 2016.

James A. Bigelow

## VERIFICATION

**STATE OF WASHINGTON**

**COUNTY OF SNOHOMISH**

BEFORE ME personally appeared James A. Bigelow who, being by me first duly sworn and identified in accordance with Washington law, deposes and says:

1. My name is James A. Bigelow, Plaintiff herein.
2. I have read and understood the attached foregoing herein, and each fact alleged therein is true and correct of my own personal knowledge.

FURTHER THE AFFIANT SAYETH NAUGHT.

James A. Bigelow, Affiant

SWORN TO and subscribed before me this 21st day of April, 2016.

Notary Public
State of Washington

REPLY TO RESPONSE TO MOTION TO COMPEL DISCOVERY
Case No.: 3:14-cv-05798-BHS

James A. Bigelow
20704 2nd Ave W
Lynnwood WA 98036
360-790-2568

_Robin McNeely_

Notary Public

My commission expires: 11/9/18

ROBIN MCNEELY
My Appointment Expires Nov 9, 2018

Notary Public
State of Washington
ROBIN MCNEELY
My Appointment Expires Nov 9, 2018

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

REPLY TO RESPONSE TO MOTION TO COMPEL DISCOVERY
Case No.:  3:14-cv-05798-BHS

James A. Bigelow
20704 2nd Ave W
Lynnwood WA 98036
360-790-2568