1

2

3

4

5

6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7

JAMES A. BIGELOW,

8                          Plaintiff,

9              v.

10

NORTHWEST TRUSTEE SERVICES,
INC., et al.,

11

12                          Defendants.

CASE NO. C14-5798BHS

ORDER DENYING PLAINTIFF'S
DISCOVERY MOTIONS

13

14     This matter comes before the Court on Plaintiff James A. Bigelow's ("Bigelow")

15
motion to determine sufficiency (Dkt. 116), motion to compel discovery (Dkt. 118), and

16
motion for *in camera* review (Dkt. 119). The Court has considered the pleadings filed in

17
support of and in opposition to the motions and the remainder of the file and hereby

18
denies the motions for the reasons stated herein.

19                          **I. PROCEDURAL HISTORY**

20     On October 7, 2014, Bigelow filed a complaint against numerous defendants

21
asserting causes of action for (1) violation of the Fair Debt Collections Practices Act, 15

22
U.S.C. § 1692, *et seq.* ("FDCPA"), (2) violation of the Washington State Deed of Trust

ORDER - 1

1  Act, RCW Chapter 61.24 ("DTA"), and (3) violation of the Washington Consumer

2  Protection Act, RCW Chapter 19.86 ("CPA").  Dkt. 1.

3          On February 23, 2015, Bigelow filed an amended complaint against numerous

4  defendants, including Green Tree Loan Servicing, LLC, Mortgage Electronic

5  Registration Services, Renee Parker, and Wright, Finlay & Zak, LLP ("Defendants").

6  Dkt. 44.  Bigelow asserts causes of action for violation of the FDCPA, DTA, CPA,

7  slander of title, and intentional infliction of emotional distress ("IIED").  Dkts. 44 & 44-

8  1.

9          On October 13, 2015, Bigelow served his first set of requests for admissions,

10  interrogatories, and requests for production.  On November 12, 2015, Defendants

11  responded.  Dkt. 118, Exhs. 2–4.

12          On March 24, 2016, Bigelow filed a motion to determine the sufficiency of

13  Defendants' responses.  Dkt. 116.  On March 28, 2016, Bigelow filed a motion to

14  compel.  Dkt. 118.  On March 31, 2014, Bigelow filed a motion for *in camera* review.

15  Dkt. 119.  Defendants responded.  Dkts. 120, 122, & 123.  Bigelow replied.  Dkt. 121,

16  125, & 126.

17                                    **II. DISCUSSION**

18  **A.      Meet and Confer**

19          Any motion to compel "must include a certification that the movant has in good

20  faith conferred or attempted to confer with the person or party failing to make disclosure

21  or discovery in an effort to obtain it without court action."  Fed. R. Civ. P. 37(a)(1).  "The

22  certification must list the date, manner, and participants to the conference. . . . A good

1  faith effort to confer with a party or person not making a disclosure or discovery requires

2  a face-to-face meeting or a telephone conference." Local Rules, W.D. Wash. LCR

3  37(a)(1). "If the movant fails to include such a certification, the court may deny the

4  motion without addressing the merits of the dispute." *Id.*

5       In this case, Bigelow has failed to file a proper certification with his motions.

6  Although one of Bigelow's motions requests that the Court determine the sufficiency of

7  Defendants' response, it is essentially a motion to compel because Bigelow argues that

8  Defendants have provided an insufficient response. *See* Dkt. 116.  Bigelow has failed to

9  show that he attempted to resolve his disputes with Defendants before seeking assistance

10  from the Court.  In fact, it appears that Bigelow has not communicated any specific

11  objections to Defendants and only objects to their responses in general.  The meet and

12  confer requirement is intended to not only resolve disputes but also to refine disputes so

13  that a specific problem can be presented to the Court.  In the absence of such an effort,

14  the Court declines to referee all discovery in general.  Therefore, the Court denies

15  Bigelow's motion to compel and motion to determine sufficiency.

16  **B.**   ***In Camera* Review**

17       Bigelow requests that the Court conduct an *in camera* review of the "alleged

18  original Note" relating to the property in question. Dkt. 119.  Bigelow, however, fails to

19  explain why the Court should review this document.  Generally, the Court will only

20  engage in such a review for privileged or confidential matters.  The current dispute does

21  not involve this type of document, and, at this point, the Court agrees with Defendants

22  that declarations signed under penalty of perjury will be accepted for the purpose of

1    establishing that Defendants are in possession of the original note.  Dkt. 123 at 1.

2    Therefore, the Court denies Bigelow's motion on this issue.

3                                    **III. ORDER**

4            Therefore, it is hereby **ORDERED** that Bigelow's motion to determine

5    sufficiency (Dkt. 116), motion to compel discovery (Dkt. 118), and motion for *in camera*

6    review (Dkt. 119) are **DENIED**.

7            Dated this 12th day of May, 2016.

8

9                                                          _____

                                                          BENJAMIN H. SETTLE
10                                                         United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22