UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES A. BIGELOW,<br><br>            Plaintiff,<br><br>    v.<br><br>NORTHWEST TRUSTEE SERVICES, INC., et al.,<br><br>            Defendants. | CASE NO. C14-5798BHS<br><br>ORDER DENYING IN PART AND GRANTING IN PART DEFENDANTS' MOTION FOR SANCTIONS OR, ALTERNATIVELY, FOR AN EXTENSION |

This matter comes before the Court on Defendants Green Tree Servicing LLC, Mortgage Electronic Registration Systems, Inc., Renee Parker, Esq., and Wright, Finlay & Zak, LLP's ("Defendants") motion for terminating sanctions or alternatively request for extension on discovery deadlines (Dkt. 124).

This is Defendants' second motion regarding the attempt to take Plaintiff James Bigelow's ("Bigelow") deposition. On February 23, 2016, the Court denied Defendants' motion to compel Bigelow's deposition because, in part, Defendants failed to rebut Bigelow's argument that a subpoena pursuant to Fed. R. Civ. P 45 was required. Dkt. 112. After that, Defendants attempted to subpoena Bigelow pursuant to Rule 45.

Bigelow refused to attend asserting that Defendants failed to provide for mileage and attendance fees.  On April 21, 2016, Defendants filed the instant motion requesting dismissal as sanctions or an extension of the discovery deadline.  Dkt. 124.  On May 10, 2016, Bigelow responded.  Dkt. 127.  On May 13, 2016, Defendants replied.  Dkt. 129.[1]

With regard to the issue of the requirement of a subpoena, Defendants contend that one is not necessary.  Specifically, Defendants rely on a handbook for pro se litigants that was attached to a notice informing a pro se litigant of the requirements of responding to a dispositive motion.  Dkt. 129 at 4 (citing *Zavala v. Deutsche Bank Tr. Co. Ams.*, No. C 13-1040 LB, 2013 U.S. Dist. LEXIS 1077664, at *139-40 (N.D. Cal. May 29, 2013)).  While this citation is not authority, the proposition is accurate.  "Though the rules do not say so expressly, a subpoena is not necessary if the person to be examined is a party."  *Pinkham v. Paul*, 91 F.R.D. 613, 614 (D. Me. 1981) (citing Wright and Miller, Federal Practice and Procedure: Civil, s 2107.  In light of the unwritten rule, the Court finds that sanctions are not appropriate.  Therefore, the Court **DENIES** the motion on this issue.

With regard to an extension of discovery, the Court finds that a limited extension is appropriate.  It is important, if not essential, that Defendants have an opportunity to depose Bigelow before any trial on the merits.  Now that both parties are aware of the relevant law, the Court will extend the discovery deadline to July 8, 2016 for the purpose

---

[1] Defendants move to strike Bigelow's response because it was filed one day late, which "causes prejudice to Defendants in its time to prepare a reply."  Dkt. 129 at 2.  While it is true that Bigelow filed the motion at approximately 4AM the following day instead of before midnight, the Court is not persuaded that the tardiness prevented Defendants from drafting a complete reply.  Therefore, the Court denies the motion to strike.

of taking Bigelow's deposition and production of requested documents at the deposition. Bigelow shall make himself available for a reasonably scheduled deposition. Failure to appear at the deposition may result in dismissal of Bigelow's claims. Therefore, the Court **GRANTS** the motion as to the issue of extended discovery as set forth herein.

**IT IS SO ORDERED**.

Dated this 9th day of June, 2016.

BENJAMIN H. SETTLE
United States District Judge