1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES BIGELOW,

                              Plaintiff,

v.

NORTHWEST TRUSTEE SERVICES, et
al.,

                              Defendants.

CASE NO. C14-5798BHS

ORDER GRANTING
DEFENDANTS' MOTION FOR
SUMMARY JUDGMENT AND
DENYING DEFENDANTS'
MOTION FOR SANCTIONS

This matter comes before the Court on Green Tree Servicing, LLC ("Green

Tree"), Mortgage Electronic Registration Systems, Inc. ("MERS"), Renee Parker, Esq.,

and Wright, Finlay & Zak, LLP's (collectively "Defendants") motion for summary

judgment (Dkt. 130) and motion for sanctions (Dkt. 139). The Court has considered the

pleadings filed in support of and in opposition to the motions and the remainder of the

file and hereby rules as follows:

## I. PROCEDURAL HISTORY

On October 7, 2014, Bigelow filed a complaint against Northwest Trustee

Services, Inc.'s, Green Tree, and MERS asserting causes of action for (1) violation of the

1  Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), (2) violation

2  of the Washington State Deed of Trust Act, RCW Chapter 61.24 ("DTA"), and (3)

3  violation of the Washington Consumer Protection Act, RCW Chapter 19.86 ("CPA").

4  Dkt. 1.

5      On November 13, 2014, Bigelow filed an amended complaint against the same

6  Defendants asserting the same causes of action.  Dkt. 11.

7      On December 2, 2014, Green Tree and MERS filed a motion to dismiss.  Dkt. 12.

8      On January 8, 2015, Green Tree filed a third party complaint against Bigelow,

9  Carolyn Bigelow, Wells Fargo Bank, N.A., and Oak Ridge Yelm Homeowners

10  Association.  Dkt. 26.

11      On January 29, 2015, the Court granted Green Tree and MERS's motion to

12  dismiss, ordered Bigelow to join co-borrower Ms. Bigelow as an indispensible party, and

13  granted Bigelow leave to amend his complaint.  Dkt. 35.

14      On February 23, 2015, Bigelow filed an amended complaint against Northwest,

15  Green Tree, and MERS and added Defendants Wright, Finlay & Zak, LLP, Ticor Title

16  Company, Nationwide Title Clearing, First American Title Insurance Company, and

17  Renee Parker.  Dkt. 44.  Bigelow asserted causes of action for violations of the FDCPA,

18  DTA, CPA, slander of title, and intentional infliction of emotional distress ("IIED").

19  Dkts. 44 & 44-1.  Bigelow failed to add Ms. Bigelow as an indispensible party as ordered

20  by the Court.

21

22

1   On June 1, 2015, the Court ruled on numerous dispositive motions.  Dkt. 92.

2   Relevant to the instant motion, Bigelow's remaining claims are the CPA and IIED claims

3   against Defendants and an FDCPA claim against Green Tree.  *Id.*

4   On May 25, 2016, Defendants filed a motion for summary judgment.  Dkt. 130.

5   On June 20, 2016, Bigelow responded.  Dkt. 135.  On June 24, 2016, Defendants replied.

6   Dkt. 137.  On July 26, 2016, Bigelow filed a substantive surreply.  Dkt. 143.

7   On July 11, 2016, Defendants filed a motion for terminating sanctions asserting

8   that Bigelow failed to appear for his deposition on two additional occasions.  Dkt. 139.

9   On August 1, 2016, Bigelow responded.  Dkt. 144.  Defendants did not reply.

## II. FACTUAL BACKGROUND

11  On April 24, 2007, Bigelow and co-borrower Carolyn Bigelow ("Ms. Bigelow")

12  executed a Note in the amount of $233,899.00 in favor of Pierce Commercial Bank.  The

13  Note was secured by a Deed of Trust encumbering property commonly known as 10018

14  Cascadian Avenue SE, Yelm, Washington 98597.  The Deed of Trust was recorded with

15  the Thurston County Auditor on April 27, 2007.

16  Defendants assert that the loan was transferred to Green Tree on April 19, 2012.

17  The Corporate Assignment of Deed of Trust was recorded with the Thurston County

18  Auditor on April 20, 2012.  Defendants also assert that Green Tree is the holder of the

19  Note and services the loan on behalf of the Federal National Mortgage Association.

20  Defendants assert that, beginning with the payment due on November 1, 2011, the

21  borrowers defaulted under the terms of the Note and Deed of Trust by failing to perform

22  monthly payment obligations.  On May 10, 2012, Northwest sent a Notice of Default to

1  the borrowers.  After the borrowers failed to cure the default, Northwest sent a Notice of

2  Trustee's Sale.  Bigelow filed this action shortly thereafter.

3                                    **III. DISCUSSION**

4  **A.    Motion for Sanctions**

5          Defendants request that the Court dismiss Bigelow's complaint because he has

6  repeatedly failed to appear for depositions.  Dkt. 139.  While Bigelow's failure to appear

7  for a deposition because of a scheduled move is frivolous, his failure to appear because

8  he was admitted to the hospital for internal bleeding is a legitimate excuse.  Regardless,

9  as set forth below, the Court denies this motion as moot because the Court grants

10 Defendants' motion for summary judgment.

11 **B.    Summary Judgment**

12         Defendants move for summary judgment on Bigelow's remaining claims.  Dkt.

13 130.

14         **1.    Standard**

15         Summary judgment is proper only if the pleadings, the discovery and disclosure

16 materials on file, and any affidavits show that there is no genuine issue as to any material

17 fact and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

18 The moving party is entitled to judgment as a matter of law when the nonmoving party

19 fails to make a sufficient showing on an essential element of a claim in the case on which

20 the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317,

21 323 (1986).  There is no genuine issue of fact for trial where the record, taken as a whole,

22 could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec.*

1 | *Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (nonmoving party must

2 | present specific, significant probative evidence, not simply "some metaphysical doubt").

3 | *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists

4 | if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or

5 | jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477

6 | U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d

7 | 626, 630 (9th Cir. 1987).

8 | The determination of the existence of a material fact is often a close question. The

9 | Court must consider the substantive evidentiary burden that the nonmoving party must

10 | meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477

11 | U.S. at 254; *T.W. Elec. Serv., Inc.*, 809 F.2d at 630. The Court must resolve any factual

12 | issues of controversy in favor of the nonmoving party only when the facts specifically

13 | attested by that party contradict facts specifically attested by the moving party. The

14 | nonmoving party may not merely state that it will discredit the moving party's evidence

15 | at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W.*

16 | *Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson*, 477 U.S. at 255). Conclusory,

17 | nonspecific statements in affidavits are not sufficient, and missing facts will not be

18 | presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

19 | **2.    FDCPA**

20 | Bigelow asserts that Green Tree violated §§ 1692e and 1692f of the FDCPA.

21 | SAC, ¶¶ 192, 194. Section 1692e prohibits the use by a debt collector of "any false,

22 | deceptive, or misleading representation or means in connection with the collection of any

debt." Section 1692e(2) prohibits "[t]he false representation of ... the character, amount, or legal status of any debt." Section 1692f prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt." "The collection of any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law" is a violation of § 1692f(1). Whether conduct violates §§ 1692e or 1692f requires an objective analysis that takes into account whether "the least sophisticated debtor would likely be misled by a communication." *See Guerrero v. RJM Acquisitions, LLC*, 499 F.3d 926, 934 (9th Cir. 2007).

In this case, Green Tree argues that Bigelow fails to submit any evidence showing that Green Tree used any false, deceptive, or misleading material to collect debt or employed any unfair or unconscionable means to collect debt. Dkt. 130 at 23–25. The Court agrees because Bigelow failed to submit any evidence contesting Green Tree's position. Where no factual showing is made in opposition to a motion for summary judgment, the District Court is not required to search the record *sua sponte* for some genuine issue of material fact. *See Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1029 (9th Cir. 2001). Although Bigelow's verified SAC contains numerous allegations and arguments that Green Tree violated the FDCPA, "[a]rgument without evidence is hollow rhetoric that cannot defeat summary judgment." *Teamsters Local Union No. 117 v. Washington Dep't of Corr.*, 789 F.3d 979, 994 (9th Cir. 2015). Therefore, the Court grants Defendants' motion on Bigelow's FDCPA claim.

### 3.   IIED

"The tort of outrage requires the proof of three elements: (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of severe emotional distress." *Kloepfel v. Bokor*, 149 Wn.2d 192, 195 (2003). "The question of whether certain conduct is sufficiently outrageous is ordinarily for the jury, but it is initially for the court to determine if reasonable minds could differ on whether the conduct was sufficiently extreme to result in liability." *Dicomes v. State*, 113 Wn.2d 612 (1989); *see also Robel v. Roundup Corp.*, 148 Wn.2d 35 (2002). "The first element requires proof that the conduct was 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Robel*, 59 P.3d at 619 (quoting *Dicomes*, 782 P.2d at 1012).

In this case, Defendants argue that Bigelow has failed to meet his burden on these claims. Dkt. 130 at 21–23. Bigelow's response is that "[o]nly a jury can decide infliction of emotional distress; therefore, summary judgment for Defendants is inappropriate." Dkt. 135 at 8. Bigelow is wrong because Defendants are entitled to judgment if Bigelow fails to show that questions of fact exist for the jury to determine. Bigelow has failed to submit any evidence in support of his response. Looking to the SAC, Bigelow asserts that Defendants have caused him severe emotional distress "as the family life he was accustomed to unraveled." SAC, ¶ 232. Accepting the verified assertion as true, Bigelow fails to show any sufficiently extreme conduct that is utterly intolerable in a civilized society that results in liability. Thus, Bigelow has failed to show that questions

1    of material fact exist on this claim or that reasonable minds could differ as to the extreme

2    or atrocious nature of the alleged conduct.  The Court grants Defendants' motion on

3    Bigelow's IIED claim.

4        **4.    CPA**

5        The CPA "prohibits '[u]nfair methods of competition and unfair or deceptive acts

6    or practices in the conduct of any trade or commerce.'"  *Trujillo v. Nw. Tr. Servs., Inc.*,

7    183 Wn.2d 820, 834–35 (2015) (quoting RCW 19.86.020).  "To succeed on a CPA claim,

8    a plaintiff must establish (1) an unfair or deceptive act (2) in trade or commerce (3) that

9    affects the public interest, (4) injury to the plaintiff in his her business or property, and

10   (5) a causal link between the unfair or deceptive act complained of and the injury

11   suffered."  *Id.*

12       In this case, Defendants argue that Bigelow "cannot prove the required elements to

13   survive summary judgment on his CPA claim."  Dkt. 130 at 15.  The Court agrees.

14   Bigelow's claim is based on allegations of Defendants' "false and misleading documents

15   and actions recording and relying upon such documents . . . ."  SAC, ¶ 222.  In their

16   motion, Defendants provide a thorough description of how MERS's assignment was

17   valid, how MERS is empowered to act as the lender's agent, and how Green Tree can be

18   a holder of the note even if Fannie Mae is the owner of the loan.  Dkt. 130 at 15–21.

19   Bigelow's only substantive response is to contest the propriety of some of transfers in the

20   chain of title.  *See* Dkt. 135 at 5–7.  This response is essentially a variation of the

21   common "show me the note" theory that courts in this district have routinely rejected.

22   *See Wallis v. IndyMac Federal Bank, et al.*, 717 F.Supp.2d 1195, 2000 (W.D. Wash.

1   2010) (citing cases).  Regardless of the frivolousness of Bigelow's argument, Bigelow

2   has failed to submit any evidence of harm resulting from these alleged errors.

3          "The CPA's requirement that injury be to business or property excludes personal

4   injury, 'mental distress, embarrassment, and inconvenience.'"  *Frias v. Asset Foreclosure*

5   *Servs., Inc.*, 181 Wn.2d 412, 431 (2014) (quoting *Panag v. Farmers Ins. Co. of Wash.*,

6   166 Wn.2d 27, 57 (2009)).  Bigelow's damages of loss of time with family, loss of time

7   to pursue personal activities, and other emotional damages do not meet the injury element

8   of a CPA claim.  On the other hand, fees added to existing debt and fees incurred in

9   responding to unlawful collection practices may be recoverable.  *Frias*, 181 Wn.2d at

10  431–432.  Although Bigelow alleges injuries for responding to Defendants' practices, he

11  fails to show any causation.  He fails to show (1) any unfair or deceptive collection

12  practice, (2) any flaw in the underlying debt, or (3) that the fees and penalties for failure

13  to pay the underlying debt were improper.  Bigelow does not contest that he has

14  outstanding debt that he has failed to pay.  Instead, he bases this claim on possible

15  technical errors in the assignment of the underlying debt.  Even if those errors occurred,

16  which Defendants deny, Bigelow has failed to show that the consequences of failing to

17  pay his debt were caused instead by Defendants' alleged unfair practices and has failed to

18  submit any evidence supporting this position.  Therefore, the Court grants Defendants'

19  motion on Bigelow's CPA claim.

20

21

22

**IV. ORDER**

Therefore, it is hereby **ORDERED** that Defendants' motion for summary judgment (Dkt. 130) is **GRANTED** on Bigelow's remaining claims and Defendants' motion for sanctions (Dkt. 139) is **DENIED as moot**.

Dated this 16th day of August, 2016.

BENJAMIN H. SETTLE
United States District Judge