UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES BIGELOW,

               Plaintiff,

   v.

NORTHWEST TRUSTEE SERVICES, et al.,

               Defendants.

CASE NO. C14-5798BHS

ORDER DISMISSING COUNTERCLAIMS WITHOUT PREJUDICE, REQUESTING PLAINTIFF TO SHOW CAUSE, AND STRIKING PRETRIAL CONFERENCE AND TRIAL

This matter comes before the Court on review of the file and the impending trial.

**I. PROCEDURAL HISTORY**

On October 7, 2014, Plaintiff James Bigelow filed a complaint against Defendants Northwest Trustee Services, Inc.'s ("Northwest"), Green Tree Servicing, LLC ("Green Tree"), and Mortgage Electronic Registration Systems, Inc. ("MERS") asserting causes of action for (1) violation of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), (2) violation of the Washington State Deed of Trust Act, RCW Chapter 61.24 ("DTA"), and (3) violation of the Washington Consumer Protection Act, RCW Chapter 19.86 ("CPA"). Dkt. 1.

ORDER - 1

1      On January 8, 2015, Green Tree filed a third-party complaint against Bigelow,
2 Carolyn Bigelow, Wells Fargo Bank, N.A., and Oak Ridge Yelm Homeowners
3 Association ("Counterclaim Defendants").  Dkt. 26.
4      On February 23, 2015, Bigelow filed an amended complaint against Northwest,
5 Green Tree, and MERS and added Defendants Wright, Finlay & Zak, LLP ("WFZ"),
6 Ticor Title Company ("Ticor"), Nationwide Title Clearing ("Nationwide"), First
7 American Title Insurance Company's ("First American"), and Renee Parker ("Parker").
8 Dkt. 44.  Bigelow asserted causes of action for violation of the FDCPA, DTA, CPA,
9 slander of title, and intentional infliction of emotional distress.  Dkts. 44 & 44-1.  Ticor
10 has not appeared.
11     On March 11, 2015, Bigelow filed a motion to dismiss the counterclaim and third-
12 party complaint.  Dkt. 58.  Numerous defendants also filed motions to dismiss.  Dkts. 63,
13 65, 86, 87.  On June 1, 2015, the Court (1) granted Bigelow's motion dismissing the
14 counter complaint for failure to properly allege jurisdiction and granted Green Tree leave
15 to amend and (2) granted Northwest, Nationwide, and First American's motion to dismiss
16 and dismissed Bigelow's claims against these parties with prejudice.  Dkt. 92.  Green
17 Tree did not file an amended complaint.
18     On May 25, 2016, Green Tree, MERS, WFZ, and Parker filed a motion for
19 summary judgment.  Dkt. 130.  On August 16, 2016, the Court granted the motion as to
20 all of Bigelow's remaining claims against these defendants.  Dkt. 147.
21
22

## II. DISCUSSION

Based on this procedural history, the Court identifies two outstanding issues, neither of which requires a trial. First, Green Tree has not filed an amended complaint. It has been almost eighteen months since the Court granted Green Tree leave to amend. The Court considers this, at the very least, a failure to follow a Court order and dismisses Green Tree's claims without prejudice.

Second, Ticor has failed to appear or answer Bigelow's complaint. Bigelow has failed to prosecute this claim. Thus, the Court orders Bigelow to show cause why this claim should not be dismissed for failure to prosecute.

## III. ORDER

Therefore, it is hereby **ORDERED** that (1) Green Tree's counterclaims are dismissed without prejudice and the clerk shall terminate the counter claimant, counter defendants, third party plaintiff, and third party defendants; (2) Bigelow must **SHOW CAUSE** as stated herein no later than August 26, 2016; and (3) the Clerk shall strike the pretrial conference and the scheduled trial from the Court's calendar.

Dated this 17th day of August, 2016.

BENJAMIN H. SETTLE
United States District Judge